**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CROSLEY ALEXANDER GREEN,**

    **Petitioner,**

v.                                             **Case No: 6:14-cv-330-Orl-37DAB**

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,**

    **Respondents.**
_____/

**ORDER**

This cause is before the Court on the Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 10) filed by Petitioner pursuant to 28 U.S.C. § 2254. Petitioner also filed a supporting Memorandum of Law ("Memorandum," Doc. 11). Respondents filed a Response to Petition ("Response," Doc. 21) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 31) to the Response. For the reasons set forth herein, the Amended Petition is denied as untimely.

**I.    PROCEDURAL BACKGROUND**

Petitioner was charged by Indictment with one count of first degree felony murder, two counts of kidnapping, and two counts of robbery with a firearm. (Doc. 26-8 at 37). A jury found Petitioner guilty as charged and recommended that Petitioner be sentenced to death. (*Id.* at 38). The trial court sentenced Petitioner to death for the felony murder conviction and to imprisonment for a term of twenty-seven years as to the

remaining counts, with the sentences to run consecutively. (*Id.*). The Supreme Court of Florida affirmed the convictions and sentences. *See Green v. State*, 641 So. 2d 391 (Fla. 1994).

On March 18, 1997, Petitioner filed his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.851, which was later amended. (Doc. 26-8 at 39). The trial court held an evidentiary hearing on the motion, and the motion was granted in part in that the trial court found that Petitioner was entitled to a new penalty phase trial based on counsel's ineffectiveness. (*Id.* at 40; Doc. 28-4 at 5-68). The trial court denied Petitioner's request for a new guilt phase trial. (*Id*). The Supreme Court of Florida affirmed the trial court's order. *See Green v. State*, 975 So. 2d 1090 (Fla. 2008).

The State of Florida filed a notice that it would not seek the death penalty again, and, on August 31, 2009, the trial court sentenced Petitioner to life imprisonment for the felony first degree murder, to be followed by a composite sentence of imprisonment for a term of seventeen years as to the remaining counts. (Doc. 26-8 at 40). The Fifth District Court of Appeal affirmed *per curiam* on August 24, 2010. *Green v.* State, 43 So. 2d 707 (Fla. 5th DCA 2010). The mandate issued on September 15, 2010. (Doc. 26-8 at 40).

On July 2, 2010, Petitioner file a Motion to Hold Proceedings in Abeyance and for Relinquishment of Jurisdiction, which the Fifth District Court of Appeal denied on July 13, 2010. (*Id. at* 41). On August 30, 2010, Petitioner filed a Rule 3.850 motion, which

the trial court denied because the mandate from the Fifth District Court of Appeal had yet to issue. (*Id.*).

On September 24, 2010, Petitioner filed a First Amended Successive Motion to Vacate Judgment of Convictions and Sentences ("First Amended Successive Motion"). (*Id*). On January 7, 2011, Petitioner filed a Second Amended Successive Motion to Vacate Judgement of Convictions and Sentences ("Second Amended Successive Motion"), which replaced the First Amended Successive Motion. (*Id.*; Doc. 25-8 at 42). The trial court denied the Second Amended Successive Motion without prejudice on January 24, 2011, due to a technical deficiency in the oath. (Doc. 26-8 at 41-42; Doc. 25-8 at 42-45).[1]

Petitioner filed another pleading titled Second Amended Successive Motion to Vacate Judgment of Convictions and Sentences on February 4, 2011 ("Next Amended Successive Motion"), which was later supplemented. (Doc. 26-8 at 42). The trial court denied the motion on August 31, 2011. (*Id.* at 63). The Fifth District Court of Appeal affirmed *per curiam* on February 5, 2013. (Doc. 30-5 at 33). The mandate issued on March 1, 2013. (*Id.* at 34). The Initial Petition for Writ of Habeas Corpus (Doc. 1) in this case was filed on February 27, 2014. The Amended Petition was filed on March 26, 2014.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244,

---

[1] The oaths are located at Doc. 24-3 at 48 and Doc. 24-10 at 5.

