# VOLUME

# XI

VOL 14 & 15
W/R

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

STATE OF FLORIDA,

v.                              CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,

        Defendant.
_____/

### NOTICE OF *IN CAMERA* SUBMISSION

COMES NOW, the State of Florida, by and through the undersigned Assistant Attorney General, and submits for *in camera* inspection the documents identified in Exhibit A, attached. Each document identified in Exhibit A is exempt from public record disclosure pursuant to § 119.07(3)(1)1, *Fla. Stat.* (1997).

                        Respectfully submitted,

                        ROBERT A. BUTTERWORTH
                        ATTORNEY GENERAL

                        JUDY TAYLOR RUSH
                        ASSISTANT ATTORNEY GENERAL
                        Florida Bar #438847
                        444 Seabreeze Blvd. 5th FL
                        Daytona Beach, FL 32118
                        (904) 238-4990

419
MF

001543

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above has been furnished by U.S. Mail to Christopher DeBock, Assistant CCRC, Capital Collateral Regional Counsel, Middle Region, 3801 Corporex Park Drive, Suite 210, Tampa, Florida 33619, on this 14ᵗʰ day of December, 1998.

_____

Of Counsel

1

001544

# APPENDIX A

001545

TALL CAP APP
ALL CAP APP                    TEL: 04-487-0997            Mar 11-97   13:32 No.003 P.01

| STATE OF FLORIDA<br>DEPARTMENT OF STATE<br>Division of Library and<br>Information Services<br>Form LSSE106A-4-93 | RE. )RDS RETENTION SCHEDUL<br>S110000C | SCHEDULE NO. 22<br>PAGE 1 OF _____ PAGES |
|---|---|---|

| 1. AGENCY<br>Dept. of Legal Affairs | 2. DIVISION<br>All Legal | 3. BUREAU |
|---|---|---|

| A. ADDRESS (Street, City, and Zip Code)<br>Ervin Bldg.,<br>2020 Capitol Circle SE | 5. CONTACT (Name & Telephone Number)<br>Sandy Martin<br>487-3823 |
|---|---|

SUBMIT TO:

Florida Department of State
Bureau of Archives and Records Management
Mail Station 9A
The Capitol
Tallahassee, FL 32399-0250

6. AGENCY CERTIFICATION
I hereby certify that I have examined this schedule and that records required for audit have been identified.

*Sandy Martin*     02/61/96
Signature              Date
Sandy Martin, RMLO

Name and Title

7. LIST OF RECORD SERIES

| a.<br>ITEM NO. | b.<br>TITLE, DESCRIPTION AND RECOMMENDED RETENTION | c.<br>ACTION TAKEN<br>(FOR DIVISION USE ONLY) |
|---|---|---|
| 1. | CRIMINAL LITIGATION FILES --<br><br>(Revision to Schedule No. 16 Item No. 2)<br><br>This record series consist of, but not limited to, all documents referencing anything that occurred in the trial of a criminal charge, the hearing before the court in the post conviction proceedings and motions and any extraordinary proceedings based on Habeas Corpus, Mandamus, Prohibition, Quo Warranto, etc.<br><br>     Recommended Retention: a.) Criminal Division - Master Record. ~~Permanent.~~ Twenty Five (25) years in State Records Center ~~then offer to Florida State Archives~~ b.) Duplicates - Retain until obsolete, superceded or administrative value is lost. | RETENTION PERIOD APPROVED AS AMENDED.<br><br>Submit Destruction Request for Disposal Action. |

* NOTE: FOR CONTINUATION USE Form LSSE106 *

TION AUTHORIZED AS INDICATED IN COLUMN 7c.
 DIVISION USE ONLY)

*Sarath Alirbino*          MAR 15 1996

| 9. BUREAU OF ARCHIVES & RECORDS MANAGEMENT REVIEW<br>(FOR DIVISION USE ONLY) | |
|---|---|
| TECHNICIAN REVIEW | (1) 2/16/96 |
| ANALYST REVIEW | (2) 2/5/96 |

TEL:904-487-0997

.TALL CAP APP

.L CAP APP          TEL ~904-487-0997          Mar 1 ~ 97   5:33 No.003 P.02

## INSTRUCTIONS FOR PREPARING FORM  )5E105

FOR COMPLETE INSTRUCTIONS REFER TO THE "BASICS OF RECORDS MANAGEMENT HANDBOOK."

| | |
|---|---|
| SCHEDULE NO.: Indicate the Schedule No. in the upper right corner. | **RECOMMENDED RETENTION** Indicate the recommended retention period for the Record Series. EXAMPLES OF RETENTION PERIODS INCLUDE:- |
| PAGE NOs.: Indicate the Page Number and the Total Number of Pages in the upper right corner. | * Three (3) fiscal years provided applicable audits have been released. * Permanent; microfilm optional. |
| BLOCKS 1-5: Provide complete identification for each item. | * Permanent: retain in office ten (10) years; then transfer to the Florida State Archives. |
| BLOCK 6: Complete with agency authorizing signature, date, name, and title. | * Twenty (20) years; retain in office three (3) fiscal years provided applicable audits have been released, then store in offsite storage area. |
| BLOCK 7a: Indicate the item number of each Record Series listed, beginning with one (1). | |
| LOCK 7b: Provide the following information for each Record Series: | NOTE: PLEASE LEAVE ONE (1) INCH OF BLANK SPACE BETWEEN ITEMS (RECORDS SERIES) TO ALLOW FOR ANNOTATIONS IN THE REVIEW PROCESS. |
| TITLE Give the exact title of the Record Series. | BLOCK 7c:     For Division Use Only. |
| DESCRIPTION Describe the records as clearly as possible including the type of records (e.g., correspondence, reports, forms, tabulations, etc.) and whether they are the Record (Master) Copy or the Duplicate Copy. Also, indicate whether the records are included in the audit process. This description should provide positive identification of the records to avoid destroying the records prematurely or keeping them longer than necessary. | BLOCK 8:     For Division Use Only. BLOCK 9:     For Division Use Only. Use Form LS5E106R4-93 for continuation when necessary. |

MARKS: _____

# APPENDIX B

001548

TEL:904-487-0997

TALL. CAP. APP

ATTORNEY GENERAL

EXECUTIVE STAFF

PUBLIC AFFAIRS

STATEWIDE PROSECUTOR

INSPECTOR GENERAL

DEPUTY ATTORNEY GENERAL

ASSISTANT DEPUTY ADMINISTRATION

ASSISTANT DEPUTY CIVIL LITIGATION

ASSISTANT DEPUTY ECONOMIC CRIMES

ASSISTANT DEPUTY CRIMINAL APPEALS

ASSISTANT DEPUTY SOUTH FLA. REGIONAL OFFICE

ASSISTANT DEPUTY CENTRAL FLA. REGIONAL OFFICE

GENERAL COUNSEL SUNSHINE MEDIATION

CIVIL RIGHTS

OTHERS

EXECUTIVE DEPUTY EXECUTIVE AREA AFFAIRS

ADMINISTRATIVE SERVICES

GENERAL CIVIL LITIGATION

ECONOMIC CRIMES

CRIMINAL APPEALS

CABINET AFFAIRS

VICTIMS SERVICES & OTHER SAFETY PROGRAMS

ADMINISTRATIVE LAW

ANTITRUST ENFORCEMENT

CAPITAL APPEALS

LENGTHY ARBITRATION

INFORMATION SERVICES

CHILD SUPPORT ENFORCEMENT

MEDICAID FRAUD

CORRESPONDENCE CONTROL

TAX LITIGATION

EMINENT DOMAIN

CHILDREN'S LEGAL SERVICES

001549

# APPENDIX C

## INVENTORY LIST OF EXEMPT CHP 119 MATERIAL

July 28, 1998

### INVENTORY OF DOCUMENTS WITHHELD IN THE CROSLEY A.  GREEN CASE

1. Sixteen (16) white letter sized pages of case law stapled together containing handwritten notes and interlineations.
2. Three (3) white letter sized pages stapled together containing typed written notes.
3. Two (2) white letter sized pages stapled together containing typed written notes.
4. One (1) white letter sized page containing typed written notes.
5. Eight (8) white letter sized pages of case law stapled together containing handwritten notes and interlineations.
6. Two (2) white letter sized pages stapled together containing handwritten notes and interlineations.
7. Twelve (12) white letter sized pages stapled together containing handwritten notes and interlineations.
8. One (1) white letter sized page containing handwritten notes and interlineations.
9. Six (6) white letter sized pages of case law paperclipped together.
10. Two (2) white letter sized pages of case law containing handwritten notes stapled together with two (2) yellow legal sized pages containing handwritten notes.
11. One (1) yellow legal sized page containing handwritten notes.
12. One (1) yellow legal sized page containing handwritten notes.
13. One (1) white legal sized page containing handwritten notes.
14. Four (4) white legal sized pages containing handwritten notes.
15. Eighteen (18) yellow legal sized pages containing handwritten notes.
16. Two (2) yellow legal sized page containing handwritten notes.
17. Seven (7) white letter sized pages containing victim information.
18. Two (2) white letter sized pages stapled together containing victim information.
19. Two (2) white letter sized pages stapled together containing victim information.
20. One (1) yellow 8 ½ X 6 ½ page containing handwritten notes.
21. Two (2) white letter sized pages stapled together containing handwritten notes.

Total  - 95 pages.

All of the above are exempt under § 119.07(3)(a)(s) 1997.

_____                    _____
Kenneth S.  Nunnelley or                     Date
Judy Taylor Rush

FILE VIEWED BY CCRC/OTHER _____

ON _____, 19____.

CHECKED BY INVESTIGATOR _____

AUTHORIZED BY _____

001551

Date: _____

I HEREBY CERTIFY that on _____, I reviewed on behalf of CCRC/_____

_____ the file of Crosley A. Green. I requested the Office of the Attorney General to

photocopy _____ pages and will reimburse for same.

Representative for _____

A: HARDEE

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 89-04942CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY A. GREEN,

    Defendant.

_____/



## ORDER ON 12/10/98 STATUS CONFERENCE

**THIS ACTION** came before the Court upon a telephone status conference held on Thursday, December 10, 1998. Those present via telephone included: Christopher DeBock, Capital Collateral Representative – Middle Region; Christopher White, Assistant State Attorney; Judy Taylor Rush, Assistant Attorney General; and Kenneth Nunnelley, Assistant Attorney General. Based upon a review of the official Court file, representations made by counsel at the status conference, and being otherwise fully advised in the premises, this Court orders that:

1. Based upon Mr. DeBock's representation that he was notified very recently of his specific assignment as the Defendant's capital collateral representative attorney, Mr. DeBock shall immediately obtain the file on the

1

001553 420

Defendant's case which is most likely with the Northern Region CCR.  Middle CCR shall review within sixty (60) days all records previously requested and disclosed.

    2.  The Attorney General's Office is to provide any documents to the Court that it is claiming are exempt from disclosure in a sealed envelope within thirty (30) days for an *in camera* inspection.  The Attorney General's Office is also to provide to the Court an inventory of those items.

    3.  The State Attorney's Office is to provide any documents to the Court that it is claiming are exempt from disclosure in a sealed envelope within thirty (30) days for an *in camera* inspection.  The State Attorney's Office is also to provide to the Court an inventory of those items.

    4.  The next status conference will be held in sixty (60) days.  All parties will be notified by a separate Notice to Appear for Hearing.

    **DONE AND ORDERED** at the Moore Justice Center, Viera, Brevard County, Florida this _14_ day of _December_, 1998.

 

**TONYA RAINWATER**
**CIRCUIT COURT JUDGE**

2

001554

## CERTIFICATE OF SERVICE

I do certify that copies hereof have been furnished to **Chris DeBock, Capital Collateral Representative,** Middle Region, 3801 Corporex Park Drive, Suite 210, Tampa, Florida 33619; **Christopher White,** Assistant State Attorney, Office of the State Attorney, 100 East First Street, Sanford, Florida 32772; **Judy Taylor Rush,** Assistant Attorney General, 444 Seabreeze Blvd., Suite 500, Daytona Beach, Florida 32118 by U.S. Mail this _16_ day of _December_____, 1998.

Theresa A. Goddard
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida 32940

001555

IN THE CIRCUIT COURT OF
THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR
BREVARD COUNTY,
FLORIDA

STATE OF FLORIDA,

    Plaintiff,

    vs.                    CASE NO. 89-4942-CFA

CROSLEY A. GREEN,

    Defendant.

## INVENTORY OF DOCUMENTS
## SUBMITTED FOR IN CAMERA REVIEW

    COMES NOW, the State of Florida by and through the undersigned

Assistant State Attorney and files this inventory of documents or evidence

that this office claims are not public records or *Brady* evidence and therefore

not public records.  The Assistant State Attorneys who handled this case

were Christopher R. White and Phillip B. Williams, and where applicable

the documents authored by them will be designated as such by use of their

initials.  The records submitted to the court for *in camera* review include the

following described records:

A.  NOTES FROM ASA MEETINGS/INTERVIEWS WITH WITNESSES

Blizzard, Terry - 4/6/90 by CRW
Blizzard, Terry - 4/6/90 by PBW
Burrett, Raymond - 4/2/90 by PBW
Carlile, Dale by CRW
Cockriel, Russ 9/5/89 by CRW
Cockriel, Russ by PBW
Cook, Bob - 7/19/89 by CRW
Cook, Bob - 7/20/96 by PBW

Copenhaver, James - by PBW
Cox, Barbara - 4/6/90 by CRW
Curtis, Tim  by CRW
Demers, Debbie  by CRW
Fletcher, Deputy - 10/2/89 by CRW
Fletcher, Deputy - 9/5/89 by CRW
Fletcher, Deputy by PBW
Flynn, Mr. & Mrs. - by CRW
Futch, Doug - 4/9/90 by CRW
Green, O'Connor - by CRW
Hallock, Kim - 4/3/89 by CRW
Hallock, Kim - 9/27/89 by CRW
Hallock, Kim - undated by PBW
Hallock, Kim by CRW
Hallock, Mr. & Mrs by CRW on 4/6/90
Hallock, Mr. & Mrs by PBW on 4/6/90
Harper, Brenda - 8/2/90 by CRW
Kessluk, David & Kates, George - 1/30/90 by CRW
Kingery, Terrell  by CRW
Kiser, Odell  by CRW
Kiser/Arieux & Liford  by CRW
Liford, Barry - 10/25/89 b CRW
Liford, Barry by PBW
Meyer, Debbie - 8/2/90 by CRW
Murray, Jerome - 8/3/90 by CRW
Mutter, Bobby -3/7/90 by CRW
Mutter, Bobby by CRW
Nuquist, Scott - 2/26/90 by CRW
Nyquist, Scott - 9/27/89 by CRW
Nyquist, Scott by CRW
Nyquist, Scott on 9/5/89 by PBW
Paul, Robert - 8/3/90 by CRW
Peterkin, Selestine by CRW
Rathman, Nancey - 10/27/89 by CRW
Rathman, Nancy by CRW on 2/14/90
Rixey, Mark & Clarke, Diana; SAI notes by CRW
Rixey, Mark by PBW
Runyons, Jim - 2/6/90 by CRW
Runyons, Jim on 2/6/90 by CRW
Scala, Greg by CRW
Smith, Lori - 8/12/90 by CRW
Stamp, Butch by CRW
Stroup, David by CRW on 9/28/89
Turner, Jeff - 4/6/90 by CRW
Turner, Jeff - 4/6/90 by PBW
Untitled SAI - 10/19/89 by CRW

001557

Untitled SAI - 4/6/90 by PBW
Walden, Ronnie by CRW
Walden, Ronnie by PBW
Walker, Wade, III by CRW on 10/9/89
West, Beau, by CRW
Williams, Tom - 9/27/89 by CRW
Williams, Tom - 9/27/89 by CRW
Wilmer, Dan - 10/9/89 by CRW
Yvette McNab - by PBW
Yvette McNab by CRW


B.  TRIAL PREPARATION, WITNESS OUTLINES OR QUESTIONS

Arieux, Randy – trial questions by CRW
Arieux, Randy – typed trial questions by CRW
Bolick, Jim/Scully, Mike – questins by CRW
Brothers, Carleen - notes summarizing testimony by PBW
Brothers, Carleen:  Notes for cross exam by CRW
Brothers, Carleen: Points for cross  by CRW
Brothers, Carleen: Questions for trial by PBW
Carlile, Dale:  trial questions/outline by CRW
Carnes, James – typed outline for cross-exam by CRW
Clark, Diane – trial outline by CRW
Cockriel, Russ – questions by CRW
Copenhaver, James – questions by CRW
Copenhaver, James:  Typed outline by CRW
Cox, Barbara – questions by PBW
Curtis, Timothy – typed outline for trial by CRW
Demer, Debbie – outline for trial by CRW
Fletcher, Stanley – outline for trial by CRW
Green, O'Connor – review of depo by PBW
Habinowski, Kirk – outline by PBW
Hallock, Kim - notes by PBW with date 9/6/89
Hallock, Kim - notes for direct exam PBW
Hampton, Willie; depo notes by CRW from 8/13/90
Hampton, Willie; review of statement by CRW
Kates, George – Trial outline by CRW
Mutter, Bobby – outline by CRW
Notes for penalty phase by PBW
Notes for voir dire by PBW
Notes labeled "rebuttal closing' by PBW
Notes of schduling of witnesses by PBW
Notes re: hearsay law regarding statements to Sheila Green by PBW
Notes summarising testimony of witnesses Cox, Patry, Habinsowski & Taylor by PBW
Patry, Rhonda – questions by PBW

001558

Research notes on aggravation by PBW
Review of deposition of O'Connor Green by PBW
Rixey, Mark: handwritten questions by CRW
Rixey, Mark; trial questions by CRW (typed)
Rubin, Bob -- trial questions by CRW
Runyons, Jim; outline of questions by CRW
Scala, Greg -- typed by CRW
Smith, Charles review of statement by CRW
Stroup, David by CRW
Taylor, Donnell -- outline by PBW
Voir dire question outline for trial (PBW)
Warren, Ralph -- questions for trial by CRW
Willie Hampton - notes summarising statement by PBW
Witness schedule for trial by PBW

C. NOTES MADE DURING DEPOSITION

Arieux, Randy - 2/12/90 by CRW
Carleen Brothers - 2/15/90 by CRW
Carlile, Dale - 9/6/89 by CRW
Carlile, Dale - undated by PBW
Carnes, James - 5/4/90 by CRW
Clark, Diane - 2/12/90 by CRW
Clark, Diane - 2/12/90 by PBW
Cockriel, Russ - 10/2/89 by CRW
Cockriel, Russ by PBW
Cook, Bob - 7/20/90 by CRW
Copenhaver, James - 2/22/90 by CRW
Demers, Debbie - 2/12/89 by CRW
Fair, Tom - 2/12/90 by PBW
Hallock, Donna - 7/19/90 by CRW
Hallock, Kim - 2/13/90 by PBW
Hallock, Kim by CRW
Hallock, Robert - 7/19/90 by CRW
Hampton, Willie - 8/13/90 by CRW
Hampton, Willie by PBW
Harper, Brenda - 8/13/90 by CRW
Hasinowski, Kurt on 5/2/90 by PBW
Holloway, Jack - 3/5/90 by CRW
Kingery, Terrell - 2/22/90 by CRW
Kiser, Odell by CRW
Kiser, Odell by PBW
Larney, Patty - 8/13/90 by CRW
Liford, Barry - 2/12/89 by CRW
McNab, Yvette - 2/22/90 by CRW
Meyers, Debby - 8/13/90 by CRW

001559

Nyquist, Scott - 3/5/90 by CRW
Patry, Rhonda on 5/2/90 by PBW
Rathman, Nancy - 2/22/90by CRW
Rixey, Mark - 9/6/89 by CRW
Rixey, Mark - undated by PBW (3 pages)
Scala, Greg by CRW
Scala, Greg by PBW
Scala, Greg on 3/13/90 by PBW
Smith, Lori - 8/13/90 by CRW
Stroup David by CRW on 2/15/90
Stroup, David - 2/15/90 by CRW with stick on note to Phil Williams
Walker, Wade, III on 3/5/90 by CRW
Wickam, Dr. by PBW
Wickham, Dr. Dennis, by CRW on 2/14/96
Wickham, Dr. Dennis, by PBW


D. NOTES FROM TRIAL

Wilmer, Dan - 2/12/89 by CRW Defense closing by PBW
Notes from witness testimony by PBW
Notes from witness testimony at penalty phase 9/27/90
Evidence list
Jury voire dire notes by PBW

E. OTHER

Bolinger, Tony: Notes by PBW regarding meeting with TPD Det.
Carlile, Dale - one page summary/notes by PBW
Case notes by PBW dated 7/25/89 regarding meeting with victim advocate & bond
Cockriel, Russ: Notes by PBW dated 7/25 relating to call to
Cockriel: Notes labeled "Cross Cockriel" by PBW
Cockriel: Notes re
Demers, Debbie - undated by PBW (2 pages)
Doug Waller, Dan Wilmer etc.: Notes from telephone messages (4 pages) by PBW
Flynn, Mr.: Notes regarding call from regarding info as to the murderer & call to FDLE
Form witness check list with notes- 2 pages
Green, Celestine; review of her 4/6/89 statement by CRW
Green, Celestine; review of SAI notes by CRW
Green, Sheila: notes by PBW
Handwritten list of witnesses by PBW
Handwritten notes by PBW with names Terry Jones, Rick Jancha & Doug Waller
Handwritten witness order by CRW
Joel Remlin: Note dated 4/12/90 re: call from by PBW
Kepburn, Kerwin: Telephone message from by PBW

001560

.

Kiser, Odell - outline of questions by CRW
List of things to do by CRW
Note dated 6/8/90 titled US Attorney, called Rick Jancha's secretary by PBW
Notes about key elements of case by PBW
Notes by PBW regarding the Defendant's Motion to Dismiss
Notes dated 10/6/89 by PBW
Notes from 5/31/90 motion hearings by PBW
Notes from review of VCR tape of crime scene by CRW
Notes in yellow pad listing evidence etc. by PBW (4 pages)
Notes labeled "Crosley Green" by PBW
Notes labeled "Thoughts" by PBW (3 pages)
Notes re processing evidence by PBW
Notes re: stating possible length of trial, pending motions & dates by PBW
Harper,Brenda: Notes re: by PBW
Carnes, James: Notes re: by PBW
Mitchell, Preacher: Notes re: by PBW
Notes regarding orders by court by PBW
Notes titled Hillery > <State> by PBW
Nyquist, Scott: Notes by PBW listing & Tom Fair etc.
Nyquist: Notes for call to Nyquist by PBW
Rains, Lori; review of statement by CRW
Jancha, Rick: Note on 5/8/90 re: message -
Rixey, Mark - notes summarizing knowledge of case and diagram of scene by PBW
Scala, Greg; review for SAI by CRW
Scala, Greg; review of report by CRW
Stroup, David review of statement by CRW
Trial evidence list by CRW & PBW (4 pages)
Typed witness order by CRW
Typed witness order with notes by CRW
Voir Dire questions
Williams, Tom: Notes from meeting with SAO investigator 9/27/89
Defense opening by PBW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing has been furnished to
Christopher A. DeBock, Office of the Capital Collateral Regional Counsel, Middle, 405
North Reo Street, Suite 150, Tampa, Florida 33609-10, the Office of the   Attorney
General, 444 Seabreeze Blvd., 5th Floor, Daytona Beach, Fl 32118, and Judge Tanya

001561

Rainwater, 2825 Judge Fran Jamieson Way, Viera, Florida 32940,  by   mail on January

8, 1999.

NORMAN R. WOLFINGER
STATE ATTORNEY

BY:_____

Christopher R. White
Assistant State Attorney
Bar No. 203289
100 East First Street
Sanford, Florida 32771
(407) 322-7534 ext 6410

7

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

STATE OF FLORIDA,
     Plaintiff,

CASE NO.: 89-04942-CF-A

vs.

CROSLEY A. GREEN,
     Defendant.
_____/

NOTICE TO APPEAR
FOR HEARING

TO:  John Mosher, Esquire         Chris White, Asst. State Attorney
     Capital Collateral Rep.      Office of the State Attorney
     Middle Region               100 First Street
     3801 Corporex Dr. Ste. 210     Sanford, Florida 32771
     Tampa, Florida 33169-1130

-----------------------------------------------------------------

        Notice is hereby given that a Status Hearing has been
scheduled by this Court in the above styled cause on Tuesday, March 2,
1999 at 8:30 a.m. at the Moore Justice Center, 2825 Judge Fran Jamieson
Way, Judge Rainwater's Chambers, 4th Floor, Viera, Florida 32940.  **IF ANY
PARTY DESIRES TO APPEAR BY TELEPHONE, THEY MUST CONTACT THE JUDGE'S
OFFICE AT (407) 617-7283 NO LATER THAN 12:00 NOON, FEBRUARY 18, 1999 TO
PROVIDE THE TELEPHONE NUMBER THEY CAN BE REACHED AT.  IF YOU HAVE NOT
CONTACTED THIS OFFICE, YOU WILL BE EXPECTED TO APPEAR IN PERSON.**

        **DONE AND ORDERED** in Viera, Brevard County, Florida this 28
day of January, 1999.

                            TONYA RAINWATER
                            Circuit Court Judge

001563

Copies to:

Judy Taylor Rush and Kenneth Nunnelly
Assistant Attorney Generals
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida 32118

ATTN:PERSONS WITH DISABILITIES.  If you are a person with a
disability who needs accommodation in order to participate in this
proceeding, you are entitled, at no cost to you, to the provision of
certain assistance.  Please contact Court Administration at 2825 Judge
Fran Jamieson Way, 3rd Floor, Viera, FL 32940-8006, (407) 633-2171 within
2 working days of your receipt of this notice; if you are hearing or
voice impaired, call 1-800-955-8771.

001564

SANDY CRAWFORD

2000 JAN 27 P 4: 04

STATE OF FLORIDA, FILED IN VIERA-06
    Plaintiff,    CLERK OF CIR. CT.
               BREVARD CO. FL.

vs.