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III. ANALYSIS

Pursuant to *Ferriera v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007), "AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final." As a result, Petitioner's conviction became final on November 22, 2010, ninety days after the state appellate court affirmed his

4

resentencing on August 24, 2010. Thus, Petitioner had until November 22, 2011, to file his federal habeas corpus petition. *See* Sup. Ct. R. 13(3).[2]

Pursuant to section 2244(d)(2), the one-year period is "tolled" for the time during which a properly filed state postconviction or collateral proceeding is pending. Respondents argue that Petitioner "did not have any state collateral petitions or motions that were `properly filed' in state court at any time prior to the filing of the instant petition that tolled the AEDPA time limitation, and even if his successive and time barred postconviction motion could somehow be considered `properly filed,' this did not happen until February 4, 2011." (Doc. 21 at 8-9). According to Respondents, because neither the First Amended Successive Motion nor the Second Amended Successive Motion contained a sufficient oath, the limitations period was not tolled by the filing of either motion. (*Id.* at 12). As a result, Respondents argue that the limitations period was not tolled until February 4, 2011, when Petitioner filed the Next Amended Successive Motion. (*Id.*). Hence, Respondents assert that the instant petition was untimely.

The Court finds that, because the Second Amended Successive Motion, which replaced the First Amended Successive Motion, was dismissed due to an improper

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

oath, it was not "properly filed" under Florida law, and therefore did not toll the one-year limitations period. *See Jones v. Sec'y, Fla. Dep't of Corr.*, 499 F. App'x 945, 950 (11th Cir. 2012) ("This Court has held that a Rule 3.850 motion that did not contain the written oath required by Florida law was not 'properly filed' under § 2244(d)(2) and, thus, did not toll AEDPA's one-year limitations period."); *Hurley v. Moore*, 233 F.3d 1295, 1297–98 (11th Cir. 2000). Therefore, the one-year period of limitation ran for a period of 74 days from November 22, 2010, through February 4, 2011, when Petitioner filed the Next Amended Successive Motion.

Those proceedings concluded on March 1, 2013. The one-year period then expired 291 days later on December 17, 2013, and the Initial Petition for Writ of Habeas Corpus was untimely.

Petitioner argues that he is entitled to equitable tolling. (Doc. 31 at 11). He claims that he previously filed a federal petition for writ of habeas corpus in this Court on November 22, 2011, and that he had been diligent in pursuing his state court remedies. (*Id.* at 12-13).

The Supreme Court recognizes that the one-year period of limitation is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only when it is demonstrated that 1) the petitioner "has been pursuing his rights diligently," and 2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotations and citations omitted). As to the first prong, the movant need only demonstrate "reasonable diligence" rather than "maximum feasible diligence." *Id.* at

6

2565 (quotations omitted). As to the second prong, an extraordinary circumstance is one that is both beyond the movant's control and unavoidable even with diligence. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Equitable tolling "is an extraordinary remedy which is typically applied sparingly," and the movant bears the burden of showing that it is warranted. *Drew*, 297 F.3d at 1286 (quotation omitted).

Petitioner states that he exercised due diligence and mentions that he filed a prior federal petition for writ of habeas to "preserve his rights." (Doc. 31 at 9, 11-12). However, § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition. *Duncan v. Walker*, 533 U. S. 167, 181-82 (2001). Moreover, the proceedings involving the Next Amended Successive Motion concluded on March 13, 2013. The Initial Petition for Writ of Habeas Corpus (Doc. 1) in this case was filed on February 27, 2014. Thus, Petitioner waited over 11 months to file the Initial Petition for Writ of Habeas Corpus, and the Court finds that Petitioner did not exercise due diligence. Further, there has also been no showing of an extraordinary circumstance.

As a result, the Court rejects Petitioner's argument that he is entitled to equitable tolling. Petitioner has failed to demonstrate that he exercised due diligence in pursing his rights, and there has been no showing of an extraordinary circumstance that prevented him from timely exercising his rights. Petitioner presents no meaningful argument that the limitations period in this case should be equitably tolled. Therefore, equitable tolling does not afford Petitioner any relief.

Petitioner further argues that he is "actually innocent" and that, therefore, the "time bar does not apply." (Doc. 31 at 13). He states that certain witnesses for the State recanted their testimony, that evidence was withheld from the jury as a result of misconduct by the State, that certain alibi witnesses were never presented to the jury, that post-trial analysis of the bullet recovered from the victim demonstrated his innocence, and that his conviction was part of a pattern of misconduct in Brevard County, Florida. (*Id.* at 15-18).

To establish an actual innocence claim, a petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in view of the new evidence. *Rozzelle v. Secretary, Florida Department of Corrections*, 672 F.2d 1000, 1011 (11th Cir. 2012); *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also McQuiggin*, 133 S. Ct. at 1928 (citation omitted) (quotation omitted) (the petitioner must show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Moreover, in determining the applicability of this exception, the timing of the petition "is a factor bearing on the reliability of th[e] evidence purporting to show actual innocence." *Id.* (citation omitted) (quotation omitted).