CROSLEY ALEXANDER GREEN,
    Defendant.

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO. 89-4942-CFA

## ANSWER TO MOTION TO AUTHORIZE DEPOSITIONS

COMES NOW THE STATE OF FLORIDA by and through the undersigned Assistant State Attorney and in answer to the Defendant's Motion to Authorize Depositions states:

1. The State of Florida agrees that this court has inherent authority to allow depositions in a proceeding under Rule 3.850, F.R.Cr.P. However, the State points out the Florida Supreme Court tempered this statement as follows:

> This opinion shall not be interpreted as automatically allowing discovery under rule 3.850, nor is it an expansion of the discovery procedures established in rule 3.220. We conclude that this inherent authority should be used only upon a showing of good cause. State v. Lewis, 656 So.2d 1248 (Fla. 1248)

2. In addition to the requirement that the party requesting depositions make a showing of good cause **at a hearing**, the State would point out that the request to depose the Assistant State Attorney assigned to this case runs afoul of other legal precedent. Eagan v. DeManio, 294 So. 2d 639 (Fla. 1974). The alleged good cause for this particular deposition is that the undersigned spoke to Paul Ciolino and Joseph Maura regarding the prosecution of

001565

Crosley Green, and that the undersigned has been in contact with unnamed newly discovered witnesses who may have information regarding the murder of Charles Flynn.

3.   It is apparent that the purpose of this deposition is to determine what information may have been discovered  by the assigned Assistant State Attorney during investigation of the instant case.  This use of depositions to depose assistant state attorneys to learn what they know about your client's case is exactly what the Florida Supreme Court prohibited in Egan:

> Since prosecutors must necessarily perform investigatory functions incident to their primary duty to prosecute in almost all felony cases, it is unnecessarily burdensome to subject them summarily to discovery by oral deposition on the ground that they have acted in an investigatory as opposed to a prosecutorial capacity.  Subjecting prosecutors to this type of discovery of their investigations would require disclosure of their work product and seriously impede criminal prosecutions. Egan v. DeManio, Id at p. 640.

As the Court pointed out, any discussion had by the undersigned with these men is work product and not discoverable by deposition.

4.   Furthermore,  the Defendant is requesting authorization to depose Paul Ciolino and Joe Maura which is the normal way to learn what information they may have relevant to this case.   As this court knows,  if there was information obtained from any witness that is exculpatory in nature, the State Attorney has a continuing duty to disclose such information. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  At the present time, this office has not received copies of any of the statements of witnesses obtained by Mr. Ciolino and his associates, or obtained by FDLE, but upon receipt of such statements the undersigned will comply with the dictates of Brady.  If this request to depose the assigned assistant state attorney is granted there is scant reason defense counsel should not be allowed to depose assistant state attorneys in any case in which the assistant state attorney performed

2

001566

their duty and responsibility to base their prosecutions on sworn testimony and properly prepare for trial by interviewing witnesses.

5.   There is an ongoing investigation into this case by the Florida Department of Law Enforcement which is being conducted at the request of State Attorney Norman R. Wolfinger. There is reason to believe that many of the witnesses named here have been interviewed by FDLE, and much of the other material sought by the Defendant has been obtained by them.[1]   Although such information is probably not public record and therefore not available to the Defendant at this juncture[2],   upon completion of this criminal investigation much of what the Defendant requests may be included in their report.

6.   The request to depose Kim Hallock's sister because she may be in possession of "notes taken from Kim Hallock's account to her of the murder of Charles Flynn" brings to mind the old saying: "So what."   This is a private citizen who *may have* notes  which have not been disclosed in the Chapter 119 process.    Of course they have not been disclosed pursuant to Chapter 119 because they are (if they exist) in the possession of a private citizen and are not public records as that term is defined in Section 119.011(1), Florida Statutes. What right does the Defendant have to personal papers of a private citizen?  Furthermore, there is no showing what relationship the notes may have to issues that can be raised in post conviction proceedings.

7. As to the suggestion in paragraph eight (8) of his motion that depositions or interviews of Kim Hallock, jurors and the press may be appropriate,   the State objects strenuously to deposing the victim ten (10) years after the offense without  a showing of good

---

[1] They have advised this office they interviewed Paul Ciolino, Joe Maura, Tim Curtis, Jerome Murray, Lonnie Hillary and others specified in the Defendant's motion.
[2] None of the reports or statements obtained by FDLE have been provided to this office as of this date, but the investigators have indicated that they were close to concluding the investigation.

001567

cause. She has been previously deposed at length and testified in court both at suppression hearings and trial about this extremely traumatic incident. The State also objects to the intrusion into the sanctity of the jury verdict through interviews of jurors without some showing of good cause for such an inquiry and limitations on the scope of such inquiry by the court. Finally, there are relevant witness interviews in the possession of the press, these need to be specified and the availability of such interviews through other sources needs to be evaluated.

WHEREFORE, the State of Florida requests this court to require an hearing before granting this Motion, and further requests the court to deny said motion for the grounds stated herein, at least until such time as the FDLE investigation is complete.

Respectfully submitted,

NORMAN R. WOLFINGER
STATE ATTORNEY

BY: Christopher R. White
Assistant State Attorney
Bar No. 203289
100 East First Street
Sanford, Florida 32771
(407) 665-6410

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished by mail to Judy Taylor-Rush, Office of the Attorney General, 444 Seabreeze Blvd., 5th Floor, Daytona Beach, Fl

4

001568

3211, Mr. Mark S. Gruber, Office of the Capital Collateral Regional Counsel, Middle, 3801

Corporex Park Drive, Suite 210, Tampa, FL 33619 and Judge Bruce W. Jacobus, 2825 Judge

Fran Jamieson Way, Viera, Florida 32940 on this _____ day of January 18, 2000.


NORMAN R. WOLFINGER
STATE ATTORNEY

BY: _____
CHRISTOPHER R. WHITE
ASSISTANT STATE ATTORNEY

001569

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942-CFA

STATE OF FLORIDA,

      Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

      Defendant.

_____/

## MOTION TO RELEASE EVIDENCE FOR THE PURPOSE OF BALLISTICS TESTING

Comes now the Defendant, by and through undersigned counsel, and moves that this

Court enter an order granting Defendant's motion to release evidence for the purpose of ballistics

testing and would state as grounds the following:

    1.    Mr. Green is an indigent death-sentenced inmate.

    2.    During the trial, Kimberly Hallock, the only eyewitness to the shooting, testified

that she had been romantically involved with Charles Flynn, but he had been dating another

woman.  She also testified that she had removed Charles Flynn's gun from the glove

compartment of his car upon seeing a black man and hearing Charles Flynn say 'put that away".

    3.    During the trial Greg Scala, a forensic firearm and tool mark examiner testified on

behalf of the state with regards to a bullet that was extracted from the body of the victim, Charles

Flynn State Exhibit 54).

    4.    Greg Scala testified that the bullet was a .22-caliber and that it was fired from a

barrel that had six lands and grooves (T-988).

001570
453

5.      Greg Scala also testified that he compared this bullet to Charles Flynn's gun and determined that the gun barrel was consistent in class characteristics in that it also had six lands and grooves (T-992).

6.      Greg Scala testified that the bullet was so damaged and although he could find some individual characteristics he could not determine that it was fired from Charles Flynn's revolver.

7.      Post-conviction counsel requests the release of this the bullet (Exhibit 54) and Charles Flynn's revolver (Exhibit 55) so that Counsel may have them tested to determine whether the bullet came from Charles Flynn's gun.

WHEREFORE, Defendant Crosley Green, requests that this court enter an order granting Defendant's motion to release evidence for ballistics testing.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing **MOTION TO RELEASE EVIDENCE FOR THE PURPOSE OF BALLISTICS TESTING** has been furnished by United States mail to all counsel of record on this 10th day of February 2000.

Mark S. Gruber
Florida Bar No. 0330541
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
  COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619-1136
813-740-3544
Attorney for Defendant

001571

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Moore Justice Center, Courtroom C
2825 Judge Fran Jamieson Way
Viera, FL 32940

Judy Taylor Rush
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Boulevard, Fifth Floor
Daytona, FL 32118-3951

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, FL 32771

Crosley A. Green
DOC# 902925; P5117S
Union Correctional Institution
Post Office Box 221
Raiford, FL 32083

IN THE CIRCUIT COURT OF
THE        EIGHTEENTH        JUDICIAL
CIRCUIT IN AND FOR BREVARD
COUNTY, FLORIDA

STATE OF FLORIDA,

    Plaintiff,

    vs.                         CASE NO. 89-4942-CFA

CROSLEY A. GREEN,

    Defendant.
_____/

## RESPONSE TO ORDER FOR MORE LEGIBLE COPY

    COMES NOW the Office of State Attorney Norman R. Wolfinger by and through the
undersigned Assistant State Attorney and in reply to the Court's direction in its  Order of
January 24, 2000, states:

    1.    The Court has identified a copy of some notes taken by the undersigned
Assistant State Attorney during an interview of Debbie Meyers which is too light to read.
The Court directed the undersigned to provide a more legible copy of the notes to the court.

    2.    The State does not have the original of the note, and its copy is not any more
legible than the one previously provided and so the State cannot comply with the Court's
order.

    3.    Debbie Meyers was deposed by the Defendant five days after the SAI notes in
question were made and a transcript of that deposition should be in the court file and the
Defendant's.  Therefore, the court can at least assure itself that the existence of Debbie

Meyers was known to the Defendant prior to trial and she was deposed as to her knowledge of the case.

Respectfully submitted,

NORMAN R. WOLFINGER
STATE ATTORNEY

BY: _Christopher R. White_

Christopher R. White
Assistant State Attorney
Bar No. 203289
100 East First Street
Sanford, Florida 32771
(407) 665-6410

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing has been furnished to Mark Gruber, Office of the Capital Collateral Representative, 1533 South Monroe Street, Tallahassee, Florida 32301, the Office of the Attorney General, 444 Seabreeze Blvd., 5th Floor, Daytona Beach, Fl 32118, and Judge Bruce W. Jacobus, 2825 Judge Fran Jamieson Way, Viera, Florida 32940, by mail on February 8, 2000.

NORMAN R. WOLFINGER
STATE ATTORNEY

BY: _Christopher R. White_

Christopher R. White
Assistant State Attorney

2

001574

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-004942-CF-AXXX-XX

STATE OF FLORIDA,

     Plaintiff,

v.

CROSLEY GREEN,

     Defendant.

_____/

## ORDER ON 2/28/2000 STATUS CONFERENCE

THIS CAUSE came before the Court upon a status conference held on Monday, February 28, 2000 before the undersigned judge. Those present via telephone included: Mr. Mark Gruber, Capital Collateral Representative – Middle Region; Christopher White, Assistant State Attorney, and Judy Taylor Rush, Assistant Attorney General. Based upon the representations made at the hearing, it is hereupon

ORDERED:

1. The State will produce their copy of the document submitted for *in camera* review that this Court found too light to read to make a determination as to whether it was exempt from disclosure.

1

001575
457

2.   A separate hearing will be held on the defense's motion to take depositions.

3.   The State has no objection to the defense's motion for ballistic testing as long as a proper chain of custody is maintained.

4.   At the hearing on the defense's motion to take depositions, both parties will submit time schedules for disposition of the postconviction matters in this case.

5.   The State has no objection to the documents that this Court determined after an *in camera* review should be released to defense counsel. Therefore, as instructed in its previous Order, the clerk's office is responsible for sending those documents to defense counsel.

DONE AND ORDERED at the Moore Justice Center, Viera, Brevard County, Florida, this ___2nd___ day of _____Mar._____, 2000.

_____
BRUCE W. JACOBUS
CIRCUIT COURT JUDGE

cc:

Mark Gruber, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida  33619

2

001576

Christopher White, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida  32772

Judy Taylor Rush, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida  32118

3

001577

☐ AMENDED

BREVARD COUNTY, FLORIDA

**COURT MINUTES / ORDER OF**

DATE: 03 15 00

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 89-04942CFA | BWJ |

RESERVED FOR RECORDING

| CHARGES | TAPE | LOG |
|---|---|---|
| 00 000 000 000 000 | | |
| 00 000 000 000 000 | | |
| 00 000 000 000 000 | | |
| 00 000 000 000 000 | | |

| | |
|---|---|
| CLERK | MOON, MAHANEY |
| CLERK | |
| REPORTER | |
| COURT DEPUTY | |
| COURT DEPUTY | |
| DEFENSE COUNSEL | Gruber, White |
| STATE ATTORNEY | |
| PTR REPRESENTATIVE | |

AMENDED CHARGE:
☐ STATE   ☐ COURT

## DEFENDANT

| PRESENT | X NOT PRESENT |
|---|---|
| WITHOUT COUNSEL | COUNSEL PRESENT |
| WITH COUNSEL | IN DEFENDANT'S BEHALF |

ADVISED OF RIGHTS AND CHARGES

| WAIVED SPEEDY TRIAL | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |
|---|---|

## WARRANTS

| DEPUTY | PRESENT & |
|---|---|
| FILED LOCAL AFFIDAVIT & WARRANT | |
| ADVISED COURT DEFENDANT RECEIVED | |

BY _____ AUTHORITIES

ON _____

| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL POSTED BOND POSTED |
|---|
| ADVISED FOREIGN COURT WILL NOT EXTRADITE |
| ADVISED GOVERNOR'S WARRANT SERVED |
| DEFENDANT SIGNED WAIVER OF EXTRADITION |

## FAILURE TO APPEAR

COURT ORDERED

| BENCH | INSTANTER | ISSUE OTSC |
|---|---|---|
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

## ATTORNEY

DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | |

DEFENDANT WAIVED COUNSEL

COURT TOOK NO ACTION AS TO COUNSEL

COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION

COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL

NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED

NOTICE OF APPEAL FILED IN OPEN COURT

NOA/CAF NOT FILED AS OF THIS DATE

**Failure to appear will result in a Bench Warrant being issued for your arrest.**

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| | WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

## PLEA

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

## VERDICT

JURY RETURNED WITH VERDICT OF

| GUILTY | NOT GUILTY |
|---|---|

COURT FOUND DEFENDANT TO BE

| GUILTY | NOT GUILTY |
|---|---|

## COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| | PREVIOUSLY |
| WITHHELD ADJUDICA-TION OF GUILT | Conditions |
| | FOUND DEFENDANT IN CONTEMPT OF COURT |
| DISMISSED (CTS) | |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT. |
| CLERK TO SUBPOENA ALL PARTIES | |

## LICENSE ACTION

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |

RE-EXAMINATION REQUIRED

BY COURT RE:

CONFISCATED BY COURT

## LIBERTY STATUS

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |
| DEPUTY NOTIFIED | |
| BY CLERK | |

## NEXT COURT APPEARANCE

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CRIMINAL PROCEEDINGS |
| VOP HEARING | NON JURY TRIAL |
| HEARING | CIVIL INFR HEARING | ARRAIGNMENT |
| PLEA | SENTENCING |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

REASON

PREVIOUSLY SET

| DATE | | TIME |
|---|---|---|
| | VIERA | TITUSVILLE |
| | MELBOURNE | SHARPES |

| DIVISION | JUDGE |
|---|---|

ACKNOWLEDGED

_ _ _ _ _ (DEFENDANT/ATTORNEY SIGNATURE) _ _ _ _

I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT

| | |
|---|---|
| SATISFIED/RELEASED | |
| FORFEIT IN FULL SATISFACTION (CASH BOND) | |
| SURETY/CASH BOND FORFEITED | |
| FORFEITURE | DISCHARGED |
| DATED | |
| DEDUCT $ | |
| REFUND BALANCE TO DEPOSITOR | |
| BALANCE OF FINE TO BE PAID | |

## CHARGES / CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED

FORMER CASE #

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

001578

**COURT MINUTES / ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

| DEFENDANT | DATE | CASE NUMBER |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 3-15-00 | 89-04942CFA |

RESERVED FOR RECORDING

## JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |
| CONCURRENT W/ | |
| ANY PENDING SENTENCE | |
| CONSECUTIVE W/ | |
| ANY PENDING SENTENCE | |
| COMMENCING | |
| WEEKENDS/FARM (See Supplemental Order) | |
| NO GAIN TIME | |

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE _____ HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA _____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in_____ |
| Vehicle Impoundment (See Order) | No Driving w/o valid |
| | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL (SEE ATTACHMENT) WITHIN _____ DAYS

| ABIDE BY ALL LAWS |
| MAKE ALL COURT APPEARANCES |
| REMAIN IN BREVARD COUNTY |
| REMAIN IN CONTACT WITH ATTORNEY |
| NO CONTACT WITH VICTIM(S): |

CURFEW _____ M TO _____ M

SEE REMARKS

HOUSE ARREST _____ DAYS

## Status of
☐ Probation ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED | |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PRE-SENTENCE INVESTIGATION | |
| Pre-plea | Full Form | Short Form |
| State Guideline Sheet Only | DJJ Comments |
| EVALUATION ORDERED | File Copy w/Court |

| PSYCHIATRIC | MEDICAL |
|---|---|
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
| PERSONAL SURETY: | |

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| ROR |
| State did not file information within 33 days |
| NO ACTION TAKEN AS TO BOND AMOUNT |
| RELEASED/DISCHARGED |
| NO BOND |
| UNTIL FURTHER ORDER OF COURT |
| DUE TO NATURE OF OFFENSE |
| UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |

## ASSESSMENTS

| COUNT(S) | | |
|---|---|---|
| Fine | | |
| Waive C/C | | |
| Suspend | | |
| Court Costs | | |
| Late Chg | | |
| Other | | |

**Total**
$ _____

**Payable on or before**
Payment Information Shown on Reverse Side

Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)

PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____

PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT

$40.00 PD FEE ASSESSED

To be paid by: _____

**Investigative Costs and Public Defender Liens must be paid to the Clerk of Court**

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____

FINE CONVERTED TO _____

COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____

MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____

**COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS**

REMARKS *Court granted the motion for Depo-Order to follow by Counsel.*

I certify that a copy of hereof has been furnished on _____ to the:
☐ defendant by ☐ hand delivery ☐ mail ☐ fax
☐ public defender/defense attorney by ☐ hand delivery ☐ mail ☐ fax
☒ state attorney by ☒ hand delivery ☐ mail ☐ fax

Deputy Clerk

DONE AND ORDERED THIS 15 DAY OF May, 2000, IN

BREVARD COUNTY, FLORIDA

AND FILED IN OPEN COURT 8:35 A.M.

DEFENDANT'S NAME AND ADDRESS:
GREEN, CROSLEY ALEXANDER
5658 BRIERCLIFF
MIMS          FL 32754

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 12/99)     ORIGINAL-COURT FILE     [ ] SHERIFF: JAIL/WARRANTS     [ ] CRIMINAL LAW     [ ] PROBATION/COMMUNITY SERVICE/OTHER

001549

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942-CFA

STATE OF FLORIDA,

     Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

     Defendant.

_____/

## MOTION TO PERMIT TELEPHONIC PARTICIPATION BY DEFENDANT

Comes now the defendant, by and through the undersigned attorney and states:

1.    A telephonic status conference is scheduled in this cause for Friday, July 14, 2000.

2.    The defendant wishes to be present by telephone for said conference.

3.    The Union Correctional Institution is willing to permit the defendant's access to a telephone for this purpose on proper notification.

Wherefore, the defendant moves for permission to attend said hearing by telephone.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the Foregoing **Motion to Permit Telephonic Participation by Defendant** has been furnished by United States Mail, first class postage prepaid, to all counsel of record and the Defendant on July 10, 2000.

MARK GRUBER
Florida Bar No.0330541
CAPITAL COLLATERAL REGIONAL
 COUNSEL - MIDDLE
3801 Corporex Park Drive, Suite 210
Tampa, FL 33619
(813) 740-3544

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Moore Justice Center, Courtroom C
2825 Judge Fran Jamieson Way
Viera, FL 32940

Judy Taylor Rush
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Boulevard, Fifth Floor
Daytona, FL  32118-3951

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, FL  32771

Crosley A. Green
DOC# 902925; P5117S
Union Correctional Institution
Post Office Box 221
Raiford, Florida 32083

☐ AMENDED
BREVARD COUNTY, FLORIDA
DATE: P14-00

**COURT MINUTES/ORDER OF**

#12

| DEFENDANT | CASE NUMBER | JUDGE | |
|---|---|---|---|
| Green Crosley | 89CF4942 A | BJ | RESERVED FOR RECORDING |

| CHARGES | TAPE | LOG |
|---|---|---|
| | | |

| CLERK | Monx |
|---|---|
| CLERK | |
| REPORTER | Fiorillo |
| COURT DEPUTY | |
| COURT DEPUTY | Rigby |
| DEFENSE COUNSEL | Gruber |
| STATE ATTORNEY | White |
| PTR REPRESENTATIVE | Atty Gen — Judy Rush |

AMENDED CHARGE:
☐ STATE  ☐ COURT

**DEFENDANT**

| PRESENT | X | NOT PRESENT |
|---|---|---|
| WITHOUT COUNSEL | | COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| WITH COUNSEL | | |
| ADVISED OF RIGHTS AND CHARGES | | |
| WAIVED SPEEDY TRIAL | | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

**WARRANTS**

| DEPUTY | | PRESENT & |
|---|---|---|
| | FILED LOCAL AFFIDAVIT & WARRANT | |
| | ADVISED COURT DEFENDANT RECEIVED | |
| BY _____ AUTHORITIES | | |
| ON _____ | | |
| | TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| | ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| | ADVISED GOVERNOR'S WARRANT SERVED | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | | |

**FAILURE TO APPEAR**

COURT ORDERED

| BENCH | | INSTANTER | | ISSUE OTSC |
|---|---|---|---|---|
| BOND AMOUNT $ | | | | Cash or Surety |
| JUVENILE BENCH WARRANT | | | | |
| CAPIAS | | SUSPEND D.L. | | NO ROR OR PTR |

**ATTORNEY**

DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | | COST PURPOSES ONLY |
| PUBLIC DEFENDER | | APPEAL PURPOSES ONLY |
| CONFLICT ATTORNEY | | |

DEFENDANT WAIVED COUNSEL
COURT TOOK NO ACTION AS TO COUNSEL

| COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION |
|---|
| COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL |
| NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED |
| NOTICE OF APPEAL FILED IN OPEN COURT |
| NOA/CAF NOT FILED AS OF THIS DATE |

**Failure to appear will result in a Bench Warrant being issued for your arrest.**

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

**STATE ACTION**

| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| | WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

**PLEA**

| NOT GUILTY | | NOLO CONTENDERE | | GUILTY |
|---|---|---|---|---|
| ORIGINAL WITHDRAWN | | IN ABSENTIA | | |
| LESSER INCLUDED OFFENSE | | | | |

**VERDICT**

| JURY RETURNED WITH VERDICT OF | |
|---|---|
| GUILTY | NOT GUILTY |
| COURT FOUND DEFENDANT TO BE | |
| GUILTY | NOT GUILTY |

**COURT ACTION**

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT. |
| CLERK TO SUBPOENA ALL PARTIES | |

**LICENSE ACTION**

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

**LIBERTY STATUS**

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |

| DEPUTY NOTIFIED | |
|---|---|
| BY CLERK | |

**NEXT COURT APPEARANCE**

| SECOND APPEARANCE | | VOP ARRAIGNMENT |
|---|---|---|
| CONTROL FUGITIVE WARRANT | | CRIMINAL PROCEEDINGS |
| VOP HEARING | | NON JURY TRIAL |
| HEARING | CIVIL INFR HEARING | ARRAIGNMENT |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | | DOCKET SOUNDING |
| CONTINUED BY | | JURY TRIAL |
| | COURT | STATE | PD/ATTY |

| REASON | |
|---|---|
| PREVIOUSLY SET | |
| DATE | TIME |
| | VIERA | TITUSVILLE |
| | MELBOURNE | SHARPES |

| DIVISION | JUDGE |
|---|---|
| ACKNOWLEDGED | |

(DEFENDANT/ATTORNEY SIGNATURE)

I, hereby certify that a copy hereof has been sent to:

**BOND INFO OUT OF CUSTODY**

NUMBER-TYPE-AMOUNT

| SATISFIED/RELEASED |
|---|
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE | DISCHARGED |
| DATED |
| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

**CHARGES / CASE # CHANGES**

| ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED |
|---|
| FORMER CASE # |

001582

**\*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.**

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

RESERVED FOR RECORDING

| DEFENDANT | DATE | CASE NUMBER |
|---|---|---|
| Green, Crosley | 7-14-00 | 89CF4942A |

### JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |
| CONCURRENT W/ | |
| ANY PENDING SENTENCE | |
| CONSECUTIVE W/ | |
| ANY PENDING SENTENCE | |
| COMMENCING | |
| WEEKENDS/FARM (See Supplemental Order) | |
| NO GAIN TIME | |

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

### CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE _____ HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA _____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in _____ |
| Vehicle Impoundment (See Order) | No Driving w/o valid |
| | Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL (SEE ATTACHMENT) WITHIN _____ DAYS | |
| ABIDE BY ALL LAWS | |
| MAKE ALL COURT APPEARANCES | |
| REMAIN IN BREVARD COUNTY | |
| REMAIN IN CONTACT WITH ATTORNEY | |
| NO CONTACT WITH VICTIM(S): | |
| CURFEW _____ M TO _____ M | |
| SEE REMARKS | |
| HOUSE ARREST _____ DAYS | |

### REMARKS

### Status of
☐ Probation  ☐ Community Control

| | |
|---|---|
| REVOKED | MODIFIED |
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

### ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PRE-SENTENCE INVESTIGATION | |
| Pre-plea | Full Form | Short Form |
| State Guideline Sheet Only | DJJ Comments |

| **EVALUATION ORDERED** | File Copy w/Court |
|---|---|
| **PSYCHIATRIC** | **MEDICAL** |
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD | HIV | HEPATITIS |

### BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
| PERSONAL SURETY: | |

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| ROR | |
|---|---|
| State did not file information within 33 days | |
| NO ACTION TAKEN AS TO BOND AMOUNT | |
| RELEASED/DISCHARGED | |
| NO BOND | |
| | UNTIL FURTHER ORDER OF COURT |
| | DUE TO NATURE OF OFFENSE |
| | UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |

### ASSESSMENTS

| COUNT(S) | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

**Total**
$ _____

**Payable on or before**
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

### ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR _____ (Agency)

PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____

PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT

**$40.00 PD FEE ASSESSED**

To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

### ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED TO $ _____ PAYABLE BY _____

FINE CONVERTED TO _____

COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____

MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____

COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

DONE AND ORDERED THIS 14th DAY OF July , 2000, IN

BREVARD COUNTY, FLORIDA

AND FILED IN OPEN COURT _____ M.