Petitioner identified the following as witnesses who recanted their testimony: included Jerome Murray, Lonnie Hillery, Sheila Green, and Laymen Layne. The Court notes as follows: the statements from Murray were provided on August 3, 1999, and October 31, 1999 (Doc. Nos. 3-55, 3-57); the statement from Hillery was provided on

8

October 20, 1999 (Doc. 3-49); the affidavit from Green was signed on April 1, 1992 (Doc. 3-53); and the affidavit from Layne was signed on July 5, 2009 (Doc. 3-64). Clearly, Petitioner has known of the statements and affidavits from these witnesses for many years, as most of this evidence was available since 1999. As set forth by the Supreme Court, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 133 S. Ct. at 1928. "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*. at 1935. Here, Petitioner's delay weighs against the reliability of his claim of actual innocence and is indeed inconsistent with a claim of actual innocence.

As to evidence withheld from the jury, Petitioner argues that Diane Clark and Mark Rixey, who were the two deputies called to the scene of the shooting, concluded that another individual killed the victim and that the prosecution failed to disclose their conclusions. (Doc. 31 at 16). Petitioner also mentions audiotapes and photographs that were not disclosed. (*Id*. at 16-17). Petitioner submitted the affidavit of Clarke dated June 15, 2010, and Rixey dated June 1, 2010. (Doc. Nos. 3-23, 3-27). As to the bullet report, it is dated April 26, 2000. (Doc. 10-3). Again, Petitioner has known of these matters for several years, and his delay weighs against the reliability of his claim of actual innocence.

The failure to present alibi witnesses is not new evidence but argument in support of an ineffective assistance of counsel claim. In addition, Petitioner provides no

9

dates related to when he became aware of the alleged Brevard County misconduct, and his allegations as to this matter are conclusory and speculative.

Moreover, the actual innocence "gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). "[T]enable actual-innocence gateway claims are rare." *Id.* at 1928.

The trial court found that the outcome of the trial could not have changed even given the recantations by the above-identified witnesses. (Doc. 26-8 at 44). The Supreme Court of Florida affirmed this finding. *Green v. State*, 975 So. 2d 1090, 1100-01 (Fla. 2008). In fact, the Supreme Court of Florida found that "[e]ven without this evidence, the dubious recantations of Murray, Hillery, and Sheila Green do not weaken the case against Green so as to give rise to a reasonable doubt as to his culpability." *Id.* at 1101. The Supreme Court of Florida discussed that

> The trial court listed a plethora of *other* admissible evidence of Green's guilt, including: (1) trial testimony of the surviving victim identifying Green as the person who robbed, abducted, and shot Charles Flynn; (2) trial testimony of two witnesses who saw Green earlier in the evening at Holder Park, the location where the abduction occurred; (3) trial testimony of Deputy O'Dell Kiser tracking the scent from the abduction scene to Green's sister's residence near Holder Park; (4) trial testimony of Sheila Green of Green's admission to the shooting, which is admissible upon retrial as substantive evidence; (5) trial testimony of Lonnie Hillery of Green admitting to being involved in an altercation, which is admissible upon retrial as substantive evidence; (6) trial testimony of Jerome Murray that Green killed somebody and was going to disappear.

10

*Id.* (emphasis added).[3]

The trial court found that the evidence withheld from the jury as a result of alleged misconduct by the State could have been discovered by due diligence. (Doc. 26-8 at 48). Petitioner has not demonstrated otherwise. Moreover, Clark and Rixey did not conclude that another individual killed the victim; rather, they concluded that there were "suspicious facts" that "implicated" Kim Hallock's involvement in the crime. (Doc. 3-23 at 3; Doc. 3-27 at 2).

Consequently, the evidence presented by Petitioner fails to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. As a result, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, Petitioner does not qualify for statutory or equitable tolling, nor has he made a showing of actual innocence that might authorize the Court to review his claims. The Court finds that Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

---

[3] Layne was not a witness at Petitioner's trial; rather, he testified at the first posconviction evidentiary hearing and later recanted that testimony. Hence, his recanted testimony given at the postconviction evidentiary hearing would not have changed the outcome of the trial because he never testified at the trial. (Doc. 26-8 at 46).

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 10) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a Certificate of Appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 20th, 2016.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
OrlP-2 1/20