---

I certify that a copy of hereof has been furnished on 7-14-00 to the:
☐ defendant by ☐ hand delivery ☐ mail ☐ fax
☐ public defender/defense attorney by ☐ hand delivery ☐ mail ☐ fax
☑ state attorney by ☑ hand delivery ☐ mail ☐ fax

Deputy Clerk

DEFENDANT'S NAME AND ADDRESS:

001583

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134
(REV. 12/99)    ORIGINAL-COURT [ ]    [ ] SHERIFF: JAIL/WARRANTS    [ ] CRIMINAL LAW    [ ] PROBATION/COMMUNITY SERVICE/OTHER

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY A. GREEN,

    Defendant.

_____/

ORDER ON 07/14/2000 STATUS CONFERENCE, GRANTING
MOTION TO PERMIT TELEPHONIC PARTICIPATION BY
DEFENDANT, AND RELEASING DOCUMENT

THIS ACTION came before the Court upon a telephone status
conference held on Friday, July 14, 2000.   Those present via telephone
included: Mr. Mark Gruber, Capital Collateral Representative – Middle
Region; Mr. Christopher White, Assistant State Attorney; and Ms. Judy Taylor
Rush, Assistant Attorney General.   Based upon a review of the official Court
file, representations made by counsel at the status conference, and being
otherwise fully advised in the premises, this Court orders that:

    1.   Mr.  White is to advise this Court in writing on the status of the
pending FDLE investigation in the above-styled case and FDLE time frame for
completion of the investigation.

001584

State v. Green                          Case No. 05-1989-CF-004942-AXXX-XX

2.    Mr. Gruber shall submit a proposed order granting motion for depositions upon completion of the FDLE investigation.

3.    The Court is releasing to the defense the one document submitted by the State Attorney's Office for an *in camera* review as it was too light for this Court to read and the State failed to submit a darker copy for review.  Said document is attached to this Order.

4.    The Defendant is permitted to participate via telephone for any future status conferences or hearings.  It is the responsibility of defense counsel to coordinate with the correctional institution where the Defendant is located the Defendant's access to a telephone for this sole purpose.

DONE AND ORDERED at the Moore Justice Center, Viera, Brevard County, Florida this ____ day of _____, 2000.

BRUCE W. JACOBUS
CIRCUIT COURT JUDGE

2

001585

State v. Green                          Case No.  05-1989-CF-004942-AXXX-XX

Conformed copies furnished by U.S. Mail to:

Mark Gruber, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida  33619

Christopher White, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida  32772

Judy Taylor Rush, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida  32118

By: _____

Deborah Ryan
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida  32940
Date:   7 - 18 - 00

001586

Debbie _____ — 5/12 — 8/2/90
3 end next _____
_____ at out _____

_____

_____ the called down saw
_____

001587

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

        Plaintiff,

v.

CROSLEY A. GREEN,

        Defendant.

_____/

NOTICE TO APPEAR
AT STATUS CONFERENCE

**TO:**   Mark S. Gruber
Capital Collateral Rep.
Middle Region
3801 Corporex Dr. Ste. 210
Tampa, Florida 33169-1136
Tel. (813) 740-3544
Fax: (813) 740-3554
Fax (SC): 512-1120

Chris White, Asst. State Atty
Office of the State Attorney
100 First Street
Sanford, Florida 32771
Tel. (407) 322-7534 ext. 6410
Fax: (407) 665-6004

Judy Taylor Rush
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida 32118
Tel. (904) 238-4990

Notice is hereby given that a Status Conference has been scheduled by

this Court in the above-styled case on Tuesday, **September 26, 2000** at 8:15

A.M. at the Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera,

001588

State v. Green                          Case No. 05-1989-CF-004942-AXXX-XX

Florida 32940. IF ANY PARTY DESIRES TO APPEAR BY TELEPHONE,

THEY MUST CALL (321) 617-7260 AT LEAST TEN (10) MINUTES

PRIOR TO THE SCHEDULED HEARING. PARTIES NOT APPEARING

BY TELEPHONE ARE EXPECTED TO APPEAR IN PERSON FOR THE

STATUS CONFERENCE.

> DONE AND ORDERED at the Moore Justice Center, Viera, Brevard
County, Florida, this __13th__ day of __Sept.__, 2000.

> BRUCE JACOBUS
> CIRCUIT COURT JUDGE

 ATTN: PERSONS WITH DISABILITIES. If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at 2825 Judge Fran Jamieson Way, 3rd Floor, Viera, FL 32940-8006, (407) 633-2171 within 2 working days of your receipt of this notice; if you are hearing or voice impaired, call 1-800-955-8711

001589

☐ AMENDED
BREVARD COUNTY, FLORIDA
DATE: 10-4-00

**COURT MINUTES/ORDER OF**
Status Hrg

| DEFENDANT | CASE NUMBER | JUDGE | |
|---|---|---|---|
| Green Crosley | 89CF4942AX | BJ | RESERVED FOR RECORDING |

| CHARGES | TAPE | LOG |
|---|---|---|
| | | |

conference call all parties

|  | CLERK | Moon |
|---|---|---|
| | CLERK | |
| | REPORTER | Fifer |
| | COURT DEPUTY | |
| | COURT DEPUTY | Rigby |
| | DEFENSE COUNSEL | Mark Gruber CCRC |
| | STATE ATTORNEY | Chris White / Judy Rush |
| | PTR REPRESENTATIVE | |

AMENDED CHARGE:
☐ STATE  ☐ COURT

## DEFENDANT

X PRESENT Via phone  ☐ NOT PRESENT
☐ WITHOUT COUNSEL  ☐ COUNSEL PRESENT IN DEFENDANT'S BEHALF
X WITH COUNSEL
☐ ADVISED OF RIGHTS AND CHARGES
☐ WAIVED SPEEDY TRIAL  ☐ PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL

## WARRANTS

DEPUTY _____ PRESENT &
☐ FILED LOCAL AFFIDAVIT & WARRANT
☐ ADVISED COURT DEFENDANT RECEIVED
BY _____ AUTHORITIES
ON _____
☐ TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED
☐ ADVISED FOREIGN COURT WILL NOT EXTRADITE
☐ ADVISED GOVERNOR'S WARRANT SERVED
☐ DEFENDANT SIGNED WAIVER OF EXTRADITION

## FAILURE TO APPEAR

COURT ORDERED
☐ BENCH  ☐ INSTANTER  ☐ ISSUE OTSC
☐ BOND AMOUNT $  ☐ Cash or Surety
☐ JUVENILE BENCH WARRANT
☐ CAPIAS  ☐ SUSPEND D.L.  ☐ NO ROR OR PTR

## ATTORNEY

DEFENDANT DETERMINED
☐ INDIGENT  ☐ PARTIALLY INDIGENT  ☐ NON-INDIGENT
☐ COURT APPOINTED  ☐ COST PURPOSES ONLY
☐ PUBLIC DEFENDER  ☐ APPEAL PURPOSES ONLY
☐ CONFLICT ATTORNEY
☐ DEFENDANT WAIVED COUNSEL
☐ COURT TOOK NO ACTION AS TO COUNSEL
☐ COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION
☐ COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL
☐ NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED
☐ NOTICE OF APPEAL FILED IN OPEN COURT
☐ NOA/CAF NOT FILED AS OF THIS DATE

**Failure to appear will result in a Bench Warrant being issued for your arrest.**
DUI Advisement: Pursuant to F.S. 316.193(6), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

☐ NOLLE PROSEQUI _____ COUNT(S)
☐ PRESENTED NO EVIDENCE _____ COUNT(S)
☐ NOTICE OF NO INFORMATION _____ COUNT(S)
☐ WRITTEN  ☐ ORAL
☐ REDUCED TO MISDEMEANOR
☐ UPGRADED TO FELONY

### PLEA

☐ NOT GUILTY  ☐ NOLO CONTENDERE  ☐ GUILTY
☐ ORIGINAL WITHDRAWN  ☐ IN ABSENTIA
☐ LESSER INCLUDED OFFENSE

### VERDICT

☐ JURY RETURNED WITH VERDICT OF
☐ GUILTY  ☐ NOT GUILTY
☐ COURT FOUND DEFENDANT TO BE
☐ GUILTY  ☐ NOT GUILTY

### COURT ACTION

☐ ACCEPTED PLEA  ☐ ARRAIGNED
☐ ADJUDICATED GUILTY  ☐ Found Defendant in Violation of Probation/Community Control
☐ PREVIOUSLY
☐ WITHHELD ADJUDICATION OF GUILT
☐ DISMISSED (CTS)  ☐ FOUND DEFENDANT IN CONTEMPT OF COURT
☐ SENTENCE APPLIES TO ALL COUNTS  ☐ SUSPEND ORIGINAL
  ☐ FINE  ☐ CS
☐ ADVISED RIGHT TO APPEAL W/IN 30 DAYS  ☐ PAYABLE INFRACTION REPORT TO TRAFFIC DEPT.
☐ CLERK TO SUBPOENA ALL PARTIES

### LICENSE ACTION

☐ REVOKED  ☐ SUSPENDED
_____ MONTHS _____ YEARS
☐ RE-EXAMINATION REQUIRED
☐ BY COURT RE:
☐ CONFISCATED BY COURT

### LIBERTY STATUS

| ☐ CASH | ☐ ORDER |
|---|---|
| ☐ SURETY | ☐ ROR |
| ☐ UNSECURED | ☐ PTR |
| ☐ SECURED SIGNATURE | ☐ SUMMONS |
| ☐ CITATION | ☐ NOTICE TO APPEAR |
| ☐ DISCHARGED | ☐ CANCEL BENCH WARRANT |

☐ BENCH WARRANT/CAPIAS RECALLED ON: _____
DEPUTY NOTIFIED
BY CLERK

## NEXT COURT APPEARANCE

☐ SECOND APPEARANCE  ☐ VOP ARRAIGNMENT
☐ CONTROL FUGITIVE WARRANT  ☐ CRIMINAL PROCEEDINGS
☐ VOP HEARING  ☐ NON JURY TRIAL
X HEARING  ☐ CIVIL INFR HEARING  ☐ ARRAIGNMENT
☐ PLEA  ☐ SENTENCING  ☐ TO BE NOTIFIED
☐ STATUS CONFERENCE  ☐ DOCKET SOUNDING
☐ CONTINUED BY  ☐ JURY TRIAL
  ☐ COURT  ☐ STATE  ☐ PD/ATTY

REASON
☐ PREVIOUSLY SET
DATE 1-20-00  TIME 1:15
☐ VIERA  ☐ TITUSVILLE
☐ MELBOURNE  ☐ SHARPES
DIVISION _____ JUDGE BJ
☐ ACKNOWLEDGED

_____
(DEFENDANT/ATTORNEY SIGNATURE)
I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT
☐ SATISFIED/RELEASED
☐ FORFEIT IN FULL SATISFACTION (CASH BOND)
☐ SURETY/CASH BOND FORFEITED
☐ FORFEITURE _____ ☐ DISCHARGED DATED
☐ DEDUCT $
☐ REFUND BALANCE TO DEPOSITOR
☐ BALANCE OF FINE TO BE PAID

### CHARGES / CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED
FORMER CASE # 001590

**\*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.**

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

RESERVED FOR RECORDING

| DEFENDANT | DATE | CASE NUMBER |
|---|---|---|
| Green Crosley | 10-4-00 | 89CF4942AX |

## JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |
| CONCURRENT W/ | |
| ANY PENDING SENTENCE | |
| CONSECUTIVE W/ | |
| ANY PENDING SENTENCE | |
| COMMENCING | |
| WEEKENDS/FARM (See Supplemental Order) | |
| NO GAIN TIME | |

☐ PROBATION
☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

ALL STANDARD CONDITIONS / COMMUNITY SERVICE HRS W/IN
RESTITUTION (SEE ORDER) / REPORT TO PROB BY
RESERVED
AA/NA ___ TIMES WEEKLY/MONTHLY / No Possession of Alcohol
Pay all Outstanding Fines / No Drinking & Driving
No consumption of Alcohol / OBTAIN VALID DL w/in
/ No Driving w/o valid
Vehicle Impoundment (See Order) / Cost of Supervision Fees Waived
ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL (SEE ATTACHMENT) WITHIN ___ DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):
CURFEW ___ M TO ___ M
SEE REMARKS
HOUSE ARREST ___ DAYS

REMARKS 4 am from counsel

Status of ☐ Probation ☐ Community Control

| | |
|---|---|
| REVOKED | MODIFIED |
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Same Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| | |
|---|---|
| PROBABLE CAUSE | NO PROBABLE CAUSE |
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PRE-SENTENCE INVESTIGATION | |
| Pre-plea | Full Form | Short Form |
| State Guideline Sheet Only | DJJ Comments |
| EVALUATION ORDERED | File Copy w/Court |
| PSYCHIATRIC | MEDICAL |
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
PERSONAL SURETY:

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
State did not file information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
UNTIL FURTHER ORDER OF COURT
DUE TO NATURE OF OFFENSE
UNTIL EVALUATION COMPLETE
REMANDED / AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

| COUNT(S) | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |
| **Total** $ | |

**Payable on or before**
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment
| FTA NOT DISMISSED | FTA DISMISSED |
$ ___ SUSPEND ALL BUT $ ___

## ADDITIONAL ASSESSMENTS
$ ___ INVESTIGATIVE COST FOR ___ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ ___
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: ___
Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES
___ HRS COMMUNITY SERVICE CONVERTED TO $ ___ PAYABLE BY ___
FINE CONVERTED TO ___
COMMUNITY SERVICE HOURS TO BE COMPLETED BY ___
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ ___ PER HOUR IN LIEU OF FINE BY ___
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

DONE AND ORDERED THIS 4th DAY OF October, 2000, IN
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT ___ M.

I certify that a copy of hereof has been furnished on 10-4-00 to the:
☐ defendant by
☐ public defender/defense attorney by / ☐ hand delivery ☐ mail ☐ fax
☒ state attorney by / ☒ hand delivery ☐ mail ☐ fax
Deputy Clerk

DEFENDANT'S NAME AND ADDRESS:

001591

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 12/99) | ORIGINAL-COURT | [ ] SHERIFF: JAIL/WARRANTS | [ ] CRIMINAL LA | [ ] PROBATION/COMMUNITY SERVICE/OTHER

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

      Plaintiff,

v.

CROSLEY A. GREEN,

      Defendant.

_____/

## ORDER ON 10/4/2000 STATUS CONFERENCE, NOTICE OF PUBLIC RECORDS HEARING

**THIS ACTION** came before the Court upon a telephone status conference held on Wednesday, October 4, 2000. Those present via telephone included: Mr. Mark Gruber, Capital Collateral Representative -- Middle Region; Mr. Christopher White, Assistant State Attorney; Ms. Judy Taylor Rush, Assistant Attorney General; and Mr. Crosley Green. Based upon a review of the official Court file, representations made by counsel at the status conference, and being otherwise fully advised in the premises, this Court orders that:

1. Mr. White is to coordinate with the Florida Department of Law Enforcement (FDLE) regarding a recent public records request made by the Defendant.

001592
47005

State v. Green                              Case No.  05-1989-CF-004942-AXXX-XX

2.  A public records hearing is scheduled for **Monday, November 20, 2000** at 1:15 P.M.  In addition to the parties, the Florida Department of Law Enforcement is ordered to participate at this hearing.

3. **IF ANY PARTY DESIRES TO APPEAR BY TELEPHONE, THEY MUST CALL (407) 617-7260 AT LEAST THIRTY (30) MINUTES PRIOR TO THE SCHEDULED HEARING.  PARTIES NOT APPEARING BY TELEPHONE ARE EXPECTED TO APPEAR IN PERSON FOR THE PUBLIC RECORDS HEARING.**

**DONE AND ORDERED** at the Moore Justice Center, Viera, Brevard County, Florida this _5th_ day of _Oct_____, 2000.

BRUCE W. JACOBUS
CIRCUIT COURT JUDGE

Conformed copies furnished by U.S. Mail to:

Mark Gruber, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida  33619

Christopher White, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida  32772

2

State v. Green                          Case No.  05-1989-CF-004942-AXXX-XX

Judy Taylor Rush, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida  32118

Michael Ramage
General Counsel
Florida Department of Law Enforcement
P.O. Box 1489
Tallahassee, Florida 32302

By:

Deborah Ryan
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida  32940
Date:_____10-5-00_____

 ATTN:  PERSONS WITH DISABILITIES.  If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Court Administration at 2825 Judge Fran Jamieson Way, 3rd Floor, Viera, FL 32940-8006, (407) 633-2171 within 2 working days of your receipt of this notice; if you are hearing or voice impaired, call 1-800-955-8711.

3

☐ AMENDED

BREVARD COUNTY, FLORIDA                **COURT MINUTES/ORDER OF**

DATE: 11/20/2000                                     HEARING

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-X | |

**RESERVED FOR RECORDING**

| CHARGES | TAPE | LOG |
|---|---|---|
| | 2000 | |

| | |
|---|---|
| CLERK | |
| CLERK | |
| REPORTER | Stokes |
| COURT DEPUTY | DIGBY C |
| COURT DEPUTY | |
| DEFENSE COUNSEL | GRUBER MARK S |
| STATE ATTORNEY | C. White |
| PTR REPRESENTATIVE | |

all parties present by phone

AMENDED CHARGE:
☐ STATE   ☐ COURT

## DEFENDANT

| | | |
|---|---|---|
| X PRESENT | | ☐ NOT PRESENT |
| | WITHOUT COUNSEL | ☐ COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| X | WITH COUNSEL | |
| ADVISED OF RIGHTS AND CHARGES | | |
| WAIVED SPEEDY TRIAL | | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

## WARRANTS

| DEPUTY | | PRESENT & |
|---|---|---|
| | FILED LOCAL AFFIDAVIT & WARRANT | |
| | ADVISED COURT DEFENDANT RECEIVED | |
| BY | | AUTHORITIES |
| ON | | |
| | TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| | ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| | ADVISED GOVERNOR'S WARRANT SERVED | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | | |

## FAILURE TO APPEAR

COURT ORDERED

| BENCH | | INSTANTER | ISSUE OTSC |
|---|---|---|---|
| BOND AMOUNT $ | | | Cash or Surety |
| JUVENILE BENCH WARRANT | | | |
| CAPIAS | SUSPEND D.L. | | NO ROR OR PTR |

## ATTORNEY

DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | | NON-INDIGENT |
|---|---|---|---|
| COURT APPOINTED | | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | | |

DEFENDANT WAIVED COUNSEL

COURT TOOK NO ACTION AS TO COUNSEL

COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION

COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL

NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED

NOTICE OF APPEAL FILED IN OPEN COURT

NOA/CAF NOT FILED AS OF THIS DATE

**Failure to appear will result in a Bench Warrant being issued for your arrest.**

DUI Advisement: Pursuant to F.S. 316.193(6), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

| | | |
|---|---|---|
| NOLLE PROSEQUI | | COUNT(S) |
| PRESENTED NO EVIDENCE | | COUNT(S) |
| NOTICE OR NO INFORMATION | | COUNT(S) |
| | WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | | |
| UPGRADED TO FELONY | | |

### PLEA

| | | |
|---|---|---|
| NOT GUILTY | NOLO CONTENDERE | GUILTY |
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

### VERDICT

| | | |
|---|---|---|
| JURY RETURNED WITH VERDICT OF | | |
| | GUILTY | NOT GUILTY |
| COURT FOUND DEFENDANT TO BE | | |
| | GUILTY | NOT GUILTY |

### COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| PREVIOUSLY | |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| | FOUND DEFENDANT IN |
| DISMISSED (CTS) | CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT. |
| CLERK TO SUBPOENA ALL PARTIES | |

### LICENSE ACTION

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

### LIBERTY STATUS

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |
| DEPUTY NOTIFIED | |
| BY CLERK | |

## NEXT COURT APPEARANCE

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CRIMINAL PROCEEDINGS |
| VOP HEARING | NON JURY TRIAL |
| HEARING | CIVIL INFR HEARING | ARRAIGNMENT |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

REASON

| | |
|---|---|
| PREVIOUSLY SET | |
| DATE 12-01 | TIME 8:30 |
| VIERA | TITUSVILLE |
| MELBOURNE | SHARPES |
| DIVISION | JUDGE BJ |

ACKNOWLEDGED

(DEFENDANT/ATTORNEY SIGNATURE)

I, hereby certify that a copy hereof has been sent to:

### BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT

| |
|---|
| SATISFIED/RELEASED |
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE          DISCHARGED |
| DATED |
| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

### CHARGES / CASE # CHANGES

| |
|---|
| ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED |
| FORMER CASE # 89004942CFA |

001595

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

RESERVED FOR RECORDING

11/20/00

| DEFENDANT | DATE | CASE NUMBER |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | |

## JAIL

| SENTENCED TO: | DAY(S) DETENTION CENTER |
|---|---|
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
  ANY PENDING SENTENCE
CONSECUTIVE W/
  ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## CONDITIONS
☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE ____ HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA ____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in____ |
| | No Driving w/o valid |
| Vehicle Impoundment (See Order) | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL (SEE ATTACHMENT) WITHIN ____ DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):

CURFEW ____ M TO ____ M
SEE REMARKS
HOUSE ARREST ____ DAYS

## Status of
☐ Probation ☐ Community Control

| REVOKED | | MODIFIED |
|---|---|---|
| REINSTATED | | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED | |
| TERMINATED | | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding | |
| | No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | | NO PROBABLE CAUSE |
|---|---|---|
| NO IMPRISONMENT STATEMENT | | |
| FINGERPRINTED IN OPEN COURT | | |
| PRE-SENTENCE INVESTIGATION | | |
| Pre-plea | Full Form | Short Form |
| State Guideline Sheet Only | | DJJ Comments |
| **EVALUATION ORDERED** | | File Copy w/Court |
| PSYCHIATRIC | | MEDICAL |
| | 24 HOUR SCREENING | DETENTION FACILITY |
| | FORENSICS | TASC |
| | MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | | SEE REMARKS |
| | STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | | UNSECURED SIGNATURE |

PERSONAL SURETY:

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| ROR | |
|---|---|
| | State did not file information within 33 days |
| NO ACTION TAKEN AS TO BOND AMOUNT | |
| RELEASED/DISCHARGED | |
| NO BOND | |
| | UNTIL FURTHER ORDER OF COURT |
| | DUE TO NATURE OF OFFENSE |
| | UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |

## ASSESSMENTS

| COUNT(S) | | | |
|---|---|---|---|
| Fine | | | |
| Waive C/C | | | |
| Suspend | | | |
| Court Costs | | | |
| Late Chg | | | |
| Other | | | |

**Total**
$ ____

**Payable on or before** ____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ ____ SUSPEND ALL BUT $ ____

## ADDITIONAL ASSESSMENTS

$ ____ INVESTIGATIVE COST FOR
____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$ ____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: ____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

____ HRS COMMUNITY SERVICE CONVERTED
TO $ ____ PAYABLE BY ____
FINE CONVERTED TO ____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY ____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ ____ PER HOUR IN LIEU OF FINE BY ____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

REMARKS *Matter Statused — new date to be Set*

I certify that a copy of hereof has been furnished on ____11-20-00____ to the:
☑ defendant by ☐ hand delivery ☐ mail ☐ fax
☑ public defender/defense attorney by ☑ hand delivery ☐ mail ☐ fax
☑ state attorney by ☑ hand delivery ☐ mail ☐ fax

____ Deputy Clerk

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN #487,873
1651 BRACKETT
MIMS, FL

DONE AND ORDERED THIS ____20th____ DAY OF ____November____, 2000, IN ____MOORE JUSTICE CENTER____ BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT ____ M.

001596

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 12/99)   ORIGINAL-COURT   [ ] SHERIFF: JAIL/WARRANTS   [ ] CRIMINAL LAW   [ ] PROBATION/COMMUNITY SERVICE/OTHER

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942-CFA

STATE OF FLORIDA,

     Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

     Defendant.

_____/

## ORDER

This cause having come on to be heard on a status conference on November 20, 2000,

defense counsel moving for an order for an in camera inspection pursuant to Fla. R. Crim. P.

3.852(f)(2), this Court having entertained the arguments of counsel for the state and defense and

being otherwise duly advised in the premises, it is therefore:

ORDERED AND ADJUDGED that pursuant to Fla. R. Crim. P. 3.852(f)(2), the Records

Repository shall transmit public records obtained in this case for which an exemption has been

claimed to the Clerk of this Court for an in camera inspection in the manner and in accordance

with the above cited Rule.

DONE AND ORDERED in Chambers this 24 day of _____ 2001.

_____
BRUCE W. JACOBUS
Circuit Court Judge

001597

Copies to:

Judy Taylor Rush
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Boulevard, Fifth Floor
Daytona, FL  32118-3951

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, FL  32771

Marks S. Gruber
Assistant CCRC-Middle Region
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619-1136

Florida State Archives
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399-0250

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

## MOTION TO COMPEL OR TO AUTHORIZE ISSUANCE OF SUBPOENAS DUCES TECUM

    Comes now the Defendant, by and through undersigned counsel, and moves that this Court compel or to authorize issuance of subpoenas duces tecum and states:

    1.   Mr. Green is an indigent death-sentenced inmate.

    2.   A shell Rule 3.850 motion to vacate with special request for leave to amend has been filed in this case alleging claims which are cognizable in a collateral proceeding and which involve specific issues of fact.

    3.   The Office of the Capital Collateral Regional Counsel (CCRC) is required by law to provide effective legal representation to all death row inmates in post-conviction proceedings.  § 27.702, Fla. Stat. (1996); Spalding v. Dugger, 526 So. 2d 71 (Fla. 1988); Spaziano v. State, 660 So.2d 1363, 1370 (Fla. 1995).

    4.   CCRC has investigated this case through extensive use

001599

PLB
480

of Chapter 119 and field investigation. This motion is made at the point where it is now necessary to use additional investigative tools.

5. FDLE conducted an investigation through much of year 2000. CCRC has sought Ch. 119 disclosure of all records generated thereby. To date, CCRC has been unable to obtain the following:

A. Underlying electronic data generated by DNA testing. CCRC has retained a DNA expert, who indicates that he cannot provide any useful opinions or advice without access to this data. The data may be in the possession of Lab Corps, FDLE, or under the control of the State.

B. Photographs of the male jurors in this case. An allegation of juror misconduct was made at trial. Tim Curtis was called as a witness to substantiate this allegation. At the time, he said that the individual he observed was not one of the jurors. He has since then said otherwise. Undersigned counsel intends to depose Tim Curtis and, if possible, show him photographs of the four male jurors. FDLE Investigator Don Ladner apparently has obtained these photographs. Ch. 119 requests for the photographs have been made. If the photographs are not forthcoming by the date of the hearing on this motion, court assistance is requested.

C. All documents and other tangible evidence in the possession of Paul Ciolino. The undersigned has privately sought

001600

and received documents from Paul Ciolino and associates, but is advised and believes that additional documents and tangible evidence has been withheld.  The undersigned requests authorization for a subpoena duces tecum for such evidence.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Compel or to Authorize Issuance of Subpoenas Duces Tecum has been furnished by United States mail to all counsel of record on this _14_ day of March 2001.

MARK S. GRUBER
Florida Bar No. 0330541
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
  COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619-1136
813-740-3544
Attorney for Defendant

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Moore Justice Center,
Courtroom C
2825 Judge Fran Jamieson Way
Viera, FL 32940

Judy Taylor Rush
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Boulevard,
Fifth Floor
Daytona, FL  32118-3951

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, FL  32771

Crosley A. Green
DOC# 902925; P5117S
Union Correctional Institution
Post Office Box 221
Raiford, Florida 32083

001601

□ AMENDED
BREVARD COUNTY, FLORIDA
DATE: 05/21/2001

# COURT MINUTES/ORDER OF
## HEARING

RESERVED FOR RECORDING

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1987-CF 004942-AXXX-XX | BJV |

| CHARGES | TAPE | LOG |
|---|---|---|
| | | 2001 |

| | |
|---|---|
| CLERK | JANSSEN P |
| CLERK | HOUN D |
| REPORTER | Jessine |
| COURT DEPUTY | GORMAN J |
| COURT DEPUTY | RIGBY C |
| DEFENSE COUNSEL | GRUBER MARK S |
| STATE ATTORNEY | |
| PTR REPRESENTATIVE | |

| AMENDED CHARGE: |
|---|
| □ STATE □ COURT |

## DEFENDANT

| X PRESENT | | NOT PRESENT |
|---|---|---|
| | WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| | WITH COUNSEL | |
| ADVISED OF RIGHTS AND CHARGES | | |
| WAIVED SPEEDY TRIAL | | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

## WARRANTS

| DEPUTY | PRESENT & |
|---|---|
| | FILED LOCAL AFFIDAVIT & WARRANT |
| | ADVISED COURT DEFENDANT RECEIVED |
| BY | AUTHORITIES |
| ON | |
| | TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED |
| | ADVISED FOREIGN COURT WILL NOT EXTRADITE |
| | ADVISED GOVERNOR'S WARRANT SERVED |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | |

## FAILURE TO APPEAR

| COURT ORDERED |
|---|
| BENCH WARRANT | INSTANTER | ISSUE OTSC |
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

## ATTORNEY

| DEFENDANT DETERMINED | | |
|---|---|---|
| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
| COURT APPOINTED | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | |
| DEFENDANT WAIVED COUNSEL | | |
| COURT TOOK NO ACTION AS TO COUNSEL | | |
| COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION | | |
| COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL | | |
| NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL | | |
| NOTICE OF APPEAL FILED IN OPEN COURT | | |
| NOA/CAF NOT FILED AS OF THIS DATE | | |

Failure to appear will result in a Bench Warrant being issued for your arrest.

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

## PLEA

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

## VERDICT

| JURY RETURNED WITH VERDICT OF |
|---|
| GUILTY | NOT GUILTY |
| COURT FOUND DEFENDANT TO BE | |
| GUILTY | NOT GUILTY |

## COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| PREVIOUSLY | |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

## LICENSE ACTION

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

## LIBERTY STATUS

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |
| DEPUTY NOTIFIED | |
| BY CLERK | |

## NEXT COURT APPEARANCE

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CRIMINAL PROCEEDINGS |
| VOP HEARING | NON JURY TRIAL |
| X HEARING | CIVIL INFR HEARING | ARRAIGNMENT |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |
| REASON | PREVIOUSLY SET |

DATE 5-30-01   TIME 10:30 AM

| | |
|---|---|
| X VIERA | TITUSVILLE |
| MELBOURNE | SHARPES |
| DIVISION X1 | JUDGE BJV |

ACKNOWLEDGED

(DEFENDANT/ATTORNEY SIGNATURE)

I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT

| SATISFIED/RELEASED |
|---|
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE DATED | DISCHARGED |
| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

## CHARGES/CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST

AFFIDAVIT (923.01) HAVE BEEN CHANGED 8905.94.2CF181

FORMER CASE # 001602

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

# COURT MINUTES/ORDER
## BREVARD COUNTY, FLORIDA - PAGE

03/21/01

| DEFENDANT | DATE | CASE NUMBER | RESERVED FOR RECORDING |
|---|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-19 | 89-CF-004942-AXXX-XX | |

## JAIL

| SENTENCED TO: | DAY(S) DETENTION CENTER |
|---|---|
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
  ANY PENDING SENTENCE
CONSECUTIVE W/
  ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME
☐ PROBATION
☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |

| AA/NA TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL (SEE ATTACHMENT) WITHIN _____ DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):

CURFEW _____ M TO _____ M
SEE REMARKS
HOUSE ARREST _____ DAYS

## Status of
☐ Probation ☐ Community Control

| REVOKED | | MODIFIED |
|---|---|---|
| REINSTATED | | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED | |
| TERMINATED | | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding | |
| | No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | | NO PROBABLE CAUSE |
|---|---|---|
| NO IMPRISONMENT STATEMENT | | |
| FINGERPRINTED IN OPEN COURT | | |
| PRE-SENTENCE INVESTIGATION | | |
| | Pre-plea | Full Form | Short Form |
| | State Guideline Sheet Only | DJJ Comments |
| EVALUATION ORDERED | | File Copy w/ Court |
| | PSYCHIATRIC | MEDICAL |
| | 24 HOUR SCREENING | DETENTION FACILITY |
| | FORENSICS | TASC |
| | MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | | SEE REMARKS |
| | STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
| PERSONAL SURETY: | |

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
  State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
  UNTIL FURTHER ORDER OF COURT
  DUE TO NATURE OF OFFENSE
  UNTIL EVALUATION COMPLETE
REMANDED    AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

COUNT(S)

| | | | |
|---|---|---|---|
| Fine | | | |
| Waive C/C | | | |
| Suspend | | | |
| Court Costs | | | |
| Late Chg | | | |
| Other | | | |

TOTAL
$

**Payable on or before**
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

REMARKS *All parties plas in person + via telephone for status hearing. Ct advise 4-30-01 not a good date due to bacatro*

I certify that a copy hereof has been furnished on _____ to the:
☐ defendant by ☐ hand delivery ☐ mail ☐ fax
☐ public defender/defense attorney by ☐ hand delivery ☐ mail ☐ fax
☐ state attorney by ☐ hand delivery ☐ mail ☐ fax

_____ Deputy Clerk

DONE AND ORDERED THIS 21th DAY OF March 2001, IN MOORE JUSTICE CENTER
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN /43787°
3052 GYACLIFF
MIMS, FL

001603

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 12/2000)    ORIGINAL-COURT    [ ] SHERIFF: JAIL/WARRANTS    [ ] CRIMINAL ZA.    [ ] PROBATION/COMMUNITY SERVICE/OTHER

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY A. GREEN,

    Defendant.

_____/

## ORDER ON 03/21/2001 STATUS CONFERENCE AND NOTICE OF 05/08/2001 STATUS CONFERENCE

**THIS ACTION** came before the Court upon a status conference held on Tuesday, March 21, 2001. Mr. Mark Gruber, Capital Collateral Representative – Middle Region appeared in person; Mr. Christopher White, Assistant State Attorney; Ms. Judy Taylor Rush, Assistant Attorney General; and the Defendant, Crosley A. Green appeared via telephone. Based upon a review of the official Court file, representations made by counsel at the status conference, and being otherwise fully advised in the premises, this Court orders that:

1. If Mr. Gruber desires to depose Officers Walker, Clarke, and Rixey, a written motion should be submitted to the Court, and the Court will address the motion at the next status conference in May 2001.

001604

State v. Green                        Case No. 05-1989-CF-004942-AXXX-XX

2.   Mr. Gruber shall send the curriculum vitae of the ballistics expert, Gaylen Warren to Mr. White.  The Court authorizes the defense to examine the ballistics evidence; however, before such examination occurs, Messrs. Gruber and White shall agree to a set procedure to follow in order to maintain the chain of custody of the evidence.

3.   The Court concludes as a matter of law that it does not have jurisdiction to issue a subpoena duces tecum to Paul Ciolino, a private investigator in Chicago, Illinois.

4.   The Court grants the defense's request to examine the electronic data concerning DNA testing in the possession of LabCorp.

5.   As to the defense's request to examine copies of the driver's license photographs of the male jurors in the possession of FDLE, the Court grants Mr. Gruber's request to copy these photographs.   While driver's license photographic records are exempt from public inspection pursuant to sections 322.142(4) and 119.07(1), Florida Statutes, these records are not free from discovery in this criminal case.  See generally State, Dep't of Highway Safety and Motor Vehicles v. Krejci Co., Inc., 570 So. 2d 1322, 1325 (Fla. 2d DCA 1990) (holding that although driver's license photographs were exempt from public inspection by virtue of section 119.07(3)(a), they were nonetheless "subject to discovery in a civil action in exceptional circumstances and where the trial court takes all precaution to ensure the confidentiality of the

2

State v. Green _____ Case No. 05-1989-CF-004942-AXXX-XX

records."). Discovery of the photographs in this case would not compromise any interest in maintaining the confidentiality of these records. This is a criminal case, involving the death penalty, and production of these photographs are crucial to the development of a potential ground for postconviction relief by the defense. Therefore, the Court concludes under the facts of this case, there exists "exceptional necessity" or "extraordinary circumstances" requiring the production of these photographic records. In order to ensure the confidentiality of these records, the records shall only be utilized by defense counsel and the State for purposes of this case.

6. The next status conference will be held on May 8, 2001 at 11:30 A.M. at the Moore Justice Center, Viera, Brevard County, Florida. If any party desires to appear by telephone, he/she shall contact Mr. Christopher White who is responsible for coordinating the phone call. Parties not appearing by telephone are expected to appear in person for the status conference.

DONE AND ORDERED at the Moore Justice Center, Viera, Brevard County, Florida this 23rd day of _____, 2001.

BRUCE W. JACOBUS
CIRCUIT COURT JUDGE

3

001606

State v. Green                                    Case No.  05-1989-CF-004942-AXXX-XX

Conformed copies furnished by U.S. Mail to:

Mark Gruber, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida  33619

Christopher White, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida  32772

Judy Taylor Rush, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida  32118

By: _____
Deborah Ryan
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida  32940
Date: _3-26-01_____

ATTN:  PERSONS WITH DISABILITIES.  If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Court Administration at The Moore Justice Center, 2825 Judge Fran Jamieson Way, 3rd Floor, Viera, Florida  32940-8006, (321) 633-2171 ext. 2, within two working days of your receipt of this notice.  If you are hearing or voice impaired call 1-800-955-8771.

001607

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

     Plaintiff,

v.

CROSLEY A. GREEN,

     Defendant.

_____/

## ORDER FOR FLORIDA DEPARTMENT OF LAW ENFORCEMENT TO PROVIDE MEMORANDUM OF LAW AS TO CLAIMED EXEMPT DOCUMENTS

**THIS CAUSE** came before the Court upon documents submitted on November 8, 2000, by the Florida Department of Law Enforcement ("FDLE") to be examined by the Court *in camera*. FDLE claims these documents are exempt from disclosure to Defendant. Upon examining the documents *in camera*, the Court believes that a memorandum of law, explaining the claimed exemptions and why FDLE believes that the subject document(s) meets that exemption would assist the Court in reaching its decision.

Accordingly, it is **ORDERED AND ADJUDGED:**

1.   The Florida Department of Law Enforcement shall provide a Memorandum of Law regarding its claimed exemptions to documents

001608

State v. Green                              Case No. 05-1989-CF-004942-AXXX-XX

submitted for an *in camera* review in the above-styled case by **Friday, April 27,**

**2001 at 5:00 P.M.**

2.   In addition to filing the Memorandum of Law with the Clerk of

Court in Brevard County, a courtesy copy should be directly sent to the

undersigned judge.

DONE AND ORDERED at the Moore Justice Center, Viera, Brevard

County, Florida this ___29ᵗʰ___ day of ___March___, 2001.

BRUCE W. JACOBUS
CIRCUIT COURT JUDGE

Conformed copies furnished by U.S. Mail to:

Florida Department of Law Enforcement
Office of the General Counsel
Richard D. Courtemanche, Jr.
Assistant Attorney General
P.O. Box 1489
Tallahassee, Florida 33302

Mark Gruber, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida 33619

Christopher White, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida 32772

001609

State v. Green                              Case No.  05-1989-CF-004942-AXXX-XX

Judy Taylor Rush, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida  32118

By:   *Deborah Ryan*
_____
Deborah Ryan
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida  32940
  Date:   3-29-0 1

3

001610

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

2001 APR 23 ₱ 8: 08

STATE OF FLORIDA,

        Plaintiff,

vs.               SCOTT ELLIS  Case No.: 05-1989-CF-004942-
                                            AXXX-XX

CROSLEY A. GREEN,

        Defendant.

_____/

## MEMORANDUM OF LAW AS TO CLAIMED EXEMPT DOCUMENTS

COMES NOW, the FLORIDA DEPARTMENT OF LAW ENFORCEMENT (hereinafter "FDLE"), by and through its undersigned counsel, and files this Memorandum of Law as to Claimed Exempt Documents and would state as follows:

1.     On November 8, 2000, FDLE delivered to the Florida Department of State, Bureau of Archives and Records Management, records pertaining to the Defendant that are exempt from requirements of section 119.07(1), Florida Statutes. An index of the claimed exempt records is attached as exhibits "A" and "B" for reference.

2.     The exempt records contain color reproductions of six drivers license photographs which are exempt pursuant to section 322.142(4), F.S., which states in pertinent part; "reproductions ....shall be made and issued only .... in response to law enforcement agency requests and are exempt from the provisions of section 119.07(1), Florida Statutes.".

3.     The exempt records contain information within "Investigative Report #15, portion of page 2" that was derived from the national crime information databases

001611
490
14

maintained by the United States Department of Justice and such information is made available to FDLE only on a confidential basis. Sections 119.072 and 943.054(2), Florida Statutes, provides for the protection of, and sanctions for, the dissemination of confidential federal criminal history exchanged outside of the receiving agency. See also Florida Attorney General Opinion 99-1.

4.      The exempt records contain "Related Item #22" listed as a 1A Exhibit for case number EI-01-0001. The information contained within those documents was obtained from the national crime information databases maintained by the United States Department of Justice and such information is made available to FDLE only on a confidential basis. The authority for the use and dissemination of this information is controlled by 28 United States Code, Section 534, and 28 Code of Federal Regulations, Section 20.33.

5.      The exempt records contain "Investigative Report #53, portion of page 1" which contains information derived from a confidential source. Although the confidential source is not identified within this document, the information within the report might be used as a means to identify the confidential source. Since the information might help reveal the identity of the confidential source, this information is exempt pursuant to section 119.07(3)(c), Florida Statutes.

6.      The exempt records contain "Related Item #48 (IA-48)" listed as a 1A Exhibit for case number EI-01-000. The information within these documents discloses the identity of a confidential source and is exempt from public disclosure pursuant to section 119.07(3)(c), Florida Statutes.

2

001612

WHEREFORE, the Florida Department of Law Enforcement respectfully requests that this Court find that the claimed exempt records are protected from public disclosure pursuant to law as set forth above.

Respectfully submitted,

JAMES D. MARTIN
Assistant General Counsel
Florida Department of Law Enforcement
Post Office Box 1489
Tallahassee, Florida 32302-1489
(850) 410-7676
FBN 0973580

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. mail to Sandy Crawford, Clerk of the Court, Brevard County, 700 Park Avenue, Titusville, Florida 32780; The Honorable Bruce W. Jacobus, Circuit Court Judge, Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida 32940; Christopher White, Assistant State Attorney, Office of the State Attorney, 100 East First Street, Sanford, Florida 32772; Judy Taylor Rush, Assistant Attorney General, Department of Legal Affairs, 444 Seabreeze Blvd., Suite 300, Daytona Beach, Florida 32118; and Mark Gruber, CCRC, Middle Region, 3801 Corporex Park Drive, Suite 210, Tampa, Florida 33619, this *19th* day of April, 2001.

JAMES D. MARTIN

001613

ARCHIVES REPOSITORY – -EXEMPT DOCUMENTS

STATE OF FLORIDA

v.

CROSLEY ALEXANDER GREEN        Case number: 89-04942-CFA

EIGHTEENTH JUDICIAL CIRCUIT COURT,
BREVARD COUNTY

Regarding request from CCRC-Middle Region, for the following:

Item #3  Names of jurors (male jurors only) that were obtained by Agent Ladner on October 18, 1999; the addresses, and date of birth used for possible photo lineup; and **any photograph reprints that were obtained of these individuals.**

Color reproductions of drivers license photos  -- exempt pursuant to 322.142(4), F.S.-
Persons:
Frederick Leslie Bedle, 2627 Canterbury Circle, Viera, FL 32955-0000; dob: 4/1/21.
Saveria John Diomede, 569 Westchester Ave., Melbourne, FL 32935-0000; dob: 4/8/32.
Theodore T. Bartholomew, 615 E. New Haven Ave., Melbourne, FL 32901-5465; dob:
    8/19/07.
Theodore F. Bartholomew, 1550 Creel Rd. N.E., Palm Bay, FL 32905-0000;
    dob: 2/19/30.
Harold E. Guiles, 3096 Dairy Terrace, Palm Bay, FL 32905-0000; dob: 8/22/29
Harold E. Guiles, Jr., 2537 Southover Dr. N.E., Palm Bay, FL 32905-0000;
    dob: 6/19/51.

Exhibit "A"

001614

## ARCHIVES REPOSITORY – EXEMPT DOCUMENTS

STATE OF FLORIDA
v.
## CROSLEY ALEXANDER GREEN

IN THE CIRCUIT COURT OF THE
FOR BREVARD COUNTY, FLORIDA
EIGHTEENTH JUDICIAL CIRCUIT IN AND

CASE NO. 05-1989-CF-004942-AXXX-XX

Criminal Investigative Documents

Case # EI –01-0001

| | |
|---|---|
| Investigative Report #15, portion of page 2 | --943.054, F.S., -- Criminal investigative information provided by a federal or non-Florida criminal justice agency. |
| Related Item #22 | 943.054, F.S., -- Criminal investigative information provided by a federal or non-Florida criminal justice agency |
| Investigative Report #53, portion of pg. 1 | 119.07(3)(c),F.S. -- Identity of confidential source. |
| Related Item #48 (1A-48) | 119.07(3)(c),F.S. – Identity of confidential source. |



Exhibit "B"

Case 6:14-cv-00330-RBD-GJK   Document 64-11   Filed 05/11/18   Page 75 of 149 PageID 29023

obtained upon his or her faithfully and truly performing the duties imposed upon him or her according to the requirements of law and the rules of the department and upon his or her accounting for all materials, records, and other property and money that come into his or her possession or control by reason of performing these duties.

a.    The amount of the bond must be determined by the department as an amount not less than 10 percent above the average of the daily deposits of each tax collector.

b.    If a tax collector is also an agent of the department for purposes of s. 320.03, the amount of the bond must be at least 10 percent above the average of the total daily deposits of all funds received by the tax collector on behalf of the department.

c.    Notwithstanding the provisions of s. 320.03, only one bond is required in order for a tax collector to serve as an agent of the department under chapters 320 and 322.

(3)    Each tax collector shall keep a full and complete record of all materials, records, and other properties received by him or her from the department, or from any other source, and shall make prompt remittance of moneys collected by him or her at such times and in such manner as prescribed by law, in accordance with departmental rules.

(4)    A tax collector may not issue or renew a driver's license if he or she has any reason to believe that the licensee or prospective licensee is physically or mentally unqualified to operate a motor vehicle. The tax collector shall direct any such licensee to the department for examination or reexamination under s. 322.221.

History.—s 48, ch. 96-413.

322.14   Licenses issued to drivers.—

(1)(a)    The department shall, upon successful completion of all required examinations and payment of the required fee, issue to every applicant qualifying therefor a driver's license as applied for, which license shall bear thereon a color photograph or digital image of the licensee; the name of the state; a distinguishing number assigned to the licensee; and the licensee's full name, date of birth, and mailing address; a brief description of the licensee, including, but not limited to, the licensee's gender and height; and the dates of issuance and expiration of the license. A space shall be provided upon which the licensee shall affix his or her usual signature. No license shall be valid until it has been so signed by the licensee except that the signature of said licensee shall not be required if it appears thereon in facsimile or if the licensee is not present within the state at the time of issuance. Applicants qualifying to receive a Class A, Class B, or Class C driver's license must appear in person within the state for issuance of a color photographic or digital imaged driver's license pursuant to s. 322.142.

(b)    In addition to the requirements of paragraph (a), each license must exhibit the class of vehicle which the licensee is authorized to operate and any applicable endorsements or restrictions. If the license is a commercial driver's license, such fact must be exhibited thereon.

(2)    The department may require other pertinent information to be exhibited on a driver's license.

History.—s. 26, ch. 19551, 1939; CGL 1940 Supp. 4151(640); s 26, ch.20451, 1941; s. 1, ch. 29735, 1955; s. 14, ch. 78-394; s. 32, ch. 89-282; s. 79, ch. 94-306; s. 933, ch. 95-148; s. 34, ch. 95-333.

322.141   Color of licenses.—

(1)    All licenses originally issued or reissued by the department to persons under the age of 21 years for the operation of motor vehicles shall have markings or color which shall be obviously separate and distinct from all other licenses issued by the department for the operation of motor vehicles.

(2)(a)    All licenses for the operation of motor vehicles originally issued or reissued by the department to persons who have insulin-dependent diabetes may, at the request of the applicant, have distinctive markings separate and distinct from all other licenses issued by the department.

(b)    At the time of application for original license or reissue, the department shall require such proof as it deems appropriate that a person has insulin-dependent diabetes.

History.—s  1, ch. 65-344, ss. 24, 35, ch. 69-106; s. 1, ch. 73-237; s. 5, ch. 85-285; s. 1, ch 89-264, s  35, ch  95-333, s 285, ch. 99-248.

322.142   Color photographic or digital imaged licenses.—

(1)    The department shall, upon receipt of the required fee, issue to each qualified applicant for an original driver's license a color photographic or digital imaged driver's license bearing a fullface photograph or digital image of the licensee. A space shall be provided upon which the licensee shall affix his or her usual signature, as required in s. 322.14, in the presence of an authorized agent of the department so as to ensure that such signature becomes a part of the license.

(2)    The department shall, upon receipt of the required fee, issue to each qualified licensee applying for a renewal license in accordance with s. 322.18 a color photographic or digital imaged license as provided for in subsection (1).

(3)    The department may conduct negotiations and enter into contracts with qualified firms possessing the requisite qualifications for the development and production of photographic or digital imaged identification documents to assure efficient and economical processing of such licenses in sufficient quantity and of acceptable quality to meet the requirements and intent of this section, and to ensure adequate service at a sufficient number of locations, at the lowest competitive sealed bid price.

(4)    The department may maintain a film negative or print file. The department shall maintain a record of the digital image and signature of the licensees, together with other data required by the department for identification and retrieval. Reproductions from the file or digital record shall be made and issued only for departmental administrative purposes, for the issuance of duplicate licenses, or in response to law enforcement agency requests and are exempt from the provisions of s. 119.07(1).

History.—s  2, ch. 67-346; ss. 1, 2, ch. 72-279; s. 15, ch. 78-394; s. 8, ch. 85-98; s. 4, ch. 89-90, s. 28, ch. 90-268; s. 406, ch  95-148; s. 36, ch. 95-333; s. 156, ch. 96-406; s. 4, ch  99-223; s. 1, ch. 99-306.

001616

119.06  Demanding custody.—Whoever is entitled to the custody of public records shall demand them from any person having illegal possession of them, who shall forthwith deliver the same to him or her. Any person unlawfully possessing public records shall upon demand of any person and within 10 days deliver such records to their lawful custodian unless just cause exists for failing to deliver such records.

History.—s. 6, ch. 67-125; s. 755, ch. 95-147.

119.07  Inspection, examination, and duplication of records; exemptions.—

(1)(a)  Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, for duplicated copies of not more than 14 inches by 8½ inches, upon payment of not more than 15 cents per one-sided copy, and for all other copies, upon payment of the actual cost of duplication of the record. An agency may charge no more than an additional 5 cents for each two-sided duplicated copy. For purposes of this section, duplicated copies shall mean new copies produced by duplicating, as defined in s. 283.30. The phrase "actual cost of duplication" means the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication. However, the charge for copies of county maps or aerial photographs supplied by county constitutional officers may also include a reasonable charge for the labor and overhead associated with their duplication. Unless otherwise provided by law, the fees to be charged for duplication of public records shall be collected, deposited, and accounted for in the manner prescribed for other operating funds of the agency. An agency may charge up to $1 per copy for a certified copy of a public record.

(b)  If the nature or volume of public records requested to be inspected, examined, or copied pursuant to this subsection is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency involved, or both, the agency may charge, in addition to the actual cost of duplication, a special service charge, which shall be reasonable and shall be based on the cost incurred for such extensive use of information technology resources or the labor cost of the personnel providing the service that is actually incurred by the agency or attributable to the agency for the clerical and supervisory assistance required, or both "Information technology resources" shall have the same meaning as in s. 282.303(12).

(c)  When ballots are produced under this section for inspection or examination, no persons other than the supervisor of elections or the supervisor's employees shall touch the ballots. The supervisor of elections shall make a reasonable effort to notify all candidates by telephone or otherwise of the time and place of the inspection or examination. All such candidates, or their representatives, shall be allowed to be present during the inspection or examination.

(2)(a)  A person who has custody of a public record and who asserts that an exemption provided in subsection (3) or in a general or special law applies to a particular public record or part of such record shall delete or excise from the record only that portion of the record with respect to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination. If the person who has custody of a public record contends that the record or part of it is exempt from inspection and examination, he or she shall state the basis of the exemption which he or she contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute, and, if requested by the person seeking the right under this subsection to inspect, examine, or copy the record, he or she shall state in writing and with particularity the reasons for the conclusion that the record is exempt.

(b)  In any civil action in which an exemption to subsection (1) is asserted, if the exemption is alleged to exist under or by virtue of paragraph (c), paragraph (d), paragraph (e), paragraph (k), paragraph (l), or paragraph (o) of subsection (3), the public record or part thereof in question shall be submitted to the court for an inspection in camera. If an exemption is alleged to exist under or by virtue of paragraph (b) of subsection (3), an inspection in camera will be discretionary with the court. If the court finds that the asserted exemption is not applicable, it shall order the public record or part thereof in question to be immediately produced for inspection, examination, or copying as requested by the person seeking such access.

(c)  Even if an assertion is made by the custodian of a public record that a requested record is not a public record subject to public inspection and examination under subsection (1), the requested record shall, nevertheless, not be disposed of for a period of 30 days after the date on which a written request requesting the right to inspect, examine, or copy the record was served on or otherwise made to the custodian of the record by the person seeking access to the record. If a civil action is instituted within the 30-day period to enforce the provisions of this section with respect to the requested record, the custodian shall not dispose of the record except by order of a court of competent jurisdiction after notice to all affected parties.

(d)  The absence of a civil action instituted for the purpose stated in paragraph (c) will not relieve the custodian of the duty to maintain the record as a public record if the record is in fact a public record subject to public inspection and examination under subsection (1) and will not otherwise excuse or exonerate the custodian from any unauthorized or unlawful disposition of such record.

(3)(a)  Examination questions and answer sheets of examinations administered by a governmental agency for the purpose of licensure, certification, or employment are exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution. A person who has taken such an examination shall have the right to review his or her own completed examination.

00161

(b) Active criminal intelligence information and active criminal investigative information are exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.

(c) Any information revealing the identity of a confidential informant or a confidential source is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.

(d) Any information revealing surveillance techniques or procedures or personnel is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution. Any comprehensive inventory of state and local law enforcement resources compiled pursuant to part I, chapter 23, and any comprehensive policies or plans compiled by a criminal justice agency pertaining to the mobilization, deployment, or tactical operations involved in responding to emergencies, as defined in s. 252.34(3), are exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution and unavailable for inspection, except by personnel authorized by a state or local law enforcement agency, the office of the Governor, the Department of Legal Affairs, the Department of Law Enforcement, or the Department of Community Affairs as having an official need for access to the inventory or comprehensive policies or plans.

(e) Any information revealing undercover personnel of any criminal justice agency is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.

(f) Any criminal intelligence information or criminal investigative information including the photograph, name, address, or other fact or information which reveals the identity of the victim of the crime of sexual battery as defined in chapter 794; the identity of the victim of a lewd or lascivious offense committed upon or in the presence of a person less than 16 years of age, as defined in chapter 800; or the identity of the victim of the crime of child abuse as defined by chapter 827 and any criminal intelligence information or criminal investigative information or other criminal record, including those portions of court records and court proceedings, which may reveal the identity of a person who is a victim of any sexual offense, including a sexual offense proscribed in chapter 794, chapter 800, or chapter 827, is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.

(g) Any criminal intelligence information or criminal investigative information which reveals the personal assets of the victim of a crime, other than property stolen or destroyed during the commission of the crime, is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.

(h) All criminal intelligence and criminal investigative information received by a criminal justice agency prior to January 25, 1979, is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.

(i)1. The home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel, including correctional and correctional probation officers, personnel of the Department of Children and Family Services whose

duties include the investigation of abuse, neglect, exploitation, fraud, theft, or other criminal activities; personnel of the Department of Health whose duties are to support the investigation of child abuse or neglect, and personnel of the Department of Revenue or local governments whose responsibilities include revenue collection and enforcement or child support enforcement; the home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from the provisions of subsection (1). The home addresses, telephone numbers, and photographs of firefighters certified in compliance with s. 633.35; the home addresses, telephone numbers, photographs, and places of employment of the spouses and children of such firefighters; and the names and locations of schools and day care facilities attended by the children of such firefighters are exempt from subsection (1). The home addresses and telephone numbers of justices of the Supreme Court, district court of appeal judges, circuit court judges, and county court judges; the home addresses, telephone numbers, and places of employment of the spouses and children of justices and judges; and the names and locations of schools and day care facilities attended by the children of justices and judges are exempt from the provisions of subsection (1). The home addresses, telephone numbers, social security numbers, and photographs of current or former state attorneys, assistant state attorneys, statewide prosecutors, or assistant statewide prosecutors; the home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses and children of current or former state attorneys, assistant state attorneys, statewide prosecutors, or assistant statewide prosecutors; and the names and locations of schools and day care facilities attended by the children of current or former state attorneys, assistant state attorneys, statewide prosecutors, or assistant statewide prosecutors are exempt from subsection (1) and s. 24(a), Art. I of the State Constitution. The home addresses and home telephone numbers of county and municipal code inspectors and code enforcement officers are confidential and exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.

2. An agency that is the custodian of the personal information specified in subparagraph 1. and that is not the employer of the officer, employee, justice, judge, or other person specified in subparagraph 1. shall maintain the confidentiality of the personal information only if the officer, employee, justice, judge, other person, or employing agency of the designated employee submits a written request for confidentiality to the custodial agency.

(j) Any information provided to an agency of state government or to an agency of a political subdivision of the state for the purpose of forming ridesharing arrangements, which information reveals the identity of an individual who has provided his or her name for ridesharing, as defined in s. 341.031, is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.

956

001618

**119.072  Criminal intelligence or investigative information obtained from out-of-state agencies.—** Whenever criminal intelligence information or criminal investigative information held by a non-Florida criminal justice agency is available to a Florida criminal justice agency only on a confidential or similarly restricted basis, the Florida criminal justice agency may obtain and use such information in accordance with the conditions imposed by the providing agency.
History.—s. 3, ch. 79-187.

**119.08  Photographing public records.—**

(1)(a)  In all cases where the public or any person interested has a right to inspect or take extracts or make copies from any public record, instruments or documents, any person shall hereafter have the right of access to said records, documents or instruments for the purpose of making photographs of the same while in the possession, custody and control of the lawful custodian thereof, or his or her authorized deputy.

(b)  This section applies to the making of photographs in the conventional sense by utilization of a camera device to capture images of documents, paper, books, receipts, paper photographs, and other similar media and excludes the duplication of microfilm in the possession of the clerk of the circuit court where a copy of the microfilm may be made available by the clerk.

(2)  Such work shall be done under the supervision of the lawful custodian of the said records, who shall have the right to adopt and enforce reasonable rules governing the said work. Said work shall, where possible, be done in the room where the said records, documents or instruments are by law kept, but if the same in the judgment of the lawful custodian of the said records, documents or instruments be impossible or impractical, then the said work shall be done in such other room or place as nearly adjacent to the room where the said records, documents and instruments are kept as determined by the lawful custodian thereof.

(3)  Where the providing of another room or place is necessary, the expense of providing the same shall be paid by the person desiring to photograph the said records, instruments or documents. While the said work hereinbefore mentioned is in progress, the lawful custodian of said records may charge the person desiring to make the said photographs for the services of a deputy of the lawful custodian of said records, documents or instruments to supervise the same, or for the services of the said lawful custodian of the same in so doing at a rate of compensation to be agreed upon by the person desiring to make the said photographs and the custodian of the said records, documents or instruments, or in case the same fail to agree as to the said charge, then by the lawful custodian thereof.
History.—s. 8, ch. 67-125; s. 1, ch. 89-57; s. 756, ch. 95-147.

¹119.083  Definitions; copyright of data processing software created by governmental agencies; fees; prohibited contracts.—

(1)  As used in this section:

(a)  "Agency" has the same meaning as in s. 119.011(2), except that the term does not include any private agency, person, partnership, corporation, or business entity.

(b)  "Data processing software" has the same meaning as in s. 282.303.

(c)  "Proprietary software" means data processing software that is protected by copyright or trade secret laws.

(2)  Any agency is authorized to hold copyright data processing software created by the agency and enforce its rights pertaining to such copyrights, provided that the agency complies with the requirements of this section.

(a)  Any agency that has obtained a copyright data processing software created by the agency may sell or license the copyrighted data processing software to any other public or private entity and establish a license fee for the use of such data processing software. Proceeds from the sale or licensing of copyrighted data processing software may be deposited by a state agency into an agency trust fund. Counties, municipalities, and other political subdivisions of the state may designate how such sale or license proceeds are to be used. Prices or fees for the sale or licensing of copyrighted data processing software be based on market considerations. However, prices or fees for the sale or licensing of copyrighted data processing software to an individual or entity solely for application to data or information maintained or generated by the agency that created the copyrighted data processing software shall be determined pursuant to s. 119.07(1).

(b)  The provisions of this subsection are supplemental to, and shall not supplant or repeal any other provision of law that authorizes an agency to hold or obtain copyrights.

(3)  Subject to the restrictions of copyright and trade secret laws and public records exemptions, agency use of proprietary software must not diminish the right of the public to inspect and copy a public record.

(4)  An agency must consider when designing or acquiring an electronic recordkeeping system that such system is capable of providing data in some common format such as, but not limited to, the American Standard Code for Information Interchange.

(5)  Each agency that maintains a public record in an electronic recordkeeping system shall provide to any person, pursuant to this chapter, a copy of any public record in that system which is not exempted by law from public disclosure. An agency must provide a copy of the record in the medium requested if the agency maintains the record in that medium, and the agency may charge a fee which shall be in accordance with this chapter. For the purpose of satisfying a public record request, the fee to be charged by an agency if it elects to provide a copy of a public record in a medium routinely used by the agency or if it elects to compile information not routinely developed or maintained by the agency or that requires a substantial amount of manipulation or programming must be in accordance with s. 119.07(1)(b).

(6)  An agency may not enter into a contract for the creation or maintenance of a public records database if that contract impairs the ability of the public to inspect or copy the public records of that agency, including public records that are on-line or stored in an electronic recordkeeping system used by the agency.

ANNUAL REPORT

of the

ATTORNEY GENERAL

State of Florida

January 1 through December 31, 1999

AGO 99-1—January 6, 1999

PUBLIC RECORDS—SCHOOL
PERSONNEL—FEDERAL RECORDS—
FEDERAL BUREAU OF INVESTIGATION—
FINGERPRINTS—SCHOOL DISTRICTS

PUBLIC NATURE OF FEDERAL
CRIMINAL HISTORY RECORDS
COMPILED ON SCHOOL PERSONNEL

To: Mr. Michael D. Chiumento, Attorney for Flagler County School District

QUESTIONS:

1. Is criminal history record information obtained from the Federal Bureau of Investigation (FBI) and provided to a public school district for employment purposes as required by section 231.02, Florida Statutes, subject to public inspection and copying under Florida's Public Records Law?

2. If the answer to Question One is in the affirmative, should this information be made part of an employee's personnel file or maintained separately?

SUMMARY:

1. Criminal history record information shared with a public school district pursuant to section 231.02, Florida Statutes, by the Federal Bureau of Investigation retains its character as a federal record to which only limited access is provided by federal law and is not subject to inspection and copying under Florida's Public Records Law.

1

001620

2.  In light of the conclusion that these records are not subject to inspection and disclosure, and pursuant to a contract between the school district and the Florida Department of Law Enforcement, acting as the agent of the Federal Bureau of Investigation for this purpose, these federal records may not be commingled with other public records such as those in a personnel file.  However, information developed by the school district from further inquiry into references in the federal criminal history record information is a public record which should be included in a school district employee's personnel file.

Your questions are interrelated and will be answered together.

Section 231.02(2), Florida Statutes (1998 Supplement), requires that:

(a)  Instructional and noninstructional personnel who are hired to fill positions requiring direct contact with students in any district school system or laboratory school shall, upon employment, file a complete set of fingerprints taken by an authorized law enforcement officer or an employee of the school or district who is trained to take fingerprints.  These fingerprints shall be submitted to the Department of Law Enforcement for state processing and to the Federal Bureau of Investigation for federal processing.  Such new employees shall be on probationary status pending fingerprint processing and determination of compliance with standards of good moral character.  Employees found through fingerprint processing to have been convicted of a crime involving moral turpitude shall not be employed in any position requiring direct contact with students.  Probationary employees terminated because of their criminal record shall have the right to appeal such decisions.  The cost of the fingerprint processing may be borne by the school board or the employee.

Your questions deal with the nature and potential release of the criminal history records supplied to the school district by the Federal Bureau of Investigation.  As you point out, nothing in Florida's Public Records Law, Chapter 119, Florida Statutes, specifically exempts or makes these criminal history records confidential.

Section 943.051(2), Florida Statutes (1998 Supplement), requires that:

Each adult person charged with or convicted of a felony, misdemeanor, or violation of a comparable ordinance by a state, county, municipal, or other law enforcement agency shall be fingerprinted, and such fingerprints shall be submitted to the [Department of Law Enforcement] . . . .

2

001621

The department may make exceptions to this requirement for specified misdemeanors or comparable ordinance violations.[1]

The Division of Criminal Justice Information of the Department of Law Enforcement acts as the state's central criminal justice information repository and is authorized to "[c]ollect, process, store, maintain, and disseminate criminal justice information and records[.]"[2] "Criminal history information" is defined for purposes of sections 943.045-943.08, Florida Statutes, as

> [I]nformation collected by criminal justice agencies on persons, which information consists of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition thereof. The term does not include identification information, such as fingerprint records, if the information does not indicate involvement of the person in the criminal justice system.[3]

Pursuant to section 943.054, Florida Statutes,

> (1)  Criminal history information derived from any United States Department of Justice criminal justice information system is available:

*      *      *

> (b)  Pursuant to applicable federal laws and regulations for use in connection with licensing or local or state employment or for such other uses only as authorized by federal or state laws which have been approved by the United States Attorney General or the Attorney General's designee. . . .

> (2)  The exchange of federal criminal history information is subject to cancellation if dissemination is made outside the receiving departments or related agencies.[4]

Thus, while this federal information is made available to state agencies under certain limited circumstances, Florida law recognizes that federal laws and regulations control its use and dissemination.  Further, the statutes require that, as a condition of participating in any criminal justice information system or of receiving criminal justice information, state and local agencies must execute appropriate user agreements and must "comply with applicable federal laws and regulations, this chapter, and rules of the department."[5]

Flagler County entered into such an agreement with the Florida Department of Law Enforcement in April 1998. The agreement recognizes that the Florida Department of Law Enforcement will "[a]ct as an intermediary

3

01622


between [the school district] and the United States Department of Justice, securing for the use and benefit of [the school district] such federal and multistate criminal history records or information as may be available to [the school district] under federal laws and regulations[.]"[6]

The School Board of Flagler County, designated the "User," has certain obligations under the agreement:

1) User shall use criminal history records acquired hereunder only for the purpose of screening applicants to determine their suitability for state employment, licensing, permitting, registration, or certification as specified under the statute enabling User to receive criminal history record information or in administrative hearings associated with one of the enumerated purposes;

2) User shall not co-mingle criminal history records with public records;

3) User shall not duplicate and/or disseminate criminal history records acquired hereunder for use outside of User Agency except as authorized by state or federal law. . . .

4) User has been approved to received [sic] criminal history record information pursuant to specific statutory authority and shall not use criminal history record information acquired pursuant to such approval for any other purpose including sharing of such criminal history record information with subunits within User's own agency. It is prohibited to use data acquired for one licensing purpose, for another purpose such as employment check, screening law enforcement personnel or another licensing purpose. Failure to comply with this requirement may subject User to a substantial federal penalty and/or discontinuance of state and federal services pending satisfactory resolution; . . .

\* \* \*

7) User shall destroy criminal history records when they are no longer needed only in accordance with applicable laws, rules and regulations;

8) User shall keep criminal history records acquired hereunder in a secure file, safe, or other security device, such as a locked file cabinet in an access controlled area, and shall take such further steps as are necessary to insure that the records are accessible only to those of its employees who have been trained in their proper use and handling and have a need to examine such records;

9) User shall, upon receipt of any request, pursuant to the public records law, for a processed fingerprint card or criminal history

4

record, transmit the request, along with the involved fingerprint card and criminal history record, to the Florida Department of Law Enforcement, Attention: User Services Bureau. FDLE will prepare copies of the involved documents, obliterating any state or federal data which is not available for dissemination under the Florida public records law, and return all documents to the User for response to the requester.... In particular record information derived from the U.S. Department of Justice shall not be disseminated outside the User agency or used for a purpose other than that specified in the statute authorizing the request. 28 C.F.R. Section 20.33.[7]

Section 20.33, 28 Code of Federal Regulations, provides for the dissemination of criminal history record information. This section authorizes the release of criminal history record information contained in any Department of Justice criminal history record information system "for use in connection with licensing or local/state employment or for other uses only if such dissemination is authorized by Federal or state statutes and approved by the Attorney General of the United States."[8]

Section 50.12 of the chapter provides dissemination guidelines relating to requests processed under section 20.33. Subparagraph (b) of section 20.33(4) cautions that "[t]he exchange of criminal history record information authorized by paragraph (a) of this section is subject to cancellation if dissemination is made outside the receiving departments or related agencies."

Section 50.12 relates to the exchange of FBI identification records and provides that such information may be exchanged with "officials of state and local governments for purposes of employment and licensing[.]"[9] Under this section, the Director of the FBI is authorized to approve procedures relating to the exchange of identification records. Records obtained under this authority may only be used for the purpose requested and cannot be disseminated outside the receiving departments, related agencies, or other authorized entities that receive them.[10]

Nothing in Chapter 119, Florida Statutes, or in section 231.02, Florida Statutes (1998 Supplement), directly addresses the public nature of criminal history record information provided by the Federal Bureau of Investigation. However, my review of the applicable federal and state statutes and regulations leads me to conclude that this federal information maintains its status as federal information and does not become a state record under these "sharing" provisions. The contract between the Flagler County School Board and the Florida Department of Law Enforcement/Federal Bureau of Investigation recognizes this limitation.

While certain information, such as medical information,[11] that is otherwise confidential must be maintained in a public school system employee's personnel file, such records are subject to control under Florida's Public Records Law. As is clearly recognized by section 231.291(3)(a), Florida

Statutes, "[p]ublic school system employee personnel files are subject to the provisions of s. 119.07(1), [Florida Statutes]." A distinction must be drawn however, between these state or local records and federal records shared with a state or local agency pursuant to federal statutes and regulations and governed by federal law.

The dissemination of criminal history record information provided by the Federal Bureau of Investigation is clearly restricted by federal statutes, by section 943.054, Florida Statutes, and by the contractual agreement between the Flagler County School Board and the Florida Department of Law Enforcement. Such information will be released by the FBI to the school district only for use by the district in employment screening pursuant to section 231.02, Florida Statutes (1998 Supplement). Both federal and state statutes clearly advise the school district that "[t]he exchange of federal criminal history information is subject to cancellation if dissemination is made outside the receiving departments or related agencies."[12]

As the Florida Supreme Court held in a recent criminal case, *Ragsdale v. State,*

> [T]he focus in determining whether a document has lost its status as a public record must be on the policy behind the exemption and not on the simple fact that the information has changed agency hands. Thus, if the State has access to information that is exempt from public records disclosure due to confidentiality or other public policy concerns, that information does not lose its exempt status simply because it was provided to the State during the course of its criminal investigation.[13]

Clearly then, it is the identity of the record itself and not the identity of the agency holding the record that determines whether any exemption from disclosure applies.

In coming to this conclusion the Court relied on an earlier case, *City of Riviera Beach v. Barfield.*[14] In the *Barfield* case documents were given by one agency to another during an active criminal investigation. Those seeking access to these records argued that the transfer of a document from one agency to another nullified the exempt status of the record. The court rejected this argument:

> We conclude that when a criminal justice agency transfers protected information to another criminal justice agency, the information retains its exempt status. We believe that such a conclusion fosters the underlying purpose of section 119.07(3)(d), which is to prevent premature public disclosure of criminal investigative information since disclosure could impede an ongoing investigation or allow a suspect to avoid apprehension or escape detection. In determining whether or not to compel disclosure of active criminal investigative or

6

001625

intelligence information, *the primary focus must be on the statutory classification of the information sought rather than upon in whose hands the information rests.*  Had the legislature intended the exemption for active criminal investigative information to evaporate upon the sharing of that information with another criminal justice agency, it would have expressly provided so in the statute.[15] (e.s.)

While the information sought in the *Ragsdale* case was not information currently being used in an active criminal investigation, the Court extended the policy rationale expressed above in *Barfield.*[16]  In the situation presented by your request, the fact that these federal criminal history records are federal records subject to limited disclosure is what controls their public disclosure, rather than the fact that the school district may have possession of them.

However, federal criminal history record information should be considered preliminary background information which the school district uses to pursue additional inquiries.  Information developed independently by the school district as a result of its own more in-depth investigations would generally fall within the definition of a public record as material made or received by an agency in connection with official business which is used to perpetuate, communicate or formalize knowledge.[17]

Pursuant to section 231.291, Florida Statutes, matters that would be cause for discipline, suspension, or dismissal must be reduced to writing and included in a school district employee's personnel file.[18]  These files are subject to Florida's Public Records Law and, notwithstanding certain specific confidentiality provisions for such things as medical records

> all aspects of the personnel file of each employee shall be open to inspection at all times by school board members, the superintendent, and the principal, or their respective designees, in the exercise of their respective duties.[19]

Further, in light of the potential for significant harm posed by contact between school children and both instructional and noninstructional school district employees who may have serious criminal records, a school district should consider developing notification procedures for these circumstances. With regard to certain sexual offenders the Legislature has determined that

> [t]he state has a compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity, and there is sufficient justification for requiring sexual predators to register and for requiring community and public notification of the presence of sexual predators.[20]

To accomplish this purpose the Legislature requires that sexual predators register with the Department of Corrections or local law enforcement so that

001626

community and public notification can be provided concerning the presence of sexual predators.[21]

Pursuant to section 775.21(7), Florida Statutes (1998 Supplement), Florida's Sexual Predators Act, once a law enforcement agency has been notified of the presence of a sexual predator, the sheriff or chief of police must notify the community and is charged particularly with notifying "each licensed day care center, elementary school, middle school, and high school" in the area where the sexual predator lives.[22] The statute also provides that

> [w]hen the court has made a written finding that an offender is a sexual predator, an elected or appointed official, public employee, school administrator or employee, agency, or any individual or entity acting at the request or upon the direction of any law enforcement agency is immune from civil liability for damages resulting from the release of information under this section.[23]

Immunity from liability for the release of information on other offenders is included elsewhere in the statutes.[24]

Therefore, it is my opinion that criminal history record information provided to a school district by the Federal Bureau of Investigation pursuant to section 231.02(2), Florida Statutes (1998 Supplement), retains its character as a federal record to which only limited access is provided by federal law and is not subject to inspection and copying under Florida's Public Records Law. In light of that conclusion and the provisions of the contract between the Flagler County School District and the Florida Department of Law Enforcement recognizing the privacy and security requirements on such information, these federal records should not be commingled with other public records such as those in a personnel file. However, information developed independently by the school district from further inquiry into references in the federal criminal history record information is a public record which should be included in a school district employee's personnel file.

---

[1] Section 943.051(2), Fla. Stat. (1998 Supp.).

[2] Section 943.051(1)(a), Fla. Stat. (1998 Supp.).

[3] Section 943.045(4), Fla. Stat.

[4] *And see*, s. 943.054(4), Fla. Stat., stating that "[p]rovisions of this section are required by the Federal Government as a condition of utilizing the United States Department of Justice criminal history record information systems."

001627

[5] Section 943.0525, Fla. Stat. (1998 Supp.).

[6] *See*, s. II. 1) C), Florida Department of Law Enforcement Criminal Justice Information Services Criminal History Record Check User Agreement With Local School Districts for Non-criminal Justice Purposes ("User Agreement"). This office has been advised that FDLE's standard user agreement has been amended. However, the text of this opinion reflects the current language in the agreement between FDLE and the Flagler County School District.

[7] Section III of the User Agreement.

[8] 28 C.F.R. s. 20.33(a)(3).

[9] 28 C.F.R. s. 50.12(b).

[10] *Id.*

[11] *See*, s. 231.291, Fla. Stat., relating to personnel files of public school system employees.

[12] Section 943.054(2), Fla. Stat.; Title 28 U.S.C. s. 534(b).

[13] *Ragsdale v. State*, 23 Fla. L. Weekly S544, S545 (Case No. 89,657, October 15, 1998).

[14] *City of Riviera Beach v. Barfield*, 642 So. 2d 1135 (Fla. 4th DCA 1994), *rev. den.*, 651 So. 2d 1192 (Fla. 1995).

[15] *Id.* at 1137.

[16] *Cf.*, *State v. Buenoano*, 707 So. 2d 714 (Fla. 1998) (restricted access documents provided to state attorney by federal government pursuant to loan agreement remained exempt from public inspection even though documents were inadvertently given to defendant and placed in court record in violation of conditions of federal loan agreement); and *Alice P. v. Miami Daily News, Inc.*, 440 So. 2d 1300 (Fla. 3d DCA 1983), *rev. den.*, 467 So. 2d 697 (Fla. 1985) (confidential birth information contained in license application submitted to state health agency not subject to disclosure).

[17] *Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.*, 379 So. 2d 633, 640 (Fla. 1980). *But see*, s. 943.053(2), Fla. Stat. (1998 Supp.), stating that "[c]riminal justice information derived from federal criminal justice information systems or criminal justice information systems of other states shall not be disseminated in a manner inconsistent with the laws, regulations, or rules of the originating agency."

[18] *See*, ss. 231.291(1)(a) and (2)(a), Fla. Stat.

[19] Section 231.291(3)(b), Fla. Stat. *And see*, s. 231.291(3)(c), Fla. Stat., providing that "[n]otwithstanding other provisions of this subsection, all aspects of the personnel file of each employee shall be made available to law enforcement personnel in the conduct of a lawful criminal investigation.

[20] Section 775.21(3)(c), Fla. Stat. (1998 Supp.). *And see*, s. 775.21(3)(d), Fla. Stat. (1998 Supp.), which provides that upon a judicial finding that an offender is a sexual predator, members of the community and the public must be notified of the sexual predator's presence.

[21] Section 775.21(3)(b)3. and 4., Fla. Stat. (1998 Supp.).

[22] Section 775.21(7)(a), Fla. Stat. (1998 Supp.).

[23] Section 775.21(9), Fla. Stat. (1998 Supp.).

[24] *See*, s. 944.606(5), Fla. Stat. (1998 Supp.), providing that "[a]n elected or appointed official, public employee, school administrator or employee, or agency, or any individual or entity acting at the request or upon the direction of any law enforcement agency, is immune from civil liability for damages resulting from the release of information [regarding sexual offenders]."

---

AGO 99-2—January 12, 1999

### ELECTIONS—CANDIDATES—SPECIAL ELECTIONS—CONSTITUTION

#### CONSTITUTIONAL AMENDMENT AFFECTING BALLOT ACCESS REQUIREMENTS IS SELF-EXECUTING

*To: The Honorable Jeb Bush, Governor of Florida*

QUESTION:

Does the amendment to Article VI, section 1, Florida Constitution, proposed by the Constitutional Revision Commission and approved by the electorate during the November 1998 general election, which provides that ballot access requirements for independent and minor party candidates cannot be greater than requirements for candidates of the party with the greatest number of registered voters, require implementing legislation?

10

001629

TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART II. DEPARTMENT OF JUSTICE
CHAPTER 33. FEDERAL BUREAU OF INVESTIGATION
28 USCS § 534 (2001)

§ 534. Acquisition, preservation, and exchange of identification records and information; appointment of officials

(a) The Attorney General shall--
(1) acquire, collect, classify, and preserve identification, criminal identification, crime, and other records;
(2) acquire, collect, classify, and preserve any information which would assist in the identification of any deceased individual who has not been identified after the discovery of such deceased individual;
(3) acquire, collect, classify, and preserve any information which would assist in the location of any missing person (including an unemancipated person as defined by the laws of the place of residence of such person) and provide confirmation as to any entry for such a person to the parent, legal guardian, or next of kin of that person (and the Attorney General may acquire, collect, classify, and preserve such information from such parent, guardian, or next of kin); [and]
(4) exchange such records and information with, and for the official use of, authorized officials of the Federal Government, the States, cities, and penal and other institutions.

(b) The exchange of records and information authorized by subsection (a)(4) of this section is subject to cancellation if dissemination is made outside the receiving departments or related agencies.

(c) The Attorney General may appoint officials to perform the functions authorized by this section.

(d) For purposes of this section, the term "other institutions" includes--
(1) railroad police departments which perform the administration of criminal justice and have arrest powers pursuant to a State statute, which allocate a substantial part of their annual budget to the administration of criminal justice, and which meet training requirements established by law or ordinance for law enforcement officers; and
(2) police departments of private colleges or universities which perform the administration of criminal justice and have arrest powers pursuant to a State statute, which allocate a substantial part of their annual budget to the administration of criminal justice, and which meet training requirements established by law or ordinance for law enforcement officers.

(e) (1) Information from national crime information databases consisting of identification records, criminal history records, protection orders, and wanted person records may be disseminated to civil or criminal courts for use in domestic violence or stalking cases. Nothing in this subsection shall be construed to permit access to such records for any other purpose.
(2) Federal and State criminal justice agencies authorized to enter information into criminal information databases may include--
(A) arrests, convictions, and arrest warrants for stalking or domestic violence or for violations of

protection orders for the protection of parties from stalking or domestic violence; and
(B) protection orders for the protection of persons from stalking or domestic violence, provided such orders are subject to periodic verification.
(3) As used in this subsection--
(A) the term "national crime information databases" means the National Crime Information Center and its incorporated criminal history databases, including the Interstate Identification Index; and
(B) the term "protection order" includes an injunction or any other order issued for the purpose of preventing violent or threatening acts or harassment against, or contact or communication with or physical proximity to, another person, including temporary and final orders issued by civil or criminal courts (other than support or child custody orders) whether obtained by filing an independent action or as a pendente lite order in another proceeding so long as any civil order was issued in response to a complaint, petition, or motion filed by or on behalf of a person seeking protection.

TITLE 28 -- JUDICIAL ADMINISTRATION
CHAPTER I -- DEPARTMENT OF JUSTICE
PART 20 -- CRIMINAL JUSTICE INFORMATION SYSTEMS
SUBPART C -- FEDERAL SYSTEMS AND EXCHANGE OF CRIMINAL HISTORY
RECORD INFORMATION
28 CFR 20.33
§ 20.33 Dissemination of criminal history record information.

(a) Criminal history record information contained in the III System and the FIRS may be made available:

(1) To criminal justice agencies for criminal justice purposes, which purposes include the screening of employees or applicants for employment hired by criminal justice agencies;

(2) To federal agencies authorized to receive it pursuant to federal statute or Executive order;

(3) For use in connection with licensing or employment, pursuant to Public Law 92-544, 86 Stat. 1115, or other federal legislation, and for other uses for which dissemination is authorized by federal law. Refer to § 50.12 of this chapter for dissemination guidelines relating to requests processed under this paragraph;

(4) For issuance of press releases and publicity designed to effect the apprehension of wanted persons in connection with serious or significant offenses;

(5) To criminal justice agencies for the conduct of background checks under the National Instant Criminal Background Check System (NICS);

(6) To noncriminal justice governmental agencies performing criminal justice dispatching functions or data processing/ information services for criminal justice agencies; and

(7) To private contractors pursuant to a specific agreement with an agency identified in paragraphs (a)(1) or (a)(6) of this section and for the purpose of providing services for the administration of criminal justice pursuant to that agreement. The agreement must incorporate a security addendum approved by the Attorney General of the United States, which shall specifically authorize access to criminal history record information, limit the use of the information to the purposes for which it is provided, ensure the security and confidentiality of the information consistent with these regulations, provide for sanctions, and contain such other provisions as the Attorney General may require. The power and authority of the Attorney General hereunder shall be exercised by the FBI Director (or the Director's designee).

(b) The exchange of criminal history record information authorized by paragraph (a) of this section is subject to cancellation if dissemination is made outside the receiving departments, related agencies, or service providers identified in paragraphs (a)(6) and (a)(7) of this section.

(c) Nothing in these regulations prevents a criminal justice agency from disclosing to the public factual information concerning the status of an investigation, the apprehension, arrest, release, or

prosecution of an individual, the adjudication of charges, or the correctional status of an individual, which is reasonably contemporaneous with the event to which the information relates.

(d) Criminal history records received from the III System or the FIRS shall be used only for the purpose requested and a current record should be requested when needed for a subsequent authorized use.

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

STATE OF FLORIDA,

    Plaintiff,

v.                         CASE NO. 89-04942-CFA

CROSLEY ALEXANDER GREEN,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM OF LAW AS TO CLAIMED EXEMPT DOCUMENTS**

    Comes now the defendant, by and through counsel, and files
this memorandum of law in opposition to the Florida Department of
Law Enforcement's claim of exemptions, and states:

    1.    FDLE claims an exemption pursuant to section 322.142(4)
Fla. Stats., relating to photographs of male jurors in this case.
On March 14, 2001, the defendant filed a "Motion to Compel or to
Authorize Issuance of Subpoenas Duces Tecum" which alleged, inter
alia:

> An allegation of juror misconduct was made
> at trial.  Tim Curtis was called as a witness
> to substantiate this allegation.  At the
> time, he said that the individual he observed
> [making a throat slashing gesture] was not
> one of the jurors.  He has since then said
> otherwise.  Undersigned counsel intends to
> depose Tim Curtis and, if possible, show him
> photographs of the four male jurors.  FDLE
> Investigator Don Ladner apparently has
> obtained these photographs.  Ch. 119 requests
> for the photographs have been made.  If the
> photographs are not forthcoming by the date
> of the hearing on this motion, court
> assistance is requested.

001634
REB 493

The Court reserved ruling at the hearing and subsequently requested that FDLE file a memorandum of law, which it has done.

2.   FDLE cites only the statutory exemption from public records disclosure under 322.142(4) in support of its position. It does not rely on any other ground, such as juror privacy, for its position.

This exemption was addressed in <u>State, Dep't of Highway Safety & Motor Vehicles v Krejci Co.</u> (Fla 2nd DCA 1990) 570 So 2d 1322, review den 576 So 2d 286. (Fla. 1991), in which the court held that, although driver's license photographic records are exempt from public inspection, they are not free from discovery under appropriate circumstances.  The court observed that "the possibility of fraudulent duplication of driver's license photographs is one of, if not the paramount, bases for the exemption from the Public Records Act" and that the records would be subject to discovery "where the trial court takes all precaution to ensure the confidentiality of the records."  Id.

3.   The facts of this case, briefly summarized above, establish a sufficient showing to justify limited discovery of the these photographs.  The Florida Constitution authorizes exemptions from disclosure "provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law."  F.S.A. Const. Art. 1 § 24(c).  The Public Records Act "is to be construed liberally in favor of openness,

and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose." Woolling v. Lamar, 764 So.2d 765(Fla. App. 5 Dist. Jul 07, 2000)citing City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994), rev. denied, 651 So.2d 1192 (Fla.1995), Krischer v. D'Amato, 674 So.2d 909 (Fla. 4th DCA 1996); Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988); Tribune Company v. Public Records P.C.S.O., No. 79-35504 Miller/Jent, 493 So.2d 480 (Fla. 2d DCA 1986)rev. denied sub nom 503 So.2d 327 (Fla.1987); Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (Fla. 4th DCA 1985), rev. denied 488 So.2d 67 (Fla.1986). The defendant agrees to any reasonable restrictions the Court may require in order to satisfy the stated policy reason for the exemption.

    4.   The exemptions cited in paragraphs three and four of FDLE's memorandum refer to "information . . . derived from the national crime information databases." Paragraphs five and six of FDLE's memorandum refer to confidential sources. In any event, these documents should be reviewed in camera to determine whether they are in fact exempt, whether the policy reasons for the exemptions can be accomplished by disclosing redacted copies of the documents, whether the documents contain Brady material, or are otherwise subject to disclosure.  Section 119.07(2)(b) requires in camera inspections when the exemption is claimed by virtue of sections 119.07(3)(c),(d),(e),(k),(l),or(o).  Woolling

001636

v. Lamar, supra.  Also see Christy v. Palm Beach County Sheriff's

Office, 698 So.2d 1365 (Fla. 4th DCA 1997):

> In Ocala Star Banner Corporation v. McGhee,
> 643 So.2d 1196, 1197 (Fla. 5th DCA 1994), the
> court held that a newspaper was entitled to
> access police investigative reports of a
> public official, even though the records
> contained information which could have led to
> the identity of a confidential informant or
> undercover officer. If, after reviewing the
> report in an in-camera inspection, the trial
> court can conclude that upon redaction of the
> informant's and undercover personnel's
> identity the remainder of the report is
> subject to public inspection, then the
> appellant is entitled to the redacted report.
> Id.; see also § 119.07(2)(a) (requiring
> public record custodian to delete only that
> portion of record for which exemption is
> asserted and provide remainder of record for
> examination).

Id.  1368.

Moreover, FDLE does not claim that there exists any ongoing

criminal investigation.  Cf Tribune Co. v. Public Records, 493

So.2d 480 (Fla. 2d DCA 1986), review denied, 503 So.2d 327

(Fla.1987)(Exemption of criminal investigative information from

disclosure had always had a limited purpose to prevent premature

disclosure of information when such disclosure could impede an

ongoing investigation or allow a suspect to avoid apprehension or

escape detection). West's F.S.A. § 19.011(3)(d)2.  An agency

asserting the benefit of an exemption has the burden of

establishing its entitlement to that exemption. Woolling v.

Lamar, supra, citing Barfield v. City of Fort Lauderdale Police

Dep't, 639 So.2d 1012, 1015 (Fla. 4th DCA), rev. denied, 649

So.2d 869 (Fla.1994); Florida Freedom Newspapers, Inc. v.

Dempsey, 478 So.2d 1128 (Fla. 1st DCA 1985). The burden is on the

State to demonstrate entitlement to an exemption. Christy v.

Palm Beach County Sheriff's Office, supra.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing

Defendant's Memorandum of Law as to Claimed Exempt Documents has

been furnished by United States mail to all counsel of record on

this 24 day of April , 2001.

MARK S. GRUBER
Florida Bar No. 0330541
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
   COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619-1136
813-740-3544
Attorney for Defendant

Copies furnished to:

The Honorable Bruce W. Jacobus          Christopher R. White
Circuit Court Judge                     Assistant State Attorney
Moore Justice Center,                   Office of the State Attorney
Courtroom C                             100 East First Street
2825 Judge Fran Jamieson Way            Sanford, FL  32771
Viera, FL 32940

Judy Taylor Rush
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Boulevard, Fifth
Floor
Daytona, FL  32118-3951

001638

☐ AMENDED

BREVARD COUNTY, FLORIDA

## COURT MINUTES/ORDER OF

DATE: 05/03/2001                    HEARING

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| SPEARS, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | AXXX-XX |

RESERVED FOR RECORDING

| CHARGES | TAPE | LOG |
|---|---|---|
| | 2001 | |

| CLERK | MOON S |
|---|---|
| CLERK | |
| REPORTER | STOKES |
| COURT DEPUTY | GORMAN J |
| COURT DEPUTY | RIGBY C |
| DEFENSE COUNSEL | GEISER MARK S |
| STATE ATTORNEY | C WHITE |
| PTR REPRESENTATIVE | |

**AMENDED CHARGE:**
☐ STATE   ☐ COURT

## DEFENDANT via phone

| STATE ACTION | | NEXT COURT APPEARANCE | |
|---|---|---|---|
| X PRESENT ‖ NOT PRESENT | NOLLE PROSEQUI        COUNT(S) | SECOND APPEARANCE | VOP ARRAIGNMENT |
| WITHOUT COUNSEL ‖ COUNSEL PRESENT IN DEFENDANT'S BEHALF | PRESENTED NO EVIDENCE     COUNT(S) | CONTROL FUGITIVE WARRANT | CRIMINAL PROCEEDINGS |
| X WITH COUNSEL | NOTICE OF NO INFORMATION   COUNT(S) | | |
| ADVISED OF RIGHTS AND CHARGES | WRITTEN           ORAL | VOP HEARING | NON JURY TRIAL |
| WAIVED SPEEDY TRIAL ‖ PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL | REDUCED TO MISDEMEANOR | HEARING ‖ CIVIL INFR HEARING | ARRAIGNMENT |
| | UPGRADED TO FELONY | | |

| WARRANTS | PLEA | | |
|---|---|---|---|
| DEPUTY              PRESENT & | NOT GUILTY ‖ NOLO CONTENDERE ‖ GUILTY | PLEA ‖ SENTENCING | TO BE NOTIFIED |
| FILED LOCAL AFFIDAVIT & WARRANT | ORIGINAL WITHDRAWN ‖ IN ABSENTIA | STATUS CONFERENCE | DOCKET SOUNDING |
| ADVISED COURT DEFENDANT RECEIVED | LESSER INCLUDED OFFENSE | CONTINUED BY | JURY TRIAL |
| BY                   AUTHORITIES | **VERDICT** | COURT ‖ STATE ‖ PD/ATTY | |
| ON | JURY RETURNED WITH VERDICT OF | REASON | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | GUILTY ‖ NOT GUILTY | PREVIOUSLY SET | |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | COURT FOUND DEFENDANT TO BE | DATE            TIME | |
| ADVISED GOVERNOR'S WARRANT SERVED | GUILTY ‖ NOT GUILTY | VIERA ‖ TITUSVILLE | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | **COURT ACTION** | MELBOURNE ‖ SHARPES | |

| FAILURE TO APPEAR | ACCEPTED PLEA ‖ ARRAIGNED | DIVISION        JUDGE |
|---|---|---|
| COURT ORDERED | ADJUDICATED GUILTY ‖ Found Defendant in Violation of Probation/Community Control | ACKNOWLEDGED |
| BENCH WARRANT ‖ INSTANTER ‖ ISSUE OTSC | PREVIOUSLY | (DEFENDANT/ATTORNEY SIGNATURE) |
| BOND AMOUNT $   ‖ Cash or Surety | WITHHELD ADJUDICA- TION OF GUILT | I, hereby certify that a copy hereof has been sent to: |
| JUVENILE BENCH WARRANT | DISMISSED [CTS] ‖ Conditions FOUND DEFENDANT IN CONTEMPT OF COURT | |
| CAPIAS ‖ SUSPEND D.L. ‖ NO ROR OR PTR | SENTENCE APPLIES TO ALL COUNTS ‖ SUSPEND ORIGINAL | |

| ATTORNEY | ‖ FINE ‖ CS | |
|---|---|---|
| DEFENDANT DETERMINED | ADVISED RIGHT TO APPEAL W/IN 30 DAYS ‖ PAYABLE INFRACTION REPORT TO TRAFFIC DEPT | |
| INDIGENT ‖ PARTIALLY INDIGENT ‖ NON-INDIGENT | CLERK TO SUBPOENA ALL PARTIES | |
| COURT APPOINTED ‖ COST PURPOSES ONLY | **LICENSE ACTION** | **BOND INFO OUT OF CUSTODY** |
| PUBLIC DEFENDER ‖ APPEAL PURPOSES ONLY | REVOKED ‖ SUSPENDED | NUMBER-TYPE-AMOUNT |
| CONFLICT ATTORNEY | MONTHS         YEARS | SATISFIED/RELEASED |
| DEFENDANT WAIVED COUNSEL | RE-EXAMINATION REQUIRED | FORFEIT IN FULL SATISFACTION (CASH BOND) |
| COURT TOOK NO ACTION AS TO COUNSEL | BY COURT RE: | SURETY/CASH BOND FORFEITED |
| COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION | CONFISCATED BY COURT | FORFEITURE DATED ‖ DISCHARGED |
| COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL | **LIBERTY STATUS** | DEDUCT $ |
| NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED | CASH ‖ ORDER | REFUND BALANCE TO DEPOSITOR |
| NOTICE OF APPEAL FILED IN OPEN COURT | SURETY ‖ ROR | BALANCE OF FINE TO BE PAID |
| NOA/CAF NOT FILED AS OF THIS DATE | UNSECURED ‖ PTR | **CHARGES/CASE # CHANGES** |
| | SECURED SIGNATURE ‖ SUMMONS | ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT(923.01) HAVE BEEN CHANGED |
| **Failure to appear will result in a Bench Warrant being issued for your arrest.** | CITATION ‖ NOTICE TO APPEAR | |
| | DISCHARGED ‖ CANCEL BENCH WARRANT | |
| DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action. | BENCH WARRANT/CAPIAS RECALLED ON: | FORMER CASE #4 CF-FA |
| | DEPUTY NOTIFIED | 001639 |
| | BY CLERK | |

**\*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.**

# COURT MINUTES/ORDER
BREVARD COUNTY, FLORIDA - PAGE

*RESERVED FOR RECORDING*

| DEFENDANT | DATE | CASE NUMBER |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989 | CF-004942-XXXX-XX |

## JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
ANY PENDING SENTENCE
CONSECUTIVE W/
ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ PROBATION
☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

ALL STANDARD CONDITIONS / COMMUNITY SERVICE HRS W/IN
RESTITUTION (SEE ORDER) / REPORT TO PROB BY
RESERVED
AA/NA ___ TIMES WEEKLY/MONTHLY / No Possession of Alcohol
Pay all Outstanding Fines / No Drinking & Driving
No consumption of Alcohol / OBTAIN VALID DL w/in ___ MOS / No Driving w/o valid
Vehicle Impoundment (See Order) / Cost of Supervision Fees Waived
ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL (SEE ATTACHMENT) WITHIN ___ DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):
CURFEW ___ M TO ___ M
SEE REMARKS
HOUSE ARREST ___ DAYS

## Status of
☐ Probation ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PRE-SENTENCE INVESTIGATION | |
| Pre-plea | Full Form | Short Form |
| State Guideline Sheet Only | DJJ Comments |
| EVALUATION ORDERED | File Copy w/ Court |
| PSYCHIATRIC | MEDICAL |
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
PERSONAL SURETY:

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
UNTIL FURTHER ORDER OF COURT
DUE TO NATURE OF OFFENSE
UNTIL EVALUATION COMPLETE
REMANDED / AS TO CHARGES ON ARREST AFFIDAVIT (§23.01) ONLY

## ASSESSMENTS

| COUNT(S) | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

## TOTAL
$ _____

Payable on or before _____
Payment Information Shown on Reverse Side
Fines/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

_____ INVESTIGATIVE COST FOR _____
(Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

REMARKS Matter Statused — Ct will set date f next hrg — 60 days out

I certify that a copy of hereof has been furnished on ___5-8-01___ to the:
☑ defendant by ☐ hand delivery ☐ mail ☐ fax
☐ public defender/defense attorney by ☐ hand delivery ☐ mail ☐ fax
☐ state attorney by ☐ hand delivery ☐ mail ☐ fax
_____ Dm _____
Deputy Clerk

DONE AND ORDERED THIS 8th DAY OF May , 2001, IN
MOORE JUSTICE CENTER
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN /487879
3933 CRACTIFF
TITUS, FL

DM 001640
JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 12/2000) ORIGINAL-COURT FILE [ ] SHERIFF: JAIL/WARRANTS [ ] CRIMINAL LAW [ ] PROBATION/COMMUNITY SERVICE/OTHER

FILED IN OFFICE
VIERA BRANCH

2001 MAY 10  P  7 25

SCOTT ELLIS

IN THE CIRCUIT COURT OF
THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR
BREVARD COUNTY,
FLORIDA

STATE OF FLORIDA,

    Plaintiff,

        vs.

CROSLEY A. GREEN,

    Defendant.
_____/

CASE NO. 89-4942-CFA

### ORDER

This cause having come before the court on the Defendant's motion for release of
ballistics evidence for examination by Mr. Gaylan Warren, an expert in the field of
firearms and ballistics, and the court having heard argument of counsel for both parties, it
is hereby:

ORDERED AND ADJUDGED that the Clerk of the Circuit Court in and for
Brevard County, Florida, shall release to the Office of State Attorney Norman R.
Wolfinger evidence being held in this case marked numbers 54, 55, 56, & 57 for
evidence at the prior trial. The Office of the State Attorney is authorized to have Greg
Scala of the FDLE Orlando Laboratory photograph the evidence and shall then have such
evidence delivered to Mr. Gaylan Warren who shall maintain a chain of custody on all
such evidence and shall preserve such evidence. He shall conduct any examinations on
such evidence as he requires so long as he does not change the appearance or character of
the evidence and upon conclusion of his examination shall securely repackage all such

1

001641 494

items of evidence and return them to the Office of State Attorney Norman R. Wolfinger,

who shall return it to the Clerk of the Circuit Court in and for Brevard County Florida.

DONE AND ORDERED in open court this ___9th___ day of _May_, 2001.

BRUCE W. JACOBUS
CIRCUIT JUDGE

Copies to:

Christopher R. White
Office of the State Attorney
100 East First Street
Sanford, Florida 32771

Mark S. Gruber
Assistant CCRC-Middle Region
3801 Corporex Park Dr., Ste 210
Tampa, Florida 33619-1136

Judy Taylor-Rush
Assistant Attorney General
444 Seabreeze Blvd., 5th Floor
Daytona Beach, Florida 32118-3951

2

001642

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.:  05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

      Plaintiff,

v.

CROSLEY A. GREEN,

      Defendant.

_____/

NOTICE TO APPEAR
AT STATUS CONFERENCE

TO:   Mark S. Gruber             Chris White, Asst. State Atty
      Capital Collateral Rep.       Office of the State Attorney
      Middle Region               100 First Street
      3801 Corporex Dr. Ste. 210   Sanford, Florida 32771
      Tampa, Florida 33169-1136   Tel. (407) 322-7534 ext. 6410
      Tel. (813) 740-3544         Fax: (407) 665-6004
      Fax: (813) 740-3554
      Fax (SC): 512-1120

                                 Judy Taylor Rush
                                 Assistant Attorney General
                                 Office of the Attorney General
                                 444 Seabreeze Blvd., Suite 500
                                 Daytona Beach, Florida 32118
                                 Tel. (904) 238-4990

     Notice is hereby given that a Status Conference has been scheduled by

this Court in the above-styled case on **Tuesday, July 10, 2001** at **8:30 A.M.**

at the Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida

State v. Green                              Case No. 05-1989-CF-004942-AXXX-XX

32940.  IF ANY PARTY DESIRES TO APPEAR BY TELEPHONE, THEY MUST CONTACT MR. CHRISTOPHER WHITE WHO WILL COORDINATE THE CONFERENCE CALL.  PARTIES NOT APPEARING BY TELEPHONE ARE EXPECTED TO APPEAR IN PERSON FOR THE STATUS CONFERENCE.

     DONE AND ORDERED at the Moore Justice Center, Viera, Brevard County, Florida, this 15ᵗʰ day of _____ June _____, 2001.

                             _____
                             BRUCE JACOBUS
                             CIRCUIT COURT JUDGE

 ATTN:  PERSONS WITH DISABILITIES.  If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Court Administration at 2825 Judge Fran Jamieson Way, 3ʳᵈ Floor, Viera, FL 32940-8006, (407) 633-2171 ext. 2 within two working days of your receipt of this notice.  If you are hearing or voice impaired, call 1-800-955-8711.

001644

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

     Plaintiff,

v.

CROSLEY GREEN,

     Defendant.

_____/

## ORDER DIRECTING FLORIDA DEPARTMENT OF LAW ENFORCEMENT (FDLE) TO PROVIDE ADDITIONAL INFORMATION FOR *IN CAMERA* REVIEW

     **THIS CAUSE** came before the Court for an *in camera* review of the documents submitted by the Florida Department of Law Enforcement (FDLE) and claimed exempt from public record disclosure in the above-styled case. The Court has received memorandums of law from FDLE and the Defendant. FDLE claims as exempt documents referred to as "Investigative Report #53, portion of page 1" and "Related Item #48". Specifically, FDLE claims that "Investigative Report #48" is exempt pursuant to section 119.07(3)(c), Florida Statutes, because "information within the report might be used as a means to identify the confidential source." FDLE claims that "Related Item #48 (1A – 48)" discloses "the identity of a confidential source." However, FDLE failed to

001645

State v. Green _____ Case No. 89-04942CFA

disclose to this Court the name/identity of the confidential source, making it impossible for this Court to determine if only the confidential source's identity should be redacted and to what extent the information in the report might be used as a means to identify the confidential source.  It is hereupon

### ORDERED AND ADJUDGED:

1.  Attached to this Order in a sealed manila envelope are copies of "Investigative Report #53, portion of page 1" and "Related Item #48."  Only FDLE is being sent the attachment.

2.  FDLE is instructed to disclose to this Court the identity/name of the confidential source.

3.  FDLE is instructed to highlight for this Court precisely what information in these documents that it believes might be used to identify the confidential source.

4.  **FDLE is to return this information to this Court within twenty (20) days from the date of rendition of this Order and such information will only be used by this Court in conducting its *in camera* review.**

DONE AND ORDERED at the Moore Justice Center, Viera, Brevard County, Florida, this ___9th___ day of ___July___, 2001.

_____
BRUCE W. JACOBUS
CIRCUIT COURT JUDGE

001646

<u>State v. Green</u>                         Case No. 89-04942CFA

cc:

James D. Martin, Esq.
Assistant General Counsel
Florida Department of Law Enforcement
P.O. Box 1489
Tallahassee, Florida  32302-1489

Mark Gruber, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida  33619

Christopher White, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida  32772

Judy Taylor Rush, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida  32118

## CERTIFICATE OF SERVICE

I do certify that a copy hereof have been furnished to the above-listed persons by U.S. Mail this _10_ day of _____ July _____, 2001.

Deborah Ryan
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida  32940

3

001647

☐ AMENDED
BREVARD COUNTY, FLORIDA
DATE: *7-10-07*

**COURT MINUTES/ORDER OF** *HRS*

| DEFENDANT | CASE NUMBER | JUDGE | |
|---|---|---|---|
| Green Crosley | 05-1989CF4942AXXX-XV | B | RESERVED FOR RECORDING |
| **CHARGES** | **TAPE** | **LOG** | |

| | |
|---|---|
| CLERK | Mark |
| CLERK | |
| REPORTER | Solan |
| COURT DEPUTY | Riffner |
| COURT DEPUTY | |
| DEFENSE COUNSEL | Gruber |
| STATE ATTORNEY | Chris White |
| PTR REPRESENTATIVE | Judy Rush - AGO |

**AMENDED CHARGE:**
☐ STATE  ☐ COURT  *Via Telephone*

## DEFENDANT

| | |
|---|---|
| X PRESENT ✗ | NOT PRESENT |
| WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| X WITH COUNSEL | |
| ADVISED OF RIGHTS AND CHARGES | |
| WAIVED SPEEDY TRIAL | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

## WARRANTS

| DEPUTY | PRESENT & |
|---|---|
| FILED LOCAL AFFIDAVIT & WARRANT | |
| ADVISED COURT DEFENDANT RECEIVED | |
| BY | AUTHORITIES |
| ON | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| ADVISED GOVERNOR'S WARRANT SERVED | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | |

## FAILURE TO APPEAR

COURT ORDERED

| BENCH WARRANT | INSTANTER | ISSUE OTSC |
|---|---|---|
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

## ATTORNEY

DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | |

DEFENDANT WAIVED COUNSEL
COURT TOOK NO ACTION AS TO COUNSEL
COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION
COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL
NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED
NOTICE OF APPEAL FILED IN OPEN COURT
NOA/CAF NOT FILED AS OF THIS DATE

**Failure to appear will result in a Bench Warrant being issued for your arrest.**

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

| | | |
|---|---|---|
| NOLLE PROSEQUI | COUNT(S) | |
| PRESENTED NO EVIDENCE | COUNT(S) | |
| NOTICE OF NO INFORMATION | COUNT(S) | |
| WRITTEN | ORAL | |
| REDUCED TO MISDEMEANOR | | |
| UPGRADED TO FELONY | | |

## PLEA

| | | |
|---|---|---|
| NOT GUILTY | NOLO CONTENDERE | GUILTY |
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

## VERDICT

| JURY RETURNED WITH VERDICT OF | |
|---|---|
| GUILTY | NOT GUILTY |
| COURT FOUND DEFENDANT TO BE | |
| GUILTY | NOT GUILTY |

## COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| PREVIOUSLY | |
| WITHHELD ADJUDICATION OF GUILT | **Conditions** |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

## LICENSE ACTION

| REVOKED | SUSPENDED |
|---|---|
| | MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

## LIBERTY STATUS

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |

| DEPUTY NOTIFIED | |
|---|---|
| BY CLERK | |

## NEXT COURT APPEARANCE

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CRIMINAL PROCEEDINGS |
| VOP HEARING | NON JURY TRIAL |
| HEARING | CIVIL INFR HEARING | ARRAIGNMENT |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

**REASON**

| PREVIOUSLY SET | |
|---|---|
| DATE | TIME |
| | VIERA | TITUSVILLE |
| | MELBOURNE | SHARPES |

| DIVISION | JUDGE |
|---|---|
| ACKNOWLEDGED | |

.................. (DEFENDANT/ATTORNEY SIGNATURE)
I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT

| SATISFIED/RELEASED |
|---|
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE DATED   DISCHARGED |
| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

## CHARGES/CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED

FORMER CASE #

001648

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE

| DEFENDANT | DATE | CASE NUMBER |
|---|---|---|
| Green, Crosley | 7-10-01 | 05-1989-CF 4942-AXXX-XX |

RESERVED FOR RECORDING

## JAIL

| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
☐ ANY PENDING SENTENCE
CONSECUTIVE W/
☐ ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA          TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in          MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid DL |
| | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL (SEE ATTACHMENT) WITHIN _____ DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):

CURFEW _____ M TO _____ M
SEE REMARKS
HOUSE ARREST _____ DAYS

## Status of
☐ Probation ☐ Community Control

| | REVOKED | MODIFIED |
| REINSTATED | | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED | |
| TERMINATED | | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding | |
| | No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | | NO PROBABLE CAUSE |
| NO IMPRISONMENT STATEMENT | | |
| FINGERPRINTED IN OPEN COURT | | |
| PRE-SENTENCE INVESTIGATION | | |
| Pre-plea | Full Form | Short Form |
| State Guideline Sheet Only | | DJJ Comments |
| EVALUATION ORDERED | | File Copy w/ Court |
| PSYCHIATRIC | | MEDICAL |
| 24 HOUR SCREENING | | DETENTION FACILITY |
| FORENSICS | | TASC |
| MENTAL HEALTH CENTER | | CIRCLES OF CARE |
| | | SEE REMARKS |
| STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | | UNSECURED SIGNATURE |
PERSONAL SURETY:

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
☐ State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
☐ UNTIL FURTHER ORDER OF COURT
☐ DUE TO NATURE OF OFFENSE
☐ UNTIL EVALUATION COMPLETE
REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

| COUNT(S) | | |
|---|---|---|
| Fine | | |
| Waive C/C | | |
| Suspend | | |
| Court Costs | | |
| Late Chg | | |
| Other | | |

**TOTAL**
$ _____

**Payable on or before**
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |

$ _____ SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

_____ INVESTIGATIVE COST FOR _____
(Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

REMARKS _Status Conf. - Matters Statused - Depos to be set._
_Target date of sub. 3.850 - 11/30/01_ ___7-10-01___

I certify that a copy of hereof has been furnished on _____ to the:
☐ defendant by
☐ public defender/defense attorney by | ☐ hand delivery ☐ mail ☐ fax
☐ state attorney by | ☒ hand delivery ☐ mail ☐ fax | ☐ hand delivery ☐ mail ☐ fax

_next Status No in 60 days_

_____
Deputy Clerk

DEFENDANT'S NAME AND ADDRESS:

DONE AND ORDERED THIS ___10___ DAY
OF ___July___, 2001, IN
_____
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

001649

_____
JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 12/2000)     ORIGINAL-COURT FILE     [ ] SHERIFF: JAIL/WARRANTS     [ ] CRIMINAL LAW     [ ] PROBATION/COMMUNITY SERVICE/OTHER

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXXX-XX

STATE OF FLORIDA,

     Plaintiff,

v.

CROSLEY A. GREEN,

     Defendant.

_____/

### ORDER ON 07/10/2001 STATUS CONFERENCE

**THIS ACTION** came before the Court upon a status conference held on Tuesday, July 10, 2001. Those present included: Mr. Mark Gruber, Capital Collateral Representative – Middle Region and Mr. Christopher White, Assistant State Attorney. Ms. Judy Taylor Rush, Assistant Attorney General and the Defendant appeared by telephone. The following transpired at the July 10, 2001 status conference:

1. Mr. Gruber advised that defense depositions would be completed by the end of August 2001.

2. Mr. Gruber advised that he would file a substantive 3.850 by Friday, November 30, 2001.

001650

State v. Green                              Case No.  05-1989-CF-004942-AXXX-XX

**DONE** at the Moore Justice Center, Viera, Brevard County, Florida this
11ᵗʰ day of _____July_____, 2001.

_____
BRUCE W. JACOBUS
CIRCUIT COURT JUDGE

Conformed copies furnished by U.S. Mail to:

Mark Gruber, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida  33619

Christopher White, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida  32772

Judy Taylor Rush, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida  32118

By: _____
Deborah Ryan
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida  32940
Date: _____7-12-01_____

001651

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

        Plaintiff,

v.

CROSLEY A. GREEN,

        Defendant.

_____/

NOTICE TO APPEAR
AT STATUS CONFERENCE

TO:  Mark S. Gruber                  Chris White, Asst. State Atty
      Capital Collateral Rep.       Office of the State Attorney
      Middle Region                100 First Street
      3801 Corporex Dr. Ste. 210    Sanford, Florida 32771
      Tampa, Florida 33169-1136    Tel. (407) 322-7534 ext. 6410
      Tel. (813) 740-3544          Fax: (407) 665-6004
      Fax: (813) 740-3554
      Fax (SC): 512-1120

                                   Judy Taylor Rush
                                   Assistant Attorney General
                                   Office of the Attorney General
                                   444 Seabreeze Blvd., Suite 500
                                   Daytona Beach, Florida 32118
                                   Tel. (904) 238-4990

Notice is hereby given that a Status Conference has been scheduled by

this Court in the above-styled case on **Tuesday, September 25, 2001** at 1:15

P.M. at the Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera,

001652

State v. Green _____ Case No. 05-1989-CF-004942-AXXX-XX

Florida 32940. IF ANY PARTY DESIRES TO APPEAR BY TELEPHONE, THEY MUST CONTACT MR. CHRISTOPHER WHITE WHO IS RESPONSIBLE FOR COORDINATING THE CONFERENCE CALL IN ADVANCE. PARTIES NOT APPEARING BY TELEPHONE ARE EXPECTED TO APPEAR IN PERSON FOR THE STATUS CONFERENCE.

DONE AND ORDERED at the Moore Justice Center, Viera, Brevard County, Florida, this _11th_ day of _July_ , 2001.

_____
BRUCE JACOBUS
CIRCUIT COURT JUDGE

 ATTN: PERSONS WITH DISABILITIES. If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at 2825 Judge Fran Jamieson Way, 3rd Floor, Viera, FL 32940-8006, (407) 633-2171, ext. 2, within 2 working days of your receipt of this notice. If you are hearing or voice impaired, call 1-800-955-8711.

2

001653

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

STATE OF FLORIDA,

        Plaintiff,

    vs.                    Case No.: 05-1989-CF-004942-
                              AXXX-XX

CROSLEY A. GREEN,

        Defendant.

_____/

**FDLE'S RESPONSE TO COURT'S ORDER
TO PROVIDE ADDITIONAL INFORMATION**

    COMES NOW, the FLORIDA DEPARTMENT OF LAW ENFORCEMENT
(hereinafter "FDLE"), by and through its undersigned counsel, and files this Response to
the Court's Order to Provide Additional Information for *In Camera* Review and would
state as follows:

    1.      On July 9, 2001, the Honorable Bruce W. Jacobus ordered FDLE to
disclose to the Court the identity of the confidential source and highlight precisely what
information in the claimed exempt documents might be used to identify the confidential
source.

    2.      Attached to this Response in a sealed manila envelope is a letter that
identifies the name of the confidential source along with the requested highlighted
portions of Investigative Report #53 and Related Item #48 that contain information that
might be used to identify the confidential source. Only the Court is being sent the
attachment.

001654

Respectfully submitted,

*[signature: James D. Martin]*

JAMES D. MARTIN
Assistant General Counsel
Florida Department of Law Enforcement
Post Office Box 1489
Tallahassee, Florida 32302-1489
(850) 410-7676
FBN 0973580


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. mail to Sandy Crawford, Clerk of the Court, Brevard County, 700 Park Avenue, Titusville, Florida 32780; The Honorable Bruce W. Jacobus, Circuit Court Judge, Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida 32940; Christopher White, Assistant State Attorney, Office of the State Attorney, 100 East First Street, Sanford, Florida 32772; Judy Taylor Rush, Assistant Attorney General, Department of Legal Affairs, 444 Seabreeze Blvd., Suite 300, Daytona Beach, Florida 32118; and Mark Gruber, CCRC, Middle Region, 3801 Corporex Park Drive, Suite 210, Tampa, Florida 33619, this _18th_ day of July, 2001.

*[signature: James D. Martin]*

JAMES D. MARTIN

2

001655

*Jacobus*

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY,
FLORIDA

STATE OF FLORIDA,
    Plaintiff,

vs.                         CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,
    Defendant.
_____/

## DISCLOSURE OF EXPERT WITNESS

      COMES NOW THE STATE OF FLORIDA by and through the undersigned Assistant

State Attorney and hereby discloses that the State of Florida has retained Dr. Martin Tracey,

DNA Counselors, 4211 S.W. 109 Court, Miami, Florida 33165-4736, to analyze the DNA

results in this case for purposes of determining population frequencies. Dr. Martin Tracey

has submitted a report and a copy is attached.

                    Respectfully submitted,

                    NORMAN R. WOLFINGER
                    STATE ATTORNEY

                    BY
                    Christopher R. White
                    Assistant State Attorney
                    Bar No. 203289
                    100 East First Street
                    Sanford, Florida 32771
                    (407) 665-6410

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy hereof has been furnished by mail to Judy Taylor-

Rush, Office of the Attorney General, 444 Seabreeze Blvd., 5th Floor, Daytona Beach, Fl

3211, Mr. Mark S. Gruber, Office of the Capital Collateral Regional Counsel, Middle, 3801

001656
506

Corporex Park Drive, Suite 210, Tampa, FL 33619 and Judge Bruce W. Jacobus, 2825 Judge

Fran Jamieson Way, Viera, Florida 32940 on this 24ᵗʰ day of July, 2001.


NORMAN R. WOLFINGER
STATE ATTORNEY

BY: _____
CHRISTOPHER R. WHITE
ASSISTANT STATE ATTORNEY

2

001657

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

## ORDER AUTHORIZING RELEASE OF RECORDS

THIS CAUSE having come to be heard upon the Defendant's Motion to authorize release of

public records from the Department of State Archives Repository, the Court having being fully advised

upon its premises hereby,

It is ORDERED and ADJUDGED the Defendant's motion for disclosure of photographs of male

jurors is granted.

DONE and ORDERED in chambers on the _22nd_ day of August, 2001, in Brevard County,

Florida.

**JUDGE BRUCE W. JACOBUS**
Circuit Court Judge

cc:   Mark Gruber, Esquire, Assistant CCRC-Middle
      Christopher White, Esquire, Assistant State Attorney
      Judy Taylor Rush, Esquire, Assistant Attorney General

001658

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

## MOTION FOR ENLARGEMENT OF TIME TO TAKE DEPOSITIONS

The Defendant, **CROSLEY A. GREEN**, by and through the undersigned counsel hereby

requests that the Court extend the time period for taking depositions in the above-styled cause.

In support of this Motion, the Defendant would show the following:

1.    At the July 10, 2001, status conference, the Court set a time frame for scheduling depositions in this cause.

2.    The target date for completion of depositions was on August 31, 2001.

3.    Counsel has attempted to coordinate a time with deponents, John R. Parker and Greg Hammel, former attorneys for the Defendant. Counsel has not been successful in coordinating a time for their depositions.

4.    Counsel has scheduled depositions of Mr. Parker and Mr. Hammel for September 12, 2001. The date and time has been cleared with Assistant State Attorney Chris White.

5.    The only persons that the Defendant is seeking depositions of at this time are Mr. Parker, Mr. Hammel, and Tim Curtis.

6.    Additional time is necessary to complete discovery in these proceedings for preparation of the Defendant's post-conviction pleadings.

001659
576

7.      This motion is being filed in good faith and in the interest of justice.

WHEREFORE, the Defendant, respectfully requests that this Court enter an order

extending the time frame for taking depositions in this cause.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Enlarge Time for

Depositions has been furnished by United States mail to all counsel of record on this ___ day of

_____, 2001.


MARK S. GRUBER
Florida Bar No. 0330541
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619-1136
813-740-3544
Attorney for Defendant


Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Moore Justice Center, Courtroom C
2825 Judge Fran Jamieson Way
Viera, FL 32940

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, FL 32771

Judy Taylor Rush
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Boulevard, Fifth Floor
Daytona, FL 32118-3951

**IN THE CIRCUIT COURT OF THE**
**EIGHTEENTH JUDICIAL CIRCUIT, IN**
**AND FOR BREVARD COUNTY, FLORIDA**

**CASE NO. 89-04942-CFA**

**STATE OF FLORIDA,**

     **Plaintiff,**

**v.**

**CROSLEY ALEXANDER GREEN,**

     **Defendant.**

_____/

## ORDER ON ENLARGEMENT OF TIME TO TAKE DEPOSITIONS

THIS CAUSE having come to be heard before the Court on the Defendant's Motion to

Extend Time for Taking Depositions. And the Court having been otherwise advised of the

premises thereof.

It is hereby ORDERED and ADJUDGED that the time period for taking depositions shall

be extended until September 30, 2001.

DONE and ORDERED in chambers at Brevard County, Viera, Florida on this 5TH day

of September 2001.

_____
JUDGE JACOBUS
Circuit Court Judge

Copies furnished to:

Mark Gruber
Assistant CCRC-Middle

Judy Taylor Rush
Assistant Attorney General

Christopher R. White
Assistant State Attorney

001661

☐ AMENDED
BREVARD COUNTY, FLORIDA
DATE: _____ 2001

**COURT MINUTES/ORDER OF HEARING**

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| SMITH, CROSLEY ALEXANDER | 05 1989-CF-004942-AXXX-XX | |

RESERVED FOR RECORDING

| CHARGES | TAPE | LOG |
|---|---|---|
| | 2001 | |

| CLERK | Moon |
|---|---|
| CLERK | |
| REPORTER | Dresbcher |
| COURT DEPUTY | Riffner |
| COURT DEPUTY | |
| DEFENSE COUNSEL | GUIBER, MARK S - CCRC |
| STATE ATTORNEY | C. White |
| PTR REPRESENTATIVE | Ivan Rush - Atty General |

**AMENDED CHARGE:**  * Via telephone
☐ STATE ☐ COURT

**DEFENDANT**

| | | |
|---|---|---|
| X PRESENT X | | NOT PRESENT |
| X | WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| X | WITH COUNSEL | |
| X ADVISED OF RIGHTS AND CHARGES | | |
| WAIVED SPEEDY TRIAL | | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

**WARRANTS**

| DEPUTY | PRESENT & |
|---|---|
| FILED LOCAL AFFIDAVIT & WARRANT | |
| ADVISED COURT DEFENDANT RECEIVED | |
| BY | AUTHORITIES |
| ON | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| ADVISED GOVERNOR'S WARRANT SERVED | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | |

**FAILURE TO APPEAR**

COURT ORDERED

| BENCH WARRANT | INSTANTER | ISSUE OTSC |
|---|---|---|
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

**ATTORNEY**

DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | | COST PURPOSES ONLY |
| PUBLIC DEFENDER | | APPEAL PURPOSES ONLY |
| CONFLICT ATTORNEY | | |

DEFENDANT WAIVED COUNSEL

COURT TOOK NO ACTION AS TO COUNSEL

COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION

COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL

NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED

NOTICE OF APPEAL FILED IN OPEN COURT

NOA/CAF NOT FILED AS OF THIS DATE

**Failure to appear will result in a Bench Warrant being issued for your arrest.**

**DUI Advisement:** Pursuant to F.S. 316.193(6), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you make arrangements for transportation from any proceeding in which the court may take such action.

**STATE ACTION**

| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| | WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

**PLEA**

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | |

**VERDICT**

| JURY RETURNED WITH VERDICT OF | |
|---|---|
| GUILTY | NOT GUILTY |
| COURT FOUND DEFENDANT TO BE | |
| GUILTY | NOT GUILTY |

**COURT ACTION**

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| PREVIOUSLY | |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL WI/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

**LICENSE ACTION**

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED BY COURT RE: | |
| CONFISCATED BY COURT | |

**LIBERTY STATUS**

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |
| DEPUTY NOTIFIED | |
| BY CLERK | |

**NEXT COURT APPEARANCE**

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CRIMINAL PROCEEDINGS |
| VOP HEARING | NON JURY TRIAL |
| X HEARING | CIVIL INFR HEARING | ARRAIGNMENT |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

REASON  status

PREVIOUSLY SET

DATE  1-15-01   TIME  9 AM

| X VIERA | TITUSVILLE |
|---|---|
| MELBOURNE | SHARPES |

DIVISION  X   JUDGE  BJ

ACKNOWLEDGED

.................(DEFENDANT/ATTORNEY SIGNATURE)

I, hereby certify that a copy hereof has been sent to:

**BOND INFO OUT OF CUSTODY**

NUMBER-TYPE-AMOUNT

| SATISFIED/RELEASED |
|---|
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE DATED | DISCHARGED |
| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

**CHARGES/CASE # CHANGES**

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED

FORMER CASE #  8904942CFA

001662

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE

09/25/01

RESERVED FOR RECORDINGS

| DEFENDANT | DATE | CASE NUMBER |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989 | CF-0004942-AXXX-XX |

## JAIL

| | | |
|---|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER | |
| | DAY(S) CREDIT FOR TIME SERVED | |
| | DAY(S) SUSPENDED | |

CONCURRENT W/
  ANY PENDING SENTENCE
CONSECUTIVE W/
  ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

□ **PROBATION**
□ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

□ Probationary  □ Non-Probationary  □ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |

| AA/NA TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
|---|---|
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in _____ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL (SEE ATTACHMENT) WITHIN _____ DAYS | |
| ABIDE BY ALL LAWS | |
| MAKE ALL COURT APPEARANCES | |
| REMAIN IN BREVARD COUNTY | |
| REMAIN IN CONTACT WITH ATTORNEY | |
| NO CONTACT WITH VICTIM(S): | |

CURFEW _____ M TO _____ M
SEE REMARKS
HOUSE ARREST _____ DAYS

REMARKS *Matter Statused.*

## Status of
□ Probation  □ Community Control

| REVOKED | | MODIFIED |
|---|---|---|
| REINSTATED | | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED | |
| TERMINATED | | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding | |
| | No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PRE-SENTENCE INVESTIGATION | |
| Pre-plea | Full Form | Short Form |
| State Guideline Sheet Only | DJJ Comments |
| EVALUATION ORDERED | File Copy w/ Court |

| PSYCHIATRIC | MEDICAL |
|---|---|
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |

PERSONAL SURETY:

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| ROR | |
|---|---|
| | State did not file Information within 33 days |
| NO ACTION TAKEN AS TO BOND AMOUNT | |
| RELEASED/DISCHARGED | |
| NO BOND | |
| | UNTIL FURTHER ORDER OF COURT |
| | DUE TO NATURE OF OFFENSE |
| | UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |

I certify that a copy of hereof has been furnished on _9-25-01_ to the:
□ defendant by ☐ hand delivery □ mail □ fax
□ public defender/defense attorney by ☐ hand delivery □ mail □ fax
☒ state attorney by ☒ hand delivery □ mail □ fax

Deputy Clerk

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN #487879
3555 BRADFORD
APP, AL

## ASSESSMENTS

COUNT(S)

| | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

**TOTAL**
$

**Payable on or before** _____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|
| $ _____ SUSPEND ALL BUT $ _____ | |

**ADDITIONAL ASSESSMENTS**

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)

PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$ _____

PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT

$40.00 PD FEE ASSESSED

To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

DONE AND ORDERED THIS _25th_ DAY
OF _September_ , 2001, IN
MOORE JUSTICE CENTER
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

001663

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134
(REV. 12/2000)    ORIGINAL-COURT FILE   [ ] SHERIFF: JAIL/WARRANTS   [ ] CRIMINAL LAW   [ ] PROBATION/COMMUNITY SERVICE/OTHER

FILING OFFICE
BRANCH

2001 OCT -9 P 6: 44

SCOTT ELLIS

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

## CASE ASSIGNMENT

The following criminal matters shall remain Division X cases, assigned to Circuit

Judge Bruce W. Jacobus, until further Order of the Court:

| | |
|---|---|
| Solomon Cohen | 05-1998-CF-30294-AXXX |
| Barbara Ann Barber | 05-1998-CF-07377-AXXX |
| Jason Eschrich | 05-1998-CF-29503-AXXX |
| | 05-1998-CF-22651-AXXX |
| Jack Bush | 05-2000-CF-42837-AXXX |
| Samuel Calabrese | 05-2000-CF-39555-AXXX |
| Crosley A. Green | 05-1989-CF-04942-AXXX |

**DONE and ORDERED** at Viera, Brevard County, Florida, this _____ 8th day of

October, 2001.

BRUCE W JACOBUS
CIRCUIT JUDGE

Copies furnished to:

Office of the State Attorney
Office of the Public Defender
Randall Moore, APD
Michael Bross, Esquire
Gregory Eisenminger, Esquire

001664

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.:  05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

      Plaintiff,

v.

CROSLEY GREEN,

      Defendant.

_____/

## ORDER ON FLORIDA DEPARTMENT OF LAW ENFORCEMENT (FDLE) DOCUMENTS SUBMITTED FOR IN CAMERA INSPECTION

**THIS CAUSE** came before the Court upon a request for an *in camera*

inspection of documents submitted on November 8, 2000 by the Florida

Department of Law Enforcement (FDLE) which it claims are exempt from

disclosure to the Defendant.   Pursuant to FDLE's request, this Court has

conducted an *in camera* review of those documents submitted.

      a.  The documents submitted by FDLE for the *in camera* inspection are

contained in one sealed manila envelope. The manila envelope that the Court

examined *in camera* is stamped "Received November 8, 2000" and it contains

the original documents submitted by FDLE for the *in camera* inspection and the

envelope also contains a single-page cover sheet for the 1A Exhibit #48 that

524
001665

State v. Green                              Case No. 05-1989-CF-04942-AXXX-XX

FDLE submitted on July 18, 2001 as a supplemental document. (James D. Martin, assistant general counsel for FDLE, explained that he inadvertently forgot to include this single one-page cover sheet in the original first sealed manila envelope.)

Upon rendition of this Order, the manila envelope stamped "Received November 8, 2000" containing the documents that this Court examined *in camera* will be delivered to the Clerk of Court for sealing with a copy of this Order attached.

FDLE submitted an inventory, which briefly describes the documents submitted for *in camera* review and the claimed exemptions. (See Exhibit "A," Inventory). In referring to the documents in this Order, the Court will make reference to them as described in FDLE's Inventory.

b.  On July 9, 2001, this Court entered an order directing FDLE to disclose to this Court the identity/name of the confidential source and to highlight for the Court precisely what information in "Investigative Report #53, portion on page 1" and "Related Item #48" that FDLE claimed identified the confidential source. FDLE complied with the July 2001 Court Order and FDLE submitted in a second manila envelope the Court's requested information.[1]  Upon rendition of this Order, the Court will also deliver to the

---

[1] For identification purposes, the second manila envelope is handwritten in black marker ink and addressed to "The Honorable Bruce W. Jacobus." The second manila envelope is also

001666

State v. Green                                Case No.  05-1989-CF-04942-AXXX-XX

Clerk's Office the second manila envelope for sealing with a copy of this Order

attached.

     c.  The purpose of the *in camera* review was to determine which, if any,

of the records are "public records" under the provisions of Chapter 119,

Florida Statutes, as interpreted by State v. Kokal, 562 So. 2d 324 (Fla. 1990)

and, even if not "public records," whether any such records reveal exculpatory

type material under Brady v. Maryland, 373 U.S. 83 (1963).

     d.  The document described as "Investigative Report #15" consists of a

single page, denoted as "page 2".  FDLE reports that "Investigative Report

#15" was derived from the national crime information databases maintained

by the United States Department of Justice.  FDLE claims that it does not

have to disclose this information to the Defendant pursuant to sections

119.072 and 943.054(2), Florida Statutes.

     e.  The document described as "Related Item #22" consists of one

hundred and eight-two (182) pages, although the pages are not numbered and

some pages appear to be duplicate copies.  FDLE notes that "[t]he information

contained within those documents was obtained from the national crime

information databases maintained by the United States Department of Justice

and such information is made available to FDLE only on a confidential basis."

Related Item #22 is a NCIC list.  FDLE claims that it does not have to

---

labeled "Confidential" from "James D. Martin, Assistant General Counsel, Florida Dept. of

001667

State v. Green                           Case No. 05-1989-CF-04942-AXXX-XX

disclose this information to the Defendant pursuant to section 943.054(2),
Florida Statutes.

   f.  The Court finds that while "Investigative Report #15" and "Related
Item #22" may not be public records, they should be disclosed as possible
Brady material.  There is absolutely no hint of bad faith of the prosecution.  It
is very possible that this information has previously been disclosed to the
defense or that it may not be Brady material in the first place; however, that
determination could not be conclusively made from an exhaustive review of the
entire record in this case.

   g.  The document described as "Investigative Report #53" is three page,
typewritten report labeled as "Florida Department of Law Enforcement
Investigative Report."  FDLE claims that a portion of the document is exempt
pursuant to section 119.07(3)(c), Florida Statutes.

   The Court finds that a portion of the document which identifies the
confidential source is exempt from disclosure pursuant to section 119.07(3)(c),
Florida Statutes; however, the remainder of the document should be disclosed
as a public record and possible Brady material.

   h.  The document described as "Related Item #48 (1A-48)" consists of
seven pages.  The Court finds that it is not a public record and does not
contain any Brady material.

_____

Law Enforcement."

001668

State v. Green _____   Case No. 05-1989-CF-04942-AXXX-XX

i. The documents enumerated above as possible <u>Brady</u> material have been photocopied to assure that the originals in their unaltered form will be available for appellate review and to assure that document contents which should not be disclosed remain undisclosed. The photocopies which contain all the material herein determined to be disclosable are placed in a sealed envelope attached to the original of this Court Order in this Court file.

j. To facilitate compliance with this Order, FDLE is being furnished a copy of the documents to be disclosed with their copy of this Order.

It is therefore, **ORDERED**:

1. The manila envelope stamped "Received November 8, 2000" and the manila envelope addressed to this Court labeled "Confidential" from James D. Martin, Assistant General Counsel, FDLE are to be sealed by the Clerk of Court and will remain sealed pending any review by the Supreme Court of Florida.

2. The documents attached hereto (the photocopies of the documents itemized above) shall be sealed by the Clerk of Court and shall remain sealed at least until 5:00 P.M. on Monday, November 26, 2001. If FDLE files an objection to the disclosure on or before Monday, November 26, 2001, the records will remain sealed until the Court rules on the objection. Similarly, if FDLE appeals this Order before that date, the attached records will remain sealed until the conclusion of the appeal. If FDLE files no objection and does

5

State v. Green _____ Case No. 05-1989-CF-04942-AXXX-XX

not appeal, then the Clerk of Court shall unseal the attached records, shall

furnish by mail a copy thereof to the defense (Mr. Mark Gruber, Esq.) at the

address listed below and shall file a certificate of mailing in the Court file.

DONE AND ORDERED at the Moore Justice Center, Viera, Brevard

County, Florida, this _17th_ day of _____Oct._____, 2001.

BRUCE W. JACOBUS
CIRCUIT COURT JUDGE

cc:

James D. Martin
Assistant General Counsel
Florida Department of Law Enforcement
Office of General Counsel
P.O. Box 1489
Tallahassee, Florida 32302

Mark Gruber, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida 33619

Christopher White, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida 32772

Judy Taylor Rush, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida 32118

## CERTIFICATE OF SERVICE

I do certify that a copy hereof have been furnished to the above-listed
persons by U.S. Mail this _17_ day of _____Oct_____ 2001.

Deborah Ryan
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida 32940

6

001670

IN THE CIRCUIT COURT
OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NUMBER: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

        Plaintiff,

vs.

CROSLEY GREEN,

        Defendant.

_____/

DEPOSITION OF
TIMOTHY CURTIS

FILED IN 11VL-01
CLERK OF CIR. CT.
BREVARD CO. FL.
2001 NOV 13 P 12: 25
SCOTT ELLIS

Taken on Behalf of the Defendant

DATE TAKEN:      October 30, 2001
TIME:            1:00 - 1:15 p.m.
PLACE:           King Reporting Services, Inc.
                 14 Suntree Place
                 Melbourne, FL 32940


Examination of the witness taken before:


DONNA P. SOUSA
Court Reporter
Notary Public, State of Florida at Large


King Reporting Services, Inc.
14 Suntree Place
Melbourne, Florida  32940

ORIGINAL

001671

529LM

<u>APPEARANCES</u>

<u>APPEARANCES FOR THE PLAINTIFF</u>

CHRISTOPHER R. WHITE, ESQUIRE
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida 32771

<u>APPEARANCES FOR THE DEFENDANT</u>

MARK S. GRUBER, ESQUIRE
Assistant CCRC-M
Capital Collateral Regional
Counsel - Middle Region
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619

Daphne Gaylord, Esquire
Assistant CCRC-M
Capital Collateral Regional
Counsel - Middle Region
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619

Rose Valdez

<u>ALSO PRESENT</u>

LOUIS CIANFROGNA, ESQUIRE
815 South Washington Avenue
Titusville, Florida 32780

001672

3

1

2

3                                    <u>INDEX</u>

4

5                                                              PAGE NO.

6    Direct Examination By Mr. Gruber                              4

7    Certificate of Reporter                                      11

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                                         001673

1   WHEREUPON,

2                           TIMOTHY CURTIS,

3   a Witness herein, acknowledged having been duly sworn

4   and testified upon his oath as follows:

5               THE WITNESS:  The best of my

6          recollection.

7               MR. CIANFROGNA:  Just say yes.

8               THE WITNESS:  Yeah. Yes, the best of

9          my recollection.

10                        DIRECT EXAMINATION

11  BY MR. GRUBER:

12          Q.   What's your name, please?

13          A.   Timothy L. Curtis.

14          Q.   Are you the same Timothy Curtis that was

15  served with a subpoena to appear here today and the

16  same Timothy Curtis who testified in the trial of

17  Crosley Green on a couple of occasions?

18          A.   Yes, I am.

19          Q.   I have a number of questions to ask you,

20  and I think about the easiest way to do that is to

21  make reference to an affidavit, a copy of which I

22  think you just read.  It's dated 8/6/99.

23               It apparently was obtained, or at least the

24  jurat on here appears to be Joseph M. Moura,

25  M-O-U-R-A, and it says witnessed by Paul L. Ciolino.

001674

CURTIS, T.; 10/30/01                                    5

1   Have you, in fact, read a copy of this affidavit?

2          MR. CIANFROGNA:  For the record, if

3       we're going TO ask questions we have to ask

4       them a little directly because you're

5       including a lot of extraneous matters and

6       also matters -- I mean, you have to ask him

7       a question he can answer without kind of

8       editorializing.  I'm not going to allow him

9       to answer that.

10  BY MR. GRUBER:

11      Q.   Okay.  Have you read the affidavit I just

12  described?

13      A.   Yes.

14      Q.   Did you, in fact, execute this affidavit?

15      A.   No.

16          MR. CIANFROGNA:  No, that's not the

17      answer you want to give.  You say "I refuse

18      to answer the question on the grounds it

19      might tend to incriminate me."

20          MR. GRUBER:  I don't have a problem if

21      you assert that.

22          MR. CIANFROGNA:  All right, I assert

23      that for him.  I don't want him to answer

24      any other questions regarding the

25      affidavit.

CURTIS, T.; 10/30/01                                             6

1    BY MR. GRUBER:

2        Q.   Did you, in fact, testify at Crosley

3    Green's trial?

4             MR. CIANFROGNA:  You can answer that.

5             THE WITNESS:  Yes.

6    BY MR. GRUBER:

7        Q.   At the trial were you asked questions about

8    whether or not you saw an individual making a

9    throat-slashing gesture?

10            MR. CIANFROGNA:  He's going to assert

11        his Fifth Amendment priviledge and refuse

12        to answer that on the grounds it may tend

13        to incriminate him.

14            MR. GRUBER:  I'm going to go through a

15        couple of points of the affidavit, but let

16        me indicate for the record at this point

17        that it would be my intention to ask you

18        about every line, every word in this

19        affidavit and ask you whether or not you,

20        in fact, wrote those things and if in fact

21        they are true.  I'm just stating that would

22        be my intention.

23            MR. CIANFROGNA:  Your intention is

24        what, sir?

25            MR. GRUBER:  To go through this

1    affidavit word by word and line by line.

2         MR. CIANFROGNA:  Have we been provided

3    with a copy?

4         MR. GRUBER:  You do right now.  For

5    the ease of this deposition what I'm also

6    going to do, then, is have the affidavit

7    included with the deposition as an exhibit.

8         MR. CIANFROGNA:  For the record, are

9    you going to ask him if he wrote this

10   affidavit?

11        MR. GRUBER:  I'm going to ask him

12   whether he wrote it, and then I'm going to

13   ask him about everything that's said in it.

14        MR. CIANFROGNA:  Well, he can answer

15   as to whether or not he wrote this

16   affidavit.  I'm talking about the body of

17   the affidavit.  Is that what your question

18   is directed at?

19        MR. GRUBER:  Yes.

20        MR. CIANFROGNA:  The body of the

21   affidavit prior to the signature lines?

22        MR. GRUBER:  Okay.

23        MR. CIANFROGNA:  Is that what you're

24   going to ask him?

25        MR. GRUBER:  I'll ask him that

001677

CURTIS, T.; 10/30/01                                                    8

1        question.

2               MR. CIANFROGNA:  You can answer that.

3        Did you write this material?

4               THE WITNESS:  No, I did not.

5    BY MR. GRUBER:

6        Q.   Did you sign this affidavit?

7               MR. CIANFROGNA:  He refuses to answer

8        that on the grounds it will tend to

9        incriminate him.

10   BY MR. GRUBER:

11       Q.   Were you present when this affidavit was

12   written?

13              MR. CIANFROGNA:  Same answer.

14   BY MR. GRUBER:

15       Q.   Do you know who wrote this affidavit?

16       A.   No, I do not.

17       Q.   Did you read this affidavit at any time

18   prior to today?

19              MR. CIANFROGNA:  He refuses to answer

20       on the ground it might tend to incriminate

21       him.

22   BY MR. GRUBER:

23       Q.   Have you today read through this entire

24   affidavit?

25       A.   I breezed through it.  I didn't read the

```
 1    whole thing.

 2         Q.   Are you at this point generally familiar

 3    with what's contained in the affidavit?

 4              MR. CIANFROGNA:  It doesn't matter

 5         what it was, he breezed through it.  So he

 6         must be generally familiar with it.  I

 7         think the question would assume so.  The

 8         question -- an answer to a question that's

 9         already been asked.

10    BY MR. GRUBER:

11         Q.   Well, why don't we do it this way.  After

12    you testified at Crosley Green's trial were you at

13    some time in the parking lot at the courthouse.

14              MR. CIANFROGNA:  Is that the question?

15              MR. GRUBER:  That's the question.

16              MR. CIANFROGNA:  He refuses to answer

17         on the ground it might tend to incriminate

18         him.

19    BY MR. GRUBER:

20         Q.   After you testified during the trial did

21    you see a juror in the parking lot of the courthouse?

22              MR. CIANFROGNA:  He refuses to answer

23         on the ground it might tend to incriminate

24         him.

25    BY MR. GRUBER:
```

1        Q.    If indeed you did see a juror at such time

2   and place was that individual a white male?

3              MR. CIANFROGNA:  He's again asserting

4        his privilege not to answer this question

5        on the ground it might tend to incriminate

6        him.

7   BY MR. GRUBER:

8        Q.    Did you see such white male make a slashing

9   motion with his finger across his throat?

10             MR. CIANFROGNA:  Same answer.  Refuses

11       to answer on the ground it might tend to

12       incriminate him.

13  BY MR. GRUBER:

14       Q.    Did you understand that gesture to indicate

15  that the juror had made up his mind both to convict

16  and to recommend a death sentence to Crosley Green?

17             MR. WHITE:  Well, I'm going to object

18       to that.  It will be speculation on his

19       part as to the state of mind of someone

20       else.  But I think Mr. Cianfrogna has some

21       objections, too.

22             MR. CIANFROGNA:  And also I would

23       again have a continuing objection that he

24       refuses to answer on the ground it might

25       tend to incriminate him.

1            MS. GAYLORD:  The question was asked

2        for an interpretation from a viewpoint that

3        someone has personal knowledge of.  So,

4        therefore, whether or not it's kind of a

5        moot point the mind of intent of the juror,

6        but if the person that's witnessing this

7        activity is being asked the question and

8        how he interpreted that action.

9            MR. CIANFROGNA:  His answer is still

10       the same.

11   BY MR. GRUBER:

12       Q.   The next day did you appear before the

13   Court?

14            MR. CIANFROGNA:  Same answer.  Refuses

15       to answer on the ground it might tend to

16       incriminate him.

17   BY MR. GRUBER:

18       Q.   Did you report seeing the juror make a

19   throat-slashing gesture to anybody?

20            MR. CIANFROGNA:  Same answer.  Refuses

21       to answer on the ground it might tend to

22       incriminate him.

23   BY MR. GRUBER:

24       Q.   Did you report any such information to an

25   individual named Robert Cook who I believe was an

CURTIS, T.; 10/30/01                                          12

1   investigator of Mr. Parker?

2           MR. CIANFROGNA:  Again, refuses to

3       answer on the ground it might tend to

4       incriminate him.

5           MR. GRUBER:  Do you intend to continue

6       with that response to other questions that

7       I might make about this matter?

8           MR. CIANFROGNA:  Yes, we do.

9           MR. GRUBER:  Okay.  I think I

10      basically made my record.

11          MR. CIANFROGNA:  Good.

12          MR. WHITE:  All right.

13          MR. GRUBER:  Now I'll ask the court

14      reporter to include a copy of this

15      affidavit with the deposition, and I think

16      we're done.

17          THE WITNESS:  Thank you.

18          MR. GRUBER:  Thanks.

19          (Exhibit No. 1 was marked for

20      identification.)

21          (Whereupon, this deposition concluded at

22      1:15 p.m. and the reading and signing were not

23      waived.)

24

25

1                     CERTIFICATE OF OATH

2

3    STATE OF FLORIDA  )

4    COUNTY OF BREVARD )

5

6              I, DONNA P. SOUSA, Court Reporter,

7              the undersigned authority, hereby

8                 certify that the witness

9                    TIMOTHY CURTIS

10               was duly sworn by me.

11

12         WITNESS MY HAND AND OFFICIAL SEAL

13         this 8th day of November, 2001

14              at Melbourne, Florida.

15

16

17    _____
            DONNA P. SOUSA, Court Reporter
18      Notary Public, State of Florida at Large

19                         Donna P. Sousa
                      Commission # CC 860324
20                     Expires Sep. 25, 2003
                          Bonded Thru
                    Atlantic Bonding Co., Inc.
21

22

23

24

25

CURTIS, T.; 10/30/01                                                14

```
 1
 2
 3                    CERTIFICATE OF REPORTER
 4   STATE OF FLORIDA   )
 5   COUNTY OF BREVARD  )
 6
 7        I, DONNA P. SOUSA, Court Reporter in and for
     the County of Brevard, do hereby certify that,
 8   I was authorized to and did stenographically report
     the foregoing proceedings, and that the foregoing
 9   transcript is a true and correct record of the
     proceedings to the best of my ability.
10
11        I FURTHER CERTIFY that I am not a relative,
     employee, or attorney, or counsel of any of the
12   parties, nor am I a relative or employee of any
     of the parties' attorney or counsel connected with
12   the action, nor am I financially interested in the
13   action.
14        WITNESS MY HAND AND OFFICIAL SEAL this 8th
     day of November, 2001, at Melbourne, Brevard County,
15   Florida.
16
17        _____
                    DONNA P. SOUSA
18        Notary Public, State of Florida at Large
19
20
21
22
23
24
25
```

Donna P. Sousa
Commission # CC 860324
Expires Sep. 25, 2003
Bonded Thru
Atlantic Bonding Co., Inc.

1                                   ERRATA

2    Page &
     Line #                 Correction                      Reason

3    _____   _____   _____

4    _____   _____   _____

5    _____   _____   _____

6    _____   _____   _____

7    _____   _____   _____

8    _____   _____   _____

9    _____   _____   _____

10   _____   _____   _____

11   _____   _____   _____

12   _____   _____   _____

13   _____   _____   _____

14   _____   _____   _____

15   _____   _____   _____

16   _____   _____   _____

17   _____   _____   _____

18   _____   _____   _____

19   _____   _____   _____

20   _____   _____   _____

21       I have read my deposition in this matter and
     entered any changes in form or substance as reflected
22   above.

23   DATED _____   SIGNED_____
                                      Timothy Curtis
24

25

```
 1                    IN THE CIRCUIT COURT
                 OF THE EIGHTEENTH JUDICIAL CIRCUIT
 2               IN AND FOR BREVARD COUNTY, FLORIDA

 3              CASE NUMBER: 05-1989-CF-004942-AXXX-XX

 4       STATE OF FLORIDA,

 5                        Plaintiff,

 6       vs.

 7       CROSLEY GREEN,

 8                        Defendant.

 9       _____/

10       TO: Timothy Curtis
             1225 War Eagle Blvd.
11           Titusville, FL 32796

12
             The transcript of your deposition taken on
13       October 30, 2001, has been completed and awaits
         reading and signing.
14           Please arrange to stop by our office at
         14 Suntree Place, Suite 101, Viera, Florida to read
15       and sign the transcript.  Office hours are from
         8:00 a.m. to 5:00 p.m. Monday through Friday.  The
16       transcript is 16 pages long, and you should allow
         yourself sufficient time.
17           If reading and signing have not been completed
         prior to November 23, 2001, we shall conclude that
18       you have waived the reading and signing of the
         transcript.
19           The original of the transcript has been forwarded
         to the ordering party at his request and your errata,
20       once received, will be forwarded to all parties as
         listed below.
21                                Thank you,

22                                Donna P. Sousa

                                  Donna P. Sousá
23       cc:  Mark Gruber, Esq.
              Christopher White, Esq.
24            Louis Cianfrogna, Esq.

25
```

***Affidavit***
***State of Florida vs. Crosley A. Green***
***Case # 89 33497***

Dated: 8·6·99

I, Timothy Curtis, wish to make the following statement with regards to the above captioned case. No promises, threats, or any other type of coercion has been made against me. I am making this statement freely and of my own free will. I understand that the individual who is taking this statement from me is a civilian. I am aware that he/she is **not a member** of any law enforcement group or prosecutors office. IN 1989 I Sold a truck that I built and owned to Charles Flynn Jr who was a friend of mine. The Truck had a MANUAL 4 speed TRANSMISSION and large Gravel HOG MUD TIRES. I am familiar with Holder Park and the sand mounds that are and were there. The truck was extremely difficult to operate under the best of circumstances. I do not believe that anybody who was not familiar with the operation of this truck could drive this truck, shift and hold a gun while doing all this. I do not believe that this was possible

Initials: ___

Page one of four pages

EXHIBIT
L-P
10/30/01 DS

9. With regards to statements made by me to to Sgt Scott Nyquist on Page # 000145 where I believe that O'Conner Green identifi his brother to be the person who committed the murder of Charles Fly JR, I unequivicably deny making tha statement. I never told any detective or any law enforcement official that O'Conner Green told me that his brother Crosley or any other specific individual killed Charles Flynn JR.

10. [to say it wasn't true]

With regards to the Intelligence Bulletin (Page 00177) issued by the Brevard County Sheriffs office I never told any law enforcement officer that the individual looked like Crosley "Papa" Green. I have known O'Connor Green for a very long time. To my knowledge he is not the type of person who would be an informant or tell anyone that one of his relatives committed a crime.

10. [if I did it wasn't true]

Page 2 of 4 Pages

After I testified I was in the parking lot at the court house when a juror, a white male made a slashing motion with his finger across his throat, indicating to me that Green was dead. I told a ~~person~~ ~~not me~~ the next day Greene is dead, knowing that a jury member had ~~been~~ made up his mind to convict Crosley Green. The next day I was brought into court to identify the juror prior to the hearing I had lunch with two detectives from the Sheriff's office who told me that if I identify this juror, there would be a MISTRIAL and Crosley Green would go free. I lied at the hearing. I told the judge that it did not see the man who did this slashing motion In fact I did see the man and he was on the jury and in court the day

Page 3 of 4 pages

I have read and reviewed this statement and it is true to the best of my knowledge

Timothy Curtis
8-6-99          7:00pm

WITNESSED BY:

Paul J. Cidins          Joseph M. Moura
8-6-99                  8-6-99

Page 4 of 4 pages