# VOLUME XXI

IN THE CIRCUIT COURT OF
THE EIGHTEENTH JUDICIAL
CIRCUIT, IN AND FOR
BREVARD COUNTY, FLORIDA

2003 FEB 20  A 8:04

STATE OF FLORIDA,

FILED IN VIERA-7
CLERK OF CIR. CT.
BREVARD CO. FL.

         Plaintiff,

v.                                    CASE NO. 89-04942-CFA

CROSLEY ALEXANDER GREEN,

         Defendant.
_____/

## STATE'S OBJECTION TO PETITIONER'S MOTION IN LIMINE TO EXCLUDE FROM THE EVIDENTIARY HEARING REFERENCE TO STATE'S "NEWLY DISCOVERED EVIDENCE," INCLUDING NEWLY DISCOVERED WITNESS LAYMAN LANE AND 1999 DNA TESTING RESULTS

COMES NOW, the State, by and through undersigned counsel, and submits its response to Green's 's Motion in Limine to Exclude from the Evidentiary Hearing Reference to State's "Newly Discovered Evidence," Including Newly Discovered Witness Layman Lane and 1999 DNA Testing Results. The State requests this Honorable Court to deny Green's Motion. As grounds, the State avers:

### I.   NATURE OF RELIEF SOUGHT BY GREEN

Green challenges the testimony of the Layman Lane, Dr. Martin Tracey, Shawn Weiss, and Megan Clement for the following reasons:

1.   Newly discovered evidence should not [be] presented by

the State at an evidentiary hearing, as this form of evidence would only be relevant at a new trial if a new trial was granted; and

2.   Layman Lane should be disqualified as a witness pursuant to 90.603 (2) Florida Statutes Annotated.

## II.   ARGUMENT

**A.   Green has not established that State witness Layman Lane should be disqualified as a witness.**

Green argues that "[a]n examination of Layman Lane will reveal that he does not understand or clearly will not respect the duty to tell the truth." (Green's Motion in Limine at p. 3). Green's argument is clearly premised on what he believes witness Lane will do if called at the evidentiary hearing based on statements made by Lane at his deposition; however, Green cites to no authority for the disqualification of a witness before the witness is examined by the court. Moreover, "a witness is presumed competent to testify until the contrary is established.'" Rutherford v. Moore, 774 So.2d 637, 646 (Fla. 2000).

In Collie v. State, 267 So. 2d 382 (Fla. 3rd DCA 1972), the District Court upheld a trial court's ruling that a defense witness was properly found incompetent to testify due to drug use. In that case, however, the witness was observed by the

2

003467

judge to be high at the time she was testifying.  In the instant case, the argument is that the witness was high at the time he heard the Defendant make the inculpatory statement. This would affect credibility, but not competency.

Furthermore, there is no proof that Layman Lane cannot understand the duty to tell the truth – only an indication that as a friend of the Defendant and his family, he does not want to be involved and his threat that, if called in court, he will not provide testimony against the Defendant, his friend. If he is allowed to avoid facing the moment of truth on the witness stand by the Defendant's counsel coming to his aid via this motion to disqualify him from testifying, justice will indeed be served a foul blow.  If those who do not wish to testify against another only have to declare they will perjure themselves, and will then be found incompetent, they can thwart justice when they have meaningful testimony by stating they will not cooperate and face no consequences. Further, if Lane, when ordered to testify, claims a lack of memory, his deposition testimony may still be admissible.  Fla. Stat. ch. 90.804(1)(c), (2002).  However, unless the State is allowed to call him, this predicate cannot be established.

**B.  Green has not shown that the State is prohibited from presenting evidence relevant to his claim of entitlement to a**

3

003468

**new trial at an evidentiary hearing on that claim.**

Green argues that "the [S]tate's newly discovered evidence including Layman Lane's testimony and testimony concerning DNA testing and results should be excluded from the evidentiary hearing as it is not relevant." (Green's Motion in Limine at p. 7). However, evidence of such a nature that it would show the improbability of an acquittal on *retrial* could not be more relevant.

Green relies on Jones v. State, 591 So.2d 911, 915 (Fla. 1991), to support his argument that "[n]ewly discovered evidence 'must be of such nature that it would probably produce an acquittal on retrial.'" (Green's Motion in Limine at p. 4). Green's reliance on Jones is misplaced. On Jones' second appeal of his new evidence claim, the Florida Supreme Court repeated the sentence quoted by Green, but followed it with the sentence "[t]o reach this conclusion the trial court is required to 'consider all newly discovered evidence which would be admissible' at trial and then evaluate the 'weight of both the newly discovered evidence and the evidence which was introduced at trial.'" Jones v. State, 709 So.2d 512, 521 (Fla. 1998)(quoting Jones v. State, 591 So.2d 911, 916 (Fla. 1991)). Clearly, the sentence relied upon by Green simply points out that before evidence offered by the defendant qualifies as

4

relevant to his claim of entitlement to a new trial, it must meet the threshold requirement that it "be of such nature that it would probably produce an acquittal on retrial."

Without the qualifying requirement that the trial court consider "all" newly discovered evidence, as well as the evidence from the trial, new trials could be granted, at great expense, when there existed conclusive evidence of the defendant's guilt.[1]  To allow retrial based on changes in witness testimony with no consideration of new evidence available to the State would fail to subject the defendant's alleged newly discovered evidence to the adversarial testing that that evidence would be subject to on retrial.  Thus, any conclusion that the probability of an acquittal had been demonstrated would be flawed as it would be a conclusion based on less than all the evidence that would be presented at a new trial.

In addition to the obvious logical, practical, and policy flaws in the argument that the State is prohibited from presenting new evidence at an evidentiary hearing on newly discovered evidence, such an argument is refuted by a multitude

---

[1]In the vast majority of cases, the convicted do not pursue postconviction DNA testing as it would presumably only confirm their guilt.  Here, FDLE was the instigator of the DNA comparison.

CC3470

of cases detailing the new evidence offered by the State to show the defendant's evidence would not probably produce an acquittal on retrial.  See e.g., Way v. State, 760 So.2d 903, 914 (Fla. 2000)(noting the trial court's finding that Way's alternative theory was rebutted by the State's expert witnesses and was contrary to the physical evidence at the scene of the crime); Blanco v. State, 702 So.2d 1250, 1251 (Fla. 1997)(noting the new evidence of Blanco's guilt presented by the State through the testimony  of three witnesses at the evidentiary hearing).

The Defendant's argument that the evidence the State intends to offer as to an admission of guilt to Layman Lane and the result of DNA tests on hair found in the victims truck is not relevant fails on two grounds.

First, Layman Lane's testimony tends to disprove the recantation testimony of Jerome Murray and Lonnie Hillary because all three of them have now testified that on the night of the murder the Defendant was out on the streets of east Mims after the murder telling others he had killed someone.  The evidence will show that he and Jerome Murray both heard admissions from the Defendant within a hundred yards of one another – perhaps they both heard the same statement.  Lonnie Hillary's testimony at trial put the Defendant within a couple

6

0C3471

blocks of the location Layman Lane describes when he talked to him.  That the Defendant was talking about murdering someone to acquaintances such as Layman Lane and whoever was nearby is consistent with and supports the trial testimony of Hillary and Murray that he did so in their presence.  Of course, if he was telling mere acquaintances and friends of his criminal conduct it is logical that he would also tell his family members such as Sheila Green.  Lane's testimony is therefore highly relevant to a determination whether the testimony of these three recanting witnesses is credible.

Secondly, as stated previously,  the underlying premise for allowing evidence of newly discovered evidence of innocence to be considered in post conviction proceedings is to determine whether the evidence will probably result in an acquittal on retrial. Jones v. State, 678 So.2d 309 (Fla.1996), cert. denied, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 221 (1997).  Both the DNA testimony showing that the hairs found by police in the victim's truck match the Defendant's DNA and the testimony of Layman Lane directly address this issue.

Finally, in addition to the fundamental inconsistency in Green's Apprendi/Ring argument that a postconviction trial court can evaluate evidence of innocence but not evidence of guilt -

7

OC3472

without a jury, no court has held <u>Apprendi</u> to be retroactive,
and it is clear that <u>Ring</u> is "simply an extension of <u>Apprendi</u> to
the death penalty context." <u>Cannon v. Mullin</u>, 2002 WL 1587921
(10th Cir. 2002), *cert. and stay of execution denied,* 2002 WL
1633127 (U.S. 2002)[2]; <u>United States v. Sanders</u>, 247 F.3d 139,
150, 151 (4th Cir. 2002)(<u>Apprendi</u> is not retroactive under
<u>Teague v. Lane</u>, 489 U.S. 288 (1989)); <u>United States v. Sanders</u>,
247 F.3d 139 (4th Cir. 2001); <u>Curtis v. United States</u>, 2002 WL
1332817 (7th Cir. June 19, 2002)(holding <u>Apprendi</u> is not
retroactive because it "is about nothing but procedure"); <u>United
States v. Moss</u>, 252 F.3d 993 (8th Cir. 2001); <u>Jones v. Smith</u>,
231 F.3d 1227 (9th Cir. 2001); <u>United States v. Sanchez-
Cervantes</u>, 282 F.3d 664, 668 (9th Cir. 2002); <u>McCoy v. United
States</u>, 266 F.3d 1245 (11th Cir. 2001); <u>Sustache-Rivera v.
United States</u>, 221 F.3d 8, 15 n.12 (1st Cir. 2000); <u>Forbes v.
United States</u>, 262 F.3d 143, 144 (2nd Cir. 2001); <u>In re Turner</u>,
267b F.3d 225, 227 (3rd Cir. 2001); <u>In re Tatum</u>, 233 F.3d 857,
859 (5th Cir. 2000); <u>Goode v. United States</u>, 2002 WL 987905 (6th

---

[2]The <u>Cannon</u> Court held, post-<u>Ring</u>, that under <u>Tyler v. Cain</u>,
533 U.S. 656, 661 (2001) "'under this provision, the Supreme
Court is the only entity that can 'ma[k]e' a new rule
retroactive. The new rule becomes retroactive, not by the
decisions of the lower courts or by the combined action of the
Supreme Court and the lower courts, but simply by the action of

003473

Cir., May 10, 2002); _Hines v. united States_, 282n F.3d 1002 (8th Cir. 2002); _United States v. Dowdy_, 2002 WL 1352467 (9th Cir., June 20, 2002); _United States v. Wiseman_, 2002 WL 1584302 (10th Cir., July 18, 2002).

### CONCLUSION

WHEREFORE, as Green has not shown that the State is prohibited from presenting new evidence of his guilt at an evidentiary hearing to determine Green's entitlement to a new trial or that Layman Lane is incompetent pursuant to Florida Statute 90.603, and as that evidence would show the improbability of an acquittal on retrial the State requests the Court to deny his motion.

Respectfully submitted,

BY: _Christopher R. White_

Christopher R. White
Assistant State Attorney
Bar No. 203289
100 East First Street
Sanford, Florida 32771
407) 322-7534 ext 6410

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing has been furnished to Douglas T. Squire, Office of the Attorney General, 444 Seabreeze Blvd., 5th Floor, Daytona Beach, Fl

the Supreme Court.'"

9

003474

3211, Mr. Mark S. Gruber/David D. Henry, Office of the Capital Collateral Regional Counsel, Middle, 3801 Corporex Park Drive, Suite 210, Tampa, FL 33619 and Judge Bruce W. Jocobus, 2825 Judge Fran Jamieson Way, Viera, Florida 32940, by mail on February 12, 2003.

NORMAN R. WOLFINGER
STATE ATTORNEY


BY: _____
Christopher R. White
Assistant State Attorney

0C3475

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

      Plaintiff,

vs.

CROSLEY GREEN,
      Defendant.

_____/

## ORDER FOR TRANSPORT of DEATH ROW INMATE

      THIS CAUSE having come before the court this date and the court having been

fully advised in the premises, it is hereby

      ORDERED AND ADJUDGED that the Sheriff of Seminole County, or his

authorized deputies, transport **CROSLEY GREEN, DOC # 902925**, a **DEATH ROW**

**INMATE** at Union Correctional Facility by APRIL 22, 2003 to the Brevard County Jail

for a hearing on APRIL 24, 2003 at 9:00 a.m. before the Honorable Judge Jacobus.

      DONE AND ORDERED in Chambers in Sanford, Seminole County, Florida on

this 21st, day of _____Feb_____, 2003.

                            _____

                            BRUCE W. JACOBUS
                            CIRCUIT JUDGE

COPIES TO:

Assistant State Attorney Chris White
Assistant State Attorney Wayne Holmes
David Hendry, CCRC-Middle, 3801 Corporex Park Dr., Ste 210, Tampa, FL 33619
Brevard County Sheriff's Department

003476

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

      Plaintiff,

vs.

CROSLEY GREEN,
      Defendant.

_____/

## AMENDED

### ORDER FOR TRANSPORT of DEATH ROW INMATE

      THIS CAUSE having come before the court this date and the court having been

fully advised in the premises, it is hereby

      ORDERED AND ADJUDGED that the Sheriff of Brevard County, or his

authorized deputies, transport **CROSLEY GREEN, DOC # 902925**, a **DEATH ROW**

**INMATE** at Union Correctional Facility by APRIL 22, 2003 to the Brevard County Jail

for a hearing on APRIL 24, 2003 at 9:00 a.m. before the Honorable Judge Jacobus.

      DONE AND ORDERED in Chambers in Viera, Brevard County, Florida on this

_7ᵗʰ_, day of _March_, 2003.

                                         BRUCE W. JACOBUS
                                         CIRCUIT JUDGE

COPIES TO:

Assistant State Attorney Chris White
Assistant State Attorney Wayne Holmes
Mark Gruber and David Hendry, CCRC-Middle, 3801 Corporex Park Dr., Ste 210,
Tampa, FL  33619
Brevard County Sheriff's Department   (3 cert. to Warrants)
                                      3-10-03 DM

FILED IN VIERA-14
CLERK OF CIR. CT.
BREVARD CO. FL.
2003 MAR -7 P 2: 58
SCOTT ELLIS

003477

☐ AMENDED

BREVARD COUNTY, FLORIDA

**COURT MINUTES/ORDER OF HEARING**

DATE: 03/21/2003

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | BJ |

RESERVED FOR RECORDING

| CHARGES | TAPE | LOG |
|---|---|---|
| | 2003 | |

CLERK _Sandy Blair_
CLERK
REPORTER _Lynn Donnelly_
COURT DEPUTY
COURT DEPUTY _mark_        _david_
DEFENSE COUNSEL _LbESQUIRE: DOUGLAS Beasley_
STATE ATTORNEY _WHITE, CHRISTOPHER_
PTR REPRESENTATIVE _Wayne Holmes_

_Motion Hearing:_

AMENDED CHARGE: ☐
☐ STATE   ☐ COURT

| DEFENDANT | | STATE ACTION | | NEXT COURT APPEARANCE | |
|---|---|---|---|---|---|
| **PRESENT** | **NOT PRESENT** | NOLLE PROSEQUI         COUNT(S) | | SECOND APPEARANCE | VOP ARRAIGNMENT |
| WITHOUT COUNSEL | ☒ COUNSEL PRESENT IN DEFENDANT'S | PRESENTED NO EVIDENCE    COUNT(S) | | CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| ☒ WITH COUNSEL | BEHALF | NOTICE OF NO INFORMATION  COUNT(S) | | VOP HEARING | NON JURY TRIAL |
| ADVISED OF RIGHTS AND CHARGES | | WRITTEN | ORAL | PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| WAIVED SPEEDY | PRE-TRIAL DIVERSION | REDUCED TO MISDEMEANOR | | ☒ HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| TRIAL | WAIVER-SPEEDY TRIAL | UPGRADED TO FELONY | | PLEA | SENTENCING | TO BE NOTIFIED |
| **WARRANTS** | | **PLEA** | | STATUS CONFERENCE | DOCKET SOUNDING |
| DEPUTY | PRESENT & | NOT GUILTY | NOLO CONTENDERE | GUILTY | CONTINUED BY | JURY TRIAL |
| FILED LOCAL AFFIDAVIT & WARRANT | | ORIGINAL WITHDRAWN | IN ABSENTIA | COURT | STATE | PD/ATTY |
| ADVISED COURT DEFENDANT RECEIVED | | LESSER INCLUDED OFFENSE | | | | |
| BY_____AUTHORITIES | | **VERDICT** | | REASON | |
| ON_____ | | JURY RETURNED WITH VERDICT OF | | ☒ PREVIOUSLY SET | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | | GUILTY | NOT GUILTY | DATE _4-24-03_ TIME _9A_ | |
| | | COURT FOUND DEFENDANT TO BE | | ☒ VIERA | TITUSVILLE |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | | GUILTY | NOT GUILTY | MELBOURNE | SHARPES |
| ADVISED GOVERNOR'S WARRANT SERVED | | **COURT ACTION** | | DIVISION    JUDGE _BJ_ | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | | ACCEPTED PLEA | ARRAIGNED | ACKNOWLEDGED | |
| **FAILURE TO APPEAR** | | ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community | ....................................................... | |
| COURT ORDERED | | PREVIOUSLY | Control | (DEFENDANT/ATTORNEY SIGNATURE) | |
| BENCH WARRANT | INSTANTER | ISSUE OTSC | WITHHELD ADJUDICA- | Conditions | I, hereby certify that a copy hereof has been sent to: |
| BOND AMOUNT $ | | Cash or Surety | TION OF GUILT | FOUND DEFENDANT IN | |
| | | | DISMISSED (CTS) | CONTEMPT OF COURT | |
| JUVENILE BENCH WARRANT | | SENTENCE APPLIES TO | SUSPEND ORIGINAL | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR | ALL COUNTS | FINE | CS | | |
| **ATTORNEY** | | ADVISED RIGHT TO APPEAL WITHIN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT | | |
| DEFENDANT DETERMINED | | CLERK TO SUBPOENA ALL PARTIES | | | |
| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT | **LICENSE ACTION** | | **BOND INFO OUT OF CUSTODY** | |
| COURT APPOINTED | COST PURPOSES ONLY | REVOKED | SUSPENDED | NUMBER-TYPE-AMOUNT | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | MONTHS | YEARS | | |
| CONFLICT ATTORNEY | | RE-EXAMINATION REQUIRED | | SATISFIED/RELEASED | |
| DEFENDANT WAIVED COUNSEL | | BY COURT RE: | | FORFEIT IN FULL SATISFACTION (CASH BOND) | |
| COURT TOOK NO ACTION AS TO COUNSEL | | CONFISCATED BY COURT | | SURETY/CASH BOND FORFEITED | |
| COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION | | **LIBERTY STATUS** | | FORFEITURE          DISCHARGED | |
| COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL | | CASH | ORDER | DATED | |
| NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED | | SURETY | ROR | DEDUCT $ | |
| | | UNSECURED | PTR | REFUND BALANCE TO DEPOSITOR | |
| NOTICE OF APPEAL FILED IN OPEN COURT | | SECURED SIGNATURE | SUMMONS | BALANCE OF FINE TO BE PAID | |
| NOA/CAF NOT FILED AS OF THIS DATE | | CITATION | NOTICE TO APPEAR | **CHARGES/CASE # CHANGES** | |
| Failure to appear will result in a Bench Warrant being issued for your arrest. | | DISCHARGED | CANCEL BENCH WARRANT | ORIGINAL CHARGES LISTED ON THE ARREST | |
| | | BENCH WARRANT/CAPIAS RECALLED ON: | | AFFIDAVIT (923.01) HAVE BEEN CHANGED | |
| DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action. | | DEPUTY NOTIFIED | | FORMER CASE # _00347_ _05904942CFA_ | |
| | | BY CLERK | | | |

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

DATE: 03/21/2003

RESERVED FOR RECORDING

| DEFENDANT | CASE NUMBER |
|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-00494X-AXXX-XX |

## JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
☐ ANY PENDING SENTENCE
CONSECUTIVE W/
☐ ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME
☐ PROBATION
☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## CONDITIONS

☐ Probationary  ☐ Non-Probationary  ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA ___ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in ___ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL w/in ___ DAYS | |

ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):

CURFEW ___ M TO ___ M
SEE REMARKS
HOUSE ARREST ___ DAYS

## Status of
☐ Probation  ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |

| PSYCHIATRIC | MEDICAL |
|---|---|
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |

PERSONAL SURETY:
QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
☐ UNTIL FURTHER ORDER OF COURT
☐ DUE TO NATURE OF OFFENSE
☐ UNTIL EVALUATION COMPLETE
REMANDED  AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

| COUNT(S) | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

**TOTAL**
$ _____
**Payable on or before** _____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

### ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR _____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

### ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

REMARKS Denied motion as to Kayman Lane & Reserve Ruling as to exclude DNA Evid

I certify that a copy of hereof has been furnished on _21st_ _March 2003_ to the:
☐ defendant by ☐ hand delivery ☐ mail
☐ public defender/defense attorney by ☐ hand delivery ☐ mail
☐ state attorney by ☐ hand delivery ☐ mail
☐ bonding agency ☐ hand delivery ☐ mail

_S Blair_
Deputy Clerk

DONE AND ORDERED THIS _21st_ DAY OF _March_, 20 _03_ IN
MOORE JUSTICE CENTER
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _10:10A_ M.

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN   /487879
3658 DRACRIFF

_Blair_ 003479

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134   ORIGINAL-COURT FILE   [ ] Sheriff: Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant
(REV. 10/2001)

Page _____ of _____

| | ~~ORDER~~/MINUTES OF | CASE NUMBER |
|---|---|---|
| STATE OF FLORIDA<br>VS   CROSLEY ALEXANDER GREEN | MARCH 21, 2003 | 05-1989-CF-004942-AXXXXX |

**PETITIONS/MOTIONS**

☒ This matter coming to be heard on the Petition/Motion to/for  LIMINE EXCLUDE TESTING & EVIDENCE
   filed by  DEFENSE                             and the Court having considered same,
   **IT IS ORDERED** that the foregoing Motion is:
   ☐ **GRANTED**  ☒ **DENIED**  ☒ **RESERVED RULING**  ☐ **CONTINUED TO**
   with the following conditions:  EXCLUDE LAYMAN LANE FROM TESTIFING AND EXCLUDE DNA EVIDENCE,
   CASE LAW WAS SUMMITED BY ALL SIDES.
   COURT DENIES MOTION IS LIMINE AS TO LAYMAN LANE
   COURT RESERVES ON MOTION TO EXCLUDE DNA EVIDENCE.

   ☐ COURT_____        ☐ ATTORNEY _____
   to prepare and submit Order by

**PETITIONS/MOTIONS**

☐ This matter coming to be heard on the Petition/Motion to/for  _____
   filed by  _____  and the Court having considered same,
   **IT IS ORDERED** that the foregoing Motion is:
   ☐ **GRANTED**  ☐ **DENIED**  ☐ **RESERVED RULING**  ☐ **CONTINUED TO**
   with the following conditions:  _____
   STIPULATED BY PARTIES AS TO THE EVIDENTUARY EXHIBITS.  PARTIES TO PREPARE
   WRITTEN STIPULATION.  PREVIOUS ORDER ENTERED ON THE DISQUIFICATION OF C WHITE.  CI &
   DCF COURT GRANTS DEFENSE THE RIGHT FOR ACCESS TO THESE RECORDS ALSO TO PRESENT TO SA

   ☐ COURT_____        ☒ ATTORNEY  DAVID HENDRY
   to prepare and submit Order by

**PETITIONS/MOTIONS**

☐ This matter coming to be heard on the Petition/Motion to/for  _____
   filed by  _____  and the Court having considered same,
   **IT IS ORDERED** that the foregoing Motion is:
   ☐ **GRANTED**  ☐ **DENIED**  ☐ **RESERVED RULING**  ☐ **CONTINUED TO**
   with the following conditions:  _____

   ☐ COURT_____        ☐ ATTORNEY _____
   to prepare and submit Order by

| **DONE AND ORDERED**<br>**BREVARD COUNTY,**<br>**FLORIDA** | | ~~JUDGE~~<br>DC | DATE<br>03/21/2003 |
|---|---|---|---|

LAW 766
New 11/2000

003480

**IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA**

**CASE NO.: 05-1989-CF-004942-AXXX-XX**

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY GREEN,

    Defendant.

_____/

## ORDER DENYING MOTION IN LIMINE TO EXCLUDE FROM THE EVIDENTIARY HEARING REFERENCE TO THE STATE'S NEWLY DISCOVERED EVIDENCE INCLUDING NEWLY DISCOVERED WITNESS LAYMAN LANE AND 1999 DNA TESTING RESULTS

**THIS CAUSE** came to be heard on March 21, 2003, upon the Defendant's

Motion in Limine to Exclude from the Evidentiary Hearing Reference to the

State's Newly Discovered Evidence Including Newly Discovered Witness Layman

Lane and 1999 DNA Testing Results.  On March 21, 2003, the Court made an

oral ruling denying without prejudice the Defendant's motion as it related to

Layman Lanes.  This Order addressed the portion of the motion concerning the

1999 DNA Testing Results, for which the Court reserved ruling.  Upon a review of

the Defendant's motion, the official Court file, argument of counsel, authorities

submitted, and being otherwise fully advised in the premises, it is hereupon

**ORDERED AND ADJUDGED** that the Defendant's "Motion in Limine to

Exclude from the Evidentiary Hearing Reference to the State's Newly Discovered

Evidence Including Newly Discovered Witness Layman Lane and 1999 DNA Test

State v. Green _____ Case No. 05-1989-CF-004942-AXXX-XX

Results" is **DENIED** without prejudice for the Defendant to raise this objection at

the evidentiary hearing.

     **DONE AND ORDERED** at the Moore Justice Center, Viera, Brevard

County, Florida, this 24th day of _____ March _____, 2003.

                    **BRUCE W. JACOBUS**
                    **CIRCUIT COURT JUDGE**

cc:

Mark Gruber, Esq. & David Hendry, Esq.
Capital Collateral Representative
Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida 33619

Wayne Holmes, Esq.
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida 32772

Douglas Squire, Esq.
Assistant Attorney General
444 Seabreeze Blvd., Fifth Floor
Daytona Beach, Florida 32118

## CERTIFICATE OF SERVICE

     I do certify that a copy hereof have been furnished to the above-listed persons by U.S. Mail this _26_ day of _march_, 2003.

        Deborah Ryan
        Judicial Assistant
        Moore Justice Center
        2825 Judge Fran Jamieson Way
        Viera, Florida 32940

003482

*Jacobus*

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY A. GREEN,

    Defendant

_____/



## AMENDED LIST OF WITNESSES FOR EVIDENTIARY HEARING

    Comes now the Defendant, by and through undersigned counsel,
and hereby gives notice of the names and addresses of the
following persons whom the defendant tentatively expects to call
as witnesses in the Evidentiary Hearing scheduled in this cause:

1.    **John Roberson Parker, SAO**
    2725 Judge Fran Jamieson Way
    Melbourne, FL 32940
    Phone (407) 617-7510

2.    **Greg Hammel**
    932 S. Wickham Road
    West Melbourne, FL 32904

3.    **Custodian of Records**
    Public Defender's Office
    400 South Street
    Titusville, FL 32780

4.    **Professor John Brigham**
    FSU Department of Psychology
    Tallahassee, FL 32306

5.    **Michael Boyle**
    354 Hickory Flats Road
    Gillsville, GA 30543
    Phone (706) 677-4200

003483

6.    **Aretha Griffin**
      908 Saint Mark Bowman Road
      Reevesville, SC 29471

7.    **Lori Rains**

8.    **Tim Curtis**
      c/o Louis Cianfrongna, Esquire
      815 South Washington Avenue
      Titusville, FL 32780

9.    **Lonnie Hillary**
      1505 King's Court
      Titusville, FL 32780

10.   **Jerome Murray**
      2742 North Myrtle Avenue
      Mims, FL 32754

11.   **Sheila Green**

12.   **Dr. James Woodford**
      5641 Granny White Pike
      Brentwood, TN 37027
      Phone (615) 221-6448

13.   **Chris White, SAO**
      2725 Judge Fran Jamieson Way
      Melbourne, FL 32940
      Phone (407) 617-7510

14.   **Marjorie Hammock, LISW**
      233 Northlake Road
      Columbia, SC 29223
      Phone (803) 253-5344

15.   **Hamp Green**
      1125 Pollyanna Drive
      Mims, FL 32754
      Phone (321) 268-9518

16.   **Shirley Allen**
      2650 Baywood Drive
      Titusville, FL 32780
      Phone (321) 383-5443

GC3484

17. **Celestine Peterkin**
    1125 Pollyanna Drive
    Mims, FL 32754
    Phone (321) 268-9518

18. **Rose Mary Green**
    14521 North Hensel Lane, #104
    Tampa, FL 33613
    Phone (813) 632-0088

19. **Delila Green**
    2525 Pineapple Avenue
    P. O. Box 629
    Mims, FL 32754
    Phone (321) 267-2377

20. **Lavera Green**
    1680 South Deleon Avenue
    Titusville, FL 32780
    Phone (321) 264-0406

21. **Professor David Dow**
    University of Houston Law Center
    100 Law Center
    Houston, TX 77204

22. **V. L. Stevenson**

23. **Officer Wade Walker** and **Randy Ariuex**
    Brevard County Sheriff's Office
    700 Park Avenue
    Titusville, FL 32780

24. **Brenda Green**
    4135 Coralbrooke Grove
    Orlando, FL 32826
    Phone (407) 482-8201

25. **Paul Ciolino** and **Joe Mauro**

26. **Any and all state witnesses**

27. **Terry Spruill**
    2720 Pineapple Avenue
    Mims, FL 32754

003485

28. **Karen (Dougherty) Korsberg**
    FBI Laboratory
    2501 Investigation Parkway
    Quantico, VA 22135
    Phone (703) 632-7695

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Amended List of Witnesses for Evidentiary Hearing has been furnished by United States mail to all counsel of record on this 2<u>8</u> day of March, 2003.

MARK S. GRUBER
Florida Bar No. 0330541
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
  COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619-1136
813-740-3544
Attorney for Defendant

4

003486

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
The Moore Justice Center
Courtroom 4C
2825 Judge Fran Jamieson Way
Viera, FL 32940

Douglas T. Squire
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Blvd., 5th Floor
Daytona Beach, FL  32118

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, FL  32771

Crosley A. Green
DOC #902925; P3110S
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

003487

STATE OF FLORIDA
**LAW OFFICE OF THE**
**CAPITAL COLLATERAL**
**REGIONAL COUNSEL**
**MIDDLE REGION**



**BILL JENNINGS**
CAPITAL COLLATERAL REGIONAL COUNSEL

**VICKI BUTTS**
EXECUTIVE DIRECTOR

March 28, 2003

ATTN: Scott Ellis
Clerk of the Circuit Court
Eighteenth Judicial Circuit - Brevard County
700 Park Avenue, Building #4
Titusville, Florida 32780

Re:   *State of Florida v. Crosley A. Green*
        *Case No. 89-4942-CFA*

Dear Clerk:

Enclosed for immediate filing in the above-captioned case are:

(1).   Original of Amended List of Witnesses for Evidentiary Hearing;

(2).   Copies of the first and last pages of the above referenced document for return to CCRC-Middle after date-stamping and filing; and

(3).   A pre-addressed, stamped envelope for use in returning the date-stamped pages to us.

We request that you please return the date stamped pages to CCRC-Middle in the enclosed pre-addressed stamped envelope after the completion of filing.

A copy has been provided by first class mail to opposing counsel of record.

Thank you for your assistance in this matter.

Sincerely,

Mark S. Gruber
Assistant CCC

/psh
Enclosure
cc:   Honorable Bruce W. Jacobus, Circuit Court Judge
        Douglas T. Squire, Assistant Attorney General
        Christopher R. White, Assistant State Attorney
        Crosley A. Green

003488

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942CFA

STATE OF FLORIDA,

Plaintiff,                                    Postconviction Death Penalty
                                              Case


CROSLEY ALEXANDER GREEN,

Defendant.

_____/

ORDER DIRECTING CERTAIN AGENCIES AND INDIVIDUALS TO FURNISH ANY
AND ALL RECORDS REGARDING WITNESS LAYMAN LANE TO CAPITAL
COLLATERAL REGIONAL COUNSEL

THIS CAUSE immediately involves the Defendant's Motion in

Limine to Exclude Witness Layman Lane, or in the alternative, for

the Court to authorize release of confidential informant files

and child custody records regarding Layman Lane from the Florida

Department of Children and Families ("DCF," aka Health and

Rehabilitative Services: "HRS"), the Titusville Police Department

("TPD"), the Brevard County Sheriff's Office ("BCSO"), and

Officer Brian Guilford to Capital Collateral Regional Counsel

("CCRC").

The Court having reviewed the case history, considered the

surrounding issues and arguments of counsel on March 21, 2003,

the Court hereby DENIES the motion to exclude Layman Lane from

the evidentiary hearing, without prejudice, pending the state's

1

ability to lay the proper predicate regarding witness qualification at the evidentiary hearing.

The Court alternatively GRANTS the Defendant's motion for release of confidential information regarding Layman Lane from the Titusville Police Department, Brevard County Sheriff's Office, Officer Brian Guilford, and the Florida Department of Children and Families.

The same being granted, and to achieve the purposes of said motion, the Court **ORDERS and ADJUDGES** as follows:

1.   The Titusville Police Department ("TPD"), the Brevard County Sheriff's Office ("BCSO"), and Detective Brian Guilford are hereby ordered to immediately furnish copies of any and all files and records concerning Layman Lane and Crystal Lane detailing the assistance they provided while working as "confidential informants" for law enforcement to CCRC.

2.   Additionally, the Florida Department of Children and Families (DCF aka HRS) is hereby ordered to immediately furnish copies of any and all files and records concerning Layman Lane and Crystal Lane, involving the custody of their two children to CCRC, inclusive of all reports of suspected abuse and/or neglect, investigative and protective services field notes, provider care services received, discovery materials obtained, and case history and staffings to CCRC.

3.   CCRC is directed to keep the contents of all files

2

OC3490

received from the Titusville Police Department, Brevard County Sheriff's Department, Officer Brian Guilford, and the Florida Department of Children and Families confidential, with leave to petition the court to enter any desired documentation into the Crosley Green evidentiary record.

4.    The Florida Department of Children and Families, Titusville Police Department, Brevard County Sheriff's Office, and Officer Brian Guilford shall ensure that the aforementioned records are delivered to CCRC within 14 days of the date of this Order to attorneys Mark Gruber and/or David Hendry at the Law Offices of the Capital Collateral Regional Counsel, 3801 Corporex Drive, Suite 210, Tampa, Florida 33619.

DONE AND ORDERED this ___7th___ day of ___April___, 2003.

_____
BRUCE W. JACOBUS
Brevard County Circuit Court Judge

Copies furnished to:

Florida Department of Children and Families
Child Welfare Legal Services
400 W. Robinson Street, South Tower
Orlando, FL 32801

3

Titusville Police Department
Attn: Legal Department
1100 John Glenn Blvd.
Titusville, FL 32780

Brevard County Sheriff's Office
Attn: Legal Department & Detective Brian Guilford
700 Park Avenue
Titusville, FL 32780

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East 1st Street
Sanford, FL 32772

Robert Wayne Holmes
Assistant State Attorney
Office of the State Attorney
2725 Judge Fran Jamieson Way, Building D
Viera, FL 32940-6605

Douglas T. Squire
Assistant Attorney General
444 Seabreeze Blvd.,5th Floor
Daytona, Beach FL 32118

Mark S. Gruber
Assistant CCRC-Middle Region
3801 Corporex Drive, Suite 210
Tampa, FL 33619

Crosley Alexander Green
DOC #902925; P5202S
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

4

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY,
FLORIDA

STATE OF FLORIDA,
    Plaintiff,

vs.                     CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,
    Defendant.

_____/

## STIPULATION

COMES NOW THE STATE OF FLORIDA by and through the undersigned Assistant State Attorney, and the Defendant by and through his undersigned attorney, and stipulate to the authenticity of the following items for purposes of the 3.850 hearing in this cause:

1. Transcript of sworn statement of Sheila Shunda Green taken July 13, 1990, at the Seminole County Jail, Sanford, Florida and certified by Official Court Reporter Anne McCawley.

2. Transcript of deposition of Lonnie Hillary, Jr. taken June 8, 1990, at the Federal Building, Office of the United States Attorney, Orlando, Florida by Deputy Official Court Reporter Jill Welsko.

3. Transcript of deposition of Layman Lane taken November 12, 2002 at the State Attorney's Office, Titusville, Florida by Official Court Reporter Lisa Johnston.

4. Video tape statement of Sheila Green taken on August 4, 1999, and provided to FDLE by private investigators Ciolino and Moura.

594

OC3493

State vs Green/Case No. 89-4942-CF-A
Stipulation
Page 2

5. Video tape statement of Lonnie Hillery taken on August 7, 1999, and provided to FDLE by private investigators Ciolino and Maura.

6. Video tape statement of Allen Jerome Murray taken on August 3, 1999, and provided to FDLE by private investigators Ciolino and Maura.

Although the stipulation eliminates the need for either party to call a witness to authenticate each of the above items, the parties do not stipulate and do not waive the right to object to the admission of any of these items in evidence on the grounds of relevance, hearsay, or the failure to establish other proper predicates for admissibility.

Mark S. Gruber
Assistant CCRC
Attorney For Defendant
Bar No. 0330541

Robert Wayne Holmes
Assistant State Attorney
Bar No. 285951

2

000494

**ARREST/NOTICE TO APPEAR**
**PROBABLE CAUSE AFFIDAVIT/**
**JUVENILE REFERRAL**

FCIC/NCIC CHECK YES ☐ NO ☐
OBTS Number

1. Arrest        4. Complaint Affidavit
2. Notice to Appear  5. Request for Capias
3. Arrest Affidavit   6. Juvenile Referral

Juvenile

**ADMINISTRATIVE**

Agency ORI Number
FLO 0500.03

Agency Report Number 0324

Charge Type
Check as many
as apply
☒ 1. Felony   ☐ 3. Misdemeanor   ☐ 5. Ordinance
☐ 2. Traffic Felony ☐ 4. Traffic Misdemeanor ☐ 8. Other

Weapon Seized/Type
☐ 1. Yes
☒ 2. No

Agency Arrest Number
51195

Location of Arrest (Include Name of Business)          City
BCSO                           Rardos

Location of Offense (Business Name, Address)          City

Date of Arrest
04.17.03

Time of Arrest
0925

BCSO Date      BCSO Time      Jail Date      Jail Time
04180305

Fingerprinted
☐ Identification Only
☐ Criminal
☐ AFIS

By:

Date of Offense          FDLE Number          DOC Number          FBI Number

**DEFENDANT/JUVENILE**

Name (Last, First, Middle)
Crosley, Green

Alias
Green Crosley

Race
W-White  1-American Indian
8-Black  O-Oriental/Asian
Bm

Sex          Date of Birth
11/157/310

Height
5'10

Weight
170

Eye Color
Bro

Hair Color
BLK

Complexion
Dark

Build
med

Scars, Marks, Tattoos, Unique Physical Features (Location, Type, Description)

Indication of:
Alcohol Influence ☐☐☐
Drug Influence ☐☐☐

Local Address (Street, Apt. Number)
Union C.I.
(City)
Raiford          Fla.
(State)      (Zip)

Phone
(   )

Residence Type
1. City  3. Florida
2. County 4. Out of State

Permanent Address (Street, Apt. Number) or          (City)          (State)          (Zip)
Phone
(   )

Parent
Contacted ☐☐

Business Address (Name, Street) or          (City)          (State)          (Zip)
Phone
(   )

Occupation

Driver's License State/Number

Social Security Number
BW-21-1905

INS Number

Place of Birth
Fla.

Citizenship
U.S.

**CODE / CO-DEF.**

Co-defendant Name          Race  Sex  Date of Birth or Age
☐ 1. Arrested
☐ 2. At Large
☐ 3. Felony
☐ 4. Misdemeanor
☐ 5. Juvenile

Co-defendant Name          Race  Sex  Date of Birth or Age
☐ 1. Arrested
☐ 2. At Large
☐ 3. Felony
☐ 4. Misdemeanor
☐ 5. Juvenile

Activity
N. N/A
P. Possess
S. Sell
B. Buy
T. Traffic
R. Smuggle
D. Deliver
E. Use
K. Dispense/Distribute
M. Manufacture/Produce/Cultivate
Z. Other
Type
N. N/A
A. Amphetamine
B. Barbiturate
C. Cocaine
E. Heroin
R. Hallucinogen
M. Marijuana
O. Opium/Deriv.
P. Paraphernalia/Equipment
S. Synthetic
U. Unknown
Z. Other

**CHARGE**

Charge Description

**CHARGE**

Charge Description

**PROBABLE CAUSE STATEMENT**

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law:

On the          day of          at          ☐ A.M. ☐ P.M.    (Specifically include facts constituting cause for arrest.)

In accordance with F.S.S. 938.27, I hereby request reimbursement of investigative costs consisting of _____ hrs @ $_____ per hr and/or _____ miles @ _____ ¢ per mile for a total of $_____. Affidavit enclosed Y ____ N ____    Continue for: Narrative ☐ Charges ☐

**NOTICE TO APPEAR**

**Mandatory Appearance In Court**

I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO APPEAR, THAT I MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST OR A TAKE INTO CUSTODY ORDER SHALL BE ISSUED.

Signature of Defendant/Juvenile      Signature of Juv. Parent/Custodian      Release to: (Name)      Date      Time

**ADMINISTRATIVE**

☐ Miranda Warning
Hold for Other Agency
Name: Union C.I.
Verified By

Adults Only
☐ Hold for First Appearance
☐ Do Not Bond Out. Reason:

I swear/affirm the above and attached statements are true and correct.

Officer/Complainant's Signature

D.R./No./Dist.

Name (Printed)
Ray Williams

Sworn to and subscribed before me, the undersigned
authority this 17th day of April 2003
Signature V Shinholster
Print or Type Name V-Shinholster #908
Notary/Law Enforcement Officer in Performance of Official Duties
Personally Known ☐  ID Produced ☐

**BOND INFORMATION**

Date          Bonding Agency

Bond#          Amount

Bond#          Amount

Returnable Court Date   Returnable Court Time ☐ AM ☐ PM

Court Location 003495          Page

COURT FILE      STATE ATTORNEY      SHERIFF'S RECORDS      JAIL      LAW ENFORCEMENT      DEFENDANT'S COPY

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

     Plaintiff,

vs.

CROSLEY GREEN,
     Defendant.

_____/

## AMENDED

## ORDER FOR TRANSPORT of DEATH ROW INMATE

     THIS CAUSE having come before the court this date and the court having been

fully advised in the premises, it is hereby

     ORDERED AND ADJUDGED that the Sheriff of Brevard County, or his

authorized deputies, transport **CROSLEY GREEN, DOC # 902925**, a **DEATH ROW**

**INMATE** at Union Correctional Facility by APRIL 22, 2003 to the Brevard County Jail

for a hearing on APRIL 24, 2003 at 9:00 a.m. before the Honorable Judge Jacobus.

     DONE AND ORDERED in Chambers in Viera, Brevard County, Florida on this

7th, day of _____March_____, 2003.

                                       BRUCE W. JACOBUS
                                       CIRCUIT JUDGE

COPIES TO:

Assistant State Attorney Chris White
Assistant State Attorney Wayne Holmes
Mark Gruber and David Hendry, CCRC-Middle, 3801 Corporex Park Dr., Ste 210
Tampa, FL  33619
Brevard County Sheriff's Department

STATE OF FLORIDA, COUNTY OF BREVARD
I HEREBY CERTIFY that the above and foregoing is a
true copy of the original filed in this office.
SCOTT ELLIS, Clerk Circuit and County Court
Dated 3-10-03   By_____ D.C.

**IN THE CIRCUIT COURT EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA
IN THE COUNTY IN AND FOR BREVARD COUNTY, FLORIDA**

**STATE OF FLORDA**

**BOOKING OFFICER'S
CERTIFICATE**

vs.

Green, Crosley

05_89_ _CF4942_ -AX.XX-XX

_Accused_

I hereby certify that when the above named accused was committed to the custody of Sheriff of Brevard County, I booked the accused at _0935_ o'clock, _A_.m., on _4.17.03_ 20____, and advised the accused as follows:

1.    In order to secure your immediate release you must post a bail in the amount of $ _NONE_.

2.    If you are unable to post that bond, you will at _0900_ m (today) (tomorrow) be taken before a County Court judge for an Initial Court Appearance.

3.    You have the right to complete at least two telephone calls to any person(s) located in this county.

As booking officer, I asked the accused the following question and received the following answer:

Do you wish to make any telephone calls?                     Answer: _D_

I permitted the above named accused to make and complete the following telephone calls:

| Time | Date | Person | Telephone Number |
|------|------|--------|------------------|
|      |      |        |                  |
|      |      |        |                  |

I certify that the above is correct

_____
Accused

_Shinnolster #908_
Booking Officer

_____
*Witness

* A witness to the booking officer's advice and questions should sign if the accused declines to sign.

003497

☐ AMENDED

BREVARD COUNTY, FLORIDA

DATE: 4-17-03

**COURT MINUTES/ORDER OF**

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, Crossley Alexander | # 1989-CF-4912-A000 | 89 |

RESERVED FOR RECORDING

| CHARGES | TAPE | LOG |
|---|---|---|
| 1) Murder 1st Degree | 2003 | |
| 2) Kidnapping | | |
| 3) Kidnapping | | |
| 4) Robb w/ Fire or Deadly Weapon | | |
| 5) Robb w/ Fire or Deadly Weapon | | |

| | |
|---|---|
| CLERK | Hancock |
| CLERK | |
| REPORTER | Migliaccoi |
| COURT DEPUTY | Wieand |
| COURT DEPUTY | |
| DEFENSE COUNSEL | Gluckman   Squire |
| STATE ATTORNEY | White, Holmes, |
| PTR REPRESENTATIVE | |

AMENDED CHARGE:
☐ STATE ☐ COURT

## DEFENDANT

| PRESENT | NOT PRESENT |
|---|---|
| WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| WITH COUNSEL | |
| ADVISED OF RIGHTS AND CHARGES | |
| WAIVED SPEEDY TRIAL | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

## WARRANTS

DEPUTY                    PRESENT &

- FILED LOCAL AFFIDAVIT & WARRANT
- ADVISED COURT DEFENDANT RECEIVED

BY _____ AUTHORITIES

ON _____

- TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED
- ADVISED FOREIGN COURT WILL NOT EXTRADITE
- ADVISED GOVERNOR'S WARRANT SERVED
- DEFENDANT SIGNED WAIVER OF EXTRADITION

## FAILURE TO APPEAR

COURT ORDERED

| BENCH WARRANT | INSTANTER | ISSUE OTSC |
|---|---|---|
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

## ATTORNEY

DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | |

- DEFENDANT WAIVED COUNSEL
- COURT TOOK NO ACTION AS TO COUNSEL
- COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION
- COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL
- NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED
- NOTICE OF APPEAL FILED IN OPEN COURT
- NOA/CAF NOT FILED AS OF THIS DATE

Failure to appear will result in a Bench Warrant being issued for your arrest.

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation by any proceeding in which the court may take such action.

## STATE ACTION

| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

## PLEA

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

## VERDICT

JURY RETURNED WITH VERDICT OF

| GUILTY | NOT GUILTY |
|---|---|
| COURT FOUND DEFENDANT TO BE | |
| GUILTY | NOT GUILTY |

## COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| PREVIOUSLY | |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

## LICENSE ACTION

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

## LIBERTY STATUS

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |

| DEPUTY NOTIFIED | |
|---|---|
| BY CLERK | |

## NEXT COURT APPEARANCE

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| VOP HEARING | NON JURY TRIAL |
| PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

## REASON

☒ PREVIOUSLY SET

DATE 4-24-03/4-25-03  TIME 9 AM

| | VIERA | TITUSVILLE |
|---|---|---|
| | MELBOURNE | SHARPES |

DIVISION _____ JUDGE BJ

ACKNOWLEDGED

_____
(DEFENDANT/ATTORNEY SIGNATURE)

I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT

- SATISFIED/RELEASED
- FORFEIT IN FULL SATISFACTION (CASH BOND)
- SURETY/CASH BOND FORFEITED
- FORFEITURE _____ DISCHARGED DATED
- DEDUCT $
- REFUND BALANCE TO DEPOSITOR
- BALANCE OF FINE TO BE PAID

## CHARGES/CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST
AFFIDAVIT (923.01) HAVE BEEN CHANGED

FORMER CASE #

003403

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDI**
BREVARD COUNTY, FLORIDA - PAGE 2

DATE: 4-17-03

RESERVED FOR RECORDING

| DEFENDANT | CASE NUMBER |
|---|---|
| GREEN CROSLEY | 05-1989 CF - 4942-AXXX XX |

## JAIL

### Status of
☐ Probation ☐ Community Control

## ASSESSMENTS

COUNT(S)

| SENTENCED TO: | DAY(S) DETENTION CENTER |
|---|---|
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

| | REVOKED | MODIFIED |
|---|---|---|
| | REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED | |
| | TERMINATED | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding | |
| | No Outstanding Conditions | |

Fine

Waive C/C

Suspend

Court Costs

Late Chg

Other

CONCURRENT W/
  ANY PENDING SENTENCE
CONSECUTIVE W/
  ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

### ☐ PROBATION
### ☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## ORDER OF THE COURT

| PROBABLE CAUSE | | NO PROBABLE CAUSE |
|---|---|---|

NO IMPRISONMENT STATEMENT
FINGERPRINTED IN OPEN COURT

| PSI | | PRE-PLEA PSI |
|---|---|---|
| Full | Short Form | Prior Record Only |

CRIMINAL HISTORY

| EVALUATION ORDERED | | File Copy w/ Court |
|---|---|---|
| PSYCHIATRIC | | MEDICAL |
| 24 HOUR SCREENING | | DETENTION FACILITY |
| FORENSICS | | TASC |
| MENTAL HEALTH CENTER | | CIRCLES OF CARE |
| | | SEE REMARKS |
| STD | HIV | HEPATITIS |

## TOTAL

$ _____

**Payable on or before**
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____  SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$ _____
PUBLIC DEFENDER LIEN REDUCED
TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by:

Investigative Costs and Public Defender
Liens must be paid to the Clerk of Court

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE _____ HRS W/IN _____ |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA _____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in _____ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid License |
| | Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL | |
| | w/in _____ DAYS |
| ABIDE BY ALL LAWS | |
| MAKE ALL COURT APPEARANCES | |
| REMAIN IN BREVARD COUNTY | |
| REMAIN IN CONTACT WITH ATTORNEY | |
| NO CONTACT WITH VICTIM(S): | |
| CURFEW _____ M TO _____ M | |
| SEE REMARKS | |
| HOUSE ARREST _____ DAYS | |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | | UNSECURED SIGNATURE |

PERSONAL SURETY:

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release
conditions listed, he/she agrees to be sentenced to
the maximum sentence in the above styled case.

ROR
  State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
  UNTIL FURTHER ORDER OF COURT
  DUE TO NATURE OF OFFENSE
  UNTIL EVALUATION COMPLETE

| X | REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |
|---|---|---|

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____.
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE
COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE
RATE OF $ _____ PER HOUR IN LIEU
OF FINE BY _____

**COURT COSTS MAY NOT BE CONVERTED
TO COMMUNITY SERVICE HOURS**

REMARKS _presentation of testimony to be_
_addressed on 4-24-03 at that hearing_

DONE AND ORDERED THIS 17th DAY
OF _April_, 2003, IN
_Viera_
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT 8:50 A. M.

I certify that a copy of hereof has been furnished on _4-17-03_ to the:

| ☐ defendant by | ☐ hand delivery | ☐ mail |
|---|---|---|
| ☐ public defender/defense attorney by | ☐ hand delivery | ☐ mail |
| ☐ state attorney by | ☐ hand delivery | ☐ mail |
| ☐ bonding agency | ☐ hand delivery | ☐ mail |

_WSH_
Deputy Clerk

DEFENDANT'S NAME AND ADDRESS:

_000499_
_WD Hinson K_
JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134     ORIGINAL-COURT FILE   [X] Sheriff-Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant
(REV. 10/2001)



**STATE OF FLORIDA**
**LAW OFFICE OF THE**
**CAPITAL COLLATERAL**
**REGIONAL COUNSEL**
**MIDDLE REGION**



**BILL JENNINGS**
CAPITAL COLLATERAL REGIONAL COUNSEL

**VICKI BUTTS**
EXECUTIVE DIRECTOR

April 15, 2003

ATTN: Scott Ellis
Clerk of the Circuit Court
Eighteenth Judicial Circuit - Brevard County
700 Park Avenue, Building #4
Titusville, Florida 32780

Re:   *State of Florida v. Crosley A. Green*
      *Case No. 89-4942-CFA*

Dear Clerk:

Enclosed for immediate filing in the above-captioned case are:

(1).    Originals of Subpoenas and Returns of Service for Evidentiary Hearing;

(2).    Copies of the first and last pages of the above referenced document for return to CCRC-Middle after date-stamping and filing; and

(3).    A pre-addressed, stamped envelope for use in returning the date-stamped pages to us.

We request that you please return the date stamped pages to CCRC-Middle in the enclosed pre-addressed stamped envelope after the completion of filing.

A copy has been provided by first class mail to opposing counsel of record.

Thank you for your assistance in this matter.

Sincerely,

Mark S. Gruber
Assistant CCC

/psh
Enclosure
cc:     Honorable Bruce W. Jacobus, Circuit Court Judge
        Douglas T. Squire, Assistant Attorney General
        Christopher R. White, Assistant State Attorney
        Crosley A. Green

2003 APR 18 A 12: 58
FILED IN TVL-01
CLERK OF CIR. CT.
BREVARD CO. FL.

SCOTT ELLIS

003500

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY,
FLORIDA

STATE OF FLORIDA,
    Plaintiff,

vs.

CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,
    Defendant.

_____/

**RECEIVED BY**

APR 1 4 2003

**CCRC-MIDDLE**

## STIPULATION

COMES NOW THE STATE OF FLORIDA by and through the undersigned Assistant State Attorney, and the Defendant by and through his undersigned attorney, and stipulate to the authenticity of the following item for purposes of the 3.850 hearing in this cause:  Transcript of hearing before the Honorable Patricia C. Fawsett, held on October 22, 1990 in United States of America v. Sheila Shunda Green, Case No. 90-52-CR- ORL 19, at 80 North Hughey Avenue, Orlando, Florida, before Susan Wandzilak, Stenograph Shorthand Reporter and Notary Public State of Florida at Large.

Although the stipulation eliminates the need for either party to call a witness to authenticate each of the above items, the parties do not stipulate and do not waive the right to object to the admission of any of these items in evidence on the grounds of relevance, hearsay, or the failure to establish other proper predicates for admissibility.

Mark S. Gruber
Assistant CCRC
Attorney For Defendant
Bar No. 0330541

Robert Wayne Holmes
Assistant State Attorney
Bar No. 285951

003501

☐ AMENDED *Jacobus*
BREVARD COUNTY, FLORIDA
DATE: *4-18-03*

**COURT MINUTES/ORDER OF**

| DEFENDANT | CASE NUMBER | JUDGE | |
|---|---|---|---|
| *Green, Crosley* | *05-1989-CF-4942 AXXX-XX* | *LD* | **RESERVED FOR RECORDING** |

| CHARGES | TAPE | LOG |
|---|---|---|
| *order to Transport* | *03 58 v58* | *1520* |

| | |
|---|---|
| CLERK | *Soelu C. Price M* |
| CLERK | *Miller B, Wills T* |
| REPORTER | |
| COURT DEPUTY | |
| COURT DEPUTY | *Martin* |
| DEFENSE COUNSEL | *Durbin* |
| STATE ATTORNEY | |
| PTR REPRESENTATIVE | |

AMENDED CHARGE:
☐ STATE ☐ COURT

| **DEFENDANT** | | **STATE ACTION** | | **NEXT COURT APPEARANCE** | |
|---|---|---|---|---|---|
| **PRESENT** | **NOT PRESENT** | NOLLE PROSEQUI          COUNT(S) | | SECOND APPEARANCE | VOP ARRAIGNMENT |
| WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF | PRESENTED NO EVIDENCE          COUNT(S) | | CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| ☒ WITH COUNSEL | | NOTICE OF NO INFORMATION   COUNT(S) | | VOP HEARING | NON JURY TRIAL |
| ☒ ADVISED OF RIGHTS AND CHARGES | | REDUCED TO MISDEMEANOR | | PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| WAIVED SPEEDY TRIAL | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL | WRITTEN | ORAL | ☒ HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| | | UPGRADED TO FELONY | | PLEA | SENTENCING | TO BE NOTIFIED |
| **WARRANTS** | | **PLEA** | | | | |
| DEPUTY | PRESENT & | NOT GUILTY | NOLO CONTENDERE | GUILTY | STATUS CONFERENCE | DOCKET SOUNDING |
| FILED LOCAL AFFIDAVIT & WARRANT | | ORIGINAL WITHDRAWN | IN ABSENTIA | CONTINUED BY | JURY TRIAL |
| ADVISED COURT DEFENDANT RECEIVED | | LESSER INCLUDED OFFENSE | | COURT | STATE | PD/ATTY |
| BY | | **VERDICT** | | REASON | |
| ON | AUTHORITIES | JURY RETURNED WITH VERDICT OF | | ☒ PREVIOUSLY SET | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | | GUILTY | NOT GUILTY | DATE *4-24-03* TIME *9 AM* | |
| | | COURT FOUND DEFENDANT TO BE | | VIERA | TITUSVILLE |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | | GUILTY | NOT GUILTY | MELBOURNE | SHARPES |
| ADVISED GOVERNOR'S WARRANT SERVED | | **COURT ACTION** | | DIVISION          JUDGE | *BJ* |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | | ACCEPTED PLEA | ARRAIGNED | ACKNOWLEDGED | |
| **FAILURE TO APPEAR** | | ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control | _____(DEFENDANT/ATTORNEY SIGNATURE) | |
| COURT ORDERED | | PREVIOUSLY | | I, hereby certify that a copy hereof has been sent to: | |
| BENCH WARRANT | INSTANTER | ISSUE OTSC | WITHHELD ADJUDICA-TION OF GUILT | _____Conditions_____ | |
| BOND AMOUNT $ | Cash or Surety | DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT | |
| JUVENILE BENCH WARRANT | | SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR | | FINE | CS | |
| **ATTORNEY** | | ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT | |
| DEFENDANT DETERMINED | | CLERK TO SUBPOENA ALL PARTIES | | |
| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT | **LICENSE ACTION** | | **BOND INFO OUT OF CUSTODY** | |
| COURT APPOINTED | COST PURPOSES ONLY | REVOKED | SUSPENDED | NUMBER-TYPE-AMOUNT | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | MONTHS | YEARS | SATISFIED/RELEASED | |
| CONFLICT ATTORNEY | | RE-EXAMINATION REQUIRED | | FORFEIT IN FULL SATISFACTION (CASH BOND) | |
| DEFENDANT WAIVED COUNSEL | | BY COURT RE: | | SURETY/CASH BOND FORFEITED | |
| COURT TOOK NO ACTION AS TO COUNSEL | | CONFISCATED BY COURT | | FORFEITURE          DISCHARGED DATED | |
| COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION | | **LIBERTY STATUS** | | | |
| COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL | | CASH | ORDER | DEDUCT $ | |
| NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED | | SURETY | ROR | REFUND BALANCE TO DEPOSITOR | |
| | | UNSECURED | PTR | BALANCE OF FINE TO BE PAID | |
| NOTICE OF APPEAL FILED IN OPEN COURT | | SECURED SIGNATURE | SUMMONS | **CHARGES/CASE # CHANGES** | |
| NOA/CAF NOT FILED AS OF THIS DATE | | CITATION | NOTICE TO APPEAR | ORIGINAL CHARGES LISTED ON THE ARREST | |
| Failure to appear will result in a Bench Warrant being issued for your arrest. | | DISCHARGED | CANCEL BENCH WARRANT | AFFIDAVIT(923.01) HAVE BEEN CHANGED | |
| | | BENCH WARRANT/CAPIAS RECALLED ON: | | | |
| DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action. | | DEPUTY NOTIFIED | | FORMER CASE # *003502* | |
| | | BY CLERK | | | |

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDE**
BREVARD COUNTY, FLORIDA - PAGE 2

DATE. 4-18-03

RESERVED FOR RECORDING

| DEFENDANT | CASE NUMBER |
|---|---|
| Green, Crosley | 05-1989-CF-4942-Axxx-6 |

## JAIL | Status of | ASSESSMENTS

☐ Probation ☐ Community Control

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |
| CONCURRENT W/ | |
| | ANY PENDING SENTENCE |
| CONSECUTIVE W/ | |
| | ANY PENDING SENTENCE |
| COMMENCING | |
| WEEKENDS/FARM (See Supplemental Order) | |
| NO GAIN TIME | |

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

### Status of
| | |
|---|---|
| REVOKED | MODIFIED |
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

### ORDER OF THE COURT
| | |
|---|---|
| PROBABLE CAUSE | NO PROBABLE CAUSE |
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |
| PSYCHIATRIC | MEDICAL |
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD | HIV | HEPATITIS |

### ASSESSMENTS
| COUNT(S) | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

**TOTAL**
$ _____

**Payable on or before** _____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment
FTA NOT DISMISSED | FTA DISMISSED

$ _____ SUSPEND ALL BUT $ _____

### ADDITIONAL ASSESSMENTS
$ _____ INVESTIGATIVE COST FOR _____ (Agency)

PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

**Investigative Costs and Public Defender Liens must be paid to the Clerk of Court**

## CONDITIONS
☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA _____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in _____ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid DL |
| | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL: _____ w/in _____ DAYS

| |
|---|
| ABIDE BY ALL LAWS |
| MAKE ALL COURT APPEARANCES |
| REMAIN IN BREVARD COUNTY |
| REMAIN IN CONTACT WITH ATTORNEY |
| NO CONTACT WITH VICTIM(S): |

| CURFEW | M TO | M |
|---|---|---|
| SEE REMARKS | | |
| HOUSE ARREST | DAYS | |

### BOND INFORMATION IN CUSTODY
| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE | |

PERSONAL SURETY:

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| |
|---|
| ROR |
| State did not file Information within 33 days |
| NO ACTION TAKEN AS TO BOND AMOUNT |
| RELEASED/DISCHARGED |
| NO BOND |
| UNTIL FURTHER ORDER OF COURT |
| DUE TO NATURE OF OFFENSE |
| UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |

### ASSESSMENT ALTERNATIVES
_____ HRS COMMUNITY SERVICE CONVERTED TO $ _____ PAYABLE BY _____

FINE CONVERTED TO $ _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____

MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____

**COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS**

## REMARKS

I certify that a copy of hereof has been furnished on 4-18-03 to the:
☐ defendant by ☐ hand delivery ☐ mail
☐ public defender/defense attorney by ☐ hand delivery ☐ mail
☐ state attorney by ☐ hand delivery ☐ mail
☐ bonding agency ☐ hand delivery ☐ mail

BM
Deputy Clerk

DONE AND ORDERED THIS _____ DAY OF April , 2003 , IN

BREVARD COUNTY, FLORIDA

AND FILED IN OPEN COURT _____ A.M.

DEFENDANT'S NAME AND ADDRESS:

000503

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134   ORIGINAL-COURT FILE   [ ] Sheriff: Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant
(REV. 10/2001)



**STATE OF FLORIDA**
**LAW OFFICE OF THE**
**CAPITAL COLLATERAL**
**REGIONAL COUNSEL**
**MIDDLE REGION**

**BILL JENNINGS**
CAPITAL COLLATERAL REGIONAL COUNSEL

**VICKI BUTTS**
EXECUTIVE DIRECTOR

April 16, 2003

ATTN: Scott Ellis
Clerk of the Circuit Court
Eighteenth Judicial Circuit - Brevard County
700 Park Avenue, Building #4
Titusville, Florida 32780

Re:   *State of Florida v. Crosley A. Green*
      *Case No. 89-4942-CFA*

Dear Clerk:

Enclosed for immediate filing in the above-captioned case are:

      (1).   Original of State's Stipulation;

      (2).   Copies of the first and last pages of the above referenced document for return to CCRC-Middle after date-stamping and filing; and

      (3).   A pre-addressed, stamped envelope for use in returning the date-stamped pages to us.

We request that you please return the date stamped pages to CCRC-Middle in the enclosed pre-addressed stamped envelope after the completion of filing.

A copy has been provided by first class mail to opposing counsel of record.

Thank you for your assistance in this matter.

Sincerely,

Mark S. Gruber
Assistant CCC

/psh

Enclosure

003504

PAGE _____ OF _____

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

## WITNESS/TESTIMONY LOG

**CASE NUMBER** 05-P89CF 4942-AXXX-XX

☐ PETITIONER
☐ PLAINTIFF
☒ STATE

☒ DEFENDANT
☐ JUVENILE
☐ RESPONDENT

**FILED IN OPEN COURT**
This 24th day of
April 2003
at _____ M.

_State of Florida_

_Crosley Alexander Green_

**CLERK OF COURTS**
BY _Dmon_ DC

---

TAPE # _____        LOG # _____

☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _Sheila Green_          ☒ C   ☒ S   ☒ T

Time: Start 10:50 A.M.   End 10:57 A.M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____        LOG # _____

☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _Terry Spruill_          ☒ C   ☒ S   ☒ T

Time: Start 2:21 P.M.   End 2:42 P.M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____        LOG # _____

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____          ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____        LOG # _____

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____          ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____        LOG # _____

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____          ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

_JANICE WILLIAMS_

LAW 380 (REV. 3/01)
[ ]DEFENDANT   [ ]JUVENILE   [ ]PETITIONER   [ ]PLAINTIFF   [ ]RESPONDENT   [ ]STATE   [ ]PD/DEP

003505

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL ☒ CRIMINAL ☐ JUVENILE ☐ TRAFFIC ☐ CR ☐ CV | **EVIDENCE/EXHIBIT LOG** | 05-1999-CF-4942-AXXX-XX |

FILED IN OPEN COURT
This _24th_ day of
_April_ , 20_03_
at _____ M.

| ☐ PETITIONER ☒ PLAINTIFF | ☐ RESPONDENT ☒ DEFENDANT |
|---|---|
| State of Florida | Crosley Alexander Green |
| ☐ STATE ATTORNEY | ☒ DEFENSE COUNSEL |
| Chris White  Wayne Holmes | Mark Gruber |

CLERK OF COURTS

BY _DMoss_ DC

| LOCATION Viera | JUDGE Bruce W Jacobus | SHELF | BIN |
|---|---|---|---|

| EX | ID | ☐ PLAINTIFF ☐ PETITIONER ☒ STATE ATTORNEY | EX | ID | ☐ RESPONDENT ☒ DEFENDANT |
|---|---|---|---|---|---|
| | | | | A | Video Tape  48 hours Tape |
| | | | | B | Video Tape  Interview 8/99 4 Crosley Green |
| | | | 3 | C | Transcript of Broadcast of 48 Hour 4 Dan Rather |
| | | | 1 | D | Video Taped Statement Sheila Green |
| | | | 2 | | Affidavit of Sheila Green |
| | | | | | |
| | | | | | |
| | | | | | |

**VERDICT:** ☐ GUILTY   ☐ NOT GUILTY   ☐ PLEA   ☐ MISTRIAL

I, _____, do hereby acknowledge receipt of the above items of
evidence from _____ this _____ day of _____, 20____.

I, _____, do hereby acknowledge receipt of the above items of
evidence from _____ this _____ day of _____, 20____.

| Re-verified on _____ | By_____ | Sent to _____ For _____ |
|---|---|---|
| Re-verified on _____ | By_____ | Returned from _____ On _____ |
| Re-verified on _____ | By_____ | Re-verified on _____ By _____ |

JANICE WILLIAMS
6/06

LAW 158
(REV. 3/01)

003506

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY,
FLORIDA

FILED IN OPEN COURT

This 24th day of April A.D 2003

TIME:

By OMonl D.C.

STATE OF FLORIDA,
    Plaintiff,

vs.

CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,
    Defendant.

_____ /

## STATE'S SUPPLEMENTAL WITNESS LIST FOR EVIDENTIARY HEARING

        COMES NOW THE STATE OF FLORIDA by and through the undersigned

Assistant State Attorney and gives notice of the following additional witness that the State

may call at the evidentiary hearing scheduled for April 24th, 2003, in this cause:

SAO Investigator Tom Williams
Office of State Attorney
Norman R. Wolfinger
Viera, FL

See the attached copy of the summary of his statement to FDLE which reflects his
knowledge of this case.

        Respectfully submitted,

        NORMAN R. WOLFINGER
        STATE ATTORNEY

BY: _____
        Christopher R. White
        Assistant State Attorney
        Bar No. 203289
        100 East First Street
        Sanford, Florida 32771
        (407) 665-6410

000507

JANICE WILLIAMS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished by mail to Doug Squire, Office of the Attorney General, 444 Seabreeze Blvd., 5th Floor, Daytona Beach, Fl 3211, Mr. Mark S. Gruber, Office of the Capital Collateral Regional Counsel, Middle, 3801 Corporex Park Drive, Suite 210, Tampa, FL 33619 and Judge Bruce W. Jacobus, 2825 Judge Fran Jamieson Way, Viera, Florida 32940 on April 23, 2003.

NORMAN R. WOLFINGER
STATE ATTORNEY

BY: _____
CHRISTOPHER R. WHITE
ASSISTANT STATE ATTORNEY

003503

☐ AMENDED

BREVARD COUNTY, FLORIDA

# COURT MINUTES/ORDER OF HEARING

DATE: 04/24/2003

RESERVED FOR RECORDING

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | |

| CHARGES | TAPE | DJ LOG |
|---|---|---|
| Evidentuary Hrg - 3.850 | 2003 | |

CLERK Moon
CLERK
REPORTER Fiorillo
COURT DEPUTY Weiand, Stewart
COURT DEPUTY
DEFENSE COUNSEL Gruber, Hendry, Gaynard
STATE ATTORNEY White, Holmes
PTR REPRESENTATIVE

AMENDED CHARGE:
☐ STATE ☐ COURT

## DEFENDANT

X PRESENT | NOT PRESENT
WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF
X WITH COUNSEL
ADVISED OF RIGHTS AND CHARGES
WAIVED SPEEDY TRIAL | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL

## STATE ACTION

NOLLE PROSEQUI COUNT(S)
PRESENTED NO EVIDENCE COUNT(S)
NOTICE OF NO INFORMATION COUNT(S)
WRITTEN | ORAL
REDUCED TO MISDEMEANOR
UPGRADED TO FELONY

## NEXT COURT APPEARANCE

SECOND APPEARANCE | VOP ARRAIGNMENT
CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING
VOP HEARING | NON JURY TRIAL
PRE-TRIAL CONFERENCE | PAY OR APPEAR
HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS
PLEA | SENTENCING | TO BE NOTIFIED
STATUS CONFERENCE | DOCKET SOUNDING
CONTINUED BY | JURY TRIAL
COURT | STATE | PD/ATTY
REASON
PREVIOUSLY SET
DATE TIME
VIERA | TITUSVILLE
MELBOURNE | SHARPES
DIVISION JUDGE
ACKNOWLEDGED

(DEFENDANT/ATTORNEY SIGNATURE)

I, hereby certify that a copy hereof has been sent to:

## WARRANTS

DEPUTY PRESENT &
FILED LOCAL AFFIDAVIT & WARRANT
ADVISED COURT DEFENDANT RECEIVED
BY ______ AUTHORITIES
ON ______
TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED
ADVISED FOREIGN COURT WILL NOT EXTRADITE
ADVISED GOVERNOR'S WARRANT SERVED
DEFENDANT SIGNED WAIVER OF EXTRADITION

## PLEA

NOT GUILTY | NOLO CONTENDERE | GUILTY
ORIGINAL WITHDRAWN | IN ABSENTIA
LESSER INCLUDED OFFENSE

## VERDICT

JURY RETURNED WITH VERDICT OF
GUILTY | NOT GUILTY
COURT FOUND DEFENDANT TO BE
GUILTY | NOT GUILTY

## FAILURE TO APPEAR

COURT ORDERED
BENCH WARRANT | INSTANTER | ISSUE OTSC
BOND AMOUNT $ | Cash or Surety
JUVENILE BENCH WARRANT
CAPIAS | SUSPEND D.L. | NO ROR OR PTR

## COURT ACTION

ACCEPTED PLEA | ARRAIGNED
ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control
PREVIOUSLY | Conditions
WITHHELD ADJUDICATION OF GUILT | FOUND DEFENDANT IN CONTEMPT OF COURT
DISMISSED (CTS)
SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL
FINE | CS
ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT
CLERK TO SUBPOENA ALL PARTIES

## ATTORNEY

DEFENDANT DETERMINED
INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT
COURT APPOINTED | COST PURPOSES ONLY
PUBLIC DEFENDER | APPEAL PURPOSES ONLY
CONFLICT ATTORNEY
DEFENDANT WAIVED COUNSEL
COURT TOOK NO ACTION AS TO COUNSEL
COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION
COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL
NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED
NOTICE OF APPEAL FILED IN OPEN COURT
NOA/CAF NOT FILED AS OF THIS DATE

## LICENSE ACTION

REVOKED | SUSPENDED
MONTHS YEARS
RE-EXAMINATION REQUIRED BY COURT RE:
CONFISCATED BY COURT

## LIBERTY STATUS

CASH | ORDER
SURETY | ROR
UNSECURED | PTR
SECURED SIGNATURE | SUMMONS
CITATION | NOTICE TO APPEAR
DISCHARGED | CANCEL BENCH WARRANT
BENCH WARRANT/CAPIAS RECALLED ON:
DEPUTY NOTIFIED
BY CLERK

## BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT
SATISFIED/RELEASED
FORFEIT IN FULL SATISFACTION (CASH BOND)
SURETY/CASH BOND FORFEITED
FORFEITURE DATED | DISCHARGED
DEDUCT $
REFUND BALANCE TO DEPOSITOR
BALANCE OF FINE TO BE PAID

## CHARGES/CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT(923.01) HAVE BEEN CHANGED
FORMER CASE # 8904942CF

JANICE WILLIAMS 608

***Failure to appear will result in a Bench Warrant being issued for your arrest.***

**DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.**

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

DATE: 04/24/2003

RESERVED FOR RECORDING

| DEFENDANT | CASE NUMBER |
|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX |

## JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
☐ ANY PENDING SENTENCE
CONSECUTIVE W/
☐ ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA _____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in _____ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid license |
| | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL:
_____ w/in _____ DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):

CURFEW _____ M TO _____ M
☐ SEE REMARKS
HOUSE ARREST _____ DAYS

REMARKS

## Status of
☐ Probation ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|

NO IMPRISONMENT STATEMENT
FINGERPRINTED IN OPEN COURT

| PSI | PRE-PLEA PSI |
|---|---|
| Full | Short Form | Prior Record Only |

CRIMINAL HISTORY

| EVALUATION ORDERED | File Copy w/ Court |
|---|---|
| PSYCHIATRIC | MEDICAL |
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD | HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |

PERSONAL SURETY:

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
☐ State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
☐ UNTIL FURTHER ORDER OF COURT
☐ DUE TO NATURE OF OFFENSE
☐ UNTIL EVALUATION COMPLETE
X REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

COUNT(S)

| | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

**TOTAL**
$ _____

**Payable on or before** _____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

**Investigative Costs and Public Defender Liens must be paid to the Clerk of Court**

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
**COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS**

I certify that a copy of hereof has been furnished on 4-24-03 to the:
☐ defendant by ☐ hand delivery ☐ mail
☐ public defender/defense attorney by ☐ hand delivery ☐ mail
☐ state attorney by ☐ hand delivery ☐ mail
☐ bonding agency ☐ hand delivery ☐ mail

DM
Deputy Clerk

DONE AND ORDERED THIS 24th DAY
OF April , 20 03 , IN
MOORE JUSTICE CENTER
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN /487879
3658 BRACRIFF

003510

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 10/2001)   ORIGINAL-COURT FILE   [ ] Sheriff: Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant

Page ___ of ___

| NAME | ORDER/MINUTES OF | CASE NUMBER |
|---|---|---|
| Crosley Alexander Green | April 24, 2003 | 05-1991 CF 4942-AXXX-XX |

**MOTIONS**

☒ This matter coming to be heard on the Motion to/for _Evidentuary – Recanting Testimony_
filed by _Defense_ and the Court having considered same,
IT IS ORDERED that the foregoing Motion is:
☐ GRANTED ☐ DENIED ☐ RESERVED RULING ☐ CONTINUED TO
DATE : _____ TIME : _____ LOCATION : _____
with the following conditions: _Witness appt'd counsel, advised & invoked 5th Amend._
_No further action taken._

☐ COURT _____
☐ ATTORNEY _____ to prepare and submit Order by
_____ , _____

☐ This matter coming to be heard on the Motion to/for _____
filed by _____ and the Court having considered same,
IT IS ORDERED that the foregoing Motion is:
☐ GRANTED ☐ DENIED ☐ RESERVED RULING ☐ CONTINUED TO
DATE : _____ TIME : _____ LOCATION : _____
with the following conditions: _____

☐ COURT _____
☐ ATTORNEY _____ to prepare and submit Order by
_____ , _____

☐ This matter coming to be heard on the Motion to/for _____
filed by _____ and the Court having considered same,
IT IS ORDERED that the foregoing Motion is:
☐ GRANTED ☐ DENIED ☐ RESERVED RULING ☐ CONTINUED TO
DATE : _____ TIME : _____ LOCATION : _____
with the following conditions: _____

☐ COURT _____
☐ ATTORNEY _____ to prepare and submit Order by
_____ , _____

| DONE AND ORDERED BREVARD COUNTY, FLORIDA | | DATE |
|---|---|---|
| | JUDGE | |

LAW 194
(REV. 05/2002)

003511

☐ AMENDED
BREVARD COUNTY, FLORIDA
DATE: 04/25/2003

**COURT MINUTES/ORDER OF HEARING**

RESERVED FOR RECORDING

| DEFENDANT | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | |

| CHARGES | TAPE | LOG |
|---|---|---|
| Evidentuary hrg 3.850 | 2003 | |

| CLERK | Moon |
|---|---|
| CLERK | |
| REPORTER | Fidsillo |
| COURT DEPUTY | Gingro |
| COURT DEPUTY | |
| DEFENSE COUNSEL | Gruber |
| STATE ATTORNEY | White |
| PTR REPRESENTATIVE | |

**AMENDED CHARGE:**
☐ STATE ☐ COURT

## DEFENDANT
| X PRESENT | NOT PRESENT |
|---|---|
| WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| X WITH COUNSEL | |
| ADVISED OF RIGHTS AND CHARGES | |
| WAIVED SPEEDY TRIAL | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

### WARRANTS
| DEPUTY | PRESENT & |
|---|---|
| FILED LOCAL AFFIDAVIT & WARRANT | |
| ADVISED COURT DEFENDANT RECEIVED | |
| BY | AUTHORITIES |
| ON | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| ADVISED GOVERNOR'S WARRANT SERVED | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | |

### FAILURE TO APPEAR
COURT ORDERED
| BENCH WARRANT | INSTANTER | ISSUE OTSC |
|---|---|---|
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

### ATTORNEY
DEFENDANT DETERMINED
| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | |

DEFENDANT WAIVED COUNSEL
COURT TOOK NO ACTION AS TO COUNSEL
COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION
COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL
NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED
NOTICE OF APPEAL FILED IN OPEN COURT
NOA/CAF NOT FILED AS OF THIS DATE

Failure to appear will result in a Bench Warrant being issued for your arrest.
DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from and proceeding in which the court may take such action.

## STATE ACTION
| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| X WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

### PLEA
| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

### VERDICT
JURY RETURNED WITH VERDICT OF
| COURT FOUND DEFENDANT TO BE | |
|---|---|
| GUILTY | NOT GUILTY |

### COURT ACTION
| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| PREVIOUSLY | |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

### LICENSE ACTION
| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

### LIBERTY STATUS
| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |
| DEPUTY NOTIFIED | |
| BY CLERK | |

## NEXT COURT APPEARANCE
| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| VOP HEARING | NON JURY TRIAL |
| PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| X HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| PLEA | SENTENCING | X TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

| REASON | |
|---|---|
| PREVIOUSLY SET | |

| DATE | TIME |
|---|---|
| VIERA | TITUSVILLE |
| MELBOURNE | SHARPES |

| DIVISION | X | JUDGE | B |
|---|---|---|---|
| ACKNOWLEDGED | | | |

(DEFENDANT/ATTORNEY SIGNATURE)
I, hereby certify that a copy hereof has been sent to:

### BOND INFO OUT OF CUSTODY
NUMBER-TYPE-AMOUNT
| SATISFIED/RELEASED |
|---|
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE DATED | DISCHARGED |
| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

### CHARGES/CASE # CHANGES
ORIGINAL CHARGES LISTED ON THE ARREST
AFFIDAVIT (923.01) HAVE BEEN CHANGED
FORMER CASE #
8904942

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

000512

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

DATE: 04/25/2003

RESERVED FOR RECORDING

| DEFENDANT | CASE NUMBER |
|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX |

## JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER ▾ |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |
| CONCURRENT W/ | |
| ANY PENDING SENTENCE | |
| CONSECUTIVE W/ | |
| ANY PENDING SENTENCE | |
| COMMENCING | |
| WEEKENDS/FARM (See Supplemental Order) | |
| NO GAIN TIME | |

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| | |
|---|---|
| SUPERVISED | UNSUPERVISED |
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |

| AA/NA _____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in _____ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid |
| | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL:
_____ w/in _____ DAYS

| |
|---|
| ABIDE BY ALL LAWS |
| MAKE ALL COURT APPEARANCES |
| REMAIN IN BREVARD COUNTY |
| REMAIN IN CONTACT WITH ATTORNEY |
| NO CONTACT WITH VICTIM(S): |

CURFEW _____ M TO _____ M
SEE REMARKS
HOUSE ARREST _____ DAYS

REMARKS: Transport def back to DOC
4-25-03

I certify that a copy of hereof has been furnished on _____ to the:
☑ defendant by          ☑ hand delivery ☐ mail
☑ public defender/defense attorney by   ☐ hand delivery ☐ mail
☑ state attorney by       ☐ hand delivery ☐ mail
☐ bonding agency '       ☑ hand delivery ☐ mail

DEFENDANT'S NAME AND ADDRESS:

CROSLEY ALEXANDER GREEN   /487879
3658 BRACRIFF

## Status of
☐ Probation ☐ Community Control

| | |
|---|---|
| REVOKED | MODIFIED |
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| | Satisfactorily / Unsatisfactorily |
| | Cancel Cost of Supervision Fees / Cancel Schools |
| | Fines and Court Costs to Remain Outstanding |
| | No Outstanding Conditions |

## ORDER OF THE COURT

| | |
|---|---|
| PROBABLE CAUSE | NO PROBABLE CAUSE |
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full / Short Form | Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |
| PSYCHIATRIC | MEDICAL |
| 24 HOUR SCREENING | DETENTION FACILITY |
| FORENSICS | TASC |
| MENTAL HEALTH CENTER | CIRCLES OF CARE |
| | SEE REMARKS |
| STD / HIV | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE | |

PERSONAL SURETY:

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| |
|---|
| ROR |
| State did not file Information within 33 days |
| NO ACTION TAKEN AS TO BOND AMOUNT |
| RELEASED/DISCHARGED |
| NO BOND |
| UNTIL FURTHER ORDER OF COURT |
| DUE TO NATURE OF OFFENSE |
| UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.011) ONLY |

## ASSESSMENTS

| | COUNT(S) | | | |
|---|---|---|---|---|
| Fine | | | | |
| Waive C/C | | | | |
| Suspend | | | | |
| Court Costs | | | | |
| Late Chg | | | | |
| Other | | | | |

**TOTAL**
$ _____

**Payable on or before**
Payment Information Shown on Reverse Side

| Fine/Court Costs Reduced to a Civil Judgment | |
|---|---|
| FTA NOT DISMISSED | FTA DISMISSED |
| $ _____ SUSPEND ALL BUT $ _____ | |

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE
COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE
RATE OF $ _____ PER HOUR IN LIEU
OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

DONE AND ORDERED THIS 25th DAY
OF April , 20 03 , IN
MOORE JUSTICE CENTER
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

003513

JUDGE/OFFICIAL/DEPUTY CLERK

DM
Deputy Clerk

LAW 134   ORIGINAL-COURT FILE  [ ] Sheriff/Warrants  [ ] Criminal Law  [ ] Probation/Community Service/Other  [ ] Judicial Assistant
(REV. 10/2001)

25 VOL

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

        Plaintiff,

v.

CROSLEY A. GREEN,

        Defendant.

_____/

FILED IN VIERA-06
CLERK OF CIR. CT.
BREVARD CO. FL.

2003 JUN 23  P 4: 11

SCOTT ELLIS

NOTICE TO APPEAR
AT STATUS CONFERENCE

**TO:**   Mark S. Gruber & David Hendry
      Capital Collateral Rep.
      Middle Region
      3801 Corporex Dr. Ste. 210
      Tampa, Florida 33169-1136
      Tel. (813) 740-3544
      Fax: (813) 740-3554
      Fax (SC): 512-1120

Chris White & Wayne Holmes
 Office of the State Attorney
100 First Street
Sanford, Florida 32771
Tel. (407) 322-7534 ext. 6410
 Fax: (407) 665-6004

Douglas Squire
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Blvd., Suite 500
Daytona Beach, Florida 32118
Tel. (386) 238-4990

Notice is hereby given that a Status Conference has been scheduled by

this Court in the above-styled case on **July 30, 2003** at **8:30 A.M.** at the Moore

Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida 32940. **MR.**

**CHRISTOPHER WHITE IS RESPONSIBLE FOR COORDINATING THE**

**"MEET-ME" CALL AND ENSURING THAT ALL PARTIES, INCLUDING THE**

0C3514

State v. Green                                          Case No. 05-1989-CF-004942-AXXX-XX

COURT, ARE GIVEN THE NUMBER TO DIAL.  PARTIES NOT APPEARING

BY  TELEPHONE  ARE  EXPECTED  TO  APPEAR  IN  PERSON  FOR  THE

STATUS CONFERENCE.

      **DONE AND ORDERED** at the Moore Justice Center, Viera, Brevard

County, Florida, this _____23ʳᵈ_____ day of _____June_____, 2003.

                                                            **BRUCE JACOBUS**
                                                            **CIRCUIT COURT JUDGE**



**ATTN:  PERSONS WITH DISABILITIES.  If you are a person with a disability who needs accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Court Administration at 2825 Judge Fran Jamieson Way, 3ʳᵈ Floor, Viera, FL 32940-8006, (321) 633-2171 ext. 2 within two working days of your receipt of this notice. If you are hearing or voice  impaired, call 1-800-955-8711.**

<u>CERTIFICATE OF SERVICE</u>

      I do hereby certify that copies of the above Notice were provided to the persons at their respective addresses as outlined above by U.S. Mail this _____23_____ day of _____June_____, 2003.

Deborah Ryan
Judicial Assistant
Moore Justice Center
2825 Judge Fran Jamieson Way
Viera, Florida  32940

2

000515

☐ AMENDED

BREVARD COUNTY, FLORIDA

DATE: 07/30/2003

**COURT MINUTES/ORDER OF HEARING**

**RESERVED FOR RECORDING**

| DEFENDANT DOB | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | BJ |

| CHARGES | TAPE | LOG |
|---|---|---|
| 3.850 | 2003 | |

| | |
|---|---|
| CLERK | Moon |
| CLERK | |
| REPORTER | D Souza |
| COURT DEPUTY | Niland |
| COURT DEPUTY | |
| DEFENSE COUNSEL | M Gruber |
| STATE ATTORNEY | C White |
| PTR REPRESENTATIVE | |

**AMENDED CHARGE:**
☐ STATE ☐ COURT

## DEFENDANT

X PRESENT / NOT PRESENT

- WITHOUT COUNSEL
- COUNSEL PRESENT IN DEFENDANT'S BEHALF
- X WITH COUNSEL
- ADVISED OF RIGHTS AND CHARGES
- WAIVED SPEEDY TRIAL
- PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL

## WARRANTS

| DEPUTY | PRESENT & |
|---|---|
| FILED LOCAL AFFIDAVIT & WARRANT | |
| ADVISED COURT DEFENDANT RECEIVED | |
| BY | AUTHORITIES |
| ON | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| ADVISED GOVERNOR'S WARRANT SERVED | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | |

## FAILURE TO APPEAR

COURT ORDERED

| BENCH WARRANT | INSTANTER | ISSUE OTSC |
|---|---|---|
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

## ATTORNEY

DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | |

DEFENDANT WAIVED COUNSEL

COURT TOOK NO ACTION AS TO COUNSEL

COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION

COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL

NOTICE OF APPEARANCE, OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED

NOTICE OF APPEAL FILED IN OPEN COURT

NOA/CAF NOT FILED AS OF THIS DATE

**Failure to appear will result in a Bench Warrant being issued for your arrest.**

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

## PLEA

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

## VERDICT

| JURY RETURNED WITH VERDICT OF | |
|---|---|
| GUILTY | NOT GUILTY |
| COURT FOUND DEFENDANT TO BE | |
| GUILTY | NOT GUILTY |

## COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| PREVIOUSLY | |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

## LICENSE ACTION

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

## LIBERTY STATUS

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |

| DEPUTY NOTIFIED | |
|---|---|
| BY CLERK | |

## NEXT COURT APPEARANCE

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| VOP HEARING | NON JURY TRIAL |
| PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

REASON  PREVIOUSLY SET

| DATE | | TIME |
|---|---|---|
| | VIERA | TITUSVILLE |
| | MELBOURNE | SHARPES |

| DIVISION | JUDGE |
|---|---|
| ACKNOWLEDGED | |

(DEFENDANT/ATTORNEY SIGNATURE)

I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT

| SATISFIED/RELEASED |
|---|
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE | DISCHARGED |
| DATED | |
| DEDUCT $ | |
| REFUND BALANCE TO DEPOSITOR | |
| BALANCE OF FINE TO BE PAID | |

## CHARGES/CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT(923.01) HAVE BEEN CHANGED

FORMER CASE # 8904942CFA

000518

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

07/30/2003

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

RESERVED FOR RECORDING

| DEFENDANT | DOB | CASE NUMBER |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | | 05-1989-CF-004942-AXXX-XX |

## JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
☐ ANY PENDING SENTENCE
CONSECUTIVE W/
☐ ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |

| AA/NA ___ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in ___ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid DL |
| | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL:
___ w/in ___ DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):
Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer.
CURFEW ___ M TO ___ M
SEE REMARKS
HOUSE ARREST ___ DAYS

REMARKS: _Status the Ct to from counsel Ct instructed_
_Counsel to obtain the fine_   7-30-03
I certify that a copy of hereof has been furnished on ___ to the:
☐ defendant by ☐ hand delivery ☐ mail
☐ public defender/defense attorney by ☐ hand delivery ☐ mail
☐ state attorney by ☐ hand delivery ☐ mail
☐ bonding agency ☐ hand delivery ☐ mail

_Gruber to do transport order_

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN  /487879
3658 BRACRIFF

## Status of
☐ Probation ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding |
| | No Outstanding Conditions |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | |

EVALUATION ORDERED   File Copy w/ Court

| Psychiatric | Psychological | Substance Abuse |
|---|---|---|
| 24 HOUR SCREENING | DETENTION FACILITY |
| CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | |
| | HIV | STD | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| | | CASH |
| $ | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |

PERSONAL SURETY:

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
UNTIL FURTHER ORDER OF COURT
DUE TO NATURE OF OFFENSE
UNTIL EVALUATION COMPLETE
☒ REMANDED   AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

| | COUNT(S) | | | |
|---|---|---|---|---|
| Fine | | | | |
| Waive C/C | | | | |
| Suspend | | | | |
| Court Costs | | | | |
| Late Chg | | | | |
| Other | | | | |

**TOTAL**
$ ___

**Payable on or before** ___
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment
FTA NOT DISMISSED | FTA DISMISSED
$ ___ SUSPEND ALL BUT $ ___

## ADDITIONAL ASSESSMENTS

$ ___ INVESTIGATIVE COST FOR ___ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ ___
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: ___
Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

___ HRS COMMUNITY SERVICE CONVERTED
TO $ ___ PAYABLE BY ___
FINE CONVERTED TO ___
COMMUNITY SERVICE HOURS TO BE COMPLETED BY ___
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ ___ PER HOUR IN LIEU OF FINE BY ___
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

DONE AND ORDERED THIS 30th DAY
OF July , 20 03 , IN
**MOORE JUSTICE CENTER**
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT ___ M.

003517

JUDGE/OFFICIAL/DEPUTY JUDGE

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

STATE OF FLORIDA,                    CASE NO. 89-4942-CFA
    Plaintiff,

    vs.

CROSLEY GREEN,
    Defendant.
_____/

## NOTICE OF HEARING

TO:  Mr. Mark Gruber               AAGO Doug Squire
      Office of the Capital Collateral    444 Seabreeze Blvd., 5th Floor
      Regional Counsel, Middle        Daytona Beach, Florida 32118
      3801 Corporex Park Dr., Suite 210,
      Tampa, FL 33619              ASA Wayne Holmes
                                  Office of the State Attorney
                                  2725 Judge Fran Jamieson Way, Bldg. D
                                  Viera, Florida 32940

You are hereby notified that the undersigned will call up for hearing:

**HEARING**:    EVIDENTIARY HEARING

**DATE**:       OCTOBER 28, 2003 and OCTOBER 29, 2003

**TIME**:       9:00 a.m.

**PLACE**:     BREVARD COUNTY COURTHOUSE – VIERA

**JUDGE**:    HONORABLE BRUCE W. JACOBUS

I HEREBY CERTIFY that a copy hereof has been furnished by mail delivery to the above at the above address on this _12_ day of August, 2003.

PLEASE GOVERN YOURSELF ACCORDINGLY.

                        NORMAN R. WOLFINGER
                        STATE ATTORNEY

                        BY: _____
                           CHRISTOPHER R. WHITE
                           ASSISTANT STATE ATTORNEY
                           FLORIDA BAR NO. 0203289
                           100 EAST FIRST STREET
                           SANFORD, FLORIDA 32771

SCOTT ELLIS

2003 AUG 18 P 12: 51

FILED IN OFFICE
VIERA BRANCH

000518

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

     Plaintiff,

vs.

CROSLEY GREEN,
     Defendant.

_____/

## ORDER FOR TRANSPORT of DEATH ROW INMATE

THIS CAUSE having come before the court this date and the court having been fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Sheriff of Brevard County, or his authorized deputies, transport **CROSLEY GREEN, DOC # 902925,** a **DEATH ROW INMATE** at Union Correctional Facility by OCTOBER 27, 2003 to the Brevard County Jail for a hearing on OCTOBER 28, 2003 AND OCTOBER 29, 2003, at 9:00 a.m. before the Honorable Judge Jacobus.

DONE AND ORDERED in Chambers in Viera, Brevard County, Florida on this _____, day of _____, 2003.

BRUCE W. JACOBUS
CIRCUIT JUDGE

COPIES TO:

Assistant State Attorney Chris White
Assistant State Attorney Wayne Holmes
Mark Gruber, CCRC-Middle, 3801 Corporex Park Dr., Ste 210, Tampa, FL 33619
Assistant Attorney General Mark Gruber
Brevard County Sheriff's Department

Jacobus
25 vol

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

CASE NO.  89-4942-CFA

STATE OF FLORIDA,

    Plaintiff,

vs.

CROSLEY GREEN,
    Defendant.

_____/

## ORDER FOR TRANSPORT of DEATH ROW INMATE

THIS CAUSE having come before the court this date and the court having been fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Sheriff of Brevard County, or his authorized deputies, transport **CROSLEY GREEN, DOC # 902925**, a **DEATH ROW INMATE** at Union Correctional Facility by OCTOBER 27, 2003 to the Brevard County Jail for a hearing on OCTOBER 28, 2003 AND OCTOBER 29, 2003, at 9:00 a.m. before the Honorable Judge Jacobus.

DONE AND ORDERED in Chambers in Viera, Brevard County, Florida on this 25th, day of _aug_, 2003.

BRUCE W. JACOBUS
CIRCUIT JUDGE

COPIES TO:

Assistant State Attorney Chris White  PR
Assistant State Attorney Wayne Holmes  DR
Mark Gruber, CCRC-Middle, 3801 Corporex Park Dr., Ste 210, Tampa, FL  33619  DR
Assistant Attorney General Mark Gruber
Brevard County Sheriff's Department  3 cert warrants  TOM  8-29-03

003520 613

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942CFA

STATE OF FLORIDA,

      Plaintiff,            Postconviction Death Penalty Case

v.

CROSLEY ALEXANDER GREEN,

      Defendant.

_____/

## MOTION FOR ORDER TO SHOW CAUSE WHY LONNIE HILLARY SHOULD NOT BE HELD IN CONTEMPT OF COURT

COMES NOW the defendant **CROSLEY ALEXANDER GREEN**, by and through undersigned counsel, and under authority of Fla. R. Crim. Proc. 3.840(a), respectfully moves this Honorable Court to issue an Order to Show Cause against Lonnie Hillary for his failure to obey a lawful subpoena for a scheduled evidentiary hearing in this case. In support thereof, Mr. Green states:

1. An evidentiary hearing was scheduled in this matter for Thursday, April 24, 2003 at 9:00 am in front of the Honorable Bruce W. Jacobus, Brevard County Circuit Court Judge. Lonnie Hillary is an essential witness in this matter. CCRC-M Investigator Rose Valdez lawfully served witness Lonnie Hillary (through his wife, Sonja Hillary) a subpoena for the above scheduled evidentiary hearing on April 9, 2003 at 4:45 pm. The subpoena clearly stated the place, date, and time of the hearing,

1

and additionally stated, "IF YOU FAIL TO APPEAR, YOU MAY BE IN CONTEMPT OF COURT." Lonnie Hillary failed to appear in court as commanded by the subpoena. The original subpoena and return of service was filed with the Court on April 15, 2003. Counsel for the Defense requests that this matter be addressed at the next scheduled evidentiary hearing date, Tuesday, October 28, 2003 at 9:00 am.

WHEREFORE, Mr. Green respectfully requests that this Court grant this Motion for Order to Show Cause against Lonnie Hillary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion for Order to Show Cause has been furnished by United States Mail, to all counsel of record this 15th day of September, 2003.

MARK S. GRUBER
Florida Bar No. 0330541

DAVID D. HENDRY
Florida Bar No. 0160016
 CAPITAL COLLATERAL REGIONAL
 COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619
(813) 740-3544
Attorneys for Mr. Green

2

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Moore Justice Center
2825 Judge Fran Jamieson Way
Courtroom 4C
Viera, FL 32940

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East 1st Street
Sanford, FL 32772

Wayne Holmes
Assistant State Attorney
Office of the State Attorney
2725 Judge Fran Jamieson Way, Building D
Viera, FL 32940-6605

Douglas T. Squire
Assistant Attorney General
444 Seabreeze Blvd.,5th Floor
Daytona Beach, FL 32118

Crosley Alexander Green
DOC #902925; P5202S
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

000523

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942CFA

STATE OF FLORIDA,

  Plaintiff,      Postconviction Death Penalty Case

v.

CROSLEY ALEXANDER GREEN,

  Defendant.

_____/

MOTION FOR ORDER TO SHOW CAUSE WHY JEROME MURRAY SHOULD NOT BE
HELD IN CONTEMPT OF COURT

COMES NOW the defendant CROSLEY ALEXANDER GREEN, by and through undersigned counsel, and under authority of Fla. R. Crim. Proc. 3.840(a), respectfully moves this Honorable Court to issue an Order to Show Cause against Jerome Murray for his failure to obey a lawful subpoena for a scheduled evidentiary hearing in this case. In support thereof, Mr. Green states:

1. An evidentiary hearing was scheduled in this matter for Thursday, April 24, 2003 at 9:00 am in front of the Honorable Bruce W. Jacobus, Brevard County Circuit Court Judge. Jerome Murray is an essential witness in this matter. CCRC-M Investigator Rose Valdez lawfully served witness Jerome Murray a subpoena for the above scheduled evidentiary hearing on April 9, 2003 at 3:15 pm. The subpoena clearly stated the place, date, and time of the hearing, and additionally stated, "IF YOU FAIL TO

1

APPEAR, YOU MAY BE IN CONTEMPT OF COURT." Jerome Murray failed
to appear in court as commanded by the subpoena. The original
subpoena and return of service was filed with the Court on April
15, 2003. Counsel for the Defense requests that this matter be
addressed at the next scheduled evidentiary hearing date,
Tuesday, October 28, 2003 at 9:00 am.

WHEREFORE, Mr. Green respectfully requests that this Court
grant this Motion for Order to Show Cause against Jerome Murray.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion
for Order to Show Cause has been furnished by United States Mail,
to all counsel of record this 5th day of September, 2003.

MARK S. GRUBER
Florida Bar No. 0330541

DAVID D. HENDRY
Florida Bar No. 0160016
 CAPITAL COLLATERAL REGIONAL
 COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619
(813) 740-3544
Attorneys for Mr. Green

2

003525

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Moore Justice Center
2825 Judge Fran Jamieson Way
Courtroom 4C
Viera, FL 32940

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East 1st Street
Sanford, FL 32772

Wayne Holmes
Assistant State Attorney
Office of the State Attorney
2725 Judge Fran Jamieson Way, Building D
Viera, FL 32940-6605

Douglas T. Squire
Assistant Attorney General
444 Seabreeze Blvd.,5th Floor
Daytona Beach, FL 32118

Crosley Alexander Green
DOC #902925; P5202S
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

3

Jacobus



**STATE OF FLORIDA**
**LAW OFFICE OF THE**
**CAPITAL COLLATERAL**
**REGIONAL COUNSEL**
**MIDDLE REGION**

**BILL JENNINGS**
CAPITAL COLLATERAL REGIONAL COUNSEL

**VICKI BUTTS**
EXECUTIVE DIRECTOR

September 18, 2003

ATTN: Scott Ellis
Clerk of the Circuit Court
Eighteenth Judicial Circuit - Brevard County
700 Park Avenue, Building #4
Titusville, Florida 32780

Re:   *State of Florida v. Crosley A. Green*
      *Case No. 89-4942-CFA*

Dear Clerk:

Enclosed for immediate filing in the above-captioned case are:

      (1).    Original of Defendant's Motion for Reconsideration Regarding Claim I;

      (2).    Copies of the first and last pages of the above referenced document for return to CCRC-Middle after date-stamping and filing; and

      (3).    A pre-addressed, stamped envelope for use in returning the date-stamped pages to us.

We request that you please return the date stamped pages to CCRC-Middle in the enclosed pre-addressed stamped envelope after the completion of filing.

A copy has been provided by first class mail to opposing counsel of record.

Thank you for your assistance in this matter.

Sincerely,

Mark S. Gruber
Assistant CCC

/psh
Enclosures
cc:    Honorable Bruce W. Jacobus, Circuit Court Judge
      Douglas T. Squire, Assistant Attorney General
      Christopher R. White, Assistant State Attorney
      Crosley A. Green

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

      Plaintiff,

v.

CROSLEY A. GREEN,

      Defendant

_____/

MOTION FOR RECONSIDERATION REGARDING CLAIM I

Comes now the defendant by and through undersigned counsel and moves that this Court reconsider its Order dated July 19, 2002 summarily denying Claim I (in part) of the Rule 3.850 motion for postconviction relief pertaining to juror misconduct in light of:

*Marshall v. State,* 28 Fla. L. Weekly S461; --- So.2d ---, 2003 WL 21354775, opinion dated June 12, 2003,[1] and states:

1.    In its July 19, 2002 Order the Court summarily denied the portion of Claim I that sought permission to conduct juror interviews or otherwise pursue evidentiary development regarding misconduct by one or more of the jurors.  Order, pages 8-18.

2.    In Marshall v. State, the Florida Supreme Court affirmed the trial court's denial of postconviction relief, except for a claim of juror misconduct.  The Court remanded that claim for an evidentiary hearing the scope of which was limited to attempting to identify the particular juror, interviewing that juror, "and then to

_____

[1]Rehearing denied September 8, 2003.

003528

conduct further interviews only if the court determines that there is a reasonable probability of juror misconduct." The Court indicated that the trial court may wish to conduct most or all of the questioning of the jurors.

3.     This Court's decision was in two parts: first, the Court found that the document allegedly executed by Tim Curtis was not an affidavit as it was not sworn to by him; second, that the allegations regarding "slashing gesture" regard matters that inhere in the verdict. The Court appears to have based the second determination on an internal versus external analysis.[2]

4.     In Marshall, the Florida Supreme Court denied any relief with regard to two out of three affidavits submitted by the defendant. The two that did not provide a basis for further inquiry were from jurors in which they "discussed matters pertaining to the jury's deliberations." The Court determined that these two addressed matters that inhere in the verdict and therefore would not provide a basis for any relief. The third affidavit, which did provide the basis for a remand, was that of a lawyer unrelated to the case who received a telephone call from an unidentified purported juror who claimed that: (1) some jurors decided Marshall was guilty before the trial was over; (2) some jurors told racial jokes about Marshall; (3) some jurors announced during the guilt phase that they were going

---

[2]Cf. *Belmontes v.. Woodford*, 335 F.3d 1024 (9th Cir.2003): "[I]n his Amended Petition for Writ of Habeas Corpus, Belmontes contends that "[a] sitting juror remarked, 'Here comes the killer,' whenever petitioner was brought into court." While this claim, if true, might possibly entitle him to relief, see Dyer v. Calderon, 151 F.3d 970, 973 (9th Cir.1998) (en banc) ("The bias or prejudice of even a single juror would violate [a criminal defendant's] right to a fair trial."), Belmontes did not include the issue in his request for an evidentiary hearing or present any facts that would entitle him to relief. Accordingly, the district court did not err in failing to afford him a hearing on that claim." *Id.* 1054. Dyer is cited at page 26 in the pending Rule 3.850 motion.

to vote for a guilty verdict and life sentence because they wanted Marshall to return to prison to kill more black inmates; and (4) some jurors, despite the trial judge's orders forbidding it, read and discussed articles concerning the trial. Slip Op. 5-6. The Court ultimately found that this affidavit "indicated among other things that some jurors told racial jokes about Marshall and that some jurors announced during the guilt phase that they were going to vote for a guilty verdict and life sentence because they wanted Marshall to return to prison to kill more black inmates. The alleged juror misconduct . . . does not appear to inhere in the verdict." Id. 8-9.

5.     There are two strong parallels between Marshall and this case. First, the allegations in the telephone call listed by the Florida Supreme Court as 1 and 3, namely that some jurors decided Marshall was guilty before the trial was over, and that some jurors announced during the guilt phase that they were going to vote for a guilty verdict and life sentence, constitute premature deliberations. This subject is addressed in paragraph 14 of Claim I in the instant Rule 3.850. The timing of deliberations does not inhere in the verdict. Johnson v. State, 696 So.2d 317, 323 (Fla.1997).

The second parallel concerns the factual predicate for conducting juror interviews. This Court expressly based its decision on a finding that the document labeled as an affidavit from Tim Curtis is not a true affidavit. The Order does not address the allegation in paragraph 4 of the Rule 3.850 motion that: "These statements are also consistent with what Mr. Curtis said on a nationally televised video tape." That is true: Curtis made those statements in front of the whole world. That Curtis at one time or another said flatly that the person who made the gesture was a

juror, contrary to what he told the judge at the time, is simply beyond dispute.

It is true that his televised statement was not under oath, and since then Curtis has invoked the Fifth Amendment.  However, the allegations made in Marshall were not made under oath either. The affidavit was submitted by the lawyer who took the call. In fact the female caller apparently identified herself only as a sister of one of the call recipient's clients. The arguably flimsiness of the factual predicate for requiring juror interviews was the focus of the Marshall dissent, which criticized the affidavit as containing "conclusory hearsay within hearsay" "attributed to an anonymous caller."  Nevertheless, a dissenting opinion tells us what the law is not. The factual predicate for conducting juror interviews is much stronger here that it was in Marshall.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion for Reconsideration Regarding Claim I has been furnished by United States mail to all counsel of record on this _19_ day of September, 2003.


MARK S. GRUBER
Florida Bar No. 0330541
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
 COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619-1136
813-740-3544
Attorney for Defendant

003531

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
The Moore Justice Center
Courtroom 4C
2825 Judge Fran Jamieson Way
Viera, FL 32940

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, FL 32771

Douglas T. Squire
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Blvd., 5th Floor
Daytona Beach, FL 32118

Crosley A. Green
DOC #902925; P5202S
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

2003 WL 21354775
--- So.2d ---
**(Cite as: 2003 WL 21354775 (Fla.))**

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

Supreme Court of Florida.

Matthew MARSHALL, Appellant,
v.
STATE of Florida, Appellee.

**No. SC00-1186.**

June 12, 2003.

Following appellate affirmance of his conviction of murder and sentence of death, **604 So.2d 799,** petitioner sought post-conviction relief. The Circuit Court, Martin County, Dwight L. Geiger, J., denied petition after evidentiary hearing, and petitioner appealed. The Supreme Court held that: (1) alleged juror misconduct set forth in post-conviction affidavit did not inhere in verdict; (2) defense counsel's investigation of petitioner's background was reasonable; (3) defense counsel's performance in connection with mental health evaluations of petitioner was no deficient; (4) any withholding of evidence by state was harmless; and (5) state did not knowingly present false testimony of inmate witness.

Affirmed in part and remanded in part.

Lewis, J., concurred in result only.

Wells, J., concurred in part and dissented in part with opinion in which Quince, J., joined.

[1] Criminal Law ☞957(1)

**110k957(1) Most Cited Cases**

Verdict cannot be subsequently impeached by conduct which inheres in the verdict.

[2] Criminal Law ☞855(1)
**110k855(1) Most Cited Cases**

In considering claims of juror misconduct, a court must initially determine whether the facts alleged are matters that inhere in the verdict and are subjective in nature, or are extrinsic to the verdict and objective.

[3] Criminal Law ☞1614
**110k1614 Most Cited Cases**

Juror is not competent to testify in post-conviction proceedings about matters inhering in the verdict, such as jurors' emotions, mental processes, or mistaken beliefs. **West's F.S.A. § 90.607(2)(b).**

[4] Criminal Law ☞1614
**110k1614 Most Cited Cases**

Jurors may testify in post-conviction proceedings alleging juror misconduct as to overt acts which might have prejudicially affected the jury in reaching their own verdict.

[5] Criminal Law ☞1614
**110k1614 Most Cited Cases**

Alleged juror misconduct set forth in post-conviction affidavit of capital murder defendant's attorney did not inhere in verdict; woman who called attorney's office, claiming to have been juror in defendant's trial, indicated, among other things, that some jurors told racial jokes about defendant, that some jurors announced during guilt phase that they were going to vote for guilty verdict and life sentence because they wanted defendant to return to prison to kill more black inmates, and that some jurors, despite trial judge's orders, read and discussed outside articles concerning trial.

[6] Criminal Law ☞1655(8)
**110k1655(8) Most Cited Cases**

Post-conviction petitioner was entitled to evidentiary hearing on his claims of juror misconduct, where claims alleged conduct that did not inhere in verdict and would warrant new trial if true. **West's F.S.A. § 90.607(2)(b).**

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Page 2

**[7]** Criminal Law ☞641.13(7)
**110k641.13(7) Most Cited Cases**

Defense counsel's investigation of capital murder defendant's background was reasonable, and his failure to present certain mitigating evidence regarding defendant's family background and abusive childhood did not amount to ineffective assistance; counsel conducted thorough pretrial interview of defendant, who advised him that he was not abused as a child, defendant denied being abused when examined by mental health experts who testified at trial and in postconviction proceedings, defendant's version of his childhood was corroborated by his father, and nothing in defendant's prison or school records indicated abuse. U.S.C.A. Const.Amend. 6.

**[8]** Criminal Law ☞1134(3)
**110k1134(3) Most Cited Cases**

**[8]** Criminal Law ☞1158(1)
**110k1158(1) Most Cited Cases**

Ineffective assistance of counsel claims present a mixed question of law and fact subject to plenary review based on the *Strickland* test; this requires an independent review of the trial court's legal conclusions, while giving deference to the trial court's factual findings. U.S.C.A. Const.Amend. 6.

**[9]** Criminal Law ☞1613
**110k1613 Most Cited Cases**

Post-conviction petitioner alleging the ineffective assistance of counsel bears the burden of proving that trial counsel's representation was unreasonable under prevailing professional norms. U.S.C.A. Const.Amend. 6.

**[10]** Criminal Law ☞1429(2)
**110k1429(2) Most Cited Cases**

Post-conviction petitioner's claim that he was deprived of his right to evaluation by competent mental health expert was procedurally barred by his failure to raise such claim on direct appeal from his capital murder conviction.

**[11]** Criminal Law ☞641.13(2.1)
**110k641.13(2.1) Most Cited Cases**

Defense counsel's performance in connection with

mental health evaluation of capital murder defendant was not deficient, as required to support claim of ineffective assistance; counsel requested that mental health expert be appointed to examine defendant for competency and sanity, as well as for existence of possible mitigating circumstances, court granted request, and counsel filed motion for appointment of second expert, indicating that first expert's examination had been cursory and that expert had not provided him with written or oral findings. U.S.C.A. Const.Amend. 6.

**[12]** Criminal Law ☞700(2.1)
**110k700(2.1) Most Cited Cases**

In applying the elements of the analysis relevant to a claim that the state withheld exculpatory evidence, the evidence must be considered in the context of the entire record.

**[13]** Criminal Law ☞700(4)
**110k700(4) Most Cited Cases**

Assuming state withheld evidence of alleged promise to house two inmates, one of whom testified for state in capital murder prosecution, together for their mutual protection, defendant was not prejudiced thereby, and any error was harmless, where evidence of alleged promise would have had limited impeachment value; defense counsel extensively cross-examined inmate witness concerning his desire to continue to remain housed with second inmate, and inmate witness' testimony concerning circumstances of murder was cumulative of other testimony.

**[14]** Criminal Law ☞706(2)
**110k706(2) Most Cited Cases**
Testimony.

State did not knowingly present false testimony of inmate witness in capital murder prosecution; assuming that promise was made to house inmate witness together with another specified inmate for their mutual protection, inmate witness never expressly testified that no promises were made in exchange for his testimony, and his testimony was of limited impeachment value and cumulative of other testimony.

**[15]** Criminal Law ☞706(2)
**110k706(2) Most Cited Cases**

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

003534

In order to establish the state's knowing presentation of false testimony, a defendant must show that: (1) the prosecutor or witness gave false testimony; (2) the prosecutor knew the testimony was false; and (3) the statement was material.

**[16]** Criminal Law ☞706(2)
**110k706(2)** **Most Cited Cases**

False testimony is material if there is a reasonable likelihood that it could have affected the jury's verdict.

**[17]** Criminal Law ☞1130(5)
**110k1130(5)** **Most Cited Cases**

Post-conviction petitioner failed to preserve for appellate review his contention that post-conviction court erred in summarily denying particular claims without evidentiary hearing, by presenting no argument with respect to such claims on appeal.

**[18]** Criminal Law ☞1429(2)
**110k1429(2)** **Most Cited Cases**

Post-conviction petitioner's claim that he was allowed to waive his right to present penalty phase evidence in his capital murder prosecution without adequate record inquiry to determine whether waiver was voluntary and intelligent was procedurally barred, where such claim could have been raised on direct appeal.

**[19]** Criminal Law ☞1429(2)
**110k1429(2)** **Most Cited Cases**

Post-conviction petitioner's claim that sentencing court's override of jury's recommendation of life imprisonment resulted in arbitrary, capricious, and unreliable death sentence was procedurally barred, as having been raised on direct appeal. **U.S.C.A. Const.Amend. 8.**
An Appeal from the Circuit Court in and for Martin County, Case No. 89-174 CFA, Dwight L. Geiger, Judge.

Melissa Minsk Donoho, Special Assistant, and Leor Veleanu, Staff Attorney, Fort Lauderdale, FL, for Appellant.

Charles J. Crist, Jr., Attorney General, and Debra Rescigno, Assistant Attorney General, West Palm Beach, FL, for Appellee.

PER CURIAM.

*1 Matthew Marshall, a prisoner under sentence of death, appeals the trial court's denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons set forth below, we remand for an evidentiary hearing on one issue, but affirm the trial court's order denying Marshall postconviction relief on all the other issues raised herein.

BACKGROUND

Matthew Marshall was convicted and sentenced to death for the 1988 murder of Jeffrey Henry. This Court previously summarized the facts in this case as follows:

Marshall and the victim, Jeffrey Henry, were both incarcerated at the Martin Correction Institute on November 1, 1988, when witnesses heard muffled screams and moans emanating from Henry's cell and observed Marshall exiting the cell with what appeared to be blood on his chest and arms. Within a few minutes, Marshall reentered the cell, and similar noises were heard. After the cell became quiet, Marshall again emerged with blood on his person. Henry was found dead, lying in his cell facedown with his hands bound behind his back and his sweat pants pulled down around his ankles to restrain his legs. Death was caused by blows to the back of his head.

Marshall was charged with first-degree murder. His defense at trial was that he killed Henry in self-defense. Marshall claimed that Henry was a "muscle man" for several inmates who operated a football pool. When Marshall tried to collect his winnings from the inmates, they told him to get the money from Henry. Marshall claims he entered Henry's cell only to collect his winnings but that Henry refused to pay, and that Henry then attacked him, so he fought back.

See Marshall v. State, 604 So.2d 799, 802 (Fla.1992). The jury found Marshall guilty of first-degree murder and recommended a sentence of life imprisonment. The trial court, however, rejected the jury's recommendation and imposed a sentence of death. In so doing, the trial court concluded that facts

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

supporting a conclusion that the mitigating circumstances did not outweigh the aggravating circumstances were "so clear and convincing that no reasonable person could differ." [FN1] This Court, in a four-to-three opinion, affirmed the jury override on appeal. *See id.* at 805-06. The United States Supreme Court denied Marshall's petition for writ of certiorari on May 17, 1993. *See Marshall v. Florida, 508 U.S. 915, 113 S.Ct. 2355, 124 L.Ed.2d 263 (1993).*

Marshall filed his initial 3.850 motion in August of 1994. On January 29, 1999, Marshall filed his final amended 3.850 motion, raising twenty-seven claims. [FN2] Following a *Huff* [FN3] hearing, the trial court entered an order granting an evidentiary hearing on claims (3), (11), (17), and (23) of Marshall's amended motion, and summarily denying Marshall's remaining claims. The trial court held an evidentiary hearing on August 23-26, 1999. Thereafter, the trial court entered an order denying all relief. This appeal follows.

ANALYSIS

*2 Marshall raises five issues on appeal: (1) whether the trial court erred in denying an evidentiary hearing on Marshall's claim of juror misconduct; (2) whether the trial court erred in denying Marshall's claim alleging ineffective assistance of counsel; (3) whether the trial court erred in denying Marshall's claim that the State withheld exculpatory information; (4) whether the trial court failed to conduct an adequate cumulative error analysis; (5) whether the trial court erred by summarily denying meritorious claims. We will discuss them in turn.

*Juror Misconduct*

First, Marshall argues that the trial court erred in denying an evidentiary hearing on his claim of juror misconduct. In his postconviction motion, Marshall alleged that racial remarks and jokes and the jury's consideration of non-record materials deprived him of a fair and impartial jury. To support his claim, Marshall attached three sworn affidavits to his postconviction motion. Two of the affidavits were from jurors in Marshall's trial, and the other affidavit was from an attorney, Ronald Smith. The trial court summarily denied this claim without conducting an evidentiary hearing.

According to Mr. Smith's affidavit, he received a telephone call from a woman who claimed that she had served on the jury in Marshall's case. [FN4] During the phone conversation with Mr. Smith, the woman purportedly indicated that (1) some jurors decided Marshall was guilty before the trial was over; (2) some jurors told racial jokes about Marshall; (3) some jurors announced during the guilt phase that they were going to vote for a guilty verdict and life sentence because they wanted Marshall to return to prison to kill more black inmates; and (4) some jurors, despite the trial judge's orders forbidding it, read and discussed articles concerning the trial. Mr. Smith, however, was unable to recall the name of the woman who called his office.

By contrast, the two juror affidavits discussed matters pertaining to the jury's deliberations. In her affidavit, juror Bachmann indicated that during the course of the guilt phase deliberations there were some jurors who did not want to vote for first-degree murder, and there was a concern that there might be a hung jury. She noted that a verdict finding Marshall guilty of first-degree murder was reached once there was an understanding that the jury would vote unanimously for a life sentence, although some jurors apparently felt Marshall should be sentenced to death. Juror Cunningham stated in her affidavit that during the course of the guilt phase deliberations she informed the other jurors that she did not believe the State had satisfied its burden of proof for first-degree murder, and she was not sure Marshall was guilty as charged. She noted that she compromised her true feelings regarding the case because other jurors did not want a hung jury. She indicated that she voted for guilty of first-degree murder once it was agreed that the jury would recommend a life sentence.

*3 [1] It is a well-settled rule that a verdict cannot be subsequently impeached by conduct which inheres in the verdict. *See, e.g., McAllister Hotel, Inc. v. Porte, 123 So.2d 339, 344 (Fla.1959); Russ v. State, 95 So.2d 594, 600 (Fla.1957).* In *Marks v. State Road Department, 69 So.2d 771 (Fla.1954),* this Court established guidelines with respect to the propriety of inquiry into matters occurring in the jury room. In particular, this Court explained

[t]hat affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

000536

his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any matter which does essentially inhere in the verdict itself, as that the juror did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast.

*Id.* at 774-75 (quoting *Wright v. Illinois & Mississippi Telegraph Co.,* 20 Iowa 195, 210 (1866)) (emphasis omitted); *see also Devoney v. State,* 717 So.2d 501, 502 (Fla.1998); *McAllister Hotel, Inc.,* 123 So.2d at 344.

[2][3][4] In considering claims of juror misconduct, a court must initially determine whether the facts alleged are matters that inhere in the verdict and are subjective in nature, or are extrinsic to the verdict and objective. *See Devoney,* 717 So.2d at 502. A juror is not competent to testify about matters inhering in the verdict, such as jurors' emotions, mental processes, or mistaken beliefs. *See Baptist Hosp. v. Maler,* 579 So.2d 97, 99 (Fla.1991); *State v. Hamilton,* 574 So.2d 124, 128 (Fla.1991); *see also* § 90.607(2)(b), Fla. Stat. (1999). [FN5] However, jurors may testify as to "overt acts which might have prejudicially affected the jury in reaching their own verdict." *Hamilton,* 574 So.2d at 128; *see also Powell v. Allstate Ins. Co.,* 652 So.2d 354, 356 (Fla.1995) (holding that racial statements alleged to have been made during deliberations by some members of an all-white jury about black plaintiffs constituted sufficient overt acts which might have prejudicially affected jury in reaching its verdict).

[5] As noted above, Mr. Smith's affidavit states that the woman who called his office indicated among other things that some jurors told racial jokes about Marshall and that some jurors announced during the guilt phase that they were going to vote for a guilty verdict and life sentence because they wanted Marshall to return to prison to kill more black inmates. The alleged juror misconduct set forth in Mr. Smith's affidavit does not appear to inhere in the verdict.

*4 In *Powell v. Allstate Insurance Co.,* 652 So.2d 354 (Fla.1995),* this Court also addressed a claim of racial or ethnic bias as allegedly reflected in statements made by jurors concerning the litigants involved in a case, and whether those statements constituted overt juror misconduct which could be the subject of inquiry after a verdict is returned, or whether such conduct "inhered in the verdict." [FN6] In holding that such comments constituted overt acts of misconduct, this Court explained:

In the instant case, we find the alleged racial statements made by some of the jurors to constitute sufficient "overt acts" to permit trial court inquiry and action. Under *Maler* and *Hamilton,* it would be improper, after a verdict is rendered, to individually inquire into the thought processes of a juror to seek to discover some bias in the juror's mind, like the racial bias involved here, as a possible motivation for that particular juror to as act as she did. Those innermost thoughts, good and bad, truly inhere in the verdict.

*But when appeals to racial bias are made openly among the jurors, they constitute overt acts of misconduct.* This is one way that we attempt to draw a bright line. This line may not keep improper bias from being a silent factor with a particular juror, but, hopefully, it will act as a check on such bias and prevent the bias from being expressed so as to overtly influence others.

*Id.* at 357-58 (emphasis added). [FN7] This Court emphasized that "[t]he issue of racial, ethnic, and religious bias in the courts is not simply a matter of 'political correctness' to be brushed aside by a thick-skinned judiciary." *Id.* at 358. Accordingly, the Court remanded the case with instructions for the trial court to conduct an appropriate hearing to ascertain whether racial statements were made as asserted. *See id.; see also Wright v. CTL Distribution, Inc.,* 650 So.2d 641, 643 (Fla. 2d DCA 1995) (stating that appellants, at the very least, must have an opportunity to determine the truth or falsity of juror's allegation in affidavit that racial slurs and comments were made during deliberations).

According to Mr. Smith's affidavit, the woman who contacted him also indicated that some jurors, despite the trial judge's orders, read and discussed outside articles concerning the trial. In *Sentinel Communications Co. v. Watson,* 615 So.2d 768 (Fla. 5th DCA 1993), the court recognized that an allegation that jurors read newspapers contrary to

Page 6

court orders did not inhere in the verdict. *See id. at 772.* Indeed, this Court has stated that any receipt by jurors of prejudicial nonrecord information constitutes an overt act subject to judicial inquiry. *See Baptist Hospital, 579 So.2d at 100-01.*

Thus, it would appear that the trial court erred in concluding that Marshall's allegations of juror misconduct inhered in the verdict. *See Roland v. State, 584 So.2d 68, 70 (Fla. 1st DCA 1991)* (finding that motion supported by sworn affidavit of third party indicating that alternate juror had a predisposition to find defendant guilty for matters unrelated to trial warranted juror interviews). *Cf. Preast v. Amica Mutual Ins. Co., 483 So.2d 83, 85 (Fla. 2d DCA 1986)* (stating that although appellees supported their motion by a hearsay affidavit of a third party, i.e., a juror's sister, they had satisfied the threshold requirement of *Florida Rule of Civil Procedure 1.431(g)), disapproved of on other grounds by Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 101 n. 2 (Fla.1991).* Mr. Smith did recall speaking with the woman alleged to have served on Marshall's jury and he indicated that she was related to one of his clients. Moreover, Mr. Smith indicated that the person who contacted his office was female, and there were only six women on Marshall's jury. Thus, it appears that evidence could be submitted that could identify the purported juror who contacted Mr. Smith to ascertain whether such misconduct took place.

*5 [6] This Court has previously permitted juror interviews during a postconviction proceeding in a capital case based on allegations of juror misconduct discovered years after the trial and direct appeal. In *Kelley v. State, 569 So.2d 754 (Fla.1990)*, the defendant filed a motion to interview the jurors who sat on his original trial while the order denying postconviction relief was on appeal. In the motion, the defendant asserted that two attorneys had recently reported that one of the jurors informed them of certain misconduct on the part of another juror during trial. This Court relinquished jurisdiction to permit the trial judge to interview the jurors. *See id. at 762.* Notably, the trial judge conducted a hearing in which he interviewed all twelve jurors, and the two attorneys who reported the incident, and concluded that misconduct had not been proven. *See id.* In light of the conflicting evidence at the hearing, we sustained the trial court's finding of no juror misconduct.

*Other Jurisdictions*

Other jurisdictions, like Florida, are hesitant to interfere with the sanctity of juror deliberations years after trial. However, in cases like the instant case, where the alleged juror misconduct is discovered subsequent to direct appeal, courts have been more willing to inquire if the alleged misconduct, if true, would warrant a new trial. *See, e.g., United States v. Jackson, 209 F.3d 1103 (9th Cir.2000)* (noting that defendant did not learn of factual predicate for juror misconduct claim until three years after trial).

Many of the cases have remanded the case for an evidentiary hearing to consider the alleged juror misconduct. *See, e.g., Fullwood v. Lee, 290 F.3d 663, 680-82 (4th Cir.2002)* (remanding for evidentiary hearing on whether contact between juror and her husband throughout trial deprived defendant of a fair trial and had substantial and injurious effect on the verdict); *Simmons v. Blodgett, 910 F.Supp. 1519 (W.D.Wash.1996)* (noting that state trial court held evidentiary hearing on juror misconduct claim based upon statement of juror made eight years after trial indicating that she read numerous newspaper articles about the case during trial), *aff'd, 110 F.3d 39 (1997); People v. Hobley, 182 Ill.2d 404, 231 Ill.Dec. 321, 696 N.E.2d 313, 339-41 (Ill.1998)* (holding capital defendant was entitled to an evidentiary hearing on his claim supported by four juror affidavits alleging jurors were intimidated by nonjurors at the hotel where they were sequestered); *Campbell v. State, 130 Idaho 546, 944 P.2d 143, 144, 146 (Idaho Ct.App.1997)* (noting that trial court held postconviction evidentiary hearing on juror misconduct claim based upon information defendant obtained three years after he began to serve his sentence); *State v. Williams, 253 Neb. 111, 568 N.W.2d 246, 251 (Neb.1997)* (noting that court previously withdrew execution warrant for trial court to hold an evidentiary hearing on petition for postconviction relief alleging juror misconduct, and that eleven of twelve jurors testified at evidentiary hearing).

*6 Some courts have permitted deposition testimony by the jurors to be introduced at the evidentiary hearing. For example, in *Massey v. State, 541 A.2d 1254 (Del.1988)*, the defendant tried to impeach a jury verdict for alleged juror misconduct more than nine years after the verdict was rendered. After several postconviction relief motions and appeals, the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

trial court held an evidentiary hearing on the defendant's juror misconduct claim. At the evidentiary hearing, the complaining juror testified and the trial court admitted the deposition testimony of nine jurors. *See id. at 1255.* [FN8] *Cf. Ex parte Greenville News*, 326 S.C. 1, 482 S.E.2d 556, 557 (S.C.1997) (noting that trial court permitted depositions of jurors relating to juror misconduct claim raised three years after conviction and death sentence were affirmed, founded on information received in anonymous phone call to defense counsel).

Although a direct appeal case, *State v. Santiago*, 245 Conn. 301, 715 A.2d 1 (Conn.1998), is worth noting since it also involved a juror misconduct claimed premised on racial slurs being made by a juror. In *Santiago*, the Connecticut Supreme Court concluded that in all future cases in which a defendant alleges that a juror has made racial epithets, the trial court should conduct, at a minimum, "an extensive inquiry of the person reporting the conduct, to include the context of the remarks, an interview with any persons likely to have been a witness to the alleged conduct, and the juror alleged to have made the remarks." *Id.* at 22. In a separate opinion, Chief Justice Callahan expressed the following concerns:

Postconviction allegations of juror misconduct require the court to strike a delicate balance between the competing interests of the state and the defendant. Obviously, allegations of juror misconduct must be taken seriously at any stage of the proceedings and inquiry is always warranted. [*State v. Brown*, 235 Conn. 502, 668 A.2d 1288, 1305 (Conn.1995) ]. "[A]fter a jury verdict has been accepted, [however] other state interests emerge that favor proceedings limited in form and scope." *Id.* Specifically, we have identified those compelling state interests to include preserving the "finality of judgments ... and in protecting the privacy and integrity of jury deliberations, preventing juror harassment and maintaining public confidence in the jury system." (Citations omitted.) *Id.* Certainly, there are circumstances in which these state interests must give way to the countervailing interest of the defendant. A defendant's right to a fair trial, an interest shared by the state, is one such interest. Our rule set forth in *Brown*, however, adequately addressed this concern. In *Brown*, we concluded that "[t]he more obviously serious and credible the allegations, the more extensive an inquiry is required; frivolous or

incredible allegations may be disposed of summarily." *Id.* An allegation of racial bias is perhaps the most serious of juror misconduct allegations. Pursuant to the rule adopted in *Brown*, the trial court always will be obliged to conduct an inquiry. Moreover, in light of the seriousness of the allegation, the court must err on the side of caution in the thoroughness of the inquiry. Once the allegation is found to be frivolous or incredible, however, there is no compelling reason to engage in a full evidentiary hearing.

*7 In many cases alleging juror misconduct based on racial bias, it would be reasonable to conclude that the trial court abused its discretion if it failed to inquire of the accused juror or others who might have heard the alleged racist remarks. Every case is unique, however, and must be viewed individually. It is for this reason that, in *Brown*, we left the form and scope of the inquiry to the discretion of the trial court. In light of all of the evidence presented in this case, the trial court's inquiry was adequate because the court found the source of the allegations unbelievable and thus did not abuse its discretion in halting the inquiry when it did. The majority opinion discounts any consideration of factors that weigh in favor of the state, and instead tips the balance wholly in favor of the defendant, irrespective of the unbelievability of the allegations or the harm that might result from an unnecessary recall of the jurors.

There is no doubt that when racism rears its ugly head, it must be dealt with swiftly and surely to avoid its invidious effect. It is equally true, however, that when allegations of racism are found to be false and unfounded after an inquiry, the trial court should deal with them forthwith, lest they dilute the significance of legitimate allegations. Moreover, the finality of judgments and the legitimate expectation of jurors that their deliberations will be private and that they will not unjustly be made to defend against baseless charges or have their integrity impugned, weigh in favor of not continuing the investigation when the source of the allegation is completely discredited by the trier of fact. To give credence to [the juror's] meritless allegations in this case by establishing a per se rule that arbitrarily mandates a full evidentiary inquiry into the most baseless of assertions demeans, rather than enhances, our notions of justice.

*Id.* at 26-27 (Callahan, C.J., concurring in part and dissenting in part) (some alterations in original). Further, as noted by the Appellate Court of Illinois:

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

While we are aware of the difficulties the jurors may face in attempting to recall events which occurred years ago, and while we are reluctant to again interrupt the jurors' lives and involve them in additional court proceedings, those considerations do not outweigh the need to insure that the parties received a trial untainted by bias or extraneous information.

*Taylor v. R.D. Morgan & Associates, Ltd.,* 205 Ill.App.3d 682, 151 Ill.Dec. 80, 563 N.E.2d 1186, 1194 (Ill.App.Ct.1990).

Based upon the analysis set out above, we conclude that the trial court erred in summarily denying Marshall's juror misconduct claim.

*Ineffective Assistance of Counsel*

[7] Marshall next argues that the trial court erred in denying his claim that trial counsel was ineffective for failing to adequately investigate, develop, and present available mitigating evidence regarding his family background and abusive childhood. Marshall contends that had such evidence been presented, there would have been a sufficient basis to support the jury's recommendation of life imprisonment.

*8 [8] In order to prove an ineffective assistance of counsel claim, a defendant must establish two elements:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Rutherford v. State,* 727 So.2d 216, 219-20 (Fla.1998). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. However, a defendant need not show that counsel's deficient performance "more likely than not altered the outcome in the case." *Id.* Rather, to

establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. Ineffective assistance of counsel claims present a mixed question of law and fact subject to plenary review based on the *Strickland* test. See *Stephens v. State,* 748 So.2d 1028, 1033 (Fla.1999) (citing *Rose v. State,* 675 So.2d 567, 571 (Fla.1996)). This requires an independent review of the trial court's legal conclusions, while giving deference to the trial court's factual findings. *See id.*

At the postconviction evidentiary hearing, Marshall called three of his brothers to testify, Brindley Marshall, Percival Marshall, Jr ., and Marvin Marshall. Each of Marshall's brothers testified that their father was extremely abusive while they were growing up. In particular, Marshall's brothers testified that their father would beat them with extension cords, tree branches, and electrical wire. [FN9] Sometimes the beatings would last upward of thirty to forty-five minutes. In addition, Brindley and Percival each testified that their father would bind their hands and feet with duct tape, take off all of their clothes, and beat them. Brindley and Percival also testified that they, along with Marshall, would sometimes sleep in the toolshed in the backyard, on the roof of the health clinic behind their house, or at their aunt's house to avoid the abuse. They also indicated that their father abused alcohol. Marshall's brothers further testified that their father abused their mother, and allegedly stabbed her on one occasion. However, the brothers acknowledged that they did not call the police to report the abuse. All three brothers testified that they were not contacted by trial counsel. Brindley and Marvin were in prison at the time of trial.

*9 Marshall also presented testimony from five of his cousins at the evidentiary hearing, Medwer Moultrie, Samuel Whymns, Lisa Laing Forbes, Jacqueline Laing, and Philencia Dames. Samuel Whymns, Lisa Laing Forbes, Jacqueline Laing, and Philencia Dames lived in the Bahamas, but testified that they visited and stayed at Marshall's home for varying amounts of time while growing up. Medwer Moultrie, on the other hand, testified that he lived with Marshall's family for two years at the request of his mother, who asked him to keep an eye on his aunt (Marshall's mother) because his uncle (Marshall's father) was

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

being abusive. Marshall's cousins each testified in varying degrees as to the physical abuse Marshall and his mother suffered. All of Marshall's five cousins indicated that they were not contacted by trial counsel. Marshall's four cousins who lived in the Bahamas at the time of trial also indicated that their relatives in Miami knew how to contact them.

This Court has held that "[a]n attorney has a duty to conduct a reasonable investigation, including an investigation of the defendant's background, for possible mitigating evidence." *Rose, 675 So.2d at 571; see also State v. Riechmann, 777 So.2d 342, 350 (Fla.2000)*. This Court has also recognized that "[t]he failure to investigate and present available mitigating evidence is a relevant concern along with the reasons for not doing so." *Rose, 675 So.2d at 571*.

At the evidentiary hearing, trial counsel testified that he conducted a thorough interview with Marshall prior to trial during which he tried to obtain a life history. Trial counsel acknowledged that his notes from this interview indicated that Marshall did not want to involve his brothers and sisters, although trial counsel said he would have disregarded this request due to his duty to investigate. During this interview, Marshall told trial counsel that he completed tenth grade and started eleventh, that he was very fortunate to have two parents who motivated and encouraged him to succeed, and that there was "so much love" in his family. Marshall also denied being neglected or abused. Marshall described discipline at home as 75% verbal and 25% physical, although he did not characterize the physical discipline as abusive. Marshall did not relate any physical or mental health problems to trial counsel, and denied having suffered any serious head injuries. Defense counsel also indicated that he reviewed Marshall's school, prison, and mental health records.

In addition to speaking with Marshall, trial counsel indicated that he made efforts to speak with family members. Marshall provided trial counsel with his aunt's name, and trial counsel indicated that he wrote two letters to her requesting that she contact him because Marshall had indicated that she could put him in touch with Marshall's father and other relatives. Marshall's aunt never responded to trial counsel's inquiries. Trial counsel, however, did eventually speak with Marshall's father. According to trial counsel, Marshall's father indicated that Marshall

had a good upbringing, although he and his brothers were always getting into trouble. Although trial counsel acknowledged that Marshall's father's comments about him having good grades were at odds with Marshall's school records, he indicated that he would not have made a different proffer by editing what the father would have said had he testified. Marshall's father also provided trial counsel with the names and ages of Marshall's brothers, but claimed not to know where they were living because he had disowned them due to their behavior. Trial counsel conceded during the evidentiary hearing that he did not file a motion for an investigator, nor did he request the assistance of either of the investigators working with the public defender's office at the time. Trial counsel explained that he would not have sent a female investigator into urban Dade County looking for witnesses because it would not have been safe. He also indicated that he would not have sent the other investigator, an elderly man, into Dade County either. Although trial counsel stated that he thought about driving into Liberty City himself, he chose not to do so. Trial counsel further explained that he had no information leading him to Liberty City. Trial counsel also testified that he would not have called Marshall's brother Brindley as a witness no matter what he had to offer, because he had previously tried to help Marshall escape. Trial counsel also noted that Marshall's father led him to believe that he was going to bring as many family members as possible with him to the penalty phase. Trial counsel acknowledged that had he possessed information concerning child abuse, he would have presented it at the penalty phase. However, trial counsel testified the problem in this case was that the information Marshall relayed to him coincided with what his father had said.

*10 Under *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland, 466 U.S. at 691*. However, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* While trial counsel has a duty to investigate, "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later he challenged as unreasonable." *Id.; see also Rose v. State, 617 So.2d 291, 294-95 (Fla.1993)* (trial counsel was not ineffective for failing to call family members where

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

003541

defendant told counsel that he had not had contact with his family for a number of years and that his family's testimony would not be helpful).

In *Stewart v. State*, 801 So.2d 59 (Fla.2001), this Court rejected a claim that trial counsel was deficient for failing to investigate and present evidence of the defendant's alleged childhood abuse by his stepfather. As in this case, Stewart generally described a happy childhood and never informed defense counsel, or the defense psychiatrist, about any abuse he suffered. Further, trial counsel indicated that he personally interviewed Stewart's stepsisters, but neither mentioned that Stewart was abused. Similarly, Stewart's stepfather never led trial counsel to believe anything other than that he was a loving and caring father to Stewart. Accordingly, this Court concluded, "by failing to communicate to defense counsel (or the defense psychiatrist) regarding any instances of childhood abuse, [the appellant] may not now complain that trial counsel's failure to pursue such mitigation was unreasonable." *Id.* at 67 (citing *Cherry v. State*, 781 So.2d 1040, 1050 (Fla.2000)). *Stewart* would appear to dictate the same result in this case.

[9] Marshall bears the burden of proving that trial counsel's representation was unreasonable under prevailing professional norms. *See Cherry*, 781 So.2d at 1048. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Moreover, "[t]here is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Asay v. State*, 769 So.2d 974, 984 (Fla.2000) (quoting *Strickland*, 466 U.S. at 689). As indicated above, trial counsel conducted a thorough pretrial interview of Marshall, who advised him that he was not abused as a child. Similarly, Marshall denied being abused when examined by Dr. Joel Klass, as well as when he was examined by one of the postconviction mental health experts (Dr. Woods). Marshall's version of his childhood was corroborated by his father, and trial counsel indicated that nothing in Marshall's prison or school records indicated abuse. Thus, it does not appear that the trial court erred in concluding that trial counsel conducted a reasonable investigation.

*Ake Claim*

*11 [10] Within his claim for ineffective assistance of counsel, Marshall also alleges that he was deprived of his right to an evaluation by a competent mental health expert pursuant to *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). This claim is procedurally barred because it could have been raised on direct appeal. *See Cherry v. State*, 781 So.2d 1040, 1047 (Fla.2000) ("[T]he claim of incompetent mental health evaluation is procedurally barred for failure to raise it on direct appeal.").

[11] Moreover, Marshall contends that trial counsel was ineffective for failing to ensure a competent evaluation. The trial record reflects that trial counsel requested that a mental health expert be appointed to examine Marshall for competency and sanity, as well as for the existence of possible mitigating circumstances. The trial court granted this request and appointed Dr. Klass to conduct an examination of Marshall. Following Dr. Klass's examination, however, trial counsel filed a motion for the appointment of an additional mental health expert. Trial counsel's motion indicated that Dr. Klass apparently spent no more than one hour with Marshall and that, aside from two short letters, he had failed to communicate with trial counsel or inform counsel what tests, if any, were administered and what evidence might be gathered in mitigation. The trial court denied trial counsel's motion for an additional mental health expert, although it ordered Dr. Klass to comply with the court's original order of appointment and submit a written report to defense counsel.

Although there is no mention of whether trial counsel was able to secure Dr. Klass's compliance, we are not prepared to call trial counsel's performance deficient under the first prong of *Strickland. Strickland*, 466 U.S. at 687 (stating that to prove counsel's performance was deficient defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). After determining that Dr. Klass's evaluation was cursory, trial counsel filed a motion for an additional expert, which was denied by the trial court. Trial counsel cannot be deemed ineffective simply because he was unsuccessful in getting the trial court to appoint an additional expert. Moreover, trial counsel testified at the evidentiary hearing that he did not call Dr. Klass because "he would have been blown out of the water" when the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

jury learned that he only spent a short time with Marshall. This issue was adequately documented in the record and could have been raised on appeal.

*Brady Claim*

Marshall also argues that the trial court erred in denying his claim that the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that the State presented false testimony in violation of *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In particular, Marshall alleges that the State withheld evidence that inmates George Mendoza and David Marshall were promised to be housed together in the prison system in exchange for their testimony against Marshall. [FN10] Marshall contends that had the jury learned of this promise the credibility of Mendoza's testimony at trial would have been severely undermined. As such, Marshall argues that there is a reasonable probability that the jury would have found him not guilty, or guilty of a lesser offense than first-degree murder.

*12 To support this claim, Marshall called as witnesses at the postconviction evidentiary hearing inmates George Mendoza and David Marshall. [FN11] Mendoza and David Marshall both testified that they were promised by Inspectors Sobach and Riggins and Assistant State Attorney Spiller that they would be housed together in the prison system at an institution closer to home for their safety and protection in exchange for their testimony. According to Mendoza and David Marshall, the initial promise was made by investigator Riggins and later reiterated at a meeting following their grand jury testimony where Sobach, Riggins, and Spiller were present. Mendoza noted that they were informed their protection and safety were the reasons that they would continue to be housed together. Mendoza also indicated that Assistant State Attorney Spiller advised him that it was normal procedure in the courtroom to state that he was promised nothing in exchange for his testimony if asked by defense counsel. On cross-examination, however, both Mendoza and David Marshall acknowledged writing letters to Assistant State Attorney Spiller wherein they indicated that they understood no promises could be made. Mendoza and David Marshall also reiterated on cross-examination that their prior statements and testimony in the case were truthful.

Marshall also called Kerry Flack, formerly with the Department of Corrections, as a witness at the postconviction evidentiary hearing. [FN12] Flack testified that she became involved when inspector Sobach requested that she review files concerning Mendoza and David Marshall. According to Flack, Sobach indicated that Mendoza and David Marshall had been transferred to different institutions and he did not know whether or not they should have been permitted to remain at the same location. After reviewing the files and speaking with the classifications office and Inspector Sobach, Flack testified that she decided that "they had agreed that the inmates could move together in order to watch out for each other ." Accordingly, she stated that she requested a transfer back to the same institution for Mendoza and David Marshall. Ms. Flack acknowledged at the evidentiary hearing upon viewing a print-out of the prison housing history for Mendoza and David Marshall that it was unusual for inmates to be transferred twice to the same location at the same time.

In rebuttal, the State called Inspectors Sobach and Riggins and Assistant State Attorney Spiller as witnesses during the postconviction evidentiary hearing. Sobach, Riggins, and Spiller each denied making or having any knowledge of any promises being made to Mendoza and David Marshall in exchange for their testimony. Sobach indicated that initial transfers of inmate witnesses are for their protection, but noted that any kind of commitment to keep two individuals together forever is "totally impracticable." He also indicated that he would not have the authority to keep Mendoza and David Marshall housed together. Inspector Riggins similarly testified that he did not have transfer authority. On cross-examination, Inspector Sobach acknowledged that it was kind of unique that Mendoza and David Marshall were able to stay together. However, he denied telling Kerry Flack that Mendoza and David Marshall were promised to be kept together. Rather, he testified that he contacted Flack because he was concerned as to whether or not the special review against Mendoza and David Marshall, causing their separation, was appropriate or whether it may have been retaliation of some sort.

*13 Assistant State Attorney Spiller similarly testified that no promises were made to Mendoza and David Marshall in exchange for their testimony,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

although he and Inspector Riggins both acknowledged that Mendoza and David Marshall were reassured that everything possible would be done to protect them from retribution. Spiller stated that Mendoza and David Marshall on two occasions prior to trial requested that they be assured that they would be housed together. However, Spiller testified that he informed them on both occasions that he had no authority over housing and would not make any promises that could jeopardize the case. Although Spiller admitted writing a letter to the Department of Corrections denoting Mendoza's and David Marshall's cooperation in the case, he denied ever requesting that the department house the two inmates together. Lastly, Assistant State Attorney Spiller denied instructing Mendoza that it is normal procedure for witnesses to deny that promises were made in exchange for their testimony when asked at trial.

The trial court denied Marshall's claim, concluding that Marshall had failed to prove either a *Brady* or a *Giglio* violation. In so doing, the trial court noted that there was no knowing presentation of false testimony by the State since Mendoza himself acknowledged that he understood that the State could make no promises and had made no promises to induce his testimony. For the following reasons, it does not appear that the trial court erred in denying Marshall's *Brady/Giglio* claim.

[12] The United States Supreme Court has recently provided the following three-prong analysis to be used when determining the merits of a *Brady* violation claim:

[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued.

*Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). With regard to the third prong, the Court emphasized that prejudice is measured by determining "whether 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.' " *Id.* at 290 (quoting *Kyles v. Whitley*, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)). In applying these elements, the evidence must be considered in the context of the entire record. *See State v. Riechmann*, 777 So.2d

342, 362 (Fla.2000); *Sireci v. State*, 773 So.2d 34 (Fla.2000); *Haliburton v. Singletary*, 691 So.2d 466, 470 (Fla.1997).

In the instant case, it is questionable whether the State made a promise to house Mendoza and David Marshall together in exchange for their testimony. As noted above, Inspectors Sobach and Riggins, and Assistant State Attorney Spiller each denied making or having any knowledge of such a promise. Further, there is nothing in the record documenting the existence of any such promise. To the contrary, both Mendoza and David Marshall acknowledged at the postconviction evidentiary hearing that they wrote letters to Assistant State Attorney Spiller wherein they indicated that they understood no promises could be made. However, in light of the unique prison housing history of both inmates, it is conceivable that some sort of understanding may have been reached.

*14 [13] Nonetheless, even assuming the State withheld evidence of the alleged promise, Marshall does not appear to have satisfied the prejudice prong of the three-part test for a *Brady* violation. First, evidence of the alleged promise would have had limited impeachment value in this case. At trial, defense counsel thoroughly cross-examined Mendoza and, in doing so, elicited testimony concerning Mendoza's desire to remained housed with David Marshall and a letter Mendoza had written to inspector Riggins thanking him for stopping a transfer. The record reveals the following:

[Q]: Okay. You wrote Inspector Riggins a letter one time and asked or thanked him for stopping a transfer between you and your roommate?
[A]: No, for stopping a transfer for me going to Avon Park Correctional Institution.
[Q]: You didn't--you and--you and your number twenty-eight [David Marshall] didn't want to be separated, did you?
[A]: I didn't want to leave the institution?
[Q]: You all were good friends, weren't you?
[A]: Yes sir.

More importantly, Mendoza was not the sole witness to testify at trial that he observed Marshall leaving the victim's cell, nor the only witness to describe the sounds heard coming from the victim's cell. To the contrary, former inmate Frank Calabria also testified in detail as to events he observed on the morning of the murder. In addition to describing the sounds he heard emanating from the victim's cell, Calabria testified that he observed Marshall exiting from the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

victim's cell with blood on his chest, arms, and hands. Furthermore, Calabria's testimony established that Marshall entered the victim's cell a second time, during which Calabria again heard moaning noises coming from the victim's cell. Thus, it does not appear that evidence of the alleged "promise" would have "put the whole case in such a different light as to undermine confidence in the verdict." **Strickler, 527 U.S. at 290.** See *Rose v. State,* 774 So.2d 629, 635 (Fla.2000) (finding no *Brady* violation due to limited impeachment value of any alleged deal given witnesses in exchange for their testimony and the fact that additional independent witnesses identified defendant as the perpetrator).

[14][15][16] For similar reasons, it does not appear that the trial court erred in denying Marshall's *Giglio* claim. In order to establish a *Giglio* violation, a defendant must show that (1) the prosecutor or witness gave false testimony; (2) the prosecutor knew the testimony was false; and (3) the statement was material. See *Rose,* 774 So.2d at 635; *Robinson v. State,* 707 So.2d 688, 693 (Fla.1998); *Routly v. State,* 590 So.2d 397, 400 (Fla.1991). False testimony is material if there is a reasonable likelihood that it could have affected the jury's verdict. See *Ventura v. State,* 794 So.2d 553, 563 (Fla.2001); *Rose,* 774 So.2d at 635; *Routly,* 590 So.2d at 400. This Court has recognized that "[t]he thrust of *Giglio* and its progeny has been to ensure that the jury know the facts that might motivate a witness in giving testimony, and that the prosecutor not fraudulently conceal such facts from the jury." *Routly,* 590 So.2d at 400 (quoting *Smith v. Kemp,* 715 F.2d 1459, 1467 (11th Cir.1983)).

*15 In the instant case, it is worth noting that Mendoza never expressly testified during Marshall's trial that no promises were made in exchange for his testimony. The trial transcript reveals the following:

[Q]: Okay. And you're just--you just got involved in this case because--why because you're looking for some favors like most snitches?

[A]: No sir, I got a life of a quarter mandatory. I can't get no favors as far as from that point. I just felt I was doing the right thing in coming forward and testifying to what I saw that morning.

....

[Q]: You're not looking for any reward you just--just a peaceful person.

[A]: Yes sir.

[Q]: That's why you were--that's why you got

involved in this.

[A]: Yes sir.

Moreover, even assuming that the alleged promise was made, Marshall appears to have failed to satisfy the materiality prong of the three-part inquiry. As noted above, defense counsel impeached Mendoza during cross-examination regarding his desire to be housed with David Marshall and his letter thanking Inspector Riggins for stopping a transfer of him to another facility. Nor was Mendoza the sole witness to testify in regard to the events surrounding the murder. Thus, it appears that Marshall has failed to demonstrate a reasonable likelihood that the alleged false testimony could have affected the jury's verdict. See *Ventura,* 794 So.2d at 565 (holding evidence of deal immaterial under *Giglio* based on ample impeachment and corroboration).

*Cumulative Error*

Marshall argues that the trial court failed to conduct an adequate cumulative error analysis. As part of this claim, he alleges that "significant claims for which Mr. Marshall was denied an opportunity to present evidence" entitle him to relief. However, as explained in this opinion, we have rejected Marshall's claims of error on all issues but one, and have remanded for an evidentiary hearing on that claim. Hence, the claim of cumulative error has been rendered moot.

*Summary Denial of Additional Issues*

[17][18][19] Finally, Marshall argues that the trial court erred in summarily denying twenty-two claims in his 3.850 motion without an evidentiary hearing. Except for claims (4), (15), and (25), Marshall presents no definitive argument on appeal, other than simply listing the issue raised below. Thus, these claims are insufficiently presented for review. See *Shere v. State,* 742 So.2d 215, 218 n. 6 (Fla.1999) (noting that issues raised in appellate brief that contain no argument are deemed abandoned). As to the three claims where Marshall does present arguments, they are either procedurally barred, [FN13] or they are not yet ripe for review. [FN14]

CONCLUSION

In accord with the above, we affirm the trial court's order denying postconviction relief, with the exception of the claims of juror misconduct. We remand for an evidentiary hearing on that claim. The

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

scope of the hearing on remand is limited to attempting to obtain the identity of the female juror who spoke to Mr. Smith, to interview that juror, and then to conduct further interviews only if the court determines that there is a reasonable probability of juror misconduct. Moreover, the trial court may wish to conduct most or all of the questioning of the jurors, thereby ensuring that unnecessarily intrusive questions will not be asked of the jurors and to prevent questioning on matters that inhere in the verdict. *Cf. People v. Hedgecock*, 51 Cal.3d 395, 272 Cal.Rptr. 803, 795 P.2d 1260, 1274 (Cal.1990) (discussing steps trial court can take to avoid a chilling effect on jury deliberations when holding evidentiary hearing on juror misconduct claim).

*16 It is so ordered.

ANSTEAD, C.J., and PARIENTE, J., and SHAW, Senior Justice, concur.

LEWIS, J., concurs in result only.

WELLS, J., concurs in part and dissents in part with an opinion, in which QUINCE, J., concurs.

WELLS, J., concurring in part and dissenting in part.

I concur with the majority opinion in respect to its denial of relief on issues two, three, four and five. I likewise concur that the affidavits of juror Pamela H. Bachman and Judy Cunningham set forth matters which inhere in the verdict and cannot be used to impeach the verdict.

However, I dissent from the decision of the majority to reverse the trial court and remand for an evidentiary hearing on the claim of alleged juror misconduct and for juror interviews based upon the affidavit of Ronald B. Smith. I believe the majority's decision and opinion on this issue seriously undermine the sanctity and security of the jury system. I do not believe that jurors who decided a case in 1989 should be subject to a 2003 interrogation based upon a 1996 affidavit which contains

conclusory hearsay statements attributed to an anonymous caller.

The jury returned its verdict in this case in December 1989. Ronald Smith swore to his affidavit six and a half years later, on June 16, 1996. In his affidavit, Ronald Smith says in paragraph 1:

1. After the trial of Matthew Marshall, I received a telephone call from a woman who was calling in reference to a client of mine to whom she was related.

The affidavit does not (a) state when this call was made to Ronald Smith, and (b) does not identify the woman making the call.

In paragraph 2, the affidavit says:
She said some jurors told jokes about Matthew Marshall. She said the joking was racial.

The affidavit does not state what remarks "she said" were made. Obviously, what we have in this statement is conclusory hearsay within hearsay.

In paragraph 4, the affidavit says:
Then she said that some jurors did read articles about the trial and talked with each other about the articles they had read.

The affidavit does not state what was claimed to have been said in respect to any articles. Again, this statement is conclusory hearsay within hearsay.

Finally, the affidavit concludes that Ronald Smith cannot remember who the anonymous woman was.

Our jury system depends on citizens who serve on juries believing that their service will be secure and protected. This means that once that service is ended, the jurors will not be subject to unending interrogation about the decision made as jurors. I recognize that there must be room for exceptions when there is a substantial reason to believe that a jury has been the subject of an improper extraneous influence. But the standard for this exception must necessarily be high. Ronald Smith's affidavit does not even approach meeting that standard.

This is what this Court held in *Baptist Hospital of Miami v. Maler*, 579 So.2d 97 (Fla.1991), in determining that the affidavits in that case failed to state a legally sufficient reason to interview jurors:
*17 We now clarify the meaning of [*State v. Hamilton*, 574 So.2d 124 (Fla.1991),] in light of the strong public policy against allowing litigants

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

either to harass jurors or to upset a verdict by attempting to ascertain some improper motive underlying it. We hold that an inquiry is never permissible unless the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial using the standard adopted in *Hamilton.*

*Id.* at 100. In this case there are no sworn statements other than conclusory hearsay within hearsay.

In *Devoney v. State,* 717 So.2d 501, 504 (Fla.1998), this Court agreed with Justice O'Connor's observation in *Tanner v. United States,* 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987):

Writing for a majority, Justice O'Connor observed the reality of the jury system when she commented: There is little doubt that postverdict investigation into juror misconduct would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior. It is not at all clear, however, that the jury system could survive such efforts to perfect it. Allegations of juror misconduct, incompetency, or inattentiveness, raised for the first time ... after the verdict, seriously disrupt the finality of the process. Moreover, full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror misconduct.

*Tanner,* 483 U.S. at 120-21 (citation omitted). We agree with Justice O'Connor's comments.

This Court then concluded in *Devoney:*

Imperfect as it may be, in a free country such as ours, the jury system continues to be the finest method ever devised for the resolution of disputes. To permit jury verdicts to be impugned in the manner advocated by Devoney would sow the seeds for the destruction of that system.

*Id.* at 505. What we held in *Baptist Hospital* and *Devoney* controls here, and this jury should not be impugned on the basis of such an affidavit as was here presented.

QUINCE, J., concurs.

FN1. The trial court found the following four aggravating circumstances: (1) the murder was committed by a person under

sentence of imprisonment; (2) the defendant was previously convicted of violent felonies; (3) the murder was committed while the defendant was engaged in the commission of or an attempt to commit a burglary; and (4) the murder was especially heinous, atrocious, or cruel. In mitigation, the trial court found that the defendant's behavior at trial was acceptable and that the defendant entered prison at a young age. The trial court, however, specifically rejected as mitigation that the defendant's older brother influenced him and led him astray to run the streets and break the law, and that his mother caused him to believe he would suffer no negative consequences for his bad behavior. *See id.*

FN2. These claims included: (1) public records are being withheld in violation of chapter 119, Florida Statutes; (2) the trial transcript is unreliable and incomplete; (3) ineffective assistance of counsel during the penalty phase; (4) Marshall was allowed to waive his right to present penalty phase evidence without an adequate record inquiry to determine whether the waiver was voluntary and intelligent; (5) the Florida Bar rules' prohibition against interviewing jurors is unconstitutional; (6) the trial court erred in permitting a state prison inmate to testify before the jury as an anonymous state witness; (7) the prosecutor prejudicially vouched for the credibility of state witnesses; (8) Marshall's death sentence rests upon an unconstitutional automatic aggravating circumstance; (9) Marshall was deprived of his right to a fair and impartial trial by jury; (10) the trial court improperly considered nonstatutory aggravation; (11) the State withheld exculpatory evidence or presented misleading evidence or both; (12) the trial court and Florida Supreme Court improperly failed to evaluate mitigating circumstances; (13) ineffective assistance of counsel during the penalty phase; (14) the jury instructions improperly shifted the burden to Marshall to prove that a life sentence was appropriate; (15) the jury override resulted in an arbitrary, capricious, and unreliable death sentence; (16) trial

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

counsel was rendered ineffective during voir dire by the trial court's action when it refused to permit more people to participate in the venire; (17) trial counsel failed to obtain a competent mental health expert; (18) Marshall is innocent of first-degree murder; (19) Marshall's sentence was based upon unconstitutionally obtained prior convictions; (20) Florida's capital sentencing scheme is unconstitutional; (21) the trial court's failure to grant a change of venue deprived Marshall of a fair trial; (22) Marshall was improperly shackled during his trial and penalty phase; (23) Marshall's trial was fraught with procedural and substantive errors which cannot be harmless; (24) charging Marshall with both premeditated and felony murder violated the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; (25) Marshall is insane to be executed; (26) Marshall is being denied his right to effective postconviction counsel due to a lack of funding; (27) newly discovered evidence establishes that execution by electrocution is cruel or unusual punishment.

FN3. *Huff v. State*, 622 So.2d 982 (Fla.1993).

FN4. The woman purportedly called Mr. Smith in reference to one of his clients, to whom she was related.

FN5. Section 90.607(2)(h) provides:
(b) Upon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment.

FN6. Following a jury trial, one of the jurors in *Powell* contacted the plaintiffs' attorney and the trial judge to inform them that other members of the jury had made numerous racial jokes and statements about the plaintiffs throughout the trial proceedings and jury deliberations. *See id.* at 355. Based

upon this disclosure, the plaintiffs requested a new trial or, alternatively, an interview of the entire jury panel. The trial court held an in-court interview of the juror, during which the juror testified that various jurors made racial remarks and jokes and she believed the verdict was the result of racial bias. The trial court denied both motions. On appeal, the Fifth District initially reversed and directed that further juror interviews be conducted, and if the trial court concluded that racial statements were made that a new trial be ordered. On rehearing, however, the Fifth District reversed itself. *See id.*

FN7. This Court also found the alleged conduct, if established, to be violative of the guarantees of both the federal and state constitutions which ensure all litigants a fair and impartial jury and equal protection of the law. *See id.* at 358.

FN8. At a previous evidentiary hearing, the trial court apparently permitted the jurors to be deposed by written interrogatories. *See id.*

FN9. Marvin Marshall did not testify that he was beaten, although he stated that his father abused his brothers.

FN10. David Marshall did not testify at Marshall's trial.

FN11. Marshall also attached to his postconviction motion a copy of a civil rights action Mendoza filed against numerous correctional officials, in which Mendoza reiterated that an "oral contract/agreement" was made to house him and David Marshall together for their protection at an institution close to home for being State witnesses in Matthew Marshall's case.

FN12. Prior to being the director of

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

information, communications and legislative planning for the Department of Corrections, Flack was the assistant to the secretary. She indicated that her job entailed primarily dealing with complaints registered by inmates and inmates' families, and legislative inquiries from the media, the public, and other state agencies.

**FN13.** Marshall's claim that he was allowed to waive his right to present penalty phase evidence without an adequate record inquiry to determine whether the waiver was voluntary and intelligent is procedurally barred because it could have been raised on direct appeal. Marshall's claim that the jury override resulted in an arbitrary, capricious, and unreliable death sentence was addressed on direct appeal. *Marshall v. State,* 604 So.2d 799 (Fla.1992).

**FN14.** Marshall concedes that the issue of his sanity to be executed is not ripe for consideration. *See* Fla. R.Crim. P. 3.811.

2003 WL 21354775, 2003 WL 21354775 (Fla.), 28 Fla. L. Weekly S461

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942CFA

STATE OF FLORIDA,

    Plaintiff,                Postconviction Death Penalty Case

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

## ORDER TO SHOW CAUSE WHY JEROME MURRAY SHOULD NOT BE HELD IN CONTEMPT OF COURT

This cause having come on to be heard previously on April 24-25, 2003 and July 30, 2003, by oral defense motions, defense counsel moving for an order to show cause why Jerome Murray should not be held in Contempt of Court, this Court having reviewed the Defendant's instant written motion, and being otherwise duly advised in the premises, the Court makes the following findings:

1. Jerome Murray was duly served with a subpoena for an evidentiary hearing in the above referenced matter. The subpoena commanded him to appear in this Court on Thursday, April 24, 2003 at 9:00 am. Jerome Murray failed to appear as noticed and commanded by the subpoena.

1

WHEREFORE, it is **ORDERED AND ADJUDGED** that Jerome Murray is **COMMANDED by this COURT** to appear on Tuesday, October 28, 2003 in front of The Honorable Bruce W. Jacobus, Judge of the Circuit Court, at the Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida, Courtroom 4C, Brevard County Courthouse (Viera), there and then to show cause why he should not be held in contempt of court and punished according to law.

DONE AND ORDERED in Chambers this 27 day of September, 2003.

_____
BRUCE W. JACOBUS
Brevard County Circuit Court Judge

Copies furnished to:

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East 1st Street
Sanford, FL 32772

Wayne Holmes
Assistant State Attorney
Office of the State Attorney
2725 Judge Fran Jamieson Way, Building D
Viera, FL 32940-6605

Douglas T. Squire
Assistant Attorney General
444 Seabreeze Blvd., 5th Floor
Daytona Beach, FL 32118

Mark S. Gruber
Assistant CCRC-Middle Region
3801 Corporex Drive, Suite 210
Tampa, FL 33619

2

003551

Crosley Alexander Green
DOC #902925; P5202S
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

3

OC3552

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942CFA

STATE OF FLORIDA,

      Plaintiff,             Postconviction Death Penalty Case

v.

CROSLEY ALEXANDER GREEN,

      Defendant.

_____/

## ORDER TO SHOW CAUSE WHY LONNIE HILLARY SHOULD NOT BE HELD IN CONTEMPT OF COURT

This cause having come on to be heard previously on April 24-25, 2003 and July 30, 2003, by oral defense motions, defense counsel moving for an order to show cause why Lonnie Hillary should not be held in Contempt of Court, this Court having reviewed the Defendant's instant written motion, and being otherwise duly advised in the premises, the Court makes the following findings:

1.  Lonnie Hillary was duly served by substitute service with a subpoena for an evidentiary hearing in the above referenced matter.  The subpoena commanded him to appear in this Court on Thursday, April 24, 2003 at 9:00 am.  Lonnie Hillary failed to appear as noticed and commanded by the subpoena.

WHEREFORE, it is **ORDERED AND ADJUDGED** that Lonnie Hillary is **COMMANDED by this COURT** to appear on Tuesday, October 28, 2003 in

1

front of The Honorable Bruce W. Jacobus, Judge of the Circuit

Court, at the Moore Justice Center, 2825 Judge Fran Jamieson Way,

Viera, Florida, Courtroom 4C, Brevard County Courthouse (Viera),

there and then to show cause why he should not be held in

contempt of court and punished according to law.

DONE AND ORDERED in Chambers this 23rd day of September,

2003.

BRUCE W. JACOBUS
Brevard County Circuit Court Judge

Copies furnished to:

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East 1st Street
Sanford, FL 32772

Wayne Holmes
Assistant State Attorney
Office of the State Attorney
2725 Judge Fran Jamieson Way, Building D
Viera, FL 32940-6605

Douglas T. Squire
Assistant Attorney General
444 Seabreeze Blvd.,5th Floor
Daytona Beach, FL 32118

Mark S. Gruber
Assistant CCRC-Middle Region
3801 Corporex Drive, Suite 210
Tampa, FL 33619

Crosley Alexander Green
DOC #902925; P5202S
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

2

GC3554

Jealous
25 vol

                                        IN THE CIRCUIT COURT OF
                                        THE EIGHTEENTH JUDICIAL
                                        CIRCUIT IN AND FOR BREVARD
                                        COUNTY, FLORIDA

STATE OF FLORIDA,

   Plaintiff,

    vs.                          CASE NO. 89-4942-CFA

CROSLEY A. GREEN,

   Defendant.

_____/

## OBJECTION TO MOTION FOR RECONSIDERATION REGARDING CLAIM I

COMES NOW the State of Florida by and through the undersigned Assistant State
Attorney and hereby objects to the Defendant's Motion For Reconsideration Regarding
Claim , and states:

1. The Defendant asks this Court to reconsider its ruling summarily denying the Defendant
relief as requested in Claim I. More specifically, he argues that in light of the recent decision
in *Marshall v. State,* 28 Fla. L. Weekly S461 opinion dated June 12, 2003, the court erred in
summarily denying relief regarding the allegation of an incident in the parking lot involving
Timothy Curtis, and should allow juror interviews to be conducted regarding juror misconduct
by one of the jurors.

2. The State would first point out that the *Marshall* opinion is still not final. Furthermore, it
is not new law. It cites with approval the cases of *Devoney v. State,* 717 So. 2d 501 (Fla.
1998), *Powell v. Allstate Ins. Co.,* 652 So. 2d 354 (Fla. 1995) and *Baptist Hospital v. Male,*
579 So. 2d 87 (Fla. 1991) for the same propositions of law cited in his motion.

GC3555

3. The general thrust of the argument for reconsideration is that in *Marshall* the Florida Supreme Court found that the affidavit of a lawyer that an unknown woman called and said there was juror misconduct involving forming *and discussing* opinions about the guilt of the defendant prematurely and telling racial jokes abut Marshall was sufficient to state a claim and should not have been summarily denied. Therefore, this court was incorrect in refusing to allow further investigation in the form of juror interviews based on the fact that Timothy Curtis gave written and oral statements that were not under oath. Indeed, in reaching its decision, this court did note that Timothy Curtis has not made a sworn statement recanting his prior sworn testimony and stating that the person he observed in the parking lot during the trial was in fact a juror, but there are distinctions between *Marshall* and the instant case.

4. In *Marshall* the woman whose un-sworn statement was deemed sufficient told the lawyer that (1) jurors read and discussed outside articles concerning the trial, (2) some jurors **told racial jokes** abut Mr. Marshall, and (3) some jurors said during the guilt phase they were going to vote for a guilty verdict and life sentence because they wanted Marshall to return to prison *to* **kill more black inmates.** The court in *Marshall* referenced the *Powell* case in concluding that racial or ethnic bias will constitute "overt acts" to permit inquiry and action, when such bias is communicated to other members of the jury. The existence of such bias in the juror's mind would not be "overt acts" unless they are communicated to other jurors. There is no racial aspect to the instant case. The court also held that if jurors read articles about the case and discussed them with other jurors this did not inhere in the verdict, citing *Baptist Hospital, supra* for this proposition. Finally, the court found that if a juror had

2

003556

a predisposition to find the defendant guilty for matters not relating to the trial this would warrant juror interviews.

5. The distinctions between the instant case and Green are that (1) there is no allegation of racial or ethnic bias of any kind, (2) there is no evidence of jurors receiving prejudicial non-record information (3) there is no evidence that any juror (even the one seen in the parking lot) communicated premature beliefs as to the guilt of the Defendant to other members of the jury, and (4) there is no evidence that the juror seen in the parking lot had a predisposition to find the defendant guilty for matters not relating to the trial. At most, if you accept as true the un-sworn testimony of Curtis indicating he saw someone who was on the jury making the a motion like a throat cutting motion, and give to that its worst interpretation, you have a juror who is prematurely coming to a conclusion regarding the defendant's guilt. There is not even an allegation that he shared this alleged opinion with other jurors.

6. The Florida Evidence Code codifies the sanctity of the jury verdict by providing that "[u]pon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment." § *90.607(2)(b), Fla. Stat. (1993)*. See also *Devoney v. State,* 717 So. 2d 501 (Fla. 1998). "Those cases which have permitted an attack upon a jury verdict have required allegations of an influence upon the jurors' deliberations arising from external sources." *Devoney v. State, supra,* at page 503. The facts relied upon by the Defendant here establish only that it is possible that one of the jurors had formed an opinion as to the guilt of the Defendant before the conclusion of the evidence and instructions on the law.

3

7. This conclusion can be reached only by first determining that Tim Curtis's prior testimony at trial was false and that he really knew who the juror was. However, he has invoked his 5th Amendment rights and refused to testify regarding this issue at his deposition. Next, the Court must speculate that the motion Tim Curtis saw was in fact a deliberate attempt to demonstrate a throat cutting motion and not a motion to scratch an itch or reach for a seatbelt. Next, speculating that it was a deliberate motion we must interpret that it meant the juror had concluded that Green was guilty as opposed to indicating, for instance, that we need to avoid communication or that the juror thought Curtis's testimony had cut his throat or the State's. Finally, this whole house of cards falls because if a juror failed to follow the court's instructions and began drawing conclusions about the defendant's guilt two-thirds of the way through the evidence, this type of misconduct is not an overt act or outside influence upon the jury that justifies inquiry of the jury or juror. *Reaves v. State,* 826 So. 2d 932 (Fla. 2002), *Baptist Hospital of Miami, Inc. v. Maler, supra.* and *Devoney v. State, supra* . This sort of misconduct is of the type that inheres in the verdict itself. A juror is not competent to testify as to any matter that inheres in the verdict itself. Section 90.607(2)(b), Florida Statutes. Therefore, it would be inappropriate for a juror to testify (and presumably for the court to order him to testify) about his deliberations and whether he may have prematurely reached conclusions regarding the guilt of the Defendant.

8. In *Reaves v. State, supra* the defendant alleged that two jurors had advised his attorney that "one of the other jurors, Mr. John Ujvarosi, was discussing the guilt of Mr. Reaves from the beginning of the trial, long before they were able to discuss such issues". *Id* at p. 943. The Defendant claimed in postconviction proceedings that this was error and requested the right

0C0558

to interview jurors.   The Florida Supreme Court noted that  the juror only attempted to discuss guilt prematurely and stated:

> This contention does not involve any agreement among the other jurors to disregard their oaths and ignore the law, nor does it imply that the jury was influenced by external sources or improper material.  Reaves' assertion, which involves a lone juror's understanding of the jury instructions, is "a matter which essentially inheres in the verdict itself"; hence, juror interviews are not permissible. *Reaves v. State, supra*  at p. 943.

The court therefore upheld the denial of relief as to this claim.  The facts alleged by Green indicate at worst that a juror had prematurely formed an opinion as to  guilt which is a matter that inheres in the verdict.  Juror interviews are impermissible and therefore there is no way that Green could develop the facts to even show that the suspect juror had actually formed an opinion as to guilt.

WHEREFORE, the State of Florida asks the court to deny the Defendant's Motion For Reconsideration.

NORMAN R. WOLFINGER
STATE ATTORNEY

BY: _____

Christopher R. White
Assistant State Attorney
Bar No. 203289
100 East First Street
Sanford, Florida 32771
407) 322-7534 ext 6410

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing has been furnished to Douglas Squire, Office of the  Attorney General,  444 Seabreeze Blvd., 5th Floor, Daytona Beach, Fl 3211, Mr. Mark S. Gruber, Office of the Capital Collateral Regional Counsel, Middle, 3801

003559

Corporex Park Drive, Suite 210, Tampa, FL 33619 and Judge Bruce W. Jacobus, 2825 Judge Fran Jamieson Way, Viera, Florida 32940, by mail on October 9, 2003.

                          NORMAN R. WOLFINGER
                          STATE ATTORNEY

                    BY: _____
                          Christopher R. White
                          Assistant State Attorney

003560

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY A. GREEN,

    Defendant.

_____/

## NOTICE OF FILING

    Defendant, **CROSLEY A. GREEN** through undersigned counsel, hereby files in the court file of this case the following:

        Original Subpoenas and Returns of Service on John Roberson Parker, Jerome Murray, Lonnie Hillary and Sheila Green.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing Notice of Filing has been furnished by United States Mail, first class postage prepaid, to all counsel of record on this 14th day of October, 2003.

DAVID D. HENDRY

Mark S. Gruber  the bar #016006
Florida Bar No. 0330541
Assistant CCC
CAPITAL COLLATERAL REGIONAL
  COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, FL 33619-1136
813-740-3544
Attorney for Defendant

000561

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Brevard County Justice Center
The Moore Justice Center, Courtroom 4C
2825 Judge Fran Jamieson Way
Viera, Florida 32940

Douglas T. Squire
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Blvd., Fifth Floor
Daytona Beach, Florida  32118-3958

Christopher White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida 32771

Crosley Green
DOC #A902925, P5202S
Union Correctional Institution
7819 NW 228th Street
Raiford, Florida 32026

003562

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

STATE OF FLORIDA,

     Plaintiff,

v.                         CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,

     Defendant.

_____/

<u>SUBPOENA</u>

THE STATE OF FLORIDA:

TO:   John Roberson Parker, SAO
      2725 Judge Fran Jamieson Way
      Melbourne, Florida 32940
      Phone (407) 617-7510

    YOU ARE COMMANDED to appear before the Honorable Bruce W. Jacobus, Judge
of the Circuit Court, at The Moore Justice Center, 2825 Judge Fran Jamieson
Way, Viera, Florida, on Tuesday and Wednesday, October 28 and 29, 2003, at
9:00 a.m. in Courtroom 4C, to testify at an EVIDENTIARY HEARING in this
action.  IF YOU FAIL TO APPEAR, YOU MAY BE IN CONTEMPT OF COURT.

    You are subpoenaed to appear by the following attorney and unless
excused from this subpoena by this attorney or the court, you shall respond to
this subpoena as directed.

    DATED ON October 9th, 2003.

                                  The Honorable Scott Ellis
                                  As Clerk of the Circuit

                                  BY: _____
                                  As Deputy Clerk

_____
Mark S. Gruber
Florida Bar No. 0330541
Assistant CCC
Attorney for Defendant
Capital Collateral Regional Counsel - Middle
3801 Corporex Park Drive, Suite 210
Tampa, FL 33619-1136
(813) 740-3544

Attention: Persons with disabilities.  If you are a person with a disability who needs
any accommodations in order to participate in this proceeding, you are entitled, at no
cost to you, to the provision of certain assistance.  Please contact Don Barksdale,
Chief Investigator, Capital Collateral Regional Counsel - Middle Region, at 3801
Corporex Park Drive, Suite 210, Tampa, FL 33619-1136, telephone number (813) 740-3544
extension 127, OR (813) 245-7439) within 2 working days of your receipt of this
Subpoena; if you are hearing impaired call 1-800-955-8771; if you are voice impaired,
call 1-800-955-8770.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

FILED IN TWL-01
CLERK OF CIR. CT.
BREVARD CO. FL.
2003 OCT 16 A 11: 28
SCOTT ELLIS

RETURN OF SERVICE

I, _Rose Valdez_____, a CCRC Investigator authorized by F.S. 27.707 to serve process, received the attached witness subpoena on the __9__ day of __Oct_____, 2003, and executed the same:

[check one and complete]

_____ [a]    by delivering a true copy hereof to the withing named witness, _____,
on the _____ day of _____, 2003, at _____ a.m. / p.m., in _____ County, Florida, pursuant to F.S. 48.031 (1) (a);
[OR]

_____ [b]    by leaving a true copy hereof at the usual place of abode of the within named witness with _____, a person residing therein who is fifteen (15) years of age or over and informing the person of its contents on the _____ day of _____, 2003, at _____ a.m. / p.m., in _____ County, Florida, pursuant to F.S. 48.031 (1) (a);
[OR]

___✓___ [c]    by delivering a true copy hereof to a designated supervisory or administrative employee, _Receptionist_____, at the witness's place of employment as a law enforcement officer or a federal, state, or municipal employee, on the __9__ day of __Oct_____, 2003, at _12:30_ a.m. /p.m., in _Bravard_____ County, Florida, pursuant to F.S. 48.031 (1) (a);
[OR]

_____ [d]    by delivering a true copy hereof to _____ on the _____ day of _____, 2003, at _____ a.m. / p.m., in _____ County, Florida, pursuant to F.S. _____;
[OR]

Signed: _____Rose Vald_____
Date Signed: ____10-9-03_____

[Form 1.910 (b) ; Rev. 4/1/03]

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

STATE OF FLORIDA,

     Plaintiff,

v.                            CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,

     Defendant.

_____/

**SUBPOENA**

THE STATE OF FLORIDA:

TO:  Jerome Murray
     2742 North Myrtle Avenue
     Mims, Florida 32754

     YOU ARE COMMANDED to appear before the Honorable Bruce W. Jacobus, Judge
of the Circuit Court, at The Moore Justice Center, 2825 Judge Fran Jamieson
Way, Viera, Florida, on Tuesday and Wednesday, October 28 and 29, 2003, at
9:00 a.m. in Courtroom 4C, to testify at an EVIDENTIARY HEARING in this
action.  IF YOU FAIL TO APPEAR, YOU MAY BE IN CONTEMPT OF COURT.

     You are subpoenaed to appear by the following attorney and unless
excused from this subpoena by this attorney or the court, you shall respond to
this subpoena as directed.

     DATED ON October _____, 2003.

                            The Honorable Scott Ellis
                            As Clerk of the Circuit Court

                            BY: _____
                                As Deputy Clerk

Mark S. Gruber
Florida Bar No. 0330541
Assistant CCC
Attorney for Defendant
Capital Collateral Regional Counsel - Middle
3801 Corporex Park Drive, Suite 210
Tampa, FL 33619-1136
(813) 740-3544

Attention: Persons with disabilities.  If you are a person with a disability who needs
any accommodations in order to participate in this proceeding, you are entitled, at no
cost to you, to the provision of certain assistance.  Please contact Don Barksdale,
Chief Investigator, Capital Collateral Regional Counsel - Middle Region, at 3801
Corporex Park Drive, Suite 210, Tampa, FL 33619-1136, telephone number (813) 740-3544
extension 127, OR (813) 245-7439) within 2 working days of your receipt of this
Subpoena; if you are hearing impaired call 1-800-955-8771; if you are voice impaired,
call 1-800-955-8770.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

FILED IN TVL-01
CLERK OF CIR. CT.
BREVARD CO. FL.
2003 OCT 16 A 11: 28
SCOTT ELLIS

RETURN OF SERVICE

I, __Rose Valdez_____, a CCRC Investigator authorized by F.S. 27.707 to serve process, received the attached witness subpoena on the __9__ day of __OCT_____, 2003, and executed the same:

[check one and complete]

__✓__ [a]    by delivering a true copy hereof to the withing named witness, __Jerome Murray__, on the __9__ day of __OCT_____, 2003, at __2:30__ a.m. / p.m., in __Brevard_____ County, Florida, pursuant to F.S. 48.031 (1) (a);
    [OR]

_____ [b]    by leaving a true copy hereof at the usual place of abode of the within named witness with _____, a person residing therein who is fifteen (15) years of age or over and informing the person of its contents on the _____ day of _____, 2003, at _____ a.m. / p.m., in _____ County, Florida, pursuant to F.S. 48.031 (1) (a);
    [OR]

_____ [c]    by delivering a true copy hereof to a designated supervisory or administrative employee, _____, at the witness's place of employment as a law enforcement officer or a federal, state, or municipal employee, on the _____ day of _____, 2003, at _____ a.m. / p.m., in _____ County, Florida, pursuant to F.S. 48.031 (1) (a);
    [OR]

_____ [d]    by delivering a true copy hereof to _____ on the _____ day of _____, 2003, at _____ a.m. / p.m., in _____ County, Florida, pursuant to F.S. _____;
    [OR]

Signed: __Rose Valdez_____
Date Signed: __10-9-03_____

[Form 1.910 (b) ; Rev. 4/1/03]

003566

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

STATE OF FLORIDA,

     Plaintiff,

v.                               CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,

     Defendant.

_____/

SUBPOENA

THE STATE OF FLORIDA:

TO:  Lonnie Hillary
      1505 King's Court
      Titusville, Florida 32780

     YOU ARE COMMANDED to appear before the Honorable Bruce W. Jacobus, Judge of the Circuit Court, at The Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida, on Tuesday and Wednesday, October 28 and 29, 2003, at 9:00 a.m. in Courtroom 4C, to testify at an EVIDENTIARY HEARING in this action.  IF YOU FAIL TO APPEAR, YOU MAY BE IN CONTEMPT OF COURT.

     You are subpoenaed to appear by the following attorney and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

     DATED ON October _____, 2003.

                              The Honorable Scott Ellis
                              As Clerk of the Circuit Court

                              BY: _____
                                  As Deputy Clerk

_____
Mark S. Gruber
Florida Bar No. 0330541
Assistant CCC
Attorney for Defendant
Capital Collateral Regional Counsel - Middle
3801 Corporex Park Drive, Suite 210
Tampa, FL 33619-1136
(813) 740-3544

Attention: Persons with disabilities.  If you are a person with a disability who needs any accommodations in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Don Barksdale, Chief Investigator, Capital Collateral Regional Counsel - Middle Region, at 3801 Corporex Park Drive, Suite 210, Tampa, FL 33619-1136, telephone number (813) 740-3544 extension 127, OR (813) 245-7439) within 2 working days of your receipt of this Subpoena; if you are hearing impaired call 1-800-955-8771; if you are voice impaired, call 1-800-955-8770.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

FILED IN TVL-01
CLERK OF CIR.CT.
BREVARD CO. FL.

2003 OCT 16  A 11: 28

SCOTT ELLIS

RETURN OF SERVICE

I, _Rose Valdez_____, a CCRC Investigator authorized by F.S. 27.707 to serve process, received the attached witness subpoena on the ___9___ day of _Oct_____, 2003, and executed the same:

[check one and complete]

_____✓___ [a]     by delivering a true copy hereof to the withing named witness, _Lonnie Hillary_____
    on the __9__ day of _Oct_____, 2003, at _9:30_ a.m. /p.m), in
    _Brevard_____ County, Florida, pursuant to F.S. 48.031 (1) (a);
    [OR]

_____ [b]     by leaving a true copy hereof at the usual place of abode of the within named witness
    with _____, a person residing therein who is fifteen (15)
    years of age or over and informing the person of its contents on the _____ day of
    _____, 2003, at _____ a.m. / p.m., in _____
    County, Florida, pursuant to F.S. 48.031 (1) (a);
    [OR]

_____ [c]     by delivering a true copy hereof to a designated supervisory or administrative employee, ____
    _____, at the witness's place of enployment as a law
    enforcement officer or a federal, state, or municipal employee, on the _____ day of
    _____, 2003, at _____ a.m. / p.m., in _____
    County, Florida, pursuant to F.S. 48.031 (1) (a);
    [OR]

_____ [d]     by delivering a true copy hereof to _____ on the _____
    _day of _____, 2003, at _____ a.m. / p.m., in _____
    _____ County, Florida, pursuant to F.S. _____;
    [OR]

Signed:    _Rose Valdez_____
Date Signed:   _10-9-03_____

[Form 1.910 (b) ; Rev. 4/1/03]

003568

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

STATE OF FLORIDA,

   Plaintiff,

v.              CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,

   Defendant.
_____/

<u>SUBPOENA</u>

THE STATE OF FLORIDA:

TO: Sheila Green
   1619 S. Hawthorne Avenue
   Apopka, Florida 32703

   YOU ARE COMMANDED to appear before the Honorable Bruce W. Jacobus, Judge of the Circuit Court, at The Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida, on Tuesday and Wednesday, October 28 and 29, 2003, at 9:00 a.m. in Courtroom 4C, to testify at an EVIDENTIARY HEARING in this action.  IF YOU FAIL TO APPEAR, YOU MAY BE IN CONTEMPT OF COURT.

   You are subpoenaed to appear by the following attorney and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

   DATED ON October 9th, 2003.

            The Honorable Scott Ellis
            As Clerk of the Circuit Court

            BY: _____
            As Deputy Clerk

Mark S. Gruber
Florida Bar No. 0330541
Assistant CCC
Attorney for Defendant
Capital Collateral Regional Counsel - Middle
3801 Corporex Park Drive, Suite 210
Tampa, FL 33619-1136
(813) 740-3544

Attention: Persons with disabilities.  If you are a person with a disability who needs any accommodations in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Don Barksdale, Chief Investigator, Capital Collateral Regional Counsel - Middle Region, at 3801 Corporex Park Drive, Suite 210, Tampa, FL 33619-1136, telephone number (813) 740-3544 extension 127, OR (813) 245-7439 within 2 working days of your receipt of this Subpoena; if you are hearing impaired call 1-800-955-8771; if you are voice impaired, call 1-800-955-8770.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

FILED IN TVL-01
CLERK OF CIR. CT.
BREVARD CO. FL.
2003 OCT 16  A 11: 28
SCOTT ELLIS

RETURN OF SERVICE

I, __Rosa Valdez_____, a CCRC Investigator authorized by F.S. 27.707 to serve process, received the attached witness subpoena on the ___9___ day of ___Oct_____, 2003, and executed the same:

[check one and complete]

_____ [a]    by delivering a true copy hereof to the withing named witness, _____,
               on the _____ day of _____, 2003, at _____ a.m. / p.m., in
               _____ County, Florida, pursuant to F.S. 48.031 (1) (a);
               [OR]

___✓___ [b]    by leaving a true copy hereof at the usual place of abode of the within named witness
               with __Shundra Green- daughter__ a person residing therein who is fifteen (15)
               years of age or over and informing the person of its contents on the ___9___ day of
               ___Oct_____, 2003, at _5:30_ a.m. / p.m., in __Orange__
               County, Florida, pursuant to F.S. 48.031 (1) (a);
               [OR]

_____ [c]    by delivering a true copy hereof to a designated supervisory or administrative employee, _
               _____, at the witness's place of employment as a law
               enforcement officer or a federal, state, or municipal employee, on the _____ day of
               _____, 2003, at _____ a.m. / p.m., in _____
               County, Florida, pursuant to F.S. 48.031 (1) (a);
               [OR]

_____ [d]    by delivering a true copy hereof to _____ on the _____
               day of _____, 2003, at _____ a.m. / p.m., in _____
               _____ County, Florida, pursuant to F.S. _____;
               [OR]

Signed: __Rosa Valdez_____
Date Signed: ___10-9-03_____

[Form 1.910 (b) ; Rev. 4/1/03]

Jacobus vol #25

**STATE OF FLORIDA**
**LAW OFFICE OF THE**
**CAPITAL COLLATERAL**
**REGIONAL COUNSEL**
**MIDDLE REGION**



**BILL JENNINGS**
CAPITAL COLLATERAL REGIONAL COUNSEL

**VICKI BUTTS**
EXECUTIVE DIRECTOR

October 14, 2003

ATTN: Scott Ellis
Clerk of the Circuit Court
Eighteenth Judicial Circuit - Brevard County
700 Park Avenue, Building #4
Titusville, Florida 32780

Re:     *State of Florida v. Crosley A. Green*
         *Case No. 89-4942-CFA*

Dear Clerk:

Enclosed for immediate filing in the above-captioned case are:

     (1).     Original of Defendant's Notice of Filing;

     (2).     Copies of the first and last pages of the above referenced document for return to CCRC-Middle after date-stamping and filing; and

     (3).     A pre-addressed, stamped envelope for use in returning the date-stamped pages to us.

We request that you please return the date stamped pages to CCRC-Middle in the enclosed pre-addressed stamped envelope after the completion of filing.

A copy has been provided by first class mail to opposing counsel of record.

Thank you for your assistance in this matter.

Sincerely,

Mark S. Gruber
Assistant CCC

/psh
Enclosures
cc:     Honorable Bruce W. Jacobus, Circuit Court Judge
         Douglas T. Squire, Assistant Attorney General
         Christopher R. White, Assistant State Attorney
         Crosley A. Green

FILED IN TVL-01
CLERK OF CIR. CT.
BREVARD CO. FL.
2003 OCT 16 P 3: 37
SCOTT ELLIS

003571

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

_____/

## MOTION TO TRANSPORT WITNESS

The Defendant, **CROSLEY ALEXANDER GREEN,** by and through undersigned counsel, moves this Court for an order directing that witness, **ALLEN JEROME MURRAY, B/M DOB: 2/28/51,** be transported from the Brevard County Jail, located at 860 Camp Road, Sharpes, Florida 32959, to the Brevard County Courthouse, Moore Justice Center, 2825 Judge Fran, Jamieson Way, Viera, Florida, on or before **9:00 a.m., October 28, 2003,** for purposes of an evidentiary hearing before the **Honorable Bruce W. Jacobus, Circuit Court Judge.** In support of this motion, counsel would state the following:

1.      The Court has scheduled an Evidentiary Hearing in the above-captioned cause for Tuesday and Wednesday, October 28 and 29, 2003, at 9:00 a.m. at the Moore Justice Center.

2.      Mr. Murray was personally served with a witness subpoena to appear and an Order to Show Cause at the Brevard County Jail on October 9, 2003.

3.      Mr. Murray's testimony is necessary and required for the support of Mr. Green's post-conviction claims.

WHEREFORE, counsel for the defendant requests that this Court enter an order ex parte

003572

requiring the Brevard County Sheriff's Office to transport ALLEN JEROME MURRAY, B/M, DOB: 2/28/61 from the Brevard County Jail to the Moore Justice Center for the Evidentiary Hearing on October 28, 2003, at 9:00 a.m.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Ex Parte Motion to Transport Witness has been furnished by United States Mail, first class postage prepaid, to all counsel of record and the this _15th_ day of _October_ , 2003.

#0136298

Mark S. Gruber
Florida Bar No. 0330541
Assistant CCC
CAPITAL COLLATERAL REGIONAL
COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, FL 33619-1136
813-740-3544
Attorney for Defendant

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Brevard County Justice Center
The Moore Justice Center, Courtroom 4C
2825 Judge Fran Jamieson Way
Viera, Florida 32940

Wayne Holmes and/or
Christopher White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida 32771

Douglas T. Squire
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Blvd., Fifth Floor
Daytona Beach, Florida  32118-3958

Crosley Green
DOC #A902925, P5202S
Union Correctional Institution
7819 NW 228th Street
Raiford, Florida 32026

2

003573

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942-CFA

STATE OF FLORIDA,

     Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

     Defendant.

_____/

## ORDER TO TRANSPORT WITNESS

This cause came on ex parte before the court upon the motion of the Defendant for the transport of a witness, and it appearing that it should be granted, it is therefore,

ORDERED AND ADJUDGED that the Sheriff of Brevard County, or his authorized deputies, shall transport ALLEN JEROME MURRAY, B/M, DOB: 2/28/51 from the Brevard County Jail, 860 Camp Road, Sharpes, Florida 32959, to the Moore Justice Center, 2825 Judge Fran Jamieson Way, Viera, Florida before the Honorable Bruce W. Jacobus, Courtroom 4C no later than Tuesday, October 28, 2003, at 9:00 a.m.

DONE AND ORDERED in Chambers in Viera, Brevard County Florida on this **20** day of October, 2003.

                                  _____

                                  BRUCE W. JACOBUS
                                  Circuit Court Judge

-1-

003574

Copies furnished to:

Mark Gruber
Assistant CCC
Capital Collateral Regional Counsel - Middle
3801 Corporex Park Drive, 210
Tampa, Florida 33619

Douglas T. Squire
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Blvd., Fifth Floor
Daytona Beach, Florida  32118-3958

Wayne Holmes and/or
Christopher White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, Florida 32771

Brevard County Sheriff's Department
Inmate Transportation
700 South Park Avenue
Titusville, Florida 32780

003575

ARREST/NOTICE TO APPEAR
PROBABLE CAUSE AFFIDAVIT/
JUVENILE REFERRAL

FCIC/NCIC CHECK YES ☐ NO ☐
OPTS Number

1. Arrest          4. Complaint Affidavit
2. Notice to Appear   5. Request for Capias
3. Arrest Affidavit   6. Juvenile Referral     ☐ Juvenile

**ADMINISTRATIVE**

Agency ORI Number
FLO ☐

Agency Report Number
03-292614

Charge Type Check as many as apply: ☑ 1. Felony  ☐ 3. Misdemeanor  ☐ 5. Ordinance  ☐ 2. Traffic Felony  ☐ 4. Traffic Misdemeanor  ☐ 6. Other

Weapon Seized/Type  ☐ 1. Yes  ☐ 2. No

Agency Arrest Number
CID#31195

Location of Arrest (Include Name of Business)   BCDC          City

Location of Offense (Business Name, Address)   BREVARD          City

Date of Arrest 10-27-03   Time of Arrest 2130   BCSO Date   BCSO Time   Jail Date 10-22-03   Jail Time 2130   Fingerprinted ☐ Identification Only ☐ Criminal  ☐ AFIS   By:

Date of Offense   FDLE Number   DOC Number   FBI Number

**DEFENDANT/JUVENILE**

Name (Last, First, Middle)   GREEN, CROSLEY          Alias

Race W-White I-American Indian B-Black O-Oriental/Asian  B  Sex M  Date of Birth 09.11.57  Height 5'11  Weight   Eye Color BRO  Hair Color BLK  Complexion DARK  Build MED

Indication of Alcohol Influence ☐ Drug Influence   Y ☐ N ☐ Use

Scars, Marks, Tattoos, Unique Physical Features (Location, Type, Description)

Local Address (Street, Apt. Number)   (City)   (State)   (Zip)   Phone ( )   Residence Type 1. City  3. Florida  2. County  4. Out of State

Permanent Address (Street, Apt. Number) or   (City)   (State)   (Zip)   Phone ( )   Parent Contacted ☐ Y  ☐ N
UNION C.I.   RAIFORD  FL

Business Address (Name, Street) or   (City)   (State)   (Zip)   Phone ( )   Occupation

Driver's License State/Number   Social Security Number 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   INS Number   Place of Birth FL   Citizenship US

**CO-DEF**

Defendant's Name   Race   Sex   Date of Birth or Age   ☐ 1. Arrested ☐ 2. At Large   3. Felony  4. Misdemeanor  5. Juvenile

Defendant's Name   Race   Sex   Date of Birth or Age   ☐ 1. Arrested ☐ 2. At Large   3. Felony  4. Misdemeanor  5. Juvenile

**CODE**

Activity  N. N/A  P. Possess  S. Sell  B. Buy  T. Traffic  R. Smuggle  D. Deliver  E. Use  K. Dispense/Distribute  M. Manufacture/Produce/Cultivate  Z. Other

Type  N. N/A  A. Amphetamine  B. Barbiturate  C. Cocaine  E. Heroin  H. Hallucinogen  M. Marijuana  O. Opium/Deriv.  P. Paraphernalia/Equipment  S. Synthetic  U. Unknown  Z. Other

**CHARGE**

**CHARGE**

**PROBABLE CAUSE STATEMENT**

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law:
On the ___ day of ___ at ___ ☐ A.M. ☐ P.M.   (Specifically include facts constituting cause for arrest)

* OF DEATH ROW INMATE *
FOR HEARING ON 10-28-03

In accordance with F.S.S. 938.27, I hereby request reimbursement of investigative costs consisting of ___ hrs @ $___ per hr and/or ___ miles @ $___ per mile for a total of $___   Affidavit enclosed Y___ N___    Continue for: Narrative ☐   Charges ☐

**NOTICE TO APPEAR**

**Mandatory Appearance In Court**

I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO APPEAR, THAT I MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST OR A TAKE INTO CUSTODY ORDER SHALL BE ISSUED.

Signature of Defendant/Juvenile   Signature of Juv. Parent/Custodian   Release to: (Name)   Date   Time

**ADMINISTRATIVE**

☐ Miranda Warning   Hold for Other Agency  Name: UNION C.I.   Verified By   Date   Bonding Agency

Adults Only ☐ Hold for First Appearance ☐ Do Not Bond Out. Reason:

I swear/affirm the above and attached statements are true and correct.

Officer/Complainant's Signature   ID Number: 972   Date (Printed)  FID Darrel Conner

**BOND INFORMATION**
Bond#   Amount
Bond#   Amount
Returnable Court Date   Returnable Court Time ☐ A.M. ☐ P.M.
Court Location 003572   Page ___ of ___

Sworn to and subscribed before me, the undersigned authority this 27th day of OCT 2003
Signature  Jesse Williams
Print or Type Name JESSE WILLIAMS #915
Notary/Law Enforcement Officer in Performance of Official Duties
☐ Personally Known  ☐ ID Produced

COURT FILE    STATE ATTORNEY    SHERIFF'S RECORDS    JAIL    LAW ENFORCEMENT    DEFENDANT'S COPY          Clerk 127

## IN THE CIRCUIT COURT EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA
## IN THE COUNTY IN AND FOR BREVARD COUNTY, FLORIDA

**STATE OF FLORDA**

**BOOKING OFFICER'S CERTIFICATE**

vs.

GREEN CROXLEY
_____
Accused

05- 1989 CF- 4942 -AXXX - XX

I hereby certify that when the above named accused was committed to the custody of Sheriff of Brevard County, I booked the accused at 2015 o'clock, p .m., on 10 27 2003, and advised the accused as follows:

1. In order to secure your immediate release you must post a bail in the amount of $ NONE .

2. If you are unable to post that bond, you will at 1:15 .m (today) (tomorrow) be taken before a County Court judge for an Initial Court Appearance.

3. You have the right to complete at least two telephone calls to any person(s) located in this county.

As booking officer, I asked the accused the following question and received the following answer:

Do you wish to make any telephone calls?          Answer _____

I permitted the above named accused to make and complete the following telephone calls:

| Time | Date | Person | Telephone Number |
|------|------|--------|------------------|
|      |      |        |                  |
|      |      |        |                  |

I certify that the above is correct

X UNABLE
_____
Accused

_____
Booking Officer

_____
*Witness

* A witness to the booking officer's advice and questions should sign if the accused declines to sign.

003577

☐ AMENDED   *Jacobus*

BREVARD COUNTY, FLORIDA
DATE: 10/28/03

**COURT MINUTES/ORDER OF
INITIAL APPEARANCE**

| DEFENDANT   DOB | CASE NUMBER | JUDGE | |
|---|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | RB | RESERVED FOR RECORDING |

| CHARGES | TAPE | LOG | |
|---|---|---|---|
| ORDER TO TRANSPORT | 2003 | | |

| | |
|---|---|
| CLERK | ATKINSON T & JARVIS J |
| CLERK | ZOELLER G & WELLS T |
| REPORTER | |
| COURT DEPUTY | GRIFFIN B |
| COURT DEPUTY | |
| DEFENSE COUNSEL | |
| STATE ATTORNEY | *Dworin* |
| PTR REPRESENTATIVE | |

**AMENDED CHARGE:**
☐ STATE ☐ COURT

## DEFENDANT

| PRESENT ☒ | NOT PRESENT |
|---|---|
| ☐ WITHOUT COUNSEL | ☐ COUNSEL PRESENT IN DEFENDANT'S |
| ☐ WITH COUNSEL | BEHALF |
| ☐ ADVISED OF RIGHTS AND CHARGES | |
| ☐ WAIVED SPEEDY TRIAL | ☐ PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

## WARRANTS

DEPUTY                        PRESENT &
| ☐ FILED LOCAL AFFIDAVIT & WARRANT |
| ☐ ADVISED COURT DEFENDANT RECEIVED |

BY_____ AUTHORITIES
ON_____
| ☐ TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED |
| ☐ ADVISED FOREIGN COURT WILL NOT EXTRADITE |
| ☐ ADVISED GOVERNOR'S WARRANT SERVED |
| ☐ DEFENDANT SIGNED WAIVER OF EXTRADITION |

## FAILURE TO APPEAR
COURT ORDERED
| ☐ BENCH WARRANT | ☐ INSTANTER | ☐ ISSUE OTSC |
| ☐ BOND AMOUNT $ | | ☐ Cash or Surety |
| ☐ JUVENILE BENCH WARRANT |
| ☐ CAPIAS | ☐ SUSPEND D.L. | ☐ NO ROR OR PTR |

## ATTORNEY
DEFENDANT DETERMINED
| ☐ INDIGENT | ☐ PARTIALLY INDIGENT | ☐ NON-INDIGENT |
| COURT APPOINTED | ☐ COST PURPOSES ONLY |
| ☐ PUBLIC DEFENDER | ☐ APPEAL PURPOSES ONLY |
| ☐ CONFLICT ATTORNEY |
| ☐ DEFENDANT WAIVED COUNSEL |
| ☐ COURT TOOK NO ACTION AS TO COUNSEL |
| ☐ COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION |
| ☐ COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL |
| ☐ NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED |
| ☐ NOTICE OF APPEAL FILED IN OPEN COURT |
| ☐ NOA/CAF NOT FILED AS OF THIS DATE |

**Failure to appear will result in a Bench Warrant being issued for your arrest.**

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

| NOLLE PROSEQUI | COUNT(S) |
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| ☐ WRITTEN | ☐ ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | ☒ |

## PLEA

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
| ORIGINAL WITHDRAWN | IN ABSENTIA |
| LESSER INCLUDED OFFENSE |

## VERDICT
JURY RETURNED WITH VERDICT OF
| ☐ GUILTY | ☐ NOT GUILTY |
COURT FOUND DEFENDANT TO BE
| ☐ GUILTY | ☐ NOT GUILTY |

## COURT ACTION

| ☐ ACCEPTED PLEA | ☐ ARRAIGNED |
| ☐ ADJUDICATED GUILTY | ☐ Found Defendant in Violation of Probation/Community Control |
| ☐ PREVIOUSLY | |
| ☐ WITHHELD ADJUDICATION OF GUILT | **Conditions** |
| ☐ DISMISSED (CTS) | ☐ FOUND DEFENDANT IN CONTEMPT OF COURT |
| ☐ SENTENCE APPLIES TO ALL COUNTS | ☐ SUSPEND ORIGINAL |
| | ☐ FINE | ☐ CS |
| ☐ ADVISED RIGHT TO APPEAL W/IN 30 DAYS | ☐ PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| ☐ CLERK TO SUBPOENA ALL PARTIES | |

## LICENSE ACTION
| ☐ REVOKED | ☐ SUSPENDED |
| _____ MONTHS | _____ YEARS |
| ☐ RE-EXAMINATION REQUIRED |
| ☐ BY COURT RE: |
| ☐ CONFISCATED BY COURT |

## LIBERTY STATUS
| ☐ CASH | ☐ ORDER |
| ☐ SURETY | ☐ ROR |
| ☐ UNSECURED | ☐ PTR |
| ☐ SECURED SIGNATURE | ☐ SUMMONS |
| ☐ CITATION | ☐ NOTICE TO APPEAR |
| ☐ DISCHARGED | ☐ CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: |

DEPUTY NOTIFIED
BY CLERK

## NEXT COURT APPEARANCE

| ☐ SECOND APPEARANCE | ☐ VOP ARRAIGNMENT |
| ☐ CONTROL FUGITIVE WARRANT | ☐ CIVIL INFRACTION HEARING |
| ☐ VOP HEARING | ☐ NON JURY TRIAL |
| ☐ PRE-TRIAL CONFERENCE | ☐ PAY DR APPEAR |
| ☒ HEARING | ☐ ARRAIGNMENT | ☐ CRIMINAL PROCEEDINGS |
| ☐ PLEA | ☐ SENTENCING | ☐ TO BE NOTIFIED |
| ☐ STATUS CONFERENCE | ☐ DOCKET SOUNDING |
| ☐ CONTINUED BY | ☐ JURY TRIAL |
| ☐ COURT | ☐ STATE | ☐ PD/ATTY |

REASON
☒ PREVIOUSLY SET
DATE 10-29-03   TIME 9A
| ☒ VIERA | ☐ TITUSVILLE |
| ☐ MELBOURNE | ☐ SHARPES |
DIVISION          JUDGE *Jacobus*
ACKNOWLEDGED
.........................................................
(DEFENDANT/ATTORNEY SIGNATURE)
I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY
NUMBER-TYPE-AMOUNT
| ☐ SATISFIED/RELEASED |
| ☐ FORFEIT IN FULL SATISFACTION (CASH BOND) |
| ☐ SURETY/CASH BOND FORFEITED |
| ☐ FORFEITURE _____ ☐ DISCHARGED |
| ☐ DATED |
| ☐ DEDUCT $ |
| ☐ REFUND BALANCE TO DEPOSITOR |
| ☐ BALANCE OF FINE TO BE PAID |

## CHARGES/CASE # CHANGES
ORIGINAL CHARGES LISTED ON THE ARREST
AFFIDAVIT(923.01) HAVE BEEN CHANGED

FORMER CASE #   003573
B904942CFA

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PA 2

10/28/03

RESERVED FOR RECORDING

| DEFENDANT | DOB | CASE NUMBER |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | | 05-1989-CF-004942-AXXX-XX |

## JAIL

| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
☐ ANY PENDING SENTENCE
CONSECUTIVE W/
☐ ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ PROBATION
☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| RESERVED | |
| AA/NA          TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in          MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL: | |
| | w/in          DAYS |

ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):

Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer.
CURFEW          M TO          M
SEE REMARKS
HOUSE ARREST          DAYS

## Status of
☐ Probation ☐ Community Control

| REVOKED | MODIFIED |
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |
| Psychiatric | Psychological | Substance Abuse |
| 24 HOUR SCREENING | DETENTION FACILITY |
| CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | |
| HIV | STD | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
| PERSONAL SURETY | |

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

ROR
State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
UNTIL FURTHER ORDER OF COURT
DUE TO NATURE OF OFFENSE
UNTIL EVALUATION COMPLETE
X REMANDED   AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

| COUNT(S) | | |
|---|---|---|
| Fine | | |
| Waive C/C | | |
| Suspend | | |
| Court Costs | | |
| Late Chg | | |
| Other | | |

**TOTAL**
$ _____

**Payable on or before**
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |

$ _____   SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
(Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

**REMARKS** _Handled outside court_

I certify that a copy of hereof has been furnished on 10-28-03 to the:
☐ defendant by            ☐ hand delivery ☐ mail
☐ public defender/defense attorney by ☐ hand delivery ☐ mail
☐ state attorney by        ☐ hand delivery ☐ mail
☐ bonding agency           ☐ hand delivery ☐ mail

JJ
Deputy Clerk

DONE AND ORDERED THIS 28th DAY
OF October 20 03 IN
BREVARD CO DETENTION CENT
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

JUDGE/OFFICIAL/DEPUTY CLERK

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN  /487879
3658 BRACRIFF

LAW 134   ORIGINAL-COURT FILE   [X] Sheriff: Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant
(REV. 01/2003)

, 42,511                                    CRIMINAL JUSTICE SERVICES                    DATE: 10-28-03
                                              PRETRIAL RELEASE

LAST:   GREEN                                DOB: 09-11-57 AGE: 46 RACE: B SEX: M
FIRST:  CROSLEY                              HOW LONG IN BREVARD COUNTY: UNKNOWN
MIDDLE: A                                    RESIDES WITH:
UNION CORRECTIONAL  (DOC), ,   00000         MARITAL STATUS:
000-000-0000                                 HOW LONG AT CURRENT ADDRESS:

PREVIOUS ADDRESS: UNKNOWN, ,    00000

OTHER COUNTIES/STATES: UNION\

NEAREST RELATIVE:  UNKNOWN      000-000-0000
                      , ,  00000

EMPLOYER: DEATH ROW INMATE·DOC,              PHONE: 000-000-0000
POSITION: UNEMPLOYED                         HOW LONG:
WEEKLY TAKE HOME SALARY:                     INDIGENT/NON-INDIGENT:
                                             UNKNOWN

DRUG/ALCOHOL ABUSE:  UNKNOWN ALCOHOL DRUG USAGE
MEDICAL/MENTAL:     UNKNOWN

PRIOR HISTORY SUMMARY:  CONVS: RECK DR '86, POSS DRUG PARA '87, SALE/PURCH COCAINE '88, MURDER 1ST
                        DEG COMM FEL '89, ROBBERY W/FA OR DEADLY WPN '89, KIDNAP X2 '89


                    NOT INTERVIEWED-ORDER TO TRANSPORT

OTHER INFORMATION:




CAREER CRIMINAL: (Y) N      PRIOR DOC: (Y) N      REL DATE: PRESENTLY      PRIOR: PTA'S 0
COMMUNITY CONTROL:
PROBATION/PAROLE: Y (N)    FOR: NONE   LOCATION:     TERM:
PROBATION OFFICER:                     IS PROBATION VIOLATED?   Y (N)
CO-DEFENDANTS:  ,

PRETRIAL RELEASE RECOMMENDATION:                      BOND: NONE
ORDER TO TRANSPORT
HOLD FOR UNION DOC

VERIFIED INFORMATION
Family Ties  _____     Length of Residency _____
Current Address _____    Probation Status _____
Employment Status ___    Prior Record Updated _____    JUSU
                         1st Time Fel Drug Offender ____   PRETRIAL RELEASE INVESTIGATOR

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☒ CRIMINAL<br>☐ JUVENILE<br>☐ TRAFFIC<br>☐ CR  ☐ CV | **EVIDENCE/EXHIBIT LOG** | 05 1989 CF 4942 - A xxx-xx |

| ☐ PETITIONER ☒ PLAINTIFF<br>State of Florida<br>☒ STATE ATTORNEY<br>Wayne Holmes<br>Christopher White | ☐ RESPONDENT ☒ DEFENDANT<br>Crosley Alexander Green<br>☒ DEFENSE COUNSEL<br>Mark Gruber | FILED IN OPEN COURT<br>This 29th day of<br>October , 2003<br>at _____ M.<br>CLERK OF COURTS<br>BY DMoon DC |
|---|---|---|
| LOCATION    Viera | JUDGE  Bruce W Jacobus | SHELF          BIN |

| EX | ID | ☐ PLAINTIFF ☐ PETITIONER<br>☒ STATE ATTORNEY | EX | ID | ☐ RESPONDENT<br>☒ DEFENDANT |
|---|---|---|---|---|---|
| | A | 7-11-90<br>letter from Atty Dees | | E | 96-52 CR-ORL-19<br>Affidavit of Shelia Green |
| | B | Transcript of Statement<br>Sheila Green (7-13-90) | 4 | F | (original) Transcript of<br>Jerome Murray (dated 10-13-99) |
| | C | Transcript of Trial Testimony<br>Sheila Green (8-29-90) | 5 | G | (original) Transcript of Videotaped<br>Statement of Jerome Murray<br>(dated 8-3-99) |
| | D | Transcript of Sentencing<br>Terry Spruill (8-30-90) | 6 | H | copy of Handwritten Statement<br>Allen Jerome Murray (dated 8-3-99) |
| | E | Transcript of Sentencing<br>Sheila Green (10-22-90) | 7 | I | Certified Copy of Conviction in<br>88CF3109-AxxX-xx dated 4-26-90 |
| | F | Affidavit of Sheila<br>Green (4-1-02) | | J | Composite - Copies of 3x5 cards<br>Case Memorandum |
| | G | Transcript of Video Interview<br>Sheila Green (8-4-99) | 8 | K | Request for Felony PTR<br>dated 8-7-90 - Jerome Murray |

VERDICT:  ☐ GUILTY   ☐ NOT GUILTY   ☐ PLEA ☐   MISTRIAL

I, _____ , do hereby acknowledge receipt of the above items of
evidence from _____ this _____ day of _____ , 20 ____.

I, _____ , do hereby acknowledge receipt of the above items of
evidence from _____ this _____ day of _____ , 20 ____.

| Re-verified on _____ | By _____ | Sent to _____ For _____ |
|---|---|---|
| Re-verified on _____ | By _____ | Returned from _____ On _____ |
| Re-verified on _____ | By _____ | Re-verified on _____ By _____ |

003581

LAW 158
(REV. 01/2002)

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | EVIDENCE/EXHIBIT LOG | CASE NUMBER |
|---|---|---|
| ☐ CIVIL ☒ CRIMINAL ☐ JUVENILE ☐ TRAFFIC ☐ CR ☐ CV | | 05-1989 CF 4942 - Axxx-xx |

| ☐ PETITIONER ☒ PLAINTIFF | ☐ RESPONDENT ☐ DEFENDANT | FILED IN OPEN COURT |
|---|---|---|
| State of Florida | Crosley Alexander Green | This 28th day of October, 2003 at ___ M.. |
| ☒ STATE ATTORNEY Wayne Holmes Christopher White | ☒ DEFENSE COUNSEL Mark Gruber | CLERK OF COURTS BY _____ DC |
| LOCATION Viera | JUDGE Bruce W Jacobus | SHELF         BIN |

| EX | ID | ☐ PLAINTIFF ☐ PETITIONER ☒ STATE ATTORNEY | EX | ID | ☐ RESPONDENT ☒ DEFENDANT |
|---|---|---|---|---|---|
| | H | Transcript of Deposition Lonnie Hillary (6-8-90) | 9 | L | Cert. Copy of Order of Revocation Probation (Jerome Murray) 73-674-CFA |
| | I | Transcript of Trial Testimony Lonnie Hillary (8-29-90) | 10 | M | Cert. Copy Conviction J&S Jerome Murray 73-674-CFA |
| | J | Video Tape Statement Lonnie Hillary (8-7-99) | 11 | N | Cert. copy Conviction J&S Allen Jerome Murray 81-2427CF |
| | K | Transcript Video Interview Lonnie Hillary (10-20-99) | 12 | O | Cert. Copy Commitment Card 12-21-88 Allen Jerome Murray 88-13574MHA |
| | L | Transcript of Trial Testimony Jerome Murray (8-30-90) | | P | Pre Trial Release Recommendations Allen Jerome Murray 2-16-90 |
| | M | Audio Tape Statement Jerome Murray (8-3-99) | | | |
| | N | Handwritten Statement of Jerome Murray (8-3-99) | | | |

VERDICT:   ☐ GUILTY   ☐ NOT GUILTY   ☐ PLEA   ☐ MISTRIAL

I, _____, do hereby acknowledge receipt of the above items of evidence from _____ this _____ day of _____, 20 ____.

I, _____, do hereby acknowledge receipt of the above items of evidence from _____ this _____ day of _____, 20 ____.

| Re-verified on _____ | By_____ | Sent to _____ For _____ |
|---|---|---|
| Re-verified on _____ | By_____ | Returned from _____ On_____ |
| Re-verified on _____ | By_____ | Re-verified on _____ By _____ |

LAW 158
(REV. 01/2002)

003582

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☒ CRIMINAL<br>☐ JUVENILE<br>☐ TRAFFIC<br>☐ CR ☐ CV | **EVIDENCE/EXHIBIT LOG** | 05-1989 CF-4942 - Axxx-xx |

| ☐ PETITIONER ☒ PLAINTIFF | ☐ RESPONDENT ☒ DEFENDANT | FILED IN OPEN COURT |
|---|---|---|
| State of Florida | Crosley Alexander Green | This 28th day of October, 2003 at _____ M. |
| ☒ STATE ATTORNEY<br>Wayne Holmes.<br>Christopher White | ☒ DEFENSE COUNSEL<br>Mark Gruber | CLERK OF COURTS<br>BY DYMON DC |
| LOCATION Viera | JUDGE Bruce W Jacobus | SHELF          BIN |

| EX | ID | ☐ PLAINTIFF ☐ PETITIONER<br>☒ STATE ATTORNEY | EX | ID | ☐ RESPONDENT<br>☐ DEFENDANT |
|---|---|---|---|---|---|
| | 0 | Video Taped Statement Jerome Murray (10-13-99) | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**VERDICT:** ☐ GUILTY ☐ NOT GUILTY ☐ PLEA ☐ MISTRIAL

I, _____, do hereby acknowledge receipt of the above items of evidence from _____ this _____ day of _____, 20___.

I, _____, do hereby acknowledge receipt of the above items of evidence from _____ this _____ day of _____, 20___.

| Re-verified on _____ | By_____ | Sent to _____ For _____ |
|---|---|---|
| Re-verified on _____ | By_____ | Returned from _____ On_____ |
| Re-verified on _____ | By_____ | Re-verified on _____ By _____ |

LAW 158
(REV. 01/2002)

003583

PAGE _____ OF _____

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

**WITNESS/TESTIMONY LOG**
*Evidentuary Hearing*

CASE NUMBER
051989-CF-4942-XXXX-XX

FILED IN OPEN COURT
This *26th* day of
*October* 2023
at _____ M.

☐ PETITIONER
☐ PLAINTIFF
☒ STATE

☒ DEFENDANT
☐ JUVENILE
☐ RESPONDENT

*State of Florida*

*Crosley Alexander Green*

CLERK OF COURTS

BY *D. Moss* DC

---

TAPE # _____          LOG # _____

☒ DEFENDANT  ☐ JUVENILE  ☐ PETITIONER  ☐ PLAINTIFF  ☐ RESPONDENT  ☐ STATE

Witness No. _____     NAME: *Sheila Green*     ☒ C  ☒ S  ☒ T

Time: Start *9:15A* M.   End *10:53A* M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____          LOG # _____

☒ DEFENDANT  ☐ JUVENILE  ☐ PETITIONER  ☐ PLAINTIFF  ☐ RESPONDENT  ☐ STATE

Witness No. _____     NAME: *Lonnie Hillary*     ☒ C  ☒ S  ☒ T

Time: Start *11:12 A* M.   End *12:05P* M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____          LOG # _____

☒ DEFENDANT  ☐ JUVENILE  ☐ PETITIONER  ☐ PLAINTIFF  ☐ RESPONDENT  ☐ STATE

Witness No. _____     NAME: *Jerome Murray*     ☒ C  ☒ S  ☒ T

Time: Start *1:50 P* M.   End *2:25 P* M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____          LOG # _____

☒ DEFENDANT  ☐ JUVENILE  ☐ PETITIONER  ☐ PLAINTIFF  ☐ RESPONDENT  ☐ STATE

Witness No. _____     NAME: *John Robertson Parker*     ☒ C  ☒ S  ☒ T

Time: Start *3:15P* M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____          LOG # _____

☐ DEFENDANT  ☐ JUVENILE  ☐ PETITIONER  ☐ PLAINTIFF  ☐ RESPONDENT  ☐ STATE

Witness No. _____     NAME: _____     ☐ C  ☐ S  ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

003584

LAW 380 (REV. 3/01)
[ ]DEFENDANT   [ ]JUVENILE   [ ]PETITIONER   [ ]PLAINTIFF   [ ]RESPONDENT   [ ]STATE   [ ]PD/DEF.

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.: 05-1989-CF-004942-AXXX-XX

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY ALEXANDER GREEN,

    Defendant.

FILED IN OPEN COURT
This _28_ Day of _October_ A.D. _2003_
Time _9:00 AM_
CLERK, CIRCUIT COURT
By _____ D.C.

## ORDER DENYING MOTION FOR RECONSIDERATION REGARDING CLAIM I

**THIS CAUSE** came before the Court on the Defendant's Motion for Reconsideration Regarding Claim I, filed herein on September 22, 2003. On October 13, 2003, the State filed an Objection to Motion for Reconsideration Regarding Claim I. Having reviewed the Defendant's motion, the State's Response, the official Court file, argument of counsel, and being otherwise fully advised in the premises, the Court makes the following conclusions of law:

a. The Defendant requests for this Court to reconsider its ruling summarily denying the Defendant's allegation under Claim I of his amended motion for postconviction relief that Juror Harold Guiles engaged in juror misconduct by prejudging the case. The Defendant bases his request for reconsideration on Marshall v. State, 28 Fla. L. Weekly S461 (Fla. 2003), decided after the Court had ruled on the claim. Upon consideration of the


003585

State v. Green _____ Case No. 05-1985-CF-004942-AXXX-XX

Marshall case, the Court finds that it will not reconsider its decision because Marshall is distinguishable from the subject case.

b. In Marshall, the Supreme Court of Florida held that the trial court erred in summarily denying Marshall's claim of juror misconduct.  In his postconviction motion, Marshall attached an affidavit from attorney, Ronald Smith, who stated that he received a telephone call from a woman who claimed that she served on Marshall's jury.  This woman alleged among other things that some jurors told racial jokes about Marshall and some jurors announced during the guilt phase that they were going to vote for a guilty verdict and life sentence, because they wanted Marshall to return to prison to kill more black inmates.  Moreover, the woman alleged that some jurors read and discussed articles concerning the trial despite the court's prohibition against this.  The Supreme Court of Florida found that the alleged juror misconduct set forth in Mr. Smith's affidavit did not inhere in the verdict.  There are major distinctions between the facts in Marshall and those in the instant case.  First and foremost, there is no allegation that Juror Guiles discussed or communicated any opinion or premature beliefs as to the Defendant's guilt with other jurors.  Secondly, there is no allegation that Juror Guiles had any racial or ethnic bias against the Defendant and there is no racial aspect whatsoever of the claim.  Third, there is no allegation that jurors read articles about the case and discussed them with other jurors.  Fourth, there is no evidence that the alleged juror seen in the parking lot had a predisposition to find the Defendant guilty for matters not related to the trial.

003586

c.  The facts relied on by the Defendant in the subject case only establish that is possible that one of the Green jurors had formed a premature opinion as to the Defendant's guilt before the conclusion of the evidence and instructions on the law.  This Court finds <u>Reaves v. State</u>, 826 So. 2d 932 (Fla. 2002) dispositive in this regard.  Reaves' postconviction motion alleged in pertinent part that one of the jurors "was discussing the guilt of Mr. Reaves from the beginning of the trial, long before they were able to discuss such issues and after they were instructed not to discuss such issues."  826 So. 2d at 943.  The Supreme Court of Florida explained that the allegation that a juror attempted to prematurely discuss guilt inheres in the verdict itself absent an allegation that the jury agreed to disregard their oaths and ignore the law, or an implication that the jury was influenced by external sources or improper material.  The alleged misconduct by Harold Guiles, at best, suggests that Juror Guiles formed a premature mental impression of the Defendant's guilt.  The instant allegation is not even as strong, as that in the <u>Reaves</u> case, where the juror actually discussed his premature belief of guilt with other jurors.  Under the <u>Reaves</u> case, the Defendant would not be entitled to juror interviews to even develop the facts that the suspect juror had actually prematurely formed an opinion as to the Defendant's guilt.

003587

State v. Green _____   Case No. 05-1986 CF-004942-AXXX-XX

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion for Reconsideration Regarding Claim I is **DENIED.**

**DONE AND ORDERED** at the Moore Justice Center, Viera, Florida, this 27ᵗʰ day of _____ October _____, 2003.

**BRUCE W. JACOBUS**
**CIRCUIT JUDGE**

### CERTIFICATE OF SERVICE

I do certify that copies hereof have been furnished to **Mark S. Gruber, Esq.,** Assistant CCRC, Capital Collateral Regional Counsel – Middle Region, 3801 Corporex Park Drive, Suite 210, Tampa, Florida 33619; **Crosley Green,** DOC #902925; P3110S, Union Correctional Institution, P.O. Box 221, Raiford, Florida 32083; **Christopher White, Esq.,** Assistant State Attorney, Office of the State Attorney, 100 East First Street, Sanford, Florida 32771; and **Douglas Squire, Esq.,** Assistant Attorney General, Office of the Attorney General, 444 Seabreeze Blvd., 5ᵗʰ Floor, Daytona Beach, Florida 32118 by hand delivery this 28ᵗʰ day of _____ October _____, 2003.

**SCOTT ELLIS**
**CLERK OF COURT**

By:

Deputy Clerk

003588

☐ AMENDED

BREVARD COUNTY, FLORIDA

DATE: 10/28/2003

**COURT MINUTES/ORDER OF HEARING**

| DEFENDANT | DOB | CASE NUMBER | JUDGE |
|---|---|---|---|
| GREEN, CROSLEY ALEXANDER | | 05-1989-CF-004942-AXXX-XX | BJ |

RESERVED FOR RECORDING

**CHARGES**

3.850

| Dig. Rec. Unit # | TAPE |
|---|---|
| Digital Rec. Time | 2003 LOG |
| H/M/S | |
| CLERK | Moon |
| CLERK | |
| REPORTER | Zaumiller |
| COURT DEPUTY | Weiand |
| COURT DEPUTY | Gruber, Hendry Cayton |
| DEFENSE COUNSEL | Holmes/White |
| STATE ATTORNEY | |
| PTR REPRESENTATIVE | |

AMENDED CHARGE:
☐ STATE ☐ COURT

**DEFENDANT**

X PRESENT    NOT PRESENT

WITHOUT COUNSEL / COUNSEL PRESENT IN DEFENDANT'S BEHALF

X WITH COUNSEL

ADVISED OF RIGHTS AND CHARGES

WAIVED SPEEDY TRIAL / PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL

**WARRANTS**

DEPUTY                    PRESENT &

FILED LOCAL AFFIDAVIT & WARRANT

ADVISED COURT DEFENDANT RECEIVED

BY _____ AUTHORITIES

ON _____

TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED

ADVISED FOREIGN COURT WILL NOT EXTRADITE

ADVISED GOVERNOR'S WARRANT SERVED

DEFENDANT SIGNED WAIVER OF EXTRADITION

**FAILURE TO APPEAR**

COURT ORDERED

BENCH WARRANT | INSTANTER | ISSUE OTSC

BOND AMOUNT $ | Cash or Surety

JUVENILE BENCH WARRANT

CAPIAS | SUSPEND D.L. | NO ROR OR PTR

**ATTORNEY**

DEFENDANT DETERMINED

INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT

COURT APPOINTED | COST PURPOSES ONLY

PUBLIC DEFENDER | APPEAL PURPOSES ONLY

CONFLICT ATTORNEY

DEFENDANT WAIVED COUNSEL

COURT TOOK NO ACTION AS TO COUNSEL

COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION

COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL

NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED

NOTICE OF APPEARANCE FILED IN OPEN COURT

NOA/CAF NOT FILED AS OF THIS DATE

DUI Advisement: Pursuant to F.S. 316.193(B), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

**STATE ACTION**

NOLLE PROSEQUI | COUNT(S)

PRESENTED NO EVIDENCE | COUNT(S)

NOTICE OF NO INFORMATION | COUNT(S)

WRITTEN | ORAL

REDUCED TO MISDEMEANOR

UPGRADED TO FELONY

**PLEA**

NOT GUILTY | NOLO CONTENDERE | GUILTY

ORIGINAL WITHDRAWN | IN ABSENTIA

LESSER INCLUDED OFFENSE

**VERDICT**

JURY RETURNED WITH VERDICT OF

GUILTY | NOT GUILTY

COURT FOUND DEFENDANT

GUILTY | NOT GUILTY

**COURT ACTION**

ACCEPTED PLEA | ARRAIGNED

ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control

PREVIOUSLY

WITHHELD ADJUDICATION OF GUILT | Conditions

DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT

SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL

| FINE | CS

ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT

CLERK TO SUBPOENA ALL PARTIES

**LICENSE ACTION**

REVOKED | SUSPENDED

MONTHS | YEARS

RE-EXAMINATION REQUIRED

BY COURT RE:

CONFISCATED BY COURT

**LIBERTY STATUS**

CASH | ORDER

SURETY | ROR

UNSECURED | PTR

SECURED SIGNATURE | SUMMONS

CITATION | NOTICE TO APPEAR

DISCHARGED | CANCEL BENCH WARRANT

BENCH WARRANT/CAPIAS RECALLED ON:

DEPUTY NOTIFIED

BY CLERK

**NEXT COURT APPEARANCE**

| SECOND APPEARANCE | VOP ARRAIGNMENT |
| CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| VOP HEARING | NON JURY TRIAL |
| PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

REASON

PREVIOUSLY SET

| DATE | | TIME |
| VIERA | TITUSVILLE |
| MELBOURNE | SHARPES |
| DIVISION | JUDGE |

ACKNOWLEDGED

(DEFENDANT/ATTORNEY SIGNATURE)

**FAILURE TO APPEAR WILL RESULT IN A BENCH WARRANT/CAPIAS BEING ISSUED FOR YOUR ARREST.**

I, hereby certify that a copy hereof has been sent to:

**BOND INFO OUT OF CUSTODY**

NUMBER-TYPE-AMOUNT

SATISFIED/RELEASED

FORFEIT IN FULL SATISFACTION (CASH BOND)

SURETY/CASH BOND FORFEITED

FORFEITURE | DISCHARGED

DATED

DEDUCT $

REFUND BALANCE TO DEPOSITOR

BALANCE OF FINE TO BE PAID

**CHARGES/CASE # CHANGES**

ORIGINAL CHARGES LISTED ON THE ARREST

AFFIDAVIT (923.01) HAVE BEEN CHANGED

FORMER CASE # 8904942CFA

003580

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE

10/28/2003

RESERVED FOR RECORDING

| DEFENDANT          DOB | CASE NUMBER |
|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX |

## JAIL

| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
ANY PENDING SENTENCE
CONSECUTIVE W/
ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME
☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probatioary  ☐ Non-Probationary  ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| AMOUNT INDICATED | |
| AA/NA        TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in        MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid DL |
| | Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL: |
| | w/in        DAYS |

ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):

Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer.

CURFEW        M TO        M
SEE REMARKS
HOUSE ARREST        DAYS

## REMARKS

*Hrg cont'd to 10/29/03*

I certify that a copy of hereof has been furnished on        to the:
☐ defendant by       ☐ hand delivery  ☐ mail
☐ public defender/defense attorney by  ☐ hand delivery  ☐ mail
☐ state attorney by   ☐ hand delivery  ☐ mail
☐ bonding agency      ☐ hand delivery  ☐ mail

*10/28/03*

Deputy Clerk

## Status of
☐ Probation  ☐ Community Control

| REVOKED | | MODIFIED |
| REINSTATED | | |
| | SAME TERMS AND CONDITIONS AS PEVIOUSLY IMPOSED | SEE ORDER |
| TERMINATED | | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding |
| | No Outstanding Conditions |

## ORDER OF THE COURT

| PROBABLE CAUSE | | NO PROBABLE CAUSE |
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | | PRE-PLEA PSI |
| | Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | | |
| EVALUATION ORDERED | | File Copy w/ Court |
| | Psychiatric | Psychological | Substance Abuse |
| | 24 HOUR SCREENING | DETENTION FACILITY |
| | CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| | Medical | |
| | HIV | STD | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
| PERSONAL SURETY: | |

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

ROR
        State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
        UNTIL FURTHER ORDER OF COURT
        DUE TO NATURE OF OFFENSE
        UNTIL EVALUATION COMPLETE
REMANDED  AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

| COUNT(S) | | |
|---|---|---|
| Fine | | |
| Waive C/C | | |
| Suspend | | |
| Court Costs | | |
| Late Chg | | |
| Other | | |

### TOTAL
$ _____

**Payable on or before** _____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
| $        SUSPEND ALL BUT $ | |

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____.
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____.
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

DONE AND ORDERED THIS 28th DAY
OF October, 20 03, AT
**MOORE JUSTICE CENTER**
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

003590

JUDGE/OFFICIAL/DEPUTY CLERK

## DEFENDANT'S NAME AND ADDRESS:

CROSLEY ALEXANDER GREEN   /487879
3658 BRACRIFF

LAW 134   ORIGINAL-COURT FILE   [ ] Sheriff   J/Warrants   [ ] Criminal Law   [ ] Probation/Comm   Service/Other   [ ] Judicial Assistant
(REV 01/2003)

PAGE _____ OF _____

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

## WITNESS/TESTIMONY LOG

**CASE NUMBER**

05-1989-CF-4942-AXXX-X

☐ PETITIONER
☐ PLAINTIFF
☒ STATE

☒ DEFENDANT
☐ JUVENILE
☐ RESPONDENT

**FILED IN OPEN COURT**
This _29_ day of
_October_ 2003,
at _____ M.

_State of Florida_

_Crosley Alexander Green_

**CLERK OF COURTS**

BY _____ DC

---

TAPE # _____     LOG # _____

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _John Robertson Parker_   ☒ C   ☒ S   ☒ T

Time: Start _9:07_ A.M.   End _3:48_ P.M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____     LOG # _____

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____   ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____     LOG # _____

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____   ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____     LOG # _____

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____   ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE # _____     LOG # _____

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____   ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M. 003591

LAW 380 (REV. 3/01)
[ ]DEFENDANT   [ ]JUVENILE   [ ]PETITIONER   [ ]PLAINTIFF   [ ]RESPONDENT   [ ]STATE   [ ]PD/DEF.

CLOCK IN

SCOTT ELLIS

2003 OCT 29 P 5:50

RIVIERA-1
CIRCUIT CT.
BREVARD

RESERVED FOR RECORDING

---

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | | |
| ☒ CRIMINAL | ORDER | 05-1989-CF-004942-AXXX-XX |
| ☐ JUVENILE | | |
| ☐ TRAFFIC | | |

| PLAINTIFF | DEFENDANT |
|---|---|
| STATE OF FLORIDA | CROSLEY ALEXANDER GREEN |

---

COURT HEREBY APPOINTS THE OFFICE OF THE PUBLIC DEFENDER TO REPRESENT JEROME MURRAY AS TO ADVISING HIM OF HIS CONSTITUTIONAL RIGHTS AS IT RELATES TO RECANTING HIS TESTIMONY GIVEN AT THE TRIAL IN THE ABOVE STYLED CASE.

SEE HILL vs. STATE (847 So. 2nd 518).

---

| DONE AND ORDERED BREVARD COUNTY, FLORIDA | _____ JUDGE | DATE 10/28/03 |
|---|---|---|

LAW 509
(REV. 12/99)

003592

☐ AMENDED
BREVARD COUNTY, FLORIDA
DATE: 10/28/2003

## COURT MINUTES/ORDER OF HEARING

| DEFENDANT | DOB | CASE NUMBER | JUDGE |
|---|---|---|---|
| GREEN, CROSLEY ALEXANDER | | 05-1989-CF-004942-AXXX-XX | |

**RESERVED FOR RECORDING**

| CHARGES | | |
|---|---|---|
| | Dig. Rec. Unit # | TAPE |

3.850

| | |
|---|---|
| Digital Rec. Time 2003 | LOG |
| H/M/S | |
| CLERK | MOM |
| CLERK | |
| REPORTER | Jan miller |
| COURT DEPUTY | Weiland |
| COURT DEPUTY | |
| DEFENSE COUNSEL | Gruber |
| STATE ATTORNEY | White |
| PTR REPRESENTATIVE | |

AMENDED CHARGE:
☐ STATE   ☐ COURT

## DEFENDANT

| X PRESENT | NOT PRESENT |
|---|---|
| WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| X WITH COUNSEL | |

ADVISED OF RIGHTS AND CHARGES

| WAIVED SPEEDY TRIAL | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |
|---|---|

## WARRANTS

| DEPUTY | PRESENT & |
|---|---|
| FILED LOCAL AFFIDAVIT & WARRANT | |
| ADVISED COURT DEFENDANT RECEIVED | |

BY _____ AUTHORITIES
ON _____

| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE |
| ADVISED GOVERNOR'S WARRANT SERVED |
| DEFENDANT SIGNED WAIVER OF EXTRADITION |

## FAILURE TO APPEAR

COURT ORDERED

| BENCH WARRANT | INSTANTER | ISSUE OTSC |
|---|---|---|
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

## ATTORNEY

DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | |

| DEFENDANT WAIVED COUNSEL |
| COURT TOOK NO ACTION AS TO COUNSEL |
| COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION |
| COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL |
| NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED |
| NOTICE OF APPEAL FILED IN OPEN COURT |
| NOA/CAF NOT FILED AS OF THIS DATE |

DUI Advisement: Pursuant to F.S. 316.193(B), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| | WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

## PLEA

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

## VERDICT

JURY RETURNED WITH VERDICT OF

| | GUILTY | NOT GUILTY |
|---|---|---|

COURT FOUND DEFENDANT TO BE

| | GUILTY | NOT GUILTY |
|---|---|---|

## COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| PREVIOUSLY | |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

## LICENSE ACTION

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

## LIBERTY STATUS

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |

BENCH WARRANT/CAPIAS RECALLED ON:

| DEPUTY NOTIFIED |
|---|
| BY CLERK |

## NEXT COURT APPEARANCE

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| VOP HEARING | NON JURY TRIAL |
| PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| X HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| PLEA | SENTENCING | X TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

REASON
PREVIOUSLY SET

| DATE | TIME |
|---|---|
| X VIERA | TITUSVILLE |
| MELBOURNE | SHARPES |

| DIVISION | JUDGE | B |
|---|---|---|

ACKNOWLEDGED

(DEFENDANT/ATTORNEY SIGNATURE)

**FAILURE TO APPEAR WILL RESULT IN A BENCH WARRANT/CAPIAS BEING ISSUED FOR YOUR ARREST.**

I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT

| SATISFIED/RELEASED |
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |

| FORFEITURE DATED | DISCHARGED |
|---|---|

| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

## CHARGES/CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED

FORMER CASE #
8904942CFA

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGL

10/29/2003

RESERVED FOR RECORDING

| DEFENDANT | DOB | CASE NUMBER |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | | 05-1989-CF-004942-AXXX-XX |

| JAIL | | Status of | | ASSESSMENTS | |
|---|---|---|---|---|---|

**Status of** ☐ Probation ☐ Community Control

| JAIL | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |
| CONCURRENT W/ | |
| ANY PENDING SENTENCE | |
| CONSECUTIVE W/ | |
| ANY PENDING SENTENCE | |
| COMMENCING | |
| WEEKENDS/FARM (See Supplemental Order) | |
| NO GAIN TIME | |

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

**CONDITIONS**
☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| AMOUNT RESERVED | |
| AA/NA ____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in ____ MOS |
| Vehicle Impoundment [See Order] | No Driving w/o valid Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL w/in ____ DAYS | |
| ABIDE BY ALL LAWS | |
| MAKE ALL COURT APPEARANCES | |
| REMAIN IN BREVARD COUNTY | |
| REMAIN IN CONTACT WITH ATTORNEY | |
| NO CONTACT WITH VICTIM(S): | |
| Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer. | |
| CURFEW ____ M TO ____ M | |
| SEE REMARKS | |
| HOUSE ARREST ____ DAYS | |

| Status of ☐ Probation ☐ Community Control | |
|---|---|
| REVOKED | MODIFIED |
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED / SEE ORDER |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

**ORDER OF THE COURT**

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |
| Psychiatric | Psychological | Substance Abuse |
| 24 HOUR SCREENING | DETENTION FACILITY |
| CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | |
| HIV | STD | HEPATITIS |

**BOND INFORMATION IN CUSTODY**

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE | |
| PERSONAL SURETY: | | |

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| ROR | |
|---|---|
| | State did not file Information within 33 days |
| NO ACTION TAKEN AS TO BOND AMOUNT | |
| RELEASED/DISCHARGED | |
| NO BOND | |
| | UNTIL FURTHER ORDER OF COURT |
| | DUE TO NATURE OF OFFENSE |
| | UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |

**ASSESSMENTS**

| COUNT(S) | | | |
|---|---|---|---|
| Fine | | | |
| Waive C/C | | | |
| Suspend | | | |
| Court Costs | | | |
| Late Chg | | | |
| Other | | | |

**TOTAL**
$ _____

**Payable on or before** _____
Payment Information Shown on Reverse Side
Fines/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

**ADDITIONAL ASSESSMENTS**

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

**Investigative Costs and Public Defender Liens must be paid to the Clerk of Court**

**ASSESSMENT ALTERNATIVES**

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____.
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

**REMARKS** to be transported back UCI as soon as possible. Atty Gruber to prepare next Order to Transport for upcoming hearing

I certify that a copy of hereof has been furnished on 10-29-03 to the:

| | | |
|---|---|---|
| ☐ defendant by | ☐ hand delivery | ☐ mail |
| ☐ public defender/defense attorney by | ☐ hand delivery | ☐ mail |
| ☐ state attorney by | ☐ hand delivery | ☐ mail |
| ☐ bonding agency | ☐ hand delivery | ☐ mail |

Deputy Clerk

DONE AND ORDERED THIS 29th DAY
OF October , 20 03 , IN
MOORE JUSTICE CENTER
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT

003594 M.

**DEFENDANT'S NAME AND ADDRESS:**
CROSLEY ALEXANDER GREEN   7487879
3658 BRACRIFF

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134   ORIGINAL-COURT FILE   [ ] Sheriff/Warrants   [ ] Criminal Law   [ ] Probation/Comm   Service/Other   [ ] Judicial Assistant
(REV. 01/2003)

CLOCK IN

*JACOBUS VOL 25*

RESERVED FOR RECORDING

SCOTT ELLIS

2003 DEC 12 P 5: 04

FILED IN VIERA-14
CLERK OF CIR. CT.
BREVARD CO. FL.

| ☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA |  | CASE NUMBER |
|---|---|---|
| ☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA |  | |

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | ORDER | |
| ☒ CRIMINAL | | 05 - 1989 - CF - 004942 - AXXX-XX |
| ☐ JUVENILE | | |
| ☐ TRAFFIC | | |

| PLAINTIFF | DEFENDANT |
|---|---|
| STATE OF FLORIDA | CROSLEY GREEN |

Court hereby orders that the court reporter prepare a transcript of the proceedings held on October 28 and 29, 2003. Cost of said transcript shall be paid by the Board of County Commissioners.

XC: Bonnie Callin - Finance ⟶ TMH 12-15-03

| DONE AND ORDERED BREVARD COUNTY, FLORIDA | | JUDGE | DATE 12/12/03 |
|---|---|---|---|

LAW 509
(REV. 12/99)

003595

Jocobus
26 vol

**IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.**

**CASE NO.   05-1989-CF-004942-AXXX-XX**

**STATE OF FLORIDA,**

    **Plaintiff,**

**v.**

**CROSLEY GREEN,**

    **Defendant.**

_____/



### ORDER TO TRANSPORT

    **THIS CAUSE** came before the Court upon the Defendant's postconviction motion,

filed pursuant to Rule 3.851, Florida Rules of Criminal Procedure.  It is hereupon

    **ORDERED AND ADJUDGED:**

    1.  That, upon receipt of this Order, the Sheriff of Brevard County, Florida, shall

forthwith resume custody of and deliver **CROSLEY GREEN** to the Brevard County Jail

and, further, shall present **CROSLEY GREEN,** before this Court for a postconviction

evidentiary hearing to be held on **TUESDAY, FEBRUARY 24, 2004 at 8:00 A.M.** at the

**MOORE JUSTICE CENTER**, Viera, Brevard County, Florida.

    2.  That the Clerk of the Court shall prepare certified copies of this Order for

immediate distribution to the Sheriff of Brevard County, Florida; to the Office of the State

Attorney; to the Capital Collateral Representative – Middle Region; to James V. Crosby, Jr.,

637

003596

Secretary to the Florida Department of Corrections, Tallahassee, Florida.

3. That **CROSLEY GREEN** be released from the custody of James V. Crosby, Jr., Secretary to the Florida Department of Corrections, Tallahassee, to a duly authorized transporting agent of the Brevard County Sheriff's Department to be brought before the undersigned Circuit Judge on the date and time set forth above.

4. That the Sheriff of Brevard County, Florida, shall prior to the execution of this Order, give a minimum of twenty four (24) hours notice unto the above named institution of its intent to pick up **CROSLEY GREEN** and shall provide said institution with a certified copy of this Order at the time of resuming custody of the defendant.

**DONE AND ORDERED** at the Moore Justice Center, in Viera, Brevard County, Florida this 22ⁿᵈ day of _Dec._, 2003.

_____
**BRUCE W. JACOBUS
CIRCUIT COURT JUDGE**

Copies to:

State Attorney – Viera  ᶲ 1-6-04
Chris White and Wayne Holmes, Assistant State Attorney

Mark Gruber, Esq. ᴿ 1-6-04
Office of the Capital Collateral Representative – Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida  33619

Sheriff of Brevard County - (certified - 3) ᴅᴍ 12-22-03

James V. Crosby, Jr.  ᴿ - 1-6-04
Secretary to Department of Corrections
2601 Blair Stone Road
Tallahassee, Florida 32399-2500

2 of 3

003597

Crosley Green, DOC #902925   *JR - 1 -6 -0 4*
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida  32026-4000

** Defendant is currently at the Union Correctional Institution.

003598

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.

STATE OF FLORIDA,                    CASE NO. 89-4942-CFA
    Plaintiff,

    vs.

CROSLEY GREEN,
    Defendant.

_____/

## NOTICE OF HEARING

TO:  Mr. Mark Gruber              AAGO Barbara Davis
      Office of the Capital Collateral    444 Seabreeze Blvd., 5th Floor
      Regional Counsel, Middle      Daytona Beach, Florida  32118
      3801 Corporex Park Dr., Suite 210,
      Tampa, FL 33619           ASA Wayne Holmes
                          Office of the State Attorney
                          2725 Judge Fran Jamieson Way, Bldg. D
                          Viera, Florida  32940

      You are hereby notified that the undersigned will call up for hearing:

**HEARING:**     EVIDENTIARY HEARING

**DATE:**        February 24, 2004 through February 27, 2004

**TIME:**        9:00 a.m.

**PLACE:**      BREVARD COUNTY COURTHOUSE – VIERA

**JUDGE:**      HONORABLE BRUCE W. JACOBUS

    I HEREBY CERTIFY that a copy hereof has been furnished by mail delivery to the above at
the above address on this _29_ day of December 2003.

    PLEASE GOVERN YOURSELF ACCORDINGLY.

                        NORMAN R. WOLFINGER
                        STATE ATTORNEY

                      BY: _____
                      CHRISTOPHER R. WHITE
                      ASSISTANT STATE ATTORNEY
                      FLORIDA BAR NO. 0203289
                      100 EAST FIRST STREET
                      SANFORD, FLORIDA  32771

☐ AMENDED
BREVARD COUNTY, FLORIDA
DATE: 1-28-04

# COURT MINUTES/ORDER OF
Hearing

| DEFENDANT | DOB | CASE NUMBER | JUDGE |
|---|---|---|---|
| Green, Crosley | 05-19-89 | 05-1989 CF 4942-AXXXXX | |

**CHARGES**

Evidentuary Hrg

RESERVED FOR RECORDING

| Dig. Rec. Unit # | TAPE |
|---|---|
| Digital Rec.Time | LOG |
| H/M/S | |
| CLERK | Moon |
| CLERK | |
| REPORTER | M Eddy |
| COURT DEPUTY | Weiand |
| COURT DEPUTY | |
| DEFENSE COUNSEL | Gruber |
| STATE ATTORNEY | White  Holmes |
| PTR REPRESENTATIVE | |

**AMENDED CHARGE:**
☐ STATE  ☐ COURT

## DEFENDANT

| PRESENT X | NOT PRESENT |
|---|---|
| WITHOUT COUNSEL | COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| WITH COUNSEL | |
| ADVISED OF RIGHTS AND CHARGES | |
| WAIVED SPEEDY TRIAL | PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

## WARRANTS

| DEPUTY | PRESENT & |
|---|---|
| FILED LOCAL AFFIDAVIT & WARRANT | |
| ADVISED COURT DEFENDANT RECEIVED | |
| BY_____AUTHORITIES | |
| ON_____ | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| ADVISED GOVERNOR'S WARRANT SERVED | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | |

## FAILURE TO APPEAR
COURT ORDERED

| BENCH WARRANT | INSTANTER | ISSUE OTSC |
|---|---|---|
| BOND AMOUNT $ | | Cash or Surety |
| JUVENILE BENCH WARRANT | | |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR |

## ATTORNEY
DEFENDANT DETERMINED

| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
|---|---|---|
| COURT APPOINTED | COST PURPOSES ONLY | |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY | |
| CONFLICT ATTORNEY | | |

DEFENDANT WAIVED COUNSEL
COURT TOOK NO ACTION AS TO COUNSEL
COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION
COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL
NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED
NOTICE OF APPEAL FILED IN OPEN COURT
NOA/CAF NOT FILED AS OF THIS DATE

**DUI Advisement:** Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

## STATE ACTION

| NOLLE PROSEQUI | COUNT(S) |
|---|---|
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| WRITTEN | ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

### PLEA

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

### VERDICT
JURY RETURNED WITH VERDICT OF

| GUILTY | NOT GUILTY |
|---|---|
COURT FOUND DEFENDANT TO BE
| GUILTY | NOT GUILTY |

### COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
|---|---|
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

### LICENSE ACTION

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

### LIBERTY STATUS

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |

BENCH WARRANT/CAPIAS RECALLED ON:

DEPUTY NOTIFIED

BY CLERK

## NEXT COURT APPEARANCE

| SECOND APPEARANCE | VOP ARRAIGNMENT |
|---|---|
| CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| VOP HEARING | NON JURY TRIAL |
| PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| HEARING | ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| PLEA | SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

REASON
PREVIOUSLY SET

| DATE | TIME |
|---|---|
| | VIERA | TITUSVILLE |
| | MELBOURNE | SHARPES |
| DIVISION | JUDGE |
| ACKNOWLEDGED | |

(DEFENDANT/ATTORNEY SIGNATURE)
**FAILURE TO APPEAR WILL RESULT IN A BENCH WARRANT/CAPIAS BEING ISSUED FOR YOUR ARREST.**

I, hereby certify that a copy hereof has been sent to:

## BOND INFO OUT OF CUSTODY
NUMBER-TYPE-AMOUNT

| SATISFIED/RELEASED |
|---|
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE DATED       DISCHARGED |
| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

## CHARGES/CASE # CHANGES
ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT(923.01) HAVE BEEN CHANGED

FORMER CASE #

003600

64⁴⁴
qᵖ

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

# COURT MINUTES/ORDER
### BREVARD COUNTY, FLORIDA - PAGE

RESERVED FOR RECORDING

| DEFENDANT | DOB | CASE NUMBER |
|---|---|---|
| Green, Crosley | 05-19-89 | CF 4942-AXXXXX |

## JAIL

| | |
|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER |
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |
| CONCURRENT W/ | |
| ANY PENDING SENTENCE | |
| CONSECUTIVE W/ | |
| ANY PENDING SENTENCE | |
| COMMENCING | |
| WEEKENDS/FARM (See Supplemental Order) | |
| NO GAIN TIME | |

## ☐ PROBATION
## ☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| AMOUNT RESERVED | |
| AA/NA TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid |
| | Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL: |
| w/in DAYS |
| ABIDE BY ALL LAWS | |
| MAKE ALL COURT APPEARANCES | |
| REMAIN IN BREVARD COUNTY | |
| REMAIN IN CONTACT WITH ATTORNEY | |
| NO CONTACT WITH VICTIM(S): | |
| Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer. | |
| CURFEW M TO M | |
| SEE REMARKS | |
| HOUSE ARREST DAYS | |

## Status of
## ☐ Probation   ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| SAME TERMS AND CONDITIONS AS PEVIOUSLY IMPOSED | SEE ORDER |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |
| Psychiatric | Psychological | Substance Abuse |
| 24 HOUR SCREENING | DETENTION FACILITY |
| CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | |
| HIV | STD | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE | |
| PERSONAL SURETY | |

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| ROR | |
|---|---|
| | State did not file Information within 33 days |
| NO ACTION TAKEN AS TO BOND AMOUNT | |
| RELEASED/DISCHARGED | |
| NO BOND | |
| | UNTIL FURTHER ORDER OF COURT |
| | DUE TO NATURE OF OFFENSE |
| | UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |

## ASSESSMENTS

| COUNT(S) | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

## TOTAL
$ _____

**Payable on or before** _____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ ____ SUSPEND ALL BUT $ ____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR _____
(Agency)

PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____

PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT

$40.00 PD FEE ASSESSED

To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

____ HRS COMMUNITY SERVICE CONVERTED
TO $ ____ PAYABLE BY _____

FINE CONVERTED TO ____
COMMUNITY SERVICE HOURS TO BE
COMPLETED BY _____

MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ ____ PER HOUR IN LIEU OF FINE BY _____

COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

## REMARKS

I certify that a copy of hereof has been furnished on __1-28-04__ to the:
- ☐ defendant by   ☐ hand delivery ☐ mail
- ☐ public defender/defense attorney by   ☐ hand delivery ☐ mail
- ☐ state attorney by   ☐ hand delivery ☐ mail
- ☐ bonding agency   ☐ hand delivery ☐ mail

Deputy Clerk

DONE AND ORDERED THIS ____ DAY OF __January__ , 20__ , IN
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT _____ M.

DEFENDANT'S NAME AND ADDRESS:

003601

S. Little
JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV 01/2003)   ORIGINAL-COURT FILE   [ ] Sheriff: Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant

**ARREST/NOTICE TO APPEAR**
**PROBABLE CAUSE AFFIDAVIT/**
**JUVENILE REFERRAL**

FCIC/NCIC CHECK YES ☐ no ☐

OBTS Number

Agency-ORI Number
FLO 005.0.ODD

1. Arrest  4. Complaint Affidavit
2. Notice to Appear  5. Request for Capias
3. Arrest Affidavit  6. Juvenile Referral  Juvenile

Agency Report Number  04-33496

Charge Type (Check as many as apply)
☑ 1. Felony  ☐ 3. Misdemeanor  ☐ 5. Ordinance
☐ 2. Traffic Felony  ☐ 4. Traffic Misdemeanor  ☐ 6. Other

Weapon Seized/Type
☐ 1. Yes  ☐ 2. No

Agency Arrest Number  3.1195

Location of Arrest (include Name of Business)  City
BCDC  Corona

Location of Offense (Business Name, Address)  City

Date of Arrest  02.03.04
Time of Arrest  0615
BCSO Date  BCSO Time
Jail Date  2-3-04  Jail Time  0615
Fingerprinted ☐ Identification Only  ☐ Criminal  ☐ AFIS  By:

Date of Offense  FDLE Number  DOC Number  FBI Number

Name (Last, First, Middle)  GREEN, CROSLEY  Alias

| Race W-White I-American Indian B-Black O-Oriental/Asian | Sex | Date of Birth | Height | Weight | Eye Color | Hair Color | Complexion | Build |
|---|---|---|---|---|---|---|---|---|
| B | M | 09.1.57 | 511 | 120 | BRO | BLK | DARK | MED |

Scars/Marks/Tattoos, Unique Physical Features (Location, Type, Description)

Indication of: Alcohol Influence  Drug Influence  Y  N

Local Address (Street, Apt. Number)  (City)  (State)  (Zip)  Phone

Residence Type
1. City  3. Florida
2. County  4. Out of State

Permanent Address (Street, Apt. Number)  UNION CI.  (City)  (State)  (Zip)  Phone

Parent Contacted

Business Address (Name, Street)  (City)  (State)  (Zip)  Phone  Occupation

Driver's License State/Number  Social Security Number  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  INS Number  Place of Birth  FL  Citizenship  US

Co-Defendant Name (1)  Race  Sex  Date of Birth or Age  ☐ 1. Arrested  ☐ 2. At Large  3. Felony  4. Misdemeanor  5. Juvenile

Co-Defendant Name (2)  Race  Sex  Date of Birth or Age  ☐ 1. Arrested  ☐ 2. At Large  3. Felony  4. Misdemeanor  5. Juvenile

| Activity | | Type | | |
|---|---|---|---|---|
| N/A | S. Sell | R. Smuggle | K. Dispense/Distribute | B. Barbiturate | H. Hallucinogen | P. Paraphernalia/Equipment | U. Unknown |
| P. Possess | B. Buy | D. Deliver | M. Manufacture/Produce/Cultivate | C. Cocaine | M. Marijuana | S. Synthetic | Z. Other |
| | T. Traffic | E. Use | Z. Other | E. Heroin | O. Opium/Deriv. | | |

Charge Description/Statute

ORDER

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law:
On the _____ day of _____ at _____ ☐ A.M. ☐ P.M. (Specifically include facts constituting cause for arrest.)

2004 FEB -3 A 8:11
FILED IN SHARE
CLERK OF CIR. C.
BREVARD CO. FL

In accordance with F.S.S. 938.27, I hereby request reimbursement of investigative costs consisting of _____ hrs @ $_____ per hr and/or _____ miles @ _____ ¢ per mile for a total of $_____  Affidavit enclosed Y_____ N_____  Continue for: Narrative ☐  Charges ☐

**Mandatory Appearance In Court**

I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO APPEAR, THAT I MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST OR A TAKE INTO CUSTODY ORDER WILL BE ISSUED.

Signature of Defendant/Juvenile  Signature of Juv. Parent/Custodian  Release to: (Name)  Date  Time

☐ Miranda Warning
Hold for Other Agency Name:  DOC  Verified By  Date  Bonding Agency

☐ Adults Only
☐ Hold for First Appearance
Do Not Bond Out. Reason:

I swear/affirm the above and attached statements are true and correct.

Officer's/Complainant's Signature  yes
ID. No. (ID)  less

Sworn to and subscribed before me, the undersigned authority this 3 day of 2 2004
Signature
Print or Type Name  Bernier 397

Bond#  Amount
Bond#  Amount

Returnable Court Date  Returnable Court Time ☐ A.M. ☐ P.M.

Name (Printed)  McAngie Twig

Notary/Law Enforcement Officer in Performance of Official Duties  Personally Known ☐  ID Produced ☐

Court Location  003602 17  Page  of  Clerk 127

COURT FILE  STATE ATTORNEY  SHERIFF'S RECORDS  JAIL  LAW ENFORCEMENT  DEFENDANT'S COPY

## IN THE CIRCUIT COURT EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA
## IN THE COUNTY IN AND FOR BREVARD COUNTY, FLORIDA

**STATE OF FLORIDA**

**BOOKING OFFICER'S CERTIFICATE**

_Green Mosley_
_____
Accused

05- _1989_ -CF- _4942_ -AXXX-XX

I hereby certify that when the above named accused was committed to the custody of Sheriff of Brevard County, I booked the accused at _0915_ o'clock, _A_.m., on _2/3_ 20_04_, and advised the accused as follows:

1.  In order to secure your immediate release you must post a bail in the amount of $ _Nole_ .

2.  If you are unable to post that bond, you will at _1:15_ _P_.m (today) (tomorrow) be taken before a County Court judge for an Initial Court Appearance.

3.  You have the right to complete at least two telephone calls to any person(s) located in this county.

As booking officer, I asked the accused the following question and received the following answer:

Do you wish to make any telephone calls?                    Answer _____

I permitted the above named accused to make and complete the following telephone calls:

| Time | Date | Person | Telephone Number |
|------|------|--------|------------------|
|      |      |        |                  |
|      |      |        |                  |

I certify that the above is correct

_____
Accused

_____
Booking Officer

_____
*Witness

* A witness to the booking officer's advice and questions should sign if the accused declines to sign.

000603

□ AMENDED

BREVARD COUNTY, FLORIDA

DATE: 2/3/04

**COURT MINUTES/ORDER OF**
**INITIAL APPEARANCE**

| DEFENDANT | DOB | CASE NUMBER | JUDGE |
|---|---|---|---|
| GREEN, CROSLEY ALEXANDER | | 05-1989-CF-004942-AXXX-XX CC | |

**RESERVED FOR RECORDING**

| CHARGES | | Dig. Rec. Unit # | TAPE |
|---|---|---|---|
| | | 2004 | |
| Order To Transport | | Digital Rec. Time | LOG |
| | | H/M/S | |
| | CLERK | ATKINSON T & ZOELLER G | |
| | CLERK | WELLS T & MOLLICA B | |
| | REPORTER | | |
| | COURT DEPUTY | KLINE J | |
| | COURT DEPUTY | | |
| | DEFENSE COUNSEL | GRUBER MARK S | |

AMENDED CHARGE:

□ STATE  □ COURT

| | STATE ATTORNEY | ~~WHITE CHRISTOPHER R~~ |
|---|---|---|
| | PTR REPRESENTATIVE | |

| DEFENDANT | STATE ACTION | NEXT COURT APPEARANCE |
|---|---|---|
| ☑ PRESENT / NOT PRESENT | NOLLE PROSEQUI    COUNT(S) | SECOND APPEARANCE / VOP ARRAIGNMENT |
| ☑ WITHOUT COUNSEL / COUNSEL PRESENT IN DEFENDANT'S BEHALF | PRESENTED NO EVIDENCE   COUNT(S) | CONTROL FUGITIVE WARRANT / CIVIL INFRACTION HEARING |
| WITH COUNSEL | NOTICE OF NO INFORMATION   COUNT(S) | VOP HEARING / NON JURY TRIAL |
| ☑ ADVISED OF RIGHTS AND CHARGES | WRITTEN         ORAL | ☑ PRE-TRIAL CONFERENCE / PAY OR APPEAR |
| WAIVED SPEEDY TRIAL / PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL | REDUCED TO MISDEMEANOR | ☑ HEARING / ARRAIGNMENT / CRIMINAL PROCEEDINGS |
| | UPGRADED TO FELONY | PLEA / SENTENCING / TO BE NOTIFIED |
| **WARRANTS** | **PLEA** | STATUS CONFERENCE / DOCKET SOUNDING |
| | NOT GUILTY / NOLO CONTENDERE / GUILTY | CONTINUED BY / JURY TRIAL |
| DEPUTY         PRESENT & | ORIGINAL WITHDRAWN / IN ABSENTIA | COURT / STATE / PD/ATTY |
| FILED LOCAL AFFIDAVIT & WARRANT | LESSER INCLUDED OFFENSE | REASON |
| ADVISED COURT DEFENDANT RECEIVED | **VERDICT** | ☑ PREVIOUSLY SET |
| BY | JURY RETURNED WITH VERDICT OF | DATE 2-24-04   TIME 9AM |
| ON | GUILTY / NOT GUILTY | ☑ VIERA / TITUSVILLE |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | COURT FOUND DEFENDANT TO BE | MELBOURNE / SHARPES |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | GUILTY / NOT GUILTY | DIVISION    JUDGE   BJ |
| ADVISED GOVERNOR'S WARRANT SERVED | **COURT ACTION** | ACKNOWLEDGED |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | ACCEPTED PLEA / ARRAIGNED | (DEFENDANT/ATTORNEY SIGNATURE) |
| **FAILURE TO APPEAR** | ADJUDICATED GUILTY / Found Defendant in Violation of Probation/Community Control | **FAILURE TO APPEAR WILL RESULT IN A BENCH WARRANT/CAPIAS BEING ISSUED FOR YOUR ARREST.** |
| COURT ORDERED | PREVIOUSLY | I, hereby certify that a copy hereof has been sent to: |
| BENCH WARRANT / INSTANTER / ISSUE QTSC | WITHHELD ADJUDICA-TION OF GUILT / Conditions | |
| BOND AMOUNT $        Cash or Surety | DISMISSED (CTS) / FOUND DEFENDANT IN CONTEMPT OF COURT | |
| JUVENILE BENCH WARRANT | SENTENCE APPLIES TO / SUSPEND ORIGINAL | |
| CAPIAS / SUSPEND D.L. / NO ROR OR PTR | ALL COUNTS      FINE    CS | |
| **ATTORNEY** | ADVISED RIGHT TO APPEAL W/IN 30 DAYS / PAYABLE INFRACTION REPORT TO TRAFFIC DEPT | |
| DEFENDANT DETERMINED | CLERK TO SUBPOENA ALL PARTIES | |
| INDIGENT / PARTIALLY INDIGENT / NON-INDIGENT | **LICENSE ACTION** | **BOND INFO OUT OF CUSTODY** |
| COURT APPOINTED / COST PURPOSES ONLY | REVOKED / SUSPENDED | NUMBER-TYPE-AMOUNT |
| PUBLIC DEFENDER / APPEAL PURPOSES ONLY | MONTHS        YEARS | |
| CONFLICT ATTORNEY | RE-EXAMINATION REQUIRED | SATISFIED/RELEASED |
| DEFENDANT WAIVED COUNSEL | BY COURT RE: | FORFEIT IN FULL SATISFACTION (CASH BOND) |
| COURT TOOK NO ACTION AS TO COUNSEL | CONFISCATED BY COURT | SURETY/CASH BOND FORFEITED |
| COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION | **LIBERTY STATUS** | FORFEITURE        DISCHARGED DATED |
| COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL | CASH / ORDER | |
| NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED | SURETY / ROR | DEDUCT $ |
| | UNSECURED / PTR | REFUND BALANCE TO DEPOSITOR |
| NOTICE OF APPEAL FILED IN OPEN COURT | SECURED SIGNATURE / SUMMONS | BALANCE OF FINE TO BE PAID |
| NOA/CAF NOT FILED AS OF THIS DATE | CITATION / NOTICE TO APPEAR | **CHARGES/CASE # CHANGES** |
| DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action. | DISCHARGED / CANCEL BENCH WARRANT | ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT(923.01) HAVE BEEN CHANGED |
| | BENCH WARRANT/CAPIAS RECALLED ON: | FORMER CASE 003604 |
| | DEPUTY NOTIFIED | 8904942CFA |
| | BY CLERK | |

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE

2/3/04

RESERVED FOR RECORDING

| DEFENDANT | DOB | CASE NUMBER |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | | 05-1989-CF-004942-AXXX-XX |

## JAIL

| | | |
|---|---|---|
| SENTENCED TO: | DAY(S) DETENTION CENTER | |
| | DAY(S) CREDIT FOR TIME SERVED | |
| | DAY(S) SUSPENDED | |
| CONCURRENT W/ | | |
| ANY PENDING SENTENCE | | |
| CONSECUTIVE W/ | | |
| ANY PENDING SENTENCE | | |
| COMMENCING | | |
| WEEKENDS/FARM (See Supplemental Order) | | |
| NO GAIN TIME | | |

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| | |
|---|---|
| SUPERVISED | UNSUPERVISED |
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| | |
|---|---|
| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| AMOUNT RESERVED | |
| AA/NA _____ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in _____ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL: _____ w/in _____ DAYS | |
| ABIDE BY ALL LAWS | |
| MAKE ALL COURT APPEARANCES | |
| REMAIN IN BREVARD COUNTY | |
| REMAIN IN CONTACT WITH ATTORNEY | |
| NO CONTACT WITH VICTIM(S): | |
| Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer. | |
| CURFEW _____ M TO _____ M | |
| SEE REMARKS | |
| HOUSE ARREST _____ DAYS | |

## Status of
☐ Probation ☐ Community Control

| | |
|---|---|
| REVOKED | MODIFIED |
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PEVIOUSLY IMPOSED / SEE ORDER |
| TERMINATED | |
| | Satisfactorily / Unsatisfactorily |
| | Cancel Cost of Supervision Fees / Cancel Schools |
| | Fines and Court Costs to Remain Outstanding |
| | No Outstanding Conditions |

## ORDER OF THE COURT

| | |
|---|---|
| PROBABLE CAUSE | NO PROBABLE CAUSE |
| NO IMPRISSION STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form / Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |
| Psychiatric | Psychological / Substance Abuse |
| 24 HOUR SCREENING | DETENTION FACILITY |
| CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | |
| HIV | STD / HEPATITIS |

## BOND INFORMATION IN CUSTODY

| | | |
|---|---|---|
| SET AT | REDUCED TO | INCREASED TO |
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE | |
| PERSONAL SURETY | | |

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.

| |
|---|
| ROR |
| State did not file Information within 33 days |
| NO ACTION TAKEN AS TO BOND AMOUNT |
| RELEASED/DISCHARGED |
| NO BOND |
| UNTIL FURTHER ORDER OF COURT |
| DUE TO NATURE OF OFFENSE |
| UNTIL EVALUATION COMPLETE |
| REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |

## ASSESSMENTS

COUNT(S)

| | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

**TOTAL**
$ _____

**Payable on or before** _____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR _____ (Agency)

PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____

PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT

$40.00 PD FEE ASSESSED

To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED TO $ _____ PAYABLE BY _____

FINE CONVERTED TO _____

COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____

MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____

COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

## REMARKS

I certify that a copy of hereof has been furnished on **2-3-04** to the:

| | |
|---|---|
| ☐ defendant by | ☐ hand delivery ☐ mail |
| ☐ public defender/defense attorney by | ☐ hand delivery ☐ mail |
| ☐ state attorney by | ☐ hand delivery ☐ mail |
| ☐ bonding agency | ☐ hand delivery ☐ mail |

**GZ**
Deputy Clerk

DONE AND ORDERED THIS **3rd** DAY OF **February**, 20 **04**

**BREVARD CO DETENTION CEN**
BREVARD COUNTY, FLORIDA

AND FILED IN OPEN COURT **207P** M.

## DEFENDANT'S NAME AND ADDRESS:

CROSLEY ALEXANDER GREEN /487879
3658 BRACRIFF

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 01/2003)  ORIGINAL-COURT FILE  ( ) Sheriff: Jail/Warrants  ( ) Criminal Law  ( ) Probation/Community Service/Other  ( ) Judicial Assistant

003605

Jacobus



**STATE OF FLORIDA
LAW OFFICE OF THE
CAPITAL COLLATERAL
REGIONAL COUNSEL
MIDDLE REGION**

**BILL JENNINGS**
CAPITAL COLLATERAL REGIONAL COUNSEL

**VICKI BUTTS**
EXECUTIVE DIRECTOR

February 12, 2004

ATTN: Scott Ellis
Clerk of the Circuit Court
Eighteenth Judicial Circuit - Brevard County
700 Park Avenue, Building #4
Titusville, Florida 32780

Re:   *State of Florida v. Crosley A. Green*
      *Case No. 89-4942-CFA*

Dear Clerk:

Enclosed for immediate filing in the above-captioned case are:

      (1).   Original of Additional Witness List for Evidentiary Hearing;

      (2).   Copies of the first and last pages of the above referenced document for return to CCRC-
Middle after date-stamping and filing; and

      (3).   A pre-addressed, stamped envelope for use in returning the date-stamped pages to us.

We request that you please return the date stamped pages to CCRC-Middle in the enclosed pre-addressed
stamped envelope after the completion of filing.

A copy has been provided by first class mail to opposing counsel of record.

Thank you for your assistance in this matter.

Sincerely,

Mark S. Gruber
Assistant CCC

/psh
Enclosure
cc:   Honorable Bruce W. Jacobus, Circuit Court Judge
      Kenneth Nunnelley, Assistant Attorney General
      Christopher R. White, Assistant State Attorney
      Crosley A. Green

003606

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-4942-CFA

STATE OF FLORIDA,

    Plaintiff,

v.

CROSLEY A. GREEN,

    Defendant

_____/

## ADDITIONAL WITNESS LIST FOR EVIDENTIARY HEARING

    Comes now the Defendant, by and through undersigned counsel,
and hereby gives notice of the names and addresses of the
following persons whom the defendant expects to call as witnesses
in the Evidentiary Hearing scheduled in this cause:

1. **Commander Joe Crosby**
   Brevard County Sheriff's Office
   700 Park Avenue
   Titusville, FL 32780
   (321) 264-5201

2. **Deputy James Stiles**
   Brevard County Sheriff's Office
   700 Park Avenue
   Titusville, FL 32780
   (321) 264-5201

003607

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the Additional Witness List for Evidentiary Hearing has been furnished by United States mail to all counsel of record on this _12_ day of February, 2004.

MARK S. GRUBER
Florida Bar No. 0330541
Assistant CCRC
CAPITAL COLLATERAL REGIONAL
  COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619-1136
813-740-3544
Attorney for Defendant

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
The Moore Justice Center
Courtroom 4C
2825 Judge Fran Jamieson Way
Viera, FL 32940

Kenneth Nunnelley
Assistant Attorney General
Office of the Attorney General
444 Seabreeze Blvd., 5th Floor
Daytona Beach, FL  32118

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East First Street
Sanford, FL  32771

Crosley A. Green
DOC #902925; P3110S
Union Correctional Instutition
7819 NW 228th Street
Raiford, FL 32026

2

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA**

**CASE NO. 89-4942-CFA**

STATE OF FLORIDA,

     **Plaintiff,**

v.

**CROSLEY A. GREEN,**

     **Defendant**

_____/

**ORDER TO TRANSPORT INMATE FOR EVIDENTIARY HEARING**

THIS CAUSE having come before the court and the court having been fully advised

in the premises, it is hereby

ORDERED AND ADJUDGED that the Sheriff of Brevard County, or his authorized

deputies, transport **HAMP GREEN, BOOKING #111964** to the Brevard County Courthouse in

Viera for an Evidentiary Hearing on February 24, 2004, at 9:00 a.m. before the Honorable Bruce

W. Jacobus.

DONE AND ORDERED in Chambers in Viera, Brevard County, Florida on this _20__

day of February, 2004.

_____
BRUCE W. JACOBUS
CIRCUIT JUDGE

Copies furnished to:

Assistant Attorney General Kenneth Nunnelley
Assistant State Attorney Chris White & Wayne Holmes
Mary Ann Hinkle, Brevard County Sheriff's Office
Mark Gruber, CCRC-Middle

003609

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☒ CRIMINAL<br>☐ JUVENILE<br>☐ TRAFFIC<br>☐ CR   ☐ CV | **EVIDENCE/EXHIBIT LOG** | 05-*1989-CF-4942*-A xxx-xx |

| ☐ PETITIONER   ☐ PLAINTIFF<br><br>_____<br><br>☒ STATE ATTORNEY<br>*CHRIS WHITE* | ☐ RESPONDENT ☒ DEFENDANT<br>*CROSLEY GREEN*<br><br>☒ DEFENSE COUNSEL<br>*MARK GRUBER* | FILED IN OPEN COURT<br>This *24* day of<br>*February*, 200*4*<br>at *3:00 p* M.<br>CLERK OF COURTS<br>BY *Henderson* DC |
|---|---|---|
| LOCATION *VIERA* | JUDGE *JACOBUS* | SHELF          BIN |

| EX | ID | ☐ PLAINTIFF  ☐ PETITIONER<br>☐ STATE ATTORNEY | EX | ID | ☐ RESPONDENT<br>☒ DEFENDANT |
|---|---|---|---|---|---|
|  |  |  | 1 | A | *FOLDING FILE CONTAINING BACKGROUND INFO* |
|  |  |  | 2 | B | *FOLDING FILE CONTAINING BACKGROUND INFO* |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**VERDICT:**   ☐ GUILTY     ☐ NOT GUILTY     ☐ PLEA   ☐   MISTRIAL

I, _____, do hereby acknowledge receipt of the above items of
evidence from _____ this _____ day of _____, 20___.

I, _____, do hereby acknowledge receipt of the above items of
evidence from _____ this _____ day of _____, 20___.

| Re-verified on _____ | By_____ | Sent to _____ For _____ |
|---|---|---|
| Re-verified on _____ | By_____ | Returned from _____ On_____ |
| Re-verified on _____ | By_____ | Re-verified on _____ By _____ |

LAW 158
(REV. 01/2002)

003610

Event Code: 6322
Party Type: D1

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL | | 05-1989-CF-4942- |
| ☒ CRIMINAL | **ORDER** | Axxx-xx |
| ☐ JUVENILE | | **FILED IN OPEN COURT** |
| ☐ TRAFFIC | | This _24_ day of |

FILED IN OPEN COURT
This _24_ day of
_February_ , 2004
At _1:09_ P.M.

CLERK OF COURTS
BY _Henderson_ DC

| PLAINTIFF | DEFENDANT |
|---|---|
| STATE OF FLORIDA | CROSLEY GREEN |

Court hereby orders that the court reporter prepare
a transcript of the proceedings held on February 24, 20
Cost of said transcript shall be paid by the
Board of County Commissioners

Transcript to be completed w/in 10 days.

XC: Bonnie Callin · Finance } 2-24-04
King Reporting          Kch

| DONE AND ORDERED BREVARD COUNTY, FLORIDA | _[signature]_ JUDGE | DATE 2-24-04 |
|---|---|---|

LAW 171
(REV. 5/2000)

003611

PAGE _1_ OF _____

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

**WITNESS/TESTIMONY LOG**

CASE NUMBER
05 -1989- CF - 4942 - AXXX-XX

☐ PETITIONER
☐ PLAINTIFF
☒ STATE

☒ DEFENDANT
☐ JUVENILE
☐ RESPONDENT

FILED IN OPEN COURT
This _24_ day of _February_,
200_4_, at _9:22_ A.M.

CLERK OF COURTS
BY _K. Henderson_ DC

_State Of Florida_                    _Crosley Green_

---

TAPE /DIGITAL RECORDING UNIT# _____    DIGITAL RECORDING TIME _____    LOG # _____
                                                                H/M/S
☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE
Witness No. _1_      NAME: _Hank Green_                    ☒ C  ☒ S  ☒ T
Time: Start _9:22_ A.M.  End _10:11_ A.M.   Recalled: Start _____ M.  End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____    DIGITAL RECORDING TIME _____    LOG # _____
                                                                H/M/S
☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE
Witness No. _2_      NAME: _Shirley Green White_            ☒ C  ☒ S  ☒ T
Time: Start _10:29_ A.M.  End _12:11_ P.M.   Recalled: Start _____ M.  End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____    DIGITAL RECORDING TIME _____    LOG # _____
                                                                H/M/S
☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE
Witness No. _3_      NAME: _Celestine Peterkin_            ☒ C  ☒ S  ☒ T
Time: Start _1:37_ P.M.  End _1:56_ M.   Recalled: Start _____ M.  End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____    DIGITAL RECORDING TIME _____    LOG # _____
                                                                H/M/S
☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE
Witness No. _4_      NAME: _Marjory Hannock_              ☒ C  ☒ S  ☒ T
Time: Start _1:54_ P.M.  End _4:14_ P.M.   Recalled: Start _____ M.  End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____    DIGITAL RECORDING TIME _____    LOG # _____
                                                                H/M/S
☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE
Witness No. _____      NAME: _____                    ☐ C  ☐ S  ☐ T
Time: Start _____ M.  End _____ M.   Recalled: Start _____ M.  End _____ M.

003612

LAW 380 (REV. 08/2003)
[ ]DEFENDANT   [ ]JUVENILE   [ ]PETITIONER   [ ]PLAINTIFF   [ ]RESPONDENT   [ ]STATE   [ ]PD/DEF.

AMENDED

BREVARD COUNTY, FLORIDA
DATE: 2-24-04

**COURT MINUTES/ORDER OF**
*Evidentiary Hearing*

| DEFENDANT | DOB | CASE NUMBER | JUDGE |
|---|---|---|---|
| GREEN, CRASLEY G | | 05-1989-CF-004912-AXXXXX | BJ |

RESERVED F
RECORDING(

**CHARGES**

SCOTT ELL...

2004 FEB 26 P

FILED...
CL...
...

| | |
|---|---|
| Dig. Rec. Unit # | TAPE |
| V4G | |
| Digital Rec.Time | LOG |
| 9:00AM | |
| H/M/S | |
| CLERK | Henderson |
| CLERK | |
| REPORTER | Fiorillo |
| COURT DEPUTY | Wiend |
| COURT DEPUTY | |
| DEFENSE COUNSEL | Grupes |
| STATE ATTORNEY | White |
| PTR REPRESENTATIVE | |

**AMENDED CHARGE:**
☐ STATE  ☐ COURT

| DEFENDANT | STATE ACTION | NEXT COURT APPEARAN |
|---|---|---|
| ☒ PRESENT ☐ NOT PRESENT | NOLLE PROSEQUI         COUNT(S) | SECOND APPEARANCE / VOP ARRAIGNME |
| WITHOUT COUNSEL / COUNSEL PRESENT IN DEFENDANT'S | PRESENTED NO EVIDENCE    COUNT(S) | CONTROL FUGITIVE WARRANT / CIVIL INFRACTION HEARING |
| ☒ WITH COUNSEL / BEHALF | NOTICE OF NO INFORMATION COUNT(S) | VOP HEARING / NON JURY TRIAL |
| ADVISED OF RIGHTS AND CHARGES | WRITTEN       ORAL | PRE-TRIAL CONFERENCE / PAY OR APPEAR |
| WAIVED SPEEDY / PRE-TRIAL DIVERSION | REDUCED TO MISDEMEANOR | ☒ HEARING / ARRAIGNMENT / CRIMINAL PROCEEDIN |
| TRIAL / WAIVER-SPEEDY TRIAL | UPGRADED TO FELONY | PLEA / SENTENCING / TO BE NOTIFIED |
|  |  | STATUS CONFERENCE / DOCKET SOUNDING |

**WARRANTS**

**PLEA**

| | |
|---|---|
| CONTINUED BY | JURY TRIAL |
| COURT | STATE | PD/ATTY |

| DEPUTY | PRESENT & |
|---|---|
| FILED LOCAL AFFIDAVIT & WARRANT | |
| ADVISED COURT DEFENDANT RECEIVED | |
| BY _____ AUTHORITIES | |
| ON _____ | |
| TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| ADVISED GOVERNOR'S WARRANT SERVED | |
| DEFENDANT SIGNED WAIVER OF EXTRADITION | |

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
|---|---|---|
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

**VERDICT**

| JURY RETURNED WITH VERDICT OF | |
|---|---|
| GUILTY | NOT GUILTY |
| COURT FOUND DEFENDANT TO BE | |
| GUILTY | NOT GUILTY |

REASON
☒ PREVIOUSLY SET
DATE 2-25-04   TIME 9:00
☒ VIERA   TITUSVILL
MELBOURNE   SHARPES
DIVISION ☒   JUDGE Jacobus
ACKNOWLEDGED

(DEFENDANT/ATTORNEY SIGNATURE)
**FAILURE TO APPEAR WILL RESULT IN A
BENCH WARRANT/CAPIAS BEING ISSUE
FOR YOUR ARREST.**

I, hereby certify that a copy hereof has been sent to

**FAILURE TO APPEAR**

**COURT ACTION**

| COURT ORDERED | | ACCEPTED PLEA | ARRAIGNED |
|---|---|---|---|
| BENCH WARRANT | INSTANTER | ISSUE OTSC | ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| BOND AMOUNT $ | Cash or Surety | PREVIOUSLY | |
| JUVENILE BENCH WARRANT | | WITHHELD ADJUDICA-TION OF GUILT | Conditions |
| CAPIAS | SUSPEND D.L. | NO ROR OR PTR | DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |

**ATTORNEY**

| DEFENDANT DETERMINED | |
|---|---|
| INDIGENT | PARTIALLY INDIGENT | NON-INDIGENT |
| COURT APPOINTED | COST PURPOSES ONLY |
| PUBLIC DEFENDER | APPEAL PURPOSES ONLY |
| CONFLICT ATTORNEY | |
| DEFENDANT WAIVED COUNSEL | |
| COURT TOOK NO ACTION AS TO COUNSEL | |
| COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION | |
| COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL | |
| NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED | |
| NOTICE OF APPEAL FILED IN OPEN COURT | |
| NOA/CAF NOT FILED AS OF THIS DATE | |

| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
|---|---|
| | FINE | CS |
| ADVISED RIGHT TO APPEAL W/IN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

**LICENSE ACTION**

| REVOKED | SUSPENDED |
|---|---|
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

**LIBERTY STATUS**

| CASH | ORDER |
|---|---|
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |
| BENCH WARRANT/CAPIAS RECALLED ON: | |
| DEPUTY NOTIFIED | |
| BY CLERK | |

DUI Advisement: Pursuant to F.S. 316.193(B), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

**BOND INFO OUT OF CUSTOD**

| NUMBER-TYPE-AMOUNT |
|---|
| SATISFIED/RELEASED |
| FORFEIT IN FULL SATISFACTION (CASH BOND) |
| SURETY/CASH BOND FORFEITED |
| FORFEITURE     DISCHARGED |
| DATED |
| DEDUCT $ |
| REFUND BALANCE TO DEPOSITOR |
| BALANCE OF FINE TO BE PAID |

**CHARGES/CASE # CHANGE**

| ORIGINAL CHARGES LISTED ON THE ARREST |
|---|
| AFFIDAVIT (923.01) HAVE BEEN CHANGED |
| FORMER CASE # 00-612 |

IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF FOR

**COURT MINUTES/ORDER**
BREVARD COUNTY, FLORIDA - PAGE 2

RESERVED FOR RECORDING

| DEFENDANT          DOB | CASE NUMBER |
|---|---|
| Green, Crosley | 05-1989-CF-001942-Axxx-xx |

## JAIL

| SENTENCED TO: | | DAY(S) DETENTION CENTER |
|---|---|---|
| | | DAY(S) CREDIT FOR TIME SERVED |
| | | DAY(S) SUSPENDED |

CONCURRENT W/
☐ ANY PENDING SENTENCE
CONSECUTIVE W/
☐ ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary  ☐ Non-Probationary  ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| AMOUNT RESERVED | |
| AA/NA ___ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in ___ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid |
| | Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL ___ w/in ___ DAYS |

ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):
Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer.
CURFEW ___ M TO ___ M
SEE REMARKS
HOUSE ARREST ___ DAYS

## REMARKS

## Status of
☐ Probation  ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PREVIOUSLY IMPOSED | SEE ORDER |
| TERMINATED | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding |
| | No Outstanding Conditions |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |
| Psychiatric | Psychological | Substance Abuse |
| 24 HOUR SCREENING | DETENTION FACILITY |
| CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | |
| | HIV | STD | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
| PERSONAL SURETY: | |

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
UNTIL FURTHER ORDER OF COURT
DUE TO NATURE OF OFFENSE
UNTIL EVALUATION COMPLETE
☒ REMANDED   AS TO CHARGES ON ARREST AFFIDAVIT (923.011) ONLY

## ASSESSMENTS

COUNT(S)

| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

## TOTAL
$ _____

### Payable on or before
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR _____
(Agency)

PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ _____
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE
COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

I certify that a copy of hereof has been furnished on 2-24-04 to the:

| ☑ defendant by | ☑ hand delivery | ☐ mail |
| ☐ public defender/defense attorney by | ☐ hand delivery | ☐ mail |
| ☑ state attorney by | ☐ hand delivery | ☐ mail |
| ☐ bonding agency | ☐ hand delivery | ☐ mail |

_Henderson_
Deputy Clerk

DONE AND ORDERED THIS 24 DAY OF February, 2004, IN
_Viera_
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT 3:27 P.M.

DEFENDANT'S NAME AND ADDRESS:

003614
_K. Henderson_
JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134   ORIGINAL-COURT FILE   [X] Sheriff: Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant
(REV. 01/2003)

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

*Page 1 of 2*

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☒ CRIMINAL<br>☐ JUVENILE<br>☐ TRAFFIC<br>☐ CR  ☐ CV | **EVIDENCE/EXHIBIT LOG** | 05-*1989*-*CF*-*4942*-*A*xxx-xx |

| | FILED IN OPEN COURT |
|---|---|
| ☐ PETITIONER  ☐ PLAINTIFF<br><br>_____ | This **25** day of<br>*February*, 200**4**<br>at **9:31** M. |
| ☐ RESPONDENT  ☒ DEFENDANT<br>*CROSLEY GREEN* | CLERK/OF COURTS<br>BY *Henderson* DC |
| ☒ STATE ATTORNEY *CHRISTOPHER*<br>*WHITE / HOLMES / WHITE* | ☒ DEFENSE COUNSEL<br>*GRUBER* | |

| LOCATION *VIERA* | JUDGE *Jacobus* | SHELF | BIN |
|---|---|---|---|

| EX | ID | ☐ PLAINTIFF  ☐ PETITIONER<br>☒ STATE ATTORNEY | EX | ID | ☒ RESPONDENT<br>☒ DEFENDANT |
|---|---|---|---|---|---|
| 1 | A | INDICTMENT | 1 | A | COMPOSITE-<br>NEW YORK CORRESPONDENCE |
| 2 | B | COPY OF AGREEMENT<br>DATED 4-11-90 | 2 | B | FILE NOTES -, RE: DOG TRACKING<br>LETTER TO KISER - |
| 3 | H | transcript of *pinfes*<br>dated | | C | INTERNAL AFFAIRS INVESTIGATION<br>REPORT - ODEL KISER |
| | | (previously marked 10-28-03)<br>(rcvd into evidence on 2-25-04) | 4 | V | COMPOSITE-COPIES OF 3x5 CARDS-<br>CASE MEMORANDUM |
| 4 | A | copy of letter sent by<br>Atty Jeffrey Dees | | | (previously marked 10-28-03)<br>(entered into evidence 2-25-04) |
| | | (prev marked as "A" on 10-28-03)<br>(rcvd as "4" on 2-25-04) | 3 | N | CROSLEY GREEN<br>BOOKING PHOTO - 8-15-86 |
| 5 | B | transcript of meeting 7-13-90<br>(prev marked as "B" 10-28-03)<br>(rcvd as "5" on 2-25-04) | | E | POLICE REPORT -49-89 } CAD<br>RE: CROSLEY GREEN } ENTRY |

VERDICT:  ☐ GUILTY   ☐ NOT GUILTY   ☐ PLEA   ☐ MISTRIAL

I, _____, do hereby acknowledge receipt of the above items of
evidence from _____ this ____ day of _____, 20 ___.

I, _____, do hereby acknowledge receipt of the above items of
evidence from _____ this ____ day of _____, 20 ___.

| Re-verified on _____ | By _____ | Sent to _____ For _____ |
|---|---|---|
| Re-verified on _____ | By _____ | Returned from _____ On _____ |
| Re-verified on _____ | By _____ | Re-verified on _____ By _____ |

LAW 158
(REV. 01/2002)

003615

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

*PAGE 2 OF 2*

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☒ CRIMINAL<br>☐ JUVENILE<br>☐ TRAFFIC<br>☐ CR  ☐ CV | **EVIDENCE/EXHIBIT LOG** | 05-*1989-CF-4942*-A xxx-xx |

| | |
|---|---|
| ☐ PETITIONER  ☐ PLAINTIFF<br><br>_____<br><br>☒ STATE ATTORNEY<br>*WHITE/HOLMES* | ☐ RESPONDENT ☒ DEFENDANT<br>*CROSLEY GREEN*<br>_____<br>☒ DEFENSE COUNSEL<br>*GRUBER* |

| FILED IN OPEN COURT |
|---|
| This _____ day of |
| _____, 20____ |
| at _____ M. |
| CLERK OF COURTS |
| BY _____ DC |

| LOCATION *VIERA* | JUDGE *JACOBUS* | SHELF | BIN |
|---|---|---|---|

| EX | ID | ☐ PLAINTIFF  ☐ PETITIONER<br>☒ STATE ATTORNEY | EX | ID | ☐ RESPONDENT<br>☒ DEFENDANT |
|---|---|---|---|---|---|
| *6* | *E* | *COPY OF TRANSCRIPT*<br>*SHEILA GREEN SENTENCING*<br>*(prev marked "E" on 10-28-03*<br>*(rcvd into evidence "6" 2-25-04)* | | *F* | *CASE MEMORANDUM*<br>*COMPOSITE - 11 PAGES* |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**VERDICT:** ☐ **GUILTY**   ☐ **NOT GUILTY**   ☐ **PLEA**   ☐ **MISTRIAL**

I, _____, do hereby acknowledge receipt of the above items of
evidence from _____ this _____ day of _____, 20____.

I, _____, do hereby acknowledge receipt of the above items of
evidence from _____ this _____ day of _____, 20____.

| | | | |
|---|---|---|---|
| Re-verified on _____ | By_____ | Sent to _____ For _____ | |
| Re-verified on _____ | By_____ | Returned from _____ On_____ | |
| Re-verified on _____ | By_____ | Re-verified on _____ By _____ | |

LAW 158
(REV. 01/2002)

003616

PAGE _1_ OF _____

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

## WITNESS/TESTIMONY LOG

CASE NUMBER
05 *1989-CF-4942 A* xxx-xx

☐ PETITIONER
☐ PLAINTIFF
☒ STATE

*STATE OF FLORIDA*

☒ DEFENDANT
☐ JUVENILE
☐ RESPONDENT

*CROSLEY GREEN*

FILED IN OPEN COURT
This _25_ day of _February_
200_4_, at _____ M.

CLERK OF COURTS

BY _Henderson_ DC

---

TAPE /DIGITAL RECORDING UNIT# _____     DIGITAL RECORDING TIME _____     LOG # _____
                                                                       H/M/S
☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE
Witness No. _1_     NAME: *O'ZELL KISER*                    ☒ C  ☒ S  ☒ T
Time: Start _10:06_ A M.   End _11:35_ A M.   Recalled: Start _____ M.   End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____     DIGITAL RECORDING TIME _____     LOG # _____
                                                                       H/M/S
☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE
Witness No. _2_     NAME: *GREG HAMMELL*                    ☒ C  ☒ S  ☒ T
Time: Start _1:27_ P M.   End _1:40_ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____     DIGITAL RECORDING TIME _____     LOG # _____
                                                                       H/M/S
☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☒ STATE
Witness No. _3_     NAME: *TOM FAIR*                        ☒ C  ☒ S  ☒ T
Time: Start _1:4?_ P M.   End _2:38_ P M.   Recalled: Start _____ M.   End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____     DIGITAL RECORDING TIME _____     LOG # _____
                                                                       H/M/S
☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☒ STATE
Witness No. _4_     NAME: *RICK SANCHA*                     ☒ C  ☒ S  ☒ T
Time: Start _2:34_ M.   End _3:01_ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____     DIGITAL RECORDING TIME _____     LOG # _____
                                                                       H/M/S
☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☒ STATE
Witness No. _5_     NAME: *PHIL WILLIAMS*                   ☒ C  ☒ S  ☒ T
Time: Start _3:14P_ M.   End _3:30P_ M.   Recalled: Start _____ M.   End _____ M.

---

LAW 380 (REV. 08/2003)

[ ]DEFENDANT   [ ]JUVENILE   [ ]PETITIONER   [ ]PLAINTIFF   [ ]RESPONDENT   [ ]STATE   [ ]PD/DEF.

003617 53

Event Code: 6322
Party Type: D1

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
| --- | --- | --- |
| ☐ CIVIL | **ORDER** | 05-1989-CF-4942 |
| ☒ CRIMINAL | | XXXX-XX |
| ☐ JUVENILE | | **FILED IN OPEN COURT** |
| ☐ TRAFFIC | | This 25 day of February, 2004 At 8:20 A.M. |

| PLAINTIFF | DEFENDANT | CLERK OF COURTS |
| --- | --- | --- |
| STATE OF FLORIDA | CROSLEY GREEN | BY Henderson DC |

Court hereby orders that the Court reporter prepare a transcript of the proceedings held on February 25, 2004. Cost of said transcript shall be paid by the Board of County Commissioners.

Transcript to be completed w/in 10 days.

XC: Bonnie Callin Finance
King Reporting                    2-25-04
                                  RR

| DONE AND ORDERED BREVARD COUNTY, FLORIDA | _____ JUDGE | DATE 2-25-04 |
| --- | --- | --- |

LAW 171
(REV. 5/2000)

654

003618

Event Code:  6322
Party Type: D1

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
| --- | --- | --- |
| ☐ CIVIL<br>☒ CRIMINAL<br>☐ JUVENILE<br>☐ TRAFFIC | **ORDER** | 05-1989-CF-4942<br>AXXX-XX |

**FILED IN OPEN COURT**
This 25 day of
February , 2004
At 1:50 M.

| PLAINTIFF | DEFENDANT |
| --- | --- |
| STATE OF FLORIDA | CROSLEY GREEN |

**CLERK OF COURTS**
BY K. Henderson DC

Court hereby orders that the court reporter prepare a transcript of the proceedings held on January 28th, 2004. Cost of said transcript shall be paid by the Board of County Commissioners.

Transcript to be completed w/in 10 days.

xc: Brian Catlin - Finance } 2-25-04
King Reporting } Keh

DONE AND ORDERED
BREVARD COUNTY,
FLORIDA

LAW 171
(REV. 5/2000)

_____ JUDGE

DATE
2-25-04

003619

☐ AMENDED

BREVARD COUNTY, FLORIDA

**COURT MINUTES/ORDER O**

DATE: 2-25-04

| DEFENDANT | DOB | CASE NUMBER | JUDGE |
|---|---|---|---|
| Green, Crosley | | 05-1989-CF-4942-Axxx-xx | BJ |

## CHARGES

SCOTT ELLIS

2004 FEB 26 P 3:56

FILED FOR RECORD CLERK OF CIR. CT. BREVARD CO. FL

| | Dig. Rec. Unit # | TAPE |
|---|---|---|
| | V4G | |
| Digital Rec. Time | LOG | |
| H/M/S | | |
| CLERK | Henderson | |
| CLERK | | |
| REPORTER | Fiorillo | |
| COURT DEPUTY | Weard | |
| COURT DEPUTY | | |
| DEFENSE COUNSEL | Crisper | |
| STATE ATTORNEY | White | |
| PTR REPRESENTATIVE | | |

RESERVED FOR RECORDING

AMENDED CHARGE:
☐ STATE  ☐ COURT

| DEFENDANT | STATE ACTION | NEXT COURT APPEARANCE |
|---|---|---|

**DEFENDANT**

☒ PRESENT ☐ NOT PRESENT

☐ WITHOUT COUNSEL ☐ COUNSEL PRESENT IN DEFENDANT'S BEHALF

☒ WITH COUNSEL

☐ ADVISED OF RIGHTS AND CHARGES

☐ WAIVED SPEEDY TRIAL ☐ PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL

**STATE ACTION**

| NOLLE PROSEQUI | COUNT(S) |
| PRESENTED NO EVIDENCE | COUNT(S) |
| NOTICE OF NO INFORMATION | COUNT(S) |
| | ☐ WRITTEN ☐ ORAL |
| REDUCED TO MISDEMEANOR | |
| UPGRADED TO FELONY | |

**NEXT COURT APPEARANCE**

| SECOND APPEARANCE | ☐ VOP ARRAIGNMENT |
| CONTROL FUGITIVE WARRANT | CIVIL INFRACTION HEARING |
| VOP HEARING | NON JURY TRIAL |
| PRE-TRIAL CONFERENCE | PAY OR APPEAR |
| ☒ HEARING ☐ ARRAIGNMENT | CRIMINAL PROCEEDINGS |
| PLEA ☐ SENTENCING | TO BE NOTIFIED |
| STATUS CONFERENCE | DOCKET SOUNDING |
| CONTINUED BY | JURY TRIAL |

## WARRANTS

| DEPUTY | PRESENT & |
|---|---|
| ☐ FILED LOCAL AFFIDAVIT & WARRANT | |
| ☐ ADVISED COURT DEFENDANT RECEIVED | |
| BY | AUTHORITIES |
| ON | |
| ☐ TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| ☐ ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| ☐ ADVISED GOVERNOR'S WARRANT SERVED | |
| ☐ DEFENDANT SIGNED WAIVER OF EXTRADITION | |

## PLEA

| NOT GUILTY | NOLO CONTENDERE | GUILTY |
| ORIGINAL WITHDRAWN | IN ABSENTIA | |
| LESSER INCLUDED OFFENSE | | |

### VERDICT

JURY RETURNED WITH VERDICT OF

| GUILTY | NOT GUILTY |

COURT FOUND DEFENDANT TO BE

| GUILTY | NOT GUILTY |

### COURT ACTION

| ACCEPTED PLEA | ARRAIGNED |
| ADJUDICATED GUILTY | Found Defendant in Violation of Probation/Community Control |
| WITHHELD ADJUDICATION OF GUILT | Conditions |
| DISMISSED (CTS) | FOUND DEFENDANT IN CONTEMPT OF COURT |
| SENTENCE APPLIES TO ALL COUNTS | SUSPEND ORIGINAL |
| | FINE CS |
| ADVISED RIGHT TO APPEAL WIN 30 DAYS | PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| CLERK TO SUBPOENA ALL PARTIES | |

| CONTINUED BY | | |
| COURT | STATE | PD/ATTY |

REASON

☒ PREVIOUSLY SET

| DATE 2-26-04 | TIME 9:00 |

| ☒ VIERA | TITUSVILLE |
| MELBOURNE | SHARPES |
| DIVISION X | JUDGE Jacobus |
| ACKNOWLEDGED | |

DEFENDANT/ATTORNEY SIGNATURE

**FAILURE TO APPEAR WILL RESULT IN A BENCH WARRANT/CAPIAS BEING ISSUED FOR YOUR ARREST.**

I, hereby certify that a copy hereof has been sent to:

## FAILURE TO APPEAR

COURT ORDERED

| ☐ BENCH WARRANT | ☐ INSTANTER | ☐ ISSUE OTSC |
| ☐ BOND AMOUNT $ | | ☐ Cash or Surety |
| ☐ JUVENILE BENCH WARRANT | | |
| ☐ CAPIAS | ☐ SUSPEND D.L. | ☐ NO ROR OR PTR |

## ATTORNEY

DEFENDANT DETERMINED

| ☐ INDIGENT | ☐ PARTIALLY INDIGENT | ☐ NON-INDIGENT |
| ☐ COURT APPOINTED | ☐ COST PURPOSES ONLY | |
| ☐ PUBLIC DEFENDER | ☐ APPEAL PURPOSES ONLY | |
| ☐ CONFLICT ATTORNEY | | |
| ☐ DEFENDANT WAIVED COUNSEL | | |
| ☐ COURT TOOK NO ACTION AS TO COUNSEL | | |
| ☐ COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION | |
| ☐ COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL | |
| ☐ NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED | |
| ☐ NOTICE OF APPEAL FILED IN OPEN COURT | |
| ☐ NOA/CAP NOT FILED AS OF THIS DATE | |

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

### LICENSE ACTION

| REVOKED | SUSPENDED |
| | |
| MONTHS | YEARS |
| RE-EXAMINATION REQUIRED | |
| BY COURT RE: | |
| CONFISCATED BY COURT | |

### LIBERTY STATUS

| CASH | ORDER |
| SURETY | ROR |
| UNSECURED | PTR |
| SECURED SIGNATURE | SUMMONS |
| CITATION | NOTICE TO APPEAR |
| DISCHARGED | CANCEL BENCH WARRANT |

BENCH WARRANT/CAPIAS RECALLED ON:

| DEPUTY NOTIFIED | |
| BY CLERK | |

### BOND INFO OUT OF CUSTODY

NUMBER-TYPE-AMOUNT

| ☐ SATISFIED/RELEASED | |
| ☐ FORFEIT IN FULL SATISFACTION (CASH BOND) | |
| ☐ SURETY/CASH BOND FORFEITED | |
| ☐ FORFEITURE DATED | DISCHARGED |
| ☐ DEDUCT $ | |
| ☐ REFUND BALANCE TO DEPOSITOR | |
| ☐ BALANCE OF FINE TO BE PAID | |

### CHARGES/CASE # CHANGES

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED

FORMER CASE # 003620 5/6

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

# COURT MINUTES/ORDER
BREVARD COUNTY, FLORIDA - PA    2

| DEFENDANT          DOB | CASE NUMBER | RESERVED FOR RECORDING |
|---|---|---|
| Green, Crosley | 05-1989-CF-4942-Axxx-xx | |

## JAIL

| SENTENCED TO: | DAY(S) DETENTION CENTER |
|---|---|
| | DAY(S) CREDIT FOR TIME SERVED |
| | DAY(S) SUSPENDED |

CONCURRENT W/
  ANY PENDING SENTENCE
CONSECUTIVE W/
  ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

## ☐ PROBATION
## ☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |
| CONCURRENT W/ | |
| CONSECUTIVE W/ | |

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| AMOUNT RESERVED | |
| AA/NA         TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in      MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid |
| | Cost of Supervision Fees Waived |
| ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL. |
| | w/in        DAYS |
| ABIDE BY ALL LAWS |
| MAKE ALL COURT APPEARANCES |
| REMAIN IN BREVARD COUNTY |
| REMAIN IN CONTACT WITH ATTORNEY |
| NO CONTACT WITH VICTIM(S): |
| Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer. |
| CURFEW        M TO        M |
| SEE REMARKS |
| HOUSE ARREST        DAYS |

## REMARKS

## Status of
☐ Probation  ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PEVIOUSLY IMPOSED | SEE ORDER |
| TERMINATED | |
| | Satisfactorily | Unsatisfactorily |
| | Cancel Cost of Supervision Fees | Cancel Schools |
| | Fines and Court Costs to Remain Outstanding |
| | No Outstanding Conditions |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | |
| EVALUATION ORDERED | File Copy w/ Court |
| Psychiatric | Psychological | Substance Abuse |
| 24 HOUR SCREENING | DETENTION FACILITY |
| CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | |
| | HIV | STD | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |
| PERSONAL SURETY | |

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
  UNTIL FURTHER ORDER OF COURT
  DUE TO NATURE OF OFFENSE
  UNTIL EVALUATION COMPLETE
☒ REMANDED    AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

| COUNT(S) | |
|---|---|
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

## TOTAL
$ _____

**Payable on or before** _____
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ _____ SUSPEND ALL BUT $ ____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF
$
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____
Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO
COMMUNITY SERVICE HOURS TO BE COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

I certify that a copy of hereof has been furnished on 2-25-04 to the:
☑ defendant by        ☑ hand delivery ☐ mail
☑ public defender/defense attorney by ☑ hand delivery ☐ mail
☑ state attorney by    ☑ hand delivery ☐ mail
☐ bonding agency      ☐ hand delivery ☐ mail
*Henderson*
Deputy Clerk

DONE AND ORDERED THIS 25 DAY OF February, 2004, IN BREVARD COUNTY, FLORIDA
*Viera*
AND FILED IN OPEN COURT 3-31 P M.

## DEFENDANT'S NAME AND ADDRESS:

*Henderson*
JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 01/2003)   ORIGINAL-COURT FILE   [ ] Sheriff: Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant

003621

Event Code: 6322
Party Type: D1

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL ☒ CRIMINAL ☐ JUVENILE ☐ TRAFFIC | **ORDER** | 05-1989-CF-4942 Axxx-xx |

**FILED IN OPEN COURT**
This _26_ day of
_February_, 20_04_
At _8:50_ M.

**CLERK OF COURTS**
BY _K. Henderson_ DC

| PLAINTIFF | DEFENDANT |
|---|---|
| STATE OF FLORIDA | CROSLEY GREEN |

Court hereby orders that the court reporter prepare a transcript of the proceedings held on January 26th. Cost of said transcript to be paid by Board of County Commissioners.

Transcript to be completed w/in 10 days.

xc: Bessie Callin-Finance ⎫ 2-26-04
    King Reporting         ⎭ KH

| DONE AND ORDERED BREVARD COUNTY, FLORIDA | _____ JUDGE | DATE 2-26-04 |
|---|---|---|

LAW 171
(REV. 5/2000)

003622

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | EVIDENCE/EXHIBIT LOG | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☒ CRIMINAL<br>☒ JUVENILE<br>☐ TRAFFIC<br>☐ CR  ☐ CV | | 05-_1989-CF_-_4942_-_A_ xxx-xx |

| ☐ PETITIONER  ☒ PLAINTIFF<br>_STATE OF FLORIDA_<br>☒ STATE ATTORNEY<br>_WHITE / HOLMES_ | ☐ RESPONDENT  ☒ DEFENDANT<br>_CROSLEY GREEN_<br>☒ DEFENSE COUNSEL<br>_GRUBER_ | FILED IN OPEN COURT<br>This _26_ day of<br>_February_, 2004<br>at _____ M.<br>CLERK OF COURTS<br>BY _Underdon_ DC |
|---|---|---|

| LOCATION | JUDGE _JACOBUS_ | SHELF       BIN |
|---|---|---|

| EX | ID | ☐ PLAINTIFF  ☐ PETITIONER<br>☐ STATE ATTORNEY | EX | ID | ☐ RESPONDENT<br>☒ DEFENDANT |
|---|---|---|---|---|---|
|  |  |  |  | A | _COMPUTER AIDED DISPLAY LOG_ |
|  |  |  | 1 | B | _WORKING DOG TRAINING &_<br>_UTILIZATION REPORT (15 PAGES)_ |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

VERDICT:  ☐ GUILTY   ☐ NOT GUILTY   ☐ PLEA   ☐ MISTRIAL   ☐ CONTINUED

I, _____, do hereby acknowledge receipt of the above items of

evidence from _____ this _____ day of _____, 20___

LAW 158
(REV. 08/2003)

003623

PAGE _____ OF _____

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

**WITNESS/TESTIMONY LOG**

CASE NUMBER

05 -*1989-CF* - *4942* - AXXX-XX

☐ PETITIONER
☐ PLAINTIFF
☒ STATE

☒ DEFENDANT
☐ JUVENILE
☐ RESPONDENT

FILED IN OPEN COURT
This *26* day of *February*,
20*04* at *9:04* M.

*STATE OF FLORIDA*

*CROSLEY GREEN*

CLERK OF COURTS

BY *K Henderson* DC

---

TAPE /DIGITAL RECORDING UNIT# _____   DIGITAL RECORDING TIME _____   LOG # _____
H/M/S

☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. *1*   NAME: *MICHAEL BOYLE*   ☒ C   ☒ S   ☒ T

Time: Start *9:04* A.M.   End *9:15* A.M.   Recalled: Start _____ M.   End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____   DIGITAL RECORDING TIME _____   LOG # _____
H/M/S

☒ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. *2*   NAME: *Dr. JAMES Woolford*   ☒ C   ☒ S   ☒ T
*Woolford*
Time: Start *9:14* A.M.   End *11:35* A.M.   Recalled: Start _____ M.   End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____   DIGITAL RECORDING TIME _____   LOG # _____
H/M/S

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____   ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____   DIGITAL RECORDING TIME _____   LOG # _____
H/M/S

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____   ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

---

TAPE /DIGITAL RECORDING UNIT# _____   DIGITAL RECORDING TIME _____   LOG # _____
H/M/S

☐ DEFENDANT   ☐ JUVENILE   ☐ PETITIONER   ☐ PLAINTIFF   ☐ RESPONDENT   ☐ STATE

Witness No. _____   NAME: _____   ☐ C   ☐ S   ☐ T

Time: Start _____ M.   End _____ M.   Recalled: Start _____ M.   End _____ M.

003624

LAW 380 (REV. 08/2003)
[ ]DEFENDANT   [ ]JUVENILE   [ ]PETITIONER   [ ]PLAINTIFF   [ ]RESPONDENT   [ ]STATE   [ ]PD/DEF.

☐ AMENDED

**COURT MINUTES/ORDER O***

BREVARD COUNTY, FLORIDA

DATE: *2-26-04*

| DEFENDANT | DOB | CASE NUMBER | JUDGE | RESERVED FOR RECORDING |
|---|---|---|---|---|
| *Green, Crosley* | 05-1989-CF-1742-AXXX-XX | BJ | |

**CHARGES**

| | |
|---|---|
| Dig. Rec. Unit # | TAPE |
| Digital Rec.Time | LOG |
| H/M/S | |
| CLERK *Henderson* | |
| CLERK | |
| REPORTER *Froutlee* | |
| COURT DEPUTY *Weard* | |
| COURT DEPUTY | |
| DEFENSE COUNSEL | |
| STATE ATTORNEY | |
| PTR REPRESENTATIVE | |

**AMENDED CHARGE:**
☐ STATE   ☐ COURT

**DEFENDANT**

| | |
|---|---|
| ☒ PRESENT | NOT PRESENT |
| ☐ WITHOUT COUNSEL | ☐ COUNSEL PRESENT IN DEFENDANT'S BEHALF |
| ☒ WITH COUNSEL | |
| ☐ ADVISED OF RIGHTS AND CHARGES | |
| ☐ WAIVED SPEEDY TRIAL | ☐ PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL |

**WARRANTS**

| DEPUTY | PRESENT & |
|---|---|
| ☐ FILED LOCAL AFFIDAVIT & WARRANT | |
| ☐ ADVISED COURT DEFENDANT RECEIVED | |
| BY | AUTHORITIES |
| ON | |
| ☐ TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED | |
| ☐ ADVISED FOREIGN COURT WILL NOT EXTRADITE | |
| ☐ ADVISED GOVERNOR'S WARRANT SERVED | |
| ☐ DEFENDANT SIGNED WAIVER OF EXTRADITION | |

**FAILURE TO APPEAR**

| COURT ORDERED | | |
|---|---|---|
| ☐ BENCH WARRANT | ☐ INSTANTER | ☐ ISSUE OTSC |
| ☐ BOND AMOUNT $ | | ☐ Cash or Surety |
| ☐ JUVENILE BENCH WARRANT | | |
| ☐ CAPIAS | ☐ SUSPEND D.L. | ☐ NO ROR OR PTR |

**ATTORNEY**

DEFENDANT DETERMINED

| ☐ INDIGENT | ☐ PARTIALLY INDIGENT | ☐ NON-INDIGENT |
|---|---|---|
| ☐ COURT APPOINTED | ☐ COST PURPOSES ONLY | |
| ☐ PUBLIC DEFENDER | ☐ APPEAL PURPOSES ONLY | |
| ☐ CONFLICT ATTORNEY | | |

☐ DEFENDANT WAIVED COUNSEL
☐ COURT TOOK NO ACTION AS TO COUNSEL
☐ COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION
☐ COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL
☐ NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED
☐ NOTICE OF APPEAL FILED IN OPEN COURT
☐ NOA/CAF NOT FILED AS OF THIS DATE

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

**STATE ACTION**

| | |
|---|---|
| ☐ NOLLE PROSEQUI | COUNT(S) |
| ☐ PRESENTED NO EVIDENCE | COUNT(S) |
| ☐ NOTICE OF NO INFORMATION | COUNT(S) |
| ☐ WRITTEN | ☐ ORAL |
| ☐ REDUCED TO MISDEMEANOR | |
| ☐ UPGRADED TO FELONY | |

**PLEA**

| ☐ NOT GUILTY | ☐ NOLO CONTENDERE | ☐ GUILTY |
|---|---|---|
| ☐ ORIGINAL WITHDRAWN | ☐ IN ABSENTIA | |
| ☐ LESSER INCLUDED OFFENSE | | |

**VERDICT**

| JURY RETURNED WITH VERDICT OF | |
|---|---|
| ☐ GUILTY | ☐ NOT GUILTY |
| COURT FOUND DEFENDANT TO BE | |
| ☐ GUILTY | ☐ NOT GUILTY |

**COURT ACTION**

| ☐ ACCEPTED PLEA | ☐ ARRAIGNED |
|---|---|
| ☐ ADJUDICATED GUILTY | ☐ Found Defendant in Violation of Probation/Community Control |
| ☐ PREVIOUSLY | |
| ☐ WITHHELD ADJUDICATION OF GUILT | **Conditions** |
| ☐ DISMISSED (CTS) | ☐ FOUND DEFENDANT IN CONTEMPT OF COURT |
| ☐ SENTENCE APPLIES TO ALL COUNTS | ☐ SUSPEND ORIGINAL |
| | ☐ FINE ☐ CS |
| ☐ ADVISED RIGHT TO APPEAL W/IN 30 DAYS | ☐ PAYABLE INFRACTION REPORT TO TRAFFIC DEPT |
| ☐ CLERK TO SUBPOENA ALL PARTIES | |

**LICENSE ACTION**

| ☐ REVOKED | ☐ SUSPENDED |
|---|---|
| MONTHS | YEARS |
| ☐ RE-EXAMINATION REQUIRED | |
| ☐ BY COURT RE: | |
| ☐ CONFISCATED BY COURT | |

**LIBERTY STATUS**

| ☐ CASH | ☐ ORDER |
|---|---|
| ☐ SURETY | ☐ ROR |
| ☐ UNSECURED | ☐ PTR |
| ☐ SECURED SIGNATURE | ☐ SUMMONS |
| ☐ CITATION | ☐ NOTICE TO APPEAR |
| ☐ DISCHARGED | ☐ CANCEL BENCH WARRANT |

BENCH WARRANT/CAPIAS RECALLED ON:

| DEPUTY NOTIFIED | |
|---|---|
| BY CLERK | |

**NEXT COURT APPEARANCE**

| | |
|---|---|
| ☐ SECOND APPEARANCE | ☐ VOP ARRAIGNMENT |
| ☐ CONTROL FUGITIVE WARRANT | ☐ CIVIL INFRACTION HEARING |
| ☐ VOP HEARING | ☐ NON JURY TRIAL |
| ☐ PRE-TRIAL CONFERENCE | ☐ PAY OR APPEAR |
| ☐ HEARING | ☐ ARRAIGNMENT | ☐ CRIMINAL PROCEEDINGS |
| ☐ PLEA | ☐ SENTENCING | ☐ TO BE NOTIFIED |
| ☐ STATUS CONFERENCE | ☐ DOCKET SOUNDING |
| ☐ CONTINUED BY | ☐ JURY TRIAL |
| ☐ COURT | ☐ STATE | ☐ PD/ATTY |

REASON
☐ PREVIOUSLY SET

| DATE | | TIME |
|---|---|---|
| | ☐ VIERA | ☐ TITUSVILLE |
| | ☐ MELBOURNE | ☐ SHARPES |
| DIVISION | JUDGE | |

ACKNOWLEDGED

DEFENDANT/ATTORNEY SIGNATURE

**FAILURE TO APPEAR WILL RESULT IN A BENCH WARRANT/CAPIAS BEING ISSUED FOR YOUR ARREST.**

I, hereby certify that a copy hereof has been sent to:

**BOND INFO OUT OF CUSTODY**

NUMBER-TYPE-AMOUNT

| | |
|---|---|
| ☐ SATISFIED/RELEASED | |
| ☐ FORFEIT IN FULL SATISFACTION (CASH BOND) | |
| ☐ SURETY/CASH BOND FORFEITED | |
| ☐ FORFEITURE DATED | DISCHARGED |
| ☐ DEDUCT $ | |
| ☐ REFUND BALANCE TO DEPOSITOR | |
| ☐ BALANCE OF FINE TO BE PAID | |

**CHARGES/CASE # CHANGES**

ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT(923.01) HAVE BEEN CHANGED

FORMER CASE # *003625*

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

# COURT MINUTES/ORDER
BREVARD COUNTY, FLORIDA - PA    2

**RESERVED FOR RECORDING**

| DEFENDANT | DOB | CASE NUMBER |
|---|---|---|
| Green, Crosley | 251987-CF-4912-AXXX-XX | |

## JAIL

| | | |
|---|---|---|
| SENTENCED TO: | | DAY(S) DETENTION CENTER |
| | | DAY(S) CREDIT FOR TIME SERVED |
| | | DAY(S) SUSPENDED |

CONCURRENT W/
  ANY PENDING SENTENCE
CONSECUTIVE W/
  ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ PROBATION
☐ COMMUNITY CONTROL

| SUPERVISED | UNSUPERVISED |
|---|---|
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## CONDITIONS

☐ Probationary  ☐ Non-Probationary  ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
|---|---|
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| AMOUNT RESERVED | |
| AA/NA ___ TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID OL w/in ___ MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid |
| | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL:
  w/in ___ DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):

Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer.

CURFEW ___ M TO ___ M
SEE REMARKS
HOUSE ARREST ___ DAYS

## Status of
☐ Probation  ☐ Community Control

| REVOKED | MODIFIED |
|---|---|
| REINSTATED | |
| SAME TERMS AND CONDITIONS AS PEVIOUSLY IMPOSED | SEE ORDER |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
|---|---|

NO IMPRISONMENT STATEMENT
FINGERPRINTED IN OPEN COURT

| PSI | | PRE-PLEA PSI |
|---|---|---|
| Full | Short Form | Prior Record Only |

CRIMINAL HISTORY
EVALUATION ORDERED    File Copy w/ Court

| Psychiatric | Psychological | Substance Abuse |
|---|---|---|
| 24 HOUR SCREENING | | DETENTION FACILITY |
| CIRCLES OF CARE | | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | | |
| HIV | STD | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
|---|---|---|
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | | UNSECURED SIGNATURE |

PERSONAL SURETY:

QUARTERMAN RELEASE
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
  State did not file Information within 33 days
NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
  UNTIL FURTHER ORDER OF COURT
  DUE TO NATURE OF OFFENSE
  UNTIL EVALUATION COMPLETE

| X | REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY |
|---|---|---|

## ASSESSMENTS

| COUNT(S) | | |
|---|---|---|
| Fine | | |
| Waive C/C | | |
| Suspend | | |
| Court Costs | | |
| Late Chg | | |
| Other | | |

**TOTAL**
$ ___

**Payable on or before**
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |
|---|---|

$ ___ SUSPEND ALL BUT $ ___

## ADDITIONAL ASSESSMENTS

$ ___ INVESTIGATIVE COST FOR ___
  (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF $ ___
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: ___

Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

___ HRS COMMUNITY SERVICE CONVERTED TO $ ___ PAYABLE BY ___
FINE CONVERTED TO ___ COMMUNITY SERVICE HOURS TO BE COMPLETED BY ___
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ ___ PER HOUR IN LIEU OF FINE BY ___

COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

REMARKS _Had to be sent back to DOC as soon as possible_

I certify that a copy of hereof has been furnished on _2-26-09_ to the:
☑ defendant by ☑ hand delivery ☐ mail
☑ public defender/defense attorney by ☑ hand delivery ☐ mail
☑ state attorney by ☑ hand delivery ☐ mail
☑ bonding agency ☐ hand delivery ☐ mail

_Henderson_
Deputy Clerk

DONE AND ORDERED THIS _26_ DAY OF _February_, 20 ___, IN
_Vina_
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT ___ M.

DEFENDANT'S NAME AND ADDRESS:

000626

_Henderson_
JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134 (REV. 01/2003)   ORIGINAL-COURT FILE   [ ] Sheriff: Jail/Warrants   [ ] Criminal Law   [ ] Probation/Community Service/Other   [ ] Judicial Assistant

Jacobus
29 vol

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.  89-4942-CF-A

STATE OR FLORIDA,
         Plaintiff,

vs.

CROSLEY ALEXANDER GREEN

         Defendant,

_____/

## NOTICE OF HEARING

TO:  Barbara Davis                 Mark S. Gruber
     Office of the Attorney General    Office of the Capital Collateral
     444 Seabreeze Blvd., 5th Floor     Regional Counsel Middle
     Daytona Beach, Fl 32118        3801 Corporex Park Drive, Suite 210
                                   Tampa, Fl 33619

     **PLEASE TAKE NOTICE** that on  June 24th, June 25th and July, 28, 2004 at

9:00 a.m., or as soon thereafter as counsel can be heard, the undersigned will bring on to be

heard before the Honorable Bruce Jacobus, one of the Judges of the above Court, a 3.850

HEARING,  at his chambers in the Courthouse in Viera, Brevard County, Florida.

     **I HEREBY CERTIFY** that a true copy of the foregoing has been furnished by mail to

the above-named addressee this _15th_ day of  April, 2004.

                            NORMAN R. WOLFINGER
                            STATE ATTORNEY

               BY: _____
                       ROBERT WAYNE HOLMES
                       ASSISTANT STATE ATTORNEY
                       Florida Bar No. 0285951
                       2725 Judge Fran Jamieson Way, Bldg. D
                       Viera, Florida  32940
                       (407) 617-7510

000627

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

STATE OF FLORIDA,                    CASE NO. 051989CF004942AXXX
                Plaintiff,

vs.

CROSLEY GREEN,
                Defendant,
_____/

## SUPPLEMENTAL DISCOVERY
## FOR EVIDENTARY HEARING

TO:    MARK S. GRUBER
       OFFICE OF CAPITAL COLLLATERAL, REGIONAL
          COUNSEL MIDDLE
       3801 CORPOREX PARK DRIVE, SUITE 210
       TAMPA, FL 33619

       BARBARA DAVIS
       OFFICE OF THE ATTORNEY GENERAL
       444 SEABREEZE BLVD., 5TH FLOOR
       DAYTONA BEACH, FL  32118

       The State of Florida, by and through the undersigned Assistant State Attorney,
pursuant to Rule 3.220(a), Fla.R.Crim.P., hereby discloses the following witnesses,
tangible papers or objects which are available for inspection, copying, testing, and
photographing as previously indicated in the State's Answer to Demand for Discovery
filed in this cause:

SGT RUSSELL G. COCKRIEL
BREVARD SHERIFFS DEPARTMENT

KAREN (DOUGHERTY) KORSBERG
FEDERAL BUREAU OF INVESTIGATION
QUANTICO, VA

LESLIE LEWIS
BREVARD COUNTY CLERKS OFFICE

YVETTE MCNAB
FDLE CRIME LAB
500 WEST ROBINSON STREET
ORLANDO, FL 32801

003628

Crosley Green/ Case No. 051989CF004942AXXX
Supplemental Discovery for Evidentary Hearing
Page 2

## CERTIFICATE OF SERVICE

I hereby CERTIFY that a copy of the foregoing was mailed / hand delivered / couriered / faxed to the above addressee, Attorney for the Defendant this _15th_ day of _April_____, 2004.

                    NORMAN R. WOLFINGER
                    STATE ATTORNEY

                    BY: _____
                    ROBERT WAYNE HOLMES
                    ASSISTANT STATE ATTORNEY
                    FLORIDA BAR #0285951
                    2725 Judge Fran Jamieson Way, Bldg. D
                    Viera, Florida  32940

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY,
FLORIDA

STATE OF FLORIDA,
    Plaintiff,

vs.                     CASE NO. 89-4942-CFA

CROSLEY ALEXANDER GREEN,
    Defendant.

_____/

## MEMORANDUM OF LAW

COMES NOW THE STATE OF FLORIDA by and through the undersigned

Assistant State Attorney and files its Memorandum of Law in opposition to the Defendant's

Oral Motion to introduce the hearsay statements of Jerome Murray, and as grounds would

state as follows:

1.    During the evidentiary hearing October 28-29, 2003, the Defendant moved to

introduce into evidence three statements by Jerome Murray over the hearsay objection of the

State.  The first statement is an unsworn hand-written statement; the second statement is an

unsworn video taped statement; and the third statement is a sworn video taped statement.

The Defendant argues that each statement should be admitted in evidence as a Statement

Against Interest, pursuant to Section 90.804(4)(2)(c), Florida Statutes.

2.    This Court should deny the Defendant's request to introduce the statements of

Jerome Murray in evidence based upon the authority of Lightbourne v. State 644 So.2d 54

(Fla. 1994).  In that case, the Florida Supreme Court ruled that statements very similar to

those offered by the Defendant were not admissible under Section 90.804(4)(2)(c), F.S.  The

Florida Supreme Court explained that, "Although Chavers states in his affidavit and in one

State vs Crosley Green/Case No. 89-4942-CF-A
Memorandum of Law/Page 2

of the letters that he lied at trial, it cannot be said that a reasonable person would believe they were subject to a perjury penalty eight years after providing testimony at a trial. As the lower court pointed out, the statute of limitations had run so that Chavers could no longer be prosecuted for perjury."

3. Each of the three statements of Jerome Murray that the Defendant attempts to admit in evidence were made approximately 10 years after his trial testimony. Each of the three statements of Jerome Murray that the Defendant attempts to admit in evidence is being offered as a statement against penal interest based upon the theory that Mr. Murray is admitting that he committed perjury at trial in 1990. Pursuant to Section 775.15(2), F.S. (1989), the statute of limitation for perjury at the time of the trial in 1990 was 3 years. As a result, Lightbourne clearly holds that each of the three statements of Jerome Murray is inadmissible hearsay, and cannot be considered a statement against penal interest.

3. Section 90.804(4)(2)(c), F.S. also requires that, "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement." Even if the Defendant could successfully argue that each of the statements of Jerome Murray was a statement against penal interest, the Defendant must then demonstrate that there are corroborating circumstances that show the trustworthiness of the statement. The State is not aware of any corroborating circumstances that show the trustworthiness of any of the three statements of Jerome Murray that the Defendant seeks to introduce. To the contrary, Mr. Murray had difficulty remembering any of the three statements at the hearing on October 28,

2

000631

State vs Crosley Green/Case No. 89-4942-CF-A
Memorandum of Law/Page 3

2003; had difficulty remembering the circumstances under which they were made; and

indicated that he was under the influence of alcohol at the time of each of the three

statements.

Wherefore, the State requests this Honorable Court deny the Defendant's Motion to

introduce the three statements of Jerome Murray in evidence.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished by mail to Barbara

Davis, Office of the Attorney General, 444 Seabreeze Blvd., 5th Floor, Daytona Beach, Fl

32118; and Mr. Mark S. Gruber, Office of the Capital Collateral Regional Counsel, Middle,

3801 Corporex Park Drive, Suite 210, Tampa, FL 33619, on this 15th day of April, 2004.

NORMAN R. WOLFINGER
STATE ATTORNEY

BY: _____
ROBERT WAYNE HOLMES
ASSISTANT STATE ATTORNEY
Florida Bar No.: 285951
2725 Judge Fran Jamieson Way
Bldg. D
Viera, Florida 32940
(321) 617-7510

3

000632

SCOTT ELLIS
2004 APR 21 P 3: 52
FILED IN VIERA-50
CLERK OF CIR. CT.
BREVARD CO. FL.

**IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA.**

**CASE NO.    05-1989-CF-004942-AXXX-XX**

**STATE OF FLORIDA,**

**Plaintiff,**

**v.**

**CROSLEY GREEN,**

**Defendant.**

_____/

FILED IN OPEN COURT

This _21_ day of _April_ A.D. _2004_

TIME: _1:30 PM_

By _Myra Porter_ D.C.

## ORDER TO TRANSPORT

**THIS CAUSE** came before the Court upon the Defendant's postconviction motion, filed pursuant to Rule 3.851, Florida Rules of Criminal Procedure.  It is hereupon

**ORDERED AND ADJUDGED:**

1.  That, upon receipt of this Order, the Sheriff of Brevard County, Florida, shall forthwith resume custody of and deliver **CROSLEY GREEN** to the Brevard County Jail and, further, shall present **CROSLEY GREEN,** before this Court for a postconviction evidentiary hearing to be held on **THURSDAY, JUNE 24TH and FRIDAY, JUNE 25TH**, **2004, AT 9:00 A.M.** at the **MOORE JUSTICE CENTER**, Viera, Brevard County, Florida.

2.  That the Clerk of the Court shall prepare certified copies of this Order for immediate distribution to the Sheriff of Brevard County, Florida; to the Office of the State Attorney; to the Capital Collateral Representative – Middle Region; to James V. Crosby, Jr.,

1 of 3



003693

Secretary to the Florida Department of Corrections, Tallahassee, Florida.

3. That **CROSLEY GREEN** be released from the custody of James V. Crosby, Jr., Secretary to the Florida Department of Corrections, Tallahassee, to a duly authorized transporting agent of the Brevard County Sheriff's Department to be brought before the undersigned Circuit Judge on the date and time set forth above.

4. That the Sheriff of Brevard County, Florida, shall prior to the execution of this Order, give a minimum of twenty four (24) hours notice unto the above named institution of its intent to pick up **CROSLEY GREEN** and shall provide said institution with a certified copy of this Order at the time of resuming custody of the defendant.

**DONE AND ORDERED** at the Moore Justice Center, in Viera, Brevard County, Florida this 20ᵗʰ day of April, 2004.

**BRUCE W. JACOBUS**
**CIRCUIT JUDGE**

Copies to:

State Attorney – Viera
Chris White and Wayne Holmes, Assistant State Attorney

Mark Gruber, Esq.
Office of the Capital Collateral Representative – Middle Region
3801 Corporex Park Drive
Suite 210
Tampa, Florida 33619

Sheriff of Brevard County - (certified - 3)

_copies sent 4/22/04 JR_

James V. Crosby, Jr.
Secretary to Department of Corrections
2601 Blair Stone Road
Tallahassee, Florida 32399-2500

2 of 3

003634

Crosley Green, DOC #902925
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida  32026-4000


** Defendant is currently at the Union Correctional Institution.

003635

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA.

CASE NO. 051989CF004942AXXX

STATE OF FLORIDA,
                              Plaintiff,
vs.
CROSLEY GREEN,
                              Defendant.
_____/

TO:    MARK S. GRUBER
       OFFICE OF CAPITAL COLLLATERAL, REGIONAL COUNSEL
       MIDDLE, 3801 CORPOREX PARK DRIVE, SUITE 210
       TAMPA, FL 33619

### SUPPLEMENTAL WITNESS LIST

The State of Florida, by and through the undersigned Assistant State Attorney, pursuant to Rule 3.220(a), Fla.R.Crim.P., and in response to defendant's demand filed in the above entitled case, the State hereby furnishes its list of all witnesses known to the Prosecuting Attorney to have information which may be relevant to the offense charged, and to any defense of the person charged with respect thereto:

Category A:

NANCY RATHMAN
FDLE CRIME LAB
500 W. ROBINSON STREET
ORLANDO, FL 32801-1771

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the following have been furnished by U.S. Mail/courier/fax/hand delivery, to: above addressee, this _3rd_ day of _May_, 2004.

NORMAN R. WOLFINGER
STATE ATTORNEY

BY:_____
       ROBERT WAYNE HOLMES
       ASSISTANT STATE ATTORNEY
       FL. Bar No. 0285951
       2725 Judge Fran Jamieson Way
       Building D
       Viera, Florida 32940

003636

**STATE OF FLORIDA**
**LAW OFFICE OF THE**
**CAPITAL COLLATERAL**
**REGIONAL COUNSEL**
**MIDDLE REGION**



**BILL JENNINGS**
CAPITAL COLLATERAL REGIONAL COUNSEL

**VICKI BUTTS**
EXECUTIVE DIRECTOR

June 14, 2004

ATTN: Scott Ellis
Clerk of the Circuit Court
18th Judicial Circuit - Brevard County
700 Park Avenue, Building #4
Titusville, Florida 32780

Re:     *State of Florida v. Crosley A. Green*
        *Case No. 89-4942-CFA*

Dear Clerk:

Enclosed for immediate filing in the above-captioned case are:

      (1).     Original of Motion to Exclude Mitochondrial DNA Evidence Pursuant to Frye v. United States;

      (2).     Copies of the first and last pages of the above referenced document for return to CCRC-Middle after date-stamping and filing; and

      (3).     A pre-addressed, stamped envelope for use in returning the date-stamped pages to us.

We request that you please return the date stamped pages to CCRC-Middle in the enclosed pre-addressed stamped envelope after the completion of filing.

A copy has been provided by first class mail to opposing counsel of record.

Thank you for your assistance in this matter.

Sincerely,

Mark S. Gruber
Assistant CCC

/psh
Enclosure
cc:     Honorable Bruce W. Jacobus, Circuit Court Judge
        Barbara C. Davis, Assistant Attorney General
        Christopher R. White, Assistant State Attorney
        Wayne Holmes, Assistant State Attorney

000637

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN AND
FOR BREVARD COUNTY, FLORIDA

CASE NO. 89-04942CFA

STATE OF FLORIDA,

      Plaintiff,                        Postconviction Death Penalty Case

v.

CROSLEY ALEXANDER GREEN,

      Defendant.

_____/

## MOTION TO EXCLUDE MITOCHONDRIAL DNA EVIDENCE
## PURSUANT TO FRYE v. UNITED STATES

Comes Now the defendant by undersigned counsel, moves to exclude mitochondrial

DNA evidence pursuant to Frye v. United States, or in the alternative to exclude such evidence

as applied to this case, and states:

The State seeks to admit the results of mitochondrial DNA ("mtDNA") typing of

evidence crime scene hair fragments performed at LabCorp (Laboratory Corporation of

America) in the Spring of 2000.

The defendant moves to exclude this evidence of mtDNA testing on the basis of *Frye v.*

*United States*, 293 F. 1013 (D.C.Cir.1923) and subsequent decisions by the Florida Supreme

Court. To be admitted in evidence, novel scientific evidence must be "sufficiently established to

have gained general acceptance in the particular field in which it belongs." Frye, 293 F. at 1014.

In the alternative, the defendant moves to exclude this evidence as to this particular case for the

reasons stated herein.

**Novelty**

DNA analysis consists of two distinct steps; the first determines whether two samples of

DNA match, and the second determines the frequency with which a match would occur in a

population. In *Brim v. State*, 695 So.2d 268 (Fla.1997), the Florida Supreme Court clarified that

each stage of the DNA process, i.e., the methodology for determining DNA profiles, as well as

the statistical calculations used to report the test results, are subject to the Frye test. *Id.* at 270.

*McDonald v. State*, 743 So.2d 501 (Fla.1999); *Armstrong v. State*, 862 So.2d 705, 713 n.7 (Fla.

Oct. 30, 2003). The Armstrong Court noted that the Brim formulation of the Frye test was a

"more complex test" than had been in effect at Armstrong's trial in 1991. *Id.*

In *Magaletti v. State*, 847 So.2d 523 (Fla. 2nd DCA April 4, 2003) *rev.den.* Fla. 2003

*Magaletti v. State*, 858 So.2d 331 Sept. 30, 2003 (Table), a noncapital case, the Second District

Court of Appeal rejected a Frye challenge to mitochondrial DNA identification, an issue the

Court described as being one of first impression in Florida appellate courts. Magaletti sought

certiorari and alleged conflict jurisdiction in the Florida Supreme Court. The State opposed the

petition arguing that no such conflict existed, jurisdictional briefs were filed, and review was

denied.[1]  In *Tompkins v. State*, Fla.,2003 (as revised on denial of rehearing April 22, 2004), a

capital case, the Florida Supreme Court affirmed the trial court's denial of a request for

mitochondrial DNA testing. The trial court had made findings "that mitochondrial DNA testing

---

[1]Note the discussion of the Florida Supreme Court's jurisdiction and the effect of a
District Court's ruling on a matter of first impression in *Bunkley v. State,* 2004 WL 1171315,
Fla. May 27, 2004, especially Chief Justice Anstead's comments on the "extraordinary assertion
in Justice Wells' separate opinion that some District Court of Appeal decisions have binding
statewide effect on Florida law."

003639

had been available in judicial proceedings since 1996, and that mitochondrial DNA testing had

been used in the Thirteenth Judicial Circuit in 1999." A similar result was reached in *King v.*

*State*, 808 So.2d 1237, 1242 (Fla.2002). Neither case reached the issue of admissibility under

Frye. Thus, the Florida Supreme Court has not had an opportunity to examine the admissibility

of mtDNA testing under Frye.

MtDNA testing has been admitted into evidence by several courts in other jurisdictions.

*U.S. v. Beverly*, 2004 WL 1057856, C.A.6 (Ohio) May 12, 2004 (federal Daubert test, *Daubert*

*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)

rather than Frye); *State v. Underwood*, 134 N.C.App. 533, 518 S.E.2d 231 (1999) (Daubert);

*State v. Scott*, 33 S.W.3d 746 (Tenn.2000) ("Tennessee is among a handful of states that have

addressed this issue by statute." Id. 757-58); *State v. Council*, 335 S.C. 1, 515 S.E.2d 508 (1999)

(state rule different from both Frye and Daubert, but closer to Daubert); *People v. Klinger*, 185

Misc.2d 574, 713 N.Y.S.2d 823 (Crim.Ct.2000) (Frye); *Lewis v. State*, [Ms. CR-99-1155, May

30, 2003] --- So.2d ---- (Ala.Crim.App.2003) (Daubert and plain error review). None of these

cases represent controlling authority.

At least one court has found that the "counting method" used for statistical interpretation of

an mtDNA match is not accurate and is misleading, especially when reporting the frequency of

rare mtDNA types. In State of Florida v. James Deward Crow, Judge Eaton, Circuit Court,

Seminole County, Case No. 96-1156-CFA, the trial court found that the counting method as used

with mtDNA testing was inadmissible under the Frye standard. The Crow court noted that the

two prosecution experts who testified admitted that the database was not large enough to allow

them to draw conclusions using percentages. The court found that the testimony that "(1) the

3

003640

sequences found in the known mtDNA sample and the unknown mtDNA sample have the same

sequence and (2) that this sequence was only seen one other time in the database for mtDNA

testing which contained about 1500 samples" failed to "present a meaningful comparison to

assist, rather than confuse, the jury."

**Mitochondrial DNA**

Generally speaking, every cell contains two types of DNA: nuclear DNA, which is found

in the nucleus of the cell, and mitochondrial DNA, which is found outside of the nucleus in the

mitochondrion.  This technique, which generally looks at the differences between people's

mitochondrial DNA, has some advantages over nuclear DNA analysis in certain situations. For

example, while any given cell contains only one nucleus, there are a vast number of

mitochondria.  As a result, there is a significantly greater amount of mtDNA in a cell from which

a sample can be extracted by a lab technician, as compared to nuclear DNA. Thus, this technique

is very useful for minute samples or ancient and degraded samples. Ibid.  In addition,

mitochondrial DNA can be obtained from some sources that nuclear DNA cannot.  For example,

mtDNA can be found in shafts of hair, which do not have a nucleus, but do have plenty of

mitochondria. Nuclear DNA can only be retrieved from the living root of the hair where the

nucleus resides. *United States v. Coleman*, 202 F.Supp.2d 962, 965 (E.D.Mo.2002).

On the other hand, mtDNA is not as precise an identifier as nuclear DNA. In the case of

nuclear DNA, half is inherited from the mother and half from the father, and each individual,

with the exception of identical twins, almost certainly has a unique profile. MtDNA, by contrast,

is inherited only from the mother and thus all maternal relatives will share the same mtDNA

profile, unless a mutation has occurred.  Because it is not possible to achieve the extremely high

000641

level of certainty of identity provided by nuclear DNA, mtDNA typing has been said to be a test of exclusion, rather than one of identification. Id. at 966.

Mitochondrial DNA analysis is based upon the same principles already recognized and accepted in nuclear DNA analysis, but the process looks at a different location of the genes. Unlike nuclear DNA, mtDNA cannot be used to establish positive identification because mtDNA consists of a single marker that is approximately 16, 569 base pairs in length. By comparison, nuclear DNA consists of approximately three billion base pairs and many discrete markers that may be compared to establish a positive match between DNA samples. Because mtDNA has only one marker, the probability of a random match is much higher between mtDNA samples than between nuclear DNA samples. Thus, mtDNA is significantly less probative of identity than nuclear DNA.

The entire mtDNA sequence, about sixteen thousand base pairs, is considerably shorter than nuclear DNA, which has approximately three billion pairs. Within the mtDNA, two noncoding regions are targeted--Hypervariable-1 (HV1) and Hypervariable-2 (HV2). Each of these regions is about 300 letters in code length and is a region that has a mutation rate five to ten times greater than that of nuclear DNA. It has been estimated that mutation within the mtDNA control region is one nucleotide difference every 300 generations. National Commission on the Future of DNA Evidence, The Future of Forensic DNA Testing: Predictions of the Research and Development Working Group 7, Nat'l Inst. of Justice (2000). But see Ann Gibbons, Calibrating the Mitochondrial Clock, 279 Science 28 (1998) (discussing research estimating that mutations occur as frequently as every 40 generations). In general, the slower the mutation rate, the more people who will have the same mtDNA pattern, and vice-versa.

5

**Laboratory Analysis**

The process by which mtDNA is analyzed consists of several steps. First, the hair sample is subjected to microscopic analysis. If the hairs appear microscopically similar then further analysis is performed on a molecular level to determine whether or not the hair is consistent with originating from a particular person.

In the next step, the hair is washed to remove any contaminating materials surrounding or coating the sample. After the sample is washed, the DNA is extracted by placing it in a solution. By grinding and shearing, the hair is exposed to a mixture of organic chemicals, which separate the DNA from other biological molecules. The organic mixture is spun in a centrifuge and the DNA is soluble in the top water-based layer, while the rest of the cellular components are soluble in the bottom organic layer. The top layer is then removed and filtered for further separation from other cellular materials.

Mitochondrial DNA analysis is based on the Polymerase Chain Reaction ("PCR") method of DNA analysis. Mitochondrial DNA testing is performed by extracting the DNA from the mitochondria. The DNA is then amplified and examined to determine its sequences of A's, G's, T's, and C's. The sequence is then compared to another sequence donated by a known person.

The next step is amplification by Polymerase Chain Reaction (PCR). PCR is the technique that extracts a small amount of DNA and copies it in a process known as amplification. The two strands of the DNA helix are separated from one another by heat. The original DNA molecules in the extract, called the templates, separate into their component strands. A new DNA strand is made with an enzyme that copies the existing DNA molecule and

6

000643

the copying process is repeated numerous times. During each repetitive cycle, the amount of DNA in the reaction is doubled, thus ultimately providing many more copies of the original DNA. Prior to sequencing, the amount of product generated by PCR is determined using a capillary electrophoresis machine. Blank samples and known control samples are used in order to assess the amplification of the samples.

The next step is sequencing by a method known as Sanger's method. This process determines the sequence of bases in an individual's mtDNA. Within the mtDNA, two noncoding regions are targeted--Hypervariable-1 (HV1) and Hypervariable-2 (HV2). Each of these regions is about 300 letters in code length. This sequencing process differs from PCR in that a set of the A, G, C, and T bases, with slight chemical differences, is added to the reaction mix. These altered bases also carry a fluorescent dye, which is readily detected by an automated machine. As they become incorporated into the growing DNA strand, the process of synthesis ends due to the inabilities of the enzyme to add another base to the altered fluorescent one. The normal bases compete with the altered basis for incorporation into the new strand. The result is a collection of DNA products which, when pooled, have altered bases inserted at every possible position in the area to be sequenced.

Finally, the numerous products resulting from the sequence reaction are separated, based upon their length, through gel migration. This step is sequence determination. The size of the pores in the gel matrix regulate the distance that each DNA product travels. These products all begin from the same starting point on a gel and the fluorescent detector from the sequencing machine reads off the bases. The machine will generate a chromatogram, or colored graph, depicting the wavelength of the dye that it reads one base at a time. The sequence of the DNA is

7

then determined from a series of these sequencing reactions.

If the sequences are identical, the examiner compares the sequence to the available database of mtDNA sequences to determine if he has ever seen that same sequence. The statistic will be based upon the frequency of similar DNA patterns occurring within the database and within each group in the database. The final result simply either excludes the tested individual as the sample donor or confirms that such individual is within a certain percentage of a population which could have donated the sample.

Much of the disagreement among geneticists, and most of the conflict in Court decisions, concerns the statistical significance of a match of DNA patterns. Because a match between two DNA bands means little without data on probabilities, the calculations of statistical probabilities is an integral part of the process. Indeed, Courts have even considered the statistical calculation step as the more important of the two pieces of information which constitute DNA evidence.

**Argument**

### Legal Precedent Authorizing Admission of Nuclear DNA Test Results and Interpretation Does Not Apply to Mitochondrial DNA

MtDNA testing is based on different theories and principles and uses different techniques and methods than nuclear DNA testing. Mitochondria are physically separate from the nucleus of the cell which contains the genomic DNA that is analyzed in typical DNA tests used in forensics. The mitochondria has its own DNA that is much smaller than that found in the nucleus. In addition, mitochondrial DNA differs from the nucleus because it is a closed circle; it is only 16.5 kilobases (kb) long; it is more compact because it only codes for 2 ribosomal RNAs, 22 transfer RNAs, 13 protein and it has what is called a control region or D-loop that is non coding that is approximately 1100 base pairs (bp) long; it is maternally inherited; and it is

8

present in high copy number in the cell. See, generally, Budowle, et al., PCR-Based Analysis: Mitochondrial DNA Sequencing, in DNA Typing Protocols: Molecular Biology and Forensic Analysis, at 189 (2000). The control region (also called the CR) contains two regions which are defined as Hypervariable region 1 (HV-1) and Hypervariable region 2 (HV-2). These are the regions that are the subject of the current mtDNA analysis.

MtDNA is tested by, 1) PCR amplification of DNA from the mitochondria, followed by 2) the determination of the sequence of the region amplified. MtDNA employs sequencing to determine both the length and the sequence of base pairs that make up a defined region in the mtDNA.

Base pairs or nucleotides are the building block of DNA. DNA consists of four bases, adenine (A), cytosine (C), thymine (T) and guanine (G). Two strands consisting of these bases are wound together into a double helix. When the two strands of DNA come together they are said to be complementary. This complementarity means that if one strand has a sequence of AGTCTTTCGA then its complement is TCAGAAAGCT. A only binds to T and C only binds to G in the double helix. Thus, by knowing the sequence of bases in one strand, one knows the sequence of the other strands. The mtDNA consists of two strands organized into a double helix that forms a closed circle.

One of the strands is labeled the light (L) strand and the other is the heavy (H) strand. When a region of DNA is sequenced, the sequence of bases are determined. The sequence from one sample can then be compared to the sequence of another sample or to a standard sequence.

The isolation and multiplication of mtDNA is done in a manner similar to PCR- based forensic nuclear DNA tests, albeit with different methods for control of contamination, with

9

different reagent chemicals for the isolation of the DNA (extraction) and different primers for the multiplication of the DNA (PCR reaction). Even before the divergence of methodology at the sequencing stage, mtDNA typing is different at the multiplying stage because additional PCR cycles are added to amplification protocol, making it much more prone to contamination.

The final step in mtDNA testing, which is not done in any form with nuclear DNA tests, is sequencing. Sequencing involves adding enzymes, primers, and nucleotides to the post-PCR mtDNA. A fluorescent "terminator" is added that halts the sequence of the millions of copies of mtDNA at each base in the sequence. The fluorescent "terminator" causes the sequencing reaction to come to a halt. Each of the four bases has its own color terminator which is then distinguished through the use of electrophoresis and a laser camera. The use of fluorescent terminators is unique to forensic mtDNA sequencing.

The millions of copies of sequenced product that has been randomly terminated at each base is processed using a machine that detects the fluorescent terminators. This detection process is also distinct from the detection process used with forensic nuclear DNA tests. Finally, the interpretation of the sequencing data is an undertaking sharing nothing in common with forensic nuclear DNA tests. The sequencing computer program produces chromatographs which appear as pages of colored graphs. An analyst must subjectively examine the graphs, often times resolving a nucleotide that the computer either fails to "call" (resulting in an "N") or a spot that may appear to contain peaks within peaks. This analysis of sequencing data is distinct from forensic nuclear DNA testing.

A significant difference from other nuclear tests is that, because mtDNA is maternally inherited, it is expected that individuals that are related to each other by maternal relationship

10

000647

will have the same mtDNA sequences. Therefore, at most, the mtDNA results can identify a

sample as coming from a particular maternal lineage. Allen et al., Mitochondrial DNA

Sequencing of Shed Hairs and Saliva on Robbery Caps: Sensitivity and Matching Probabilities,

J. Forensic Sci. 1998; 43(3): 453-64.

Because of its maternal inheritance, mtDNA sequences have been used in evolutionary

genetics and biology to study the evolution of human populations and other organisms. Strauss,

E., Can Mitochondrial Clocks Keep Time?, Science 283 (1999): 1435-1438. However, recently,

the underlying assumptions of mitochondrial DNA analysis, for evolutionary biology, as well as

forensics, have come under question and are the subject of debate and research.

In particular, two areas of renewed research and debate have unfolded on the issues of 1)

whether individuals have one mtDNA type or multiple mtDNA types (heteroplasmy); and 2)

whether mtDNA undergoes recombination. Both of these areas of debate impact not only the

statistical analysis that is used to evaluate the meaning of a "matching" sequence, but more

importantly from a legal and scientific standpoint, whether or not this evidence has any meaning

that can be reliably reported to a jury.

**MtDNA Analysis Has Not Crossed the Threshold of General Acceptance Because of
its Unreliability as Evidenced by the Discovery of Heteroplasmy**

Heteroplasmy exists where a single individual is known to exhibit more than on mtDNA

type. Prior to 1994, it was believed that heteroplasmy only occurred in individuals suffering

from mitochondrial diseases, and thus had little impact on the forensic use of mtDNA sequences.

For example, in a 1990 paper proposing the use of mtDNA for forensic use, the authors reported

the common understanding of mitochondrial genetics at that time, stating that: [s]everal other

unique characteristics of mtDNA are its maternal mode of inheritance (haplody status),

11

homogeneity within an individual (monoclonal nature), and lack of recombination.  Budowle et al., Mitochondrial DNA: A Possible Genetic Material Suitable for Forensic Analysis, at 81 (1990) (Exhibit 22).   Budowle et al., further reported that in 1990, it was believed that, within an individual, research suggested that mtDNA changes did not occur during the formation of organs and that recombination also was not observed.  Id. at 82.  In other words, forensic scientists believed that only one mtDNA type existed in one individual and that within that individual, all tissue types had the same mtDNA sequence.  As set forth below, this long held belief which formed the basis for the earlier validation of mtDNA sequencing is incorrect.

The first instance of heteroplasmy in a forensic case was seen in 1994 during the mtDNA analysis of the remains of the last Russian Tsar and his family.  Gill et al., Identification of the Remains of the Romanov Family by DNA Analysis, Nature Genetics, 6 (1994): 130-135 (Exhibit 24).  It was determined that the Tsar's mitochondria contained two different mtDNA sequences that varied by a single base change at the 16,169 base position in HV-1.

The first two validation studies of mtDNA sequencing for forensic use were published in 1995 by the FBI.  Wilson et al., Extraction, PCR Amplification and Sequencing of Mitochondrial DNA from Human Hair Shafts, Biotechniques, 18 (1995): 662-669, was submitted for publication in July 1994, just two months after the publication of the first report of heteroplasmy in forensic samples by Gill et al.

Though heteroplasmy creates serious problems in differentiating between background noise, sequence artifact, contamination and actual heteroplasmy, the Gill article was not cited or discussed in the Wilson study.

Similarly, the second paper, Wilson et al., Validation of Mitochondrial DNA Sequencing

12

CCC649

for Forensic Casework Analysis, Int. J. Legal Med., 108 (1995):68-74, neither cited nor discussed the occurrence of heteroplasmy.  The FBI validation studies failed to address heteroplasmy, even though the publication of the first reports of heteroplasmy in forensic samples predated these FBI studies.

In 1996, the Tsar's brother's body was exhumed and his mtDNA was sequenced.  This test confirmed that the heteroplasmy found in the Tsar's mtDNA was real, but indicated that heteroplasmy might be passed along in families, as shown by his brother sharing the same heteroplasmic mtDNA sequences.  Ivanov, et al., Mitochondrial DNA Sequence Heteroplasmy in the Grand Duke of Russia Georgij Romanov Establishes the Authenticity of the Remains of Tsar Nicholas II, Nature Genetics, 12 (1996):417-420.  However, during the same testing in 1996, a maternal descendant of the Tsar was tested and found to be homoplasmic.  Thus, the author of the study reported that "[c]urrent information on the mechanism of mtDNA transmission in humans is limited and partly contradictory," and concluded that the "[p]rocesses of mtDNA segregation may thus be complex, producing different patterns in different species or circumstances." Id. at 418.

In 1996, another article reported the presence of heteroplasmy in human twin pairs. Bendall, Heteroplasmic Point Mutations in the Human mtDNA Control Region, Am. J. Hum. Genet. 59 (1996):1276-1287.  The study found that heteroplasmic single base changes in mtDNA could be detected at levels of 5-36% of the total mtDNA.  Id. at 1279.  Thus the authors concluded that single base change heteroplasmy may be more widespread in the population than earlier thought.  Id. at 1283.  The study also found that the heteroplasmic sequences differed in length as well as sequence.  Id. at 1285.  The authors concluded that "the mechanism by which

13

009650

similar proportions of length variants are maintained in maternally related individuals is unknown." Id.

The discovery of heteroplasmy in humans who do not suffer from mitochondrial disease has resulted in some research focused on the occurrence of heteroplasmy. In 1997, a study found that when the blood of one individual was compared to hair from that same individual, that the mtDNA sequences were different. Wilson et al., A Family Exhibiting Heteroplasmy in the Human Mitochondrial DNA Control Region Reveals Both Somatic Mosaicism and Pronounced Segregation of Mitotypes, Hum. Genet., 100 (1997):167-171 (Exhibit31). When the blood of this individual was examined it appeared to have a C at position 16,355. Id. at 168. When three hairs from the same individual were examined, all three were heteroplasmic at position 16,355, but each hair differed from each other in the proportion of the two types seen. Id. at 169. In addition, when buccal cells from four swabs were examined, they also displayed heteroplasmy at position 16,355, but with consistent proportions of the two types. Id.

A study of HV-2 showed that length heteroplasmy was found in 10 maternal relatives but that the proportion of the heteroplasmy varied "widely" between different individuals. Weisser et al., Mitochondrial Heteroplasmy Among Maternally Related Individuals, Int. J. Legal Med., 113(2000):155-161 (Exhibit 32, Abstract); see also, Tully et al., A Sensitive Denaturing Gradient Gel Electrophoresis Assay Reveals a High Frequency of Heteroplasmy in Hypervariable Region 1 of the Human mtDNA Control Region, Am. J. Hum. Genet. 67 (2000):432-43 (Exhibit 32, Abstract).

Research suggests that heteroplasmy changes not only from tissue to tissue, but over time. For example, a study was conducted by researchers at the National Institute of Standards

14

and Technology, where fetal levels of mtDNA heteroplasmy were compared to those found in

adults.  Tully, LA, Control Region Heteroplasmic Differences Between Fetal and Adult

Mitochondrial DNA, Poster presented at Mitochondria: Genetics, Health, and Disease,

December 2, 1998; see also, Cottrell, DA and Turnbull, DM, Mitochondria and Ageing, Curr

Opin. Clin. Nutr. Metab. Care, 3(2000):473-478. 181 tissues samples from 21 adults and 22

fetuses were tested.  Heteroplasmy was detected in 13 of the 43 individuals examined (30.2%).

There was a significant difference in the incidence of heteroplasmy in fetal versus adult tissue.

The incidence in adults was 11 of 21, or 52.4%, while in fetuses, 2 of 22, or 9.1%, were

heteroplasmic.  The pattern of tissue heteroplasmy between adults and fetuses was also different.

The results suggest "that segregation of control region heteroplasmic variants is not limited to

developmental stages, and may be an ongoing process throughout life."

While it is clear that heteroplasmy exists and that the pattern seen in individuals is

complex, there is no research that answers fundamental questions about the validity and

reliability of the testing increasing evidence that heteroplasmy is an undefined variable.

**MtDNA Analysis Has Not Crossed the Threshold of General Acceptance Because of
its Unreliability as Evidenced by the Discovery of Recombination**

Recombination of DNA is a process in which two different mitochondrial genomes

would exchange portions of their DNA.  Along with the assumed absence of heteroplasmy,

forensic use of mitochondrial typing is based upon the fundamental assumption that

mitochondrial genomes do not undergo recombination.

However, scientific studies in recent years have suggested that recombination may occur.

In addition, there is some suggestion that the long held belief that mitochondria are only

maternally inherited may not be completely accurate.  Two articles were published in 1999 in the

15

Proceedings of the Royal Society of London regarding evidence of recombination in human mitochondria. Eye-Walker et al., How Clonal Are Human Mitochondria?, Proc. R. Soc. Lond. 266(1999):477-483; Hagelberg et al., Evidence For Mitochondrial DNA Recombination In A Human Population of Island Melanesia, Proc. R. Soc. Lond. 266(1999):485-492. Both examined mitochondrial sequence data for evidence of recombination and both found such evidence.

A third paper was published in 1999 which concludes that the patterns of mitochondrial DNA types in humans and chimpanzees could only be caused by recombination. Awadalla et al., Linkage Disequilibrium and Recombination In Hominid Mitochondrial DNA, Science 286 (1999):2524-2525. This paper resulted in a flurry of letters to the editor of Science magazine regarding the statistical tests used and conclusion drawn by Awadalla et al. Questioning Evidence For Recombination In Human Mitochondrial DNA, Science 288 (2000):1931a.

Whether or not recombination occurs in human mitochondria is the subject of ongoing debate and research amongst evolutionary biologists and is an unsettled area in mitochondrial genetics. The existence of recombination and the effect upon the use of mtDNA test results to identify individuals is an unanswered question. Just as with heteroplasmy, if the existence and pattern of recombination is not clearly defined, its effects cannot be scientifically evaluated.

Thus, the genetics of mitochondrial genetics is an unsettled area of research. It cannot be said that a scientific theory that is in the process of evolution, in which two of the fundamental assumptions that underlie the basic understanding of the mechanism of inheritance of mitochondrial DNA are under question, is generally accepted. The theories and principles that underlie the use of mtDNA sequences to identify individuals has not developed to the extent that mtDNA testing is credible evidence of identity. As such, it fails the standard set forth in Frye.

16

**Mitochondrial DNA Typing Is Not Generally Accepted in the Relevant Scientific Community Because Validation Studies Have Not Shown MtDNA to Be a Valid and Reliable Method of Identification**

Validation is the process used by the scientific community to acquire the necessary information to assess the ability of a procedure to reliably obtain a desired result, determine the conditions under which such results can be obtained, and determine the limitations of the procedure.  TWGDAM Guidelines, § 4.1.1, 1995.

Presumptions which must be validated are:

1)  That tissue typed from the same individual be identical between the same tissues and between different tissues;

2)  That external contamination does not affect ability to properly sequence the underlying tissue; and

3)  That the contamination created in the lab by the extraordinary amount of mtDNA present and the additional cycles increasing the amount of DNA exponentially will not affect results.

Two validation studies, authored by five individuals associated with the FBI in 1995 (hereinafter "FBI validation studies"), have been done on mtDNA typing and neither validated the reliability of forensic mtDNA typing given the substantial issue of contamination.

Contamination is a critical issue in mtDNA typing and one which directly impacts upon the reliability and validity of the testing.   The most critical potential source of error in mtDNA sequencing is contamination.  If more than one individual's DNA is extracted and amplified, the sequencing results will reflect this mixture.  In extreme cases the contaminating DNA can greatly exceed the DNA from the donor, and thereby yield a false positive result.  Wilson et al., Guidelines For The Use Of Mitochondrial DNA Sequencing In Forensic Science, Crime

000654

Laboratory Digest, 20(1993):68-77.

In conducting one of the 1995 studies, the FBI looked at the effect of different chemical treatments of hair on mtDNA typing as well as the effect of contaminating biological materials. Id. at 71-72. The FBI's validation studies reported that on hair samples, [f]ailures consisted of two types: those hair extracts that did not amplify, and those whose reagent blank was quantitated at greater than 10% of the amplified hair extract.

The reagent blank referred to by the study is a control that is run in parallel with a reference or evidence sample. The blank is supposed to be just that: blank. The presence of any typable DNA in the blank is an indicator that the reference or evidence samples themselves may be contaminated with DNA that could affect the outcome of the test.

During the various tests conducted on hairs, the FBI experienced success rates ranging from 50% to 75%. Id. at 71-72. However, the FBI did not report the rate of contamination that they had observed, stating that: the vast majority of instances in which successful typing on the first attempt was not achieved was not due to amplification failure, but to the fact that contamination levels exceeded the 10% limit, and hence the analysis was not attempted. A rate of contamination that leads to a failed analysis at rates from 25 to 50% (assuming that all failed amplifications were contaminated) shows that mtDNA testing has not been validated for use in a laboratory. No other forensic tests have this level of reported contamination nor do they tolerate any contamination in the results. The FBI concluded that as long as the contaminating DNA was at a level of 10% or less than the sample, then the results could be reported. At the time the research for this article was being conducted, the FBI did not believe that heteroplasmy existed and did not take it into account in their analysis.

18

As set forth above, levels of heteroplasmy within a single tissue have been reported from 5 to 36%. Bendall, et al., Heteroplasmic Point Mutations In The Human MtDNA Control Region, supra, at 1279-1280. Heteroplasmy occurs within a single tissue at levels that the FBI reports as an acceptable contaminant level for analysis of MtDNA results (i.e., less than 10% contaminant). Under the FBI's 10% rule, a contaminant could be identified as a heteroplasmic sample and a suspect falsely included as a source.

The scientific community has yet to validate mtDNA testing for the effect contamination has on the reliability of the test results. Given that contamination is seen as the greatest potential source of error and that "[t]he more important question in forensic mtDNA analysis is the question of possible contamination, both external and laboratory-induced,"the failure to validate the effect of contamination is a clear demonstration that mtDNA testing has not yet reached a point of general acceptance and is not credible evidence of identity.

**The Comparison of MtDNA Types to the FBI/AFDIL Database and Probability Calculations Have Not Gained General Acceptance as Reliable and Accurate Methods of Reflecting the Frequency of a MtDNA Type**

No statistical procedure is acceptable unless it addresses the probability of two events that could cause a "match" to be reported between samples from different people: (1) a coincidental match between different individuals who happen to have the same genetic characteristics, and (2) a false positive (false match) due to laboratory error. The probability of a coincidental match is typically estimated by determining the frequency of matching genetic characteristics (genotypes) in a suitable reference population (or populations). The probability of a false positive is estimated by determining the laboratory's rate of errors in proficiency tests. See generally, L. Mueller, The DNA Controversy And NRC 2, in Statistical Methods in the

19

003656

Health Sciences: Genetics, ME Halloran & S. Geisser (eds., 1999); D.H. Kaye, DNA, NAS,

NRC, DAB, RFLP, PCR, and More: An Introduction to the Symposium on the 1996 NRC

Report on Forensic DNA Evidence, (1997) 37 Jurimetrics: The Journal of Law, Science, and

Technology 395.[2]

"Unless the discriminatory potential of a test can be objectively evaluated, an inclusion

could mean anything.  It is therefore incumbent on the forensic scientist to determine a means to

evaluate and communicate the significance on a mtDNA inclusion or 'match.'" Holland and

Parsons, Mitochondrial DNA Sequence Analysis Validation and Use for Forensic Casework,

Forensic Science Review 11 (1999):22-50, at 31.

When a match is found in a "closed" setting, such as in the case of identifying remains of

a crash victims, then the match can be considered definitive.  Id. at 31.  With a closed setting, the

victims are known, as are their families.  However, in a criminal case, where there is no closed or

limited source population, then mtDNA cannot be considered definitive proof of identity and the

"relative significance" of a match must be addressed.  Id.

There is no settled means to present the significance of a match.  The counting method or

"pseudo-counting method" is the only method used in U.S. courts to report the significance of a

match.  Id.  The pseudo-counting method simply reports the fact that a match was found in a

database which contained X number of individuals.  No further interpretation is made because

"the counting method is a poor method for estimating the frequency of rare MtDNA types."  Id.

---

[2]The Florida Supreme Court views the NRC reports as authoritative sources on DNA
forensic use. See Brim v. State, 695 So.2d 268 (Fla.1997); Murray, 692 So.2d at 157; Henyard v.
State, 689 So.2d 239 (Fla.1997); Hayes, 660 So.2d at 257.

000657

The counting method was first suggested for looking at match frequencies when databases were not large enough to estimate multilocus genotype frequencies for nuclear DNA typing. The original counting method was used when reporting mtDNA sequence matches in court. For instance, when a database contains 90 individuals it is not likely to contain every possible sequence if the average frequency of matching is as high as 0.1 or 0.2, and cannot contain every sequence if the match frequency is .01 or less. To state that a sequence has not been seen under such circumstances without an explanation is misleading.

The counting method of presentation also fails to account for ethnically dependent match probabilities and for the fact that the particular sequence has always been seen once before in the known individual. A less biased way to present such information, until the databases are large enough to have sampled all sequences at their true frequencies, is to state that it has been seen in 1 out of 334 Caucasians (the 333 unmatched in the database plus the new sequence added to it and in 0/319 individuals of African descent both with the appropriate confidence limits on those empirical frequencies). Further, research has revealed that within specific ethnic populations there are common "types" that appear more than once, but that are not seen in other populations groups. See, Parsons et al., Population Data for 101 Australian Caucasian Mitochondrial DNA D-Loop Sequences: Application of MtDNA Sequence Analysis to a Forensic Case, Int. J. Legal Med. 111(1998):124-132; Melton et al., Diversity and Heterogeneity in Mitochondrial DNA of North American Populations, J. Forensic Sci. 46 (2001):46-52. Thus, comparison to the incorrect database will result in a skewed estimate of frequency.

**Conclusion**

In order for a novel scientific method to pass muster under Frye, it must be shown to be a

000658

valid and reliable theory or method that is generally accepted in the relevant scientific communities. In this case, the scientific theory and methodology of mtDNA testing as proof of identify has not yet reached the point of general acceptance. The hard and fast rule that all tissues in a single individual have the same mtDNA type is not true. The discovery of heteroplasmy has moved from the finding that one person can have two or more mtDNA types in one tissue, to the finding that different tissues of one individual can contain more than one type and these types can be different from tissue to tissue. MtDNA type may change over that person's lifetime.

Validation studies report that significant levels of contamination exist in the laboratory at rates that in some circumstances may approach 50% of samples tested.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Exclude Mitochondrial DNA Evidence Pursuant to Frye V. United States has been furnished by United States Mail, to all counsel of record this *14* day of June, 2004.

MARK S. GRUBER
Florida Bar No. 0330541
CAPITAL COLLATERAL REGIONAL
 COUNSEL-MIDDLE REGION
3801 Corporex Park Drive, Suite 210
Tampa, Florida 33619
(813) 740-3544
Attorney for Mr. Green

000059

Copies furnished to:

The Honorable Bruce W. Jacobus
Circuit Court Judge
Moore Justice Center
2825 Judge Fran Jamieson Way
Courtroom 4C
Viera, FL 32940

Christopher R. White
Assistant State Attorney
Office of the State Attorney
100 East 1st Street
Sanford, FL 32772

Wayne Holmes
Assistant State Attorney
Office of the State Attorney
2725 Judge Fran Jamieson Way, Building D
Viera, FL 32940-6605

Barbara C. Davis
Assistant Attorney General
444 Seabreeze Blvd.,5th Floor
Daytona Beach, FL 32118

003660

# ARREST / NOTICE TO APPEAR
## PROBABLE CAUSE AFFIDAVIT/
### JUVENILE REFERRAL

| FCIC/NCIC CHECK YES ☐ NO ☐ | | 1. Arrest   4. Complaint Affidavit | |
| OBTS Number | | 2. Notice to Appear   5. Request for Capias | Juvenile |
| | | 3. Arrest Affidavit   6. Juvenile Referral | |

**ADMINISTRATIVE**

Agency ORI Number: FLO 060.000

Agency Report Number: 04.40.314

Charge Type (Check as many as apply): ☑ 1. Felony ☐ 2. Traffic Felony ☐ 3. Misdemeanor ☐ 4. Traffic Misdemeanor ☐ 5. Ordinance ☐ 6. Other

Weapon Seized/Type: ☐ 1. Yes ☑ 2. No

Agency Arrest Number: 311.95

Location of Arrest (Include Name of Business): ACDC   City: COCOA

Location of Offense (Business Name, Address):   City:

| Date of Arrest: 06.21.04 | Time of Arrest: 2085 | BCSO Date: | BCSO Time: | Jail Date: 6.21.04 | Jail Time: 2055 | Fingerprinted: ☐ Identification Only ☐ Criminal   ☐ AFIS | By: |

| Date of Offense: | FDLE Number: | DOC Number: | FBI Number: |

**DEFENDANT/JUVENILE**

Name (Last, First, Middle): GREEN   CROSLEY   Alias:

| Race: ☐ W-White ☐ I-American Indian ☑ B-Black ☐ O-Oriental/Asian | Sex: M | Date of Birth: 04.11.57 | Height: 511 | Weight: 170 | Eye Color: BRD | Hair Color: BLK | Complexion: DARK | Build: MED |

Scars, Marks, Tattoos, Unique Physical Features (Location, Type, Description):

Indication of: Alcohol Influence ☐ Y ☐ N ☐ Unk, Drug Influence ☐ ☐ ☐

Local Address (Street, Apt. Number): 3658 BRIARCLIFF WAY   (City): MIMS   (State): FL   (Zip):   Phone: (  )

Residence Type: ☐ 1. City ☐ 3. Florida ☐ 2. County ☐ 4. Out of State

Permanent Address (Street, Apt. Number):   (City):   (State):   (Zip):   Phone: (  )

Parent Contacted ☐ Y ☐ N

Business Address (Name, Street):   (City):   (State):   (Zip):   Phone: (  )

Occupation:

Driver's License State/Number:   Social Security Number: 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   INS Number:   Place of Birth: FL   Citizenship: US

**CO-DEF.**

| Race: | Sex: | Date of Birth or Age: | ☐ 1. Arrested ☐ 2. At Large   ☐ 3. Felony ☐ 4. Misdemeanor ☐ 5. Juvenile |
| Race: | Sex: | Date of Birth or Age: | ☐ 1. Arrested ☐ 2. At Large   ☐ 3. Felony ☐ 4. Misdemeanor ☐ 5. Juvenile |

**CODE**

| Activity: A. N/A P. Possess | S. Sell B. Buy T. Traffic | R. Smuggle D. Deliver E. Use | K. Dispense/Distribute M. Manufacture/Produce/Cultivate Z. Other | Type: N N/A A. Amphetamine | B. Barbiturate C. Cocaine E. Heroin | H. Hallucinogen M. Marijuana O. Opium/Deriv. | P. Paraphernalia/Equipment S. Synthetic | U. Unknown Z. Other |

**CHARGE**

**CHARGE**

**PROBABLE CAUSE STATEMENT**

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law.

On the _____ day of _____ at _____ ☐ A.M. ☐ P.M. (Specifically include facts constituting cause for arrest.)

✱ FOR HEARING ON 6-24-04 & 6-25-04 ✱

In accordance with F.S.S. 938.27, I hereby request reimbursement of investigative costs consisting of _____ hrs @ $ _____ per hr and/or _____ miles @ $ _____ per mile for a total of $ _____ Affidavit enclosed Y _____ N _____   ☐ Continue for: Narrative ☐ Charges ☐

**NOTICE TO APPEAR**

## Mandatory Appearance In Court

I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO APPEAR, THAT I MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST OR A TAKE INTO CUSTODY ORDER SHALL BE ISSUED.

| Signature of Defendant/Juvenile | Signature of Juv. Parent/Custodian | Release to: (Name) | Date | Time |

**ADMINISTRATIVE**

☐ Miranda Warning   Hold for Other Agency Name: UNION CT.   Verified By:   Date:   Bonding Agency:

Adults Only ☐ Hold for First Appearance Do Not Bond Out  Reason:

I swear/affirm the above and attached statements are true and correct. YES

Officer's/Complainant's Signature: M. SHOAR

ID. No./Dist.: 902

Name (Printed): M. SHOAR

Sworn to and subscribed before me, the undersigned authority this 2187 22 day of JUNE 2004

Signature: _____

Print or Type Name: FTO Daniel Green

Notary/Law Enforcement Officer In Performance of Official Duties Personally Known ☐ ID Produced ☐

**BOND INFORMATION**

| Date | Bonding Agency: |
| Bond#: | Amount: |
| Bond#: | Amount: |
| Returnable Court Date: | Returnable Court Time: ☐ A.M. ☐ P.M. |
| Court Location: | Page # | Page |

003661

| COURT FILE | STATE ATTORNEY | SHERIFFS RECORDS | JAIL | LAW ENFORCEMENT | DEFENDANT'S COPY | Clerk 127 |

# IN THE CIRCUIT COURT EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA
## IN THE COUNTY IN AND FOR BREVARD COUNTY, FLORIDA

**STATE OF FLORDA**

**BOOKING OFFICER'S
CERTIFICATE**

vs.

GREEN, CROSLEY _____ 05-1989-CE-4942-AXXX-XX

_Accused_

I hereby certify that when the above named accused was committed to the custody of Sheriff of Brevard County, I booked the accused at _____ o'clock, __.m., on _____ 6/21 _____, 20 01, and advised the accused as follows:

1.      In order to secure your immediate release you must post a bail in the amount of $ NONE ____.

2.      If you are unable to post that bond, you will at 1:15p .m (today) (tomorrow) be taken before a County Court judge for an Initial Court Appearance.

3.      You have the right to complete at least two telephone calls to any person(s) located in this county.

As booking officer, I asked the accused the following question and received the following answer:

Do you wish to make any telephone calls?      Answer _____

I permitted the above named accused to make and complete the following telephone calls:

| Time | Date | Person | Telephone Number |
|------|------|--------|------------------|
| | | | |
| | | | |

I certify that the above is correct

X Crosley Green
_Accused_

_Booking Officer_

_*Witness_

* A witness to the booking officer's advice and questions should sign if the accused declines to sign.

003662

6724

☐ AMENDED
BREVARD COUNTY, FLORIDA
DATE: 6/22/2004

**COURT MINUTES/ORDER**
INITIAL APPEARANCE

| DEFENDANT   DOB | CASE NUMBER | JUDGE |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | DS |

RESERVED FOR RECORDING

| CHARGES | | |
|---|---|---|
| | Dig. Rec. Unit # | TAPE |
| | | 2004 |
| | Digital Rec. Time | LOG |
| | M/S | |
| | CLERK | ATKINSON T & ZOBBLER G |
| | CLERK | MEEEEN K & WELLS T  Sanchez |
| | REPORTER | |
| | COURT DEPUTY | DUGDALE D |
| | COURT DEPUTY | |
| | DEFENSE COUNSEL | |
| | STATE ATTORNEY | Allawas |
| | PTR REPRESENTATIVE | |

*order to transport*

AMENDED CHARGE:
☐ STATE   ☐ COURT

| DEFENDANT | STATE ACTION | NEXT COURT APPEARANCE |
|---|---|---|

☒ PRESENT    ☐ NOT PRESENT
☒ WITHOUT COUNSEL  ☐ COUNSEL PRESENT IN DEFENDANT'S BEHALF
☐ WITH COUNSEL
☒ ADVISED OF RIGHTS AND CHARGES
☐ WAIVED SPEEDY TRIAL  ☐ PRE-TRIAL DIVERSION WAIVER-SPEEDY TRIAL

STATE ACTION:
☐ NOLLE PROSEQUI   COUNT(S)
☐ PRESENTED NO EVIDENCE   COUNT(S)
☐ NOTICE OF NO INFORMATION   COUNT(S)
☐ WRITTEN   ☐ ORAL
☐ REDUCED TO MISDEMEANOR
☐ UPGRADED TO FELONY

NEXT COURT APPEARANCE:
☐ SECOND APPEARANCE   ☐ VOP ARRAIGNMENT
☐ CONTROL FUGITIVE WARRANT   ☐ CIVIL INFRACTION HEARING
☐ VOP HEARING   ☐ NON JURY TRIAL
☐ PRE-TRIAL CONFERENCE   ☐ PAY OR APPEAR
☒ HEARING   ☐ ARRAIGNMENT   ☐ CRIMINAL PROCEEDINGS
☐ PLEA   ☐ SENTENCING   ☐ TO BE NOTIFIED
☐ STATUS CONFERENCE   ☐ DOCKET SOUNDING
CONTINUED BY   ☐ JURY TRIAL

| WARRANTS | PLEA |
|---|---|

DEPUTY   PRESENT &
☐ FILED LOCAL AFFIDAVIT & WARRANT
☐ ADVISED COURT DEFENDANT RECEIVED
BY _____ AUTHORITIES
ON _____
☐ TO SERVE AS A HOLD UNTIL LOCAL CHARGES ARE DISMISSED OR UNTIL SCHEDULED BOND POSTED
☐ ADVISED FOREIGN COURT WILL NOT EXTRADITE
☐ ADVISED GOVERNOR'S WARRANT SERVED
☐ DEFENDANT SIGNED WAIVER OF EXTRADITION

PLEA:
☐ NOT GUILTY   ☐ NOLO CONTENDERE   ☐ GUILTY
☐ ORIGINAL WITHDRAWN   ☐ IN ABSENTIA
☐ LESSER INCLUDED OFFENSE

REASON:
☐ COURT   ☐ STATE   ☐ PD/ATTY
☒ PREVIOUSLY SET
DATE 6-24-04   TIME 9 AM
☒ VIERA   ☐ TITUSVILLE
☒ MELBOURNE   ☐ SHARPES
DIVISION X   JUDGE BJ
ACKNOWLEDGED

(DEFENDANT/ATTORNEY SIGNATURE)

**VERDICT**
JURY RETURNED WITH VERDICT OF
☐ GUILTY   ☐ NOT GUILTY
COURT FOUND DEFENDANT TO BE
☐ GUILTY   ☐ NOT GUILTY

**FAILURE TO APPEAR**
COURT ORDERED
☐ BENCH WARRANT  ☐ INSTANTER  ☐ ISSUE OTSC
☐ BOND AMOUNT $ _____  ☐ Cash or Surety
☐ JUVENILE BENCH WARRANT
☐ CAPIAS   ☐ SUSPEND O.L.   ☐ NO ROR OR PTA

**COURT ACTION**
☐ ACCEPTED PLEA   ☐ ARRAIGNED
☐ ADJUDICATED GUILTY   ☐ Found Defendant in Violation of Probation/Community Control
☐ PREVIOUSLY
☐ WITHHELD ADJUDICATION OF GUILT   Conditions
☐ DISMISSED (CTS)   ☐ FOUND DEFENDANT IN CONTEMPT OF COURT
☐ SENTENCE APPLIES TO ALL COUNTS   ☐ SUSPEND ORIGINAL
☐ FINE   ☐ CS
☐ ADVISED RIGHT TO APPEAL W/IN 30 DAYS   ☐ PAYABLE INFRACTION REPORT TO TRAFFIC DEPT
☐ CLERK TO SUBPOENA ALL PARTIES

FAILURE TO APPEAR WILL RESULT IN A BENCH WARRANT/CAPIAS BEING ISSUED FOR YOUR ARREST.
I, hereby certify that a copy hereof has been sent to:
06-25-04  9 AM
VRA DIV X BJ

**ATTORNEY**
DEFENDANT DETERMINED
☐ INDIGENT   ☐ PARTIALLY INDIGENT   ☐ NON-INDIGENT
☐ COURT APPOINTED   ☐ COST PURPOSES ONLY
☐ PUBLIC DEFENDER   ☐ APPEAL PURPOSES ONLY
☐ CONFLICT ATTORNEY
☐ DEFENDANT WAIVED COUNSEL
☐ COURT TOOK NO ACTION AS TO COUNSEL
☐ COUNSEL RELIEVED FROM ANY FURTHER REPRESENTATION
☐ COURT WAS ADVISED DEFENDANT WILL RETAIN COUNSEL
☐ NOTICE OF APPEARANCE, WAIVER OF ARRAIGNMENT, AND DEMAND FOR JURY TRIAL FILED
☐ NOTICE OF APPEAL FILED IN OPEN COURT
☐ NOA/CAF NOT FILED AS OF THIS DATE

**LICENSE ACTION**
☐ REVOKED   ☐ SUSPENDED
_____ MONTHS   _____ YEARS
☐ RE-EXAMINATION REQUIRED
☐ BY COURT RE:
☐ CONFISCATED BY COURT

**LIBERTY STATUS**
☐ CASH   ☐ ORDER
☐ SURETY   ☐ ROR
☐ UNSECURED   ☐ PTR
☐ SECURED SIGNATURE   ☐ SUMMONS
☐ CITATION   ☐ NOTICE TO APPEAR
☐ DISCHARGED   ☐ CANCEL BENCH WARRANT

BENCH WARRANT/CAPIAS RECALLED ON:

DEPUTY NOTIFIED

BY CLERK

**BOND INFO OUT OF CUSTODY**
NUMBER-TYPE-AMOUNT
☐ SATISFIED/RELEASED
☐ FORFEIT IN FULL SATISFACTION (CASH BOND)
☐ SURETY/CASH BOND FORFEITED
☐ FORFEITURE   DISCHARGED
DATED
☐ DEDUCT $
☐ REFUND BALANCE TO DEPOSITOR
☐ BALANCE OF FINE TO BE PAID

**CHARGES/CASE # CHANGES**
☐ ORIGINAL CHARGES LISTED ON THE ARREST AFFIDAVIT (923.01) HAVE BEEN CHANGED
FORMER CASE #
8904942CFA

DUI Advisement: Pursuant to F.S. 316.193(8), you are hereby notified that upon conviction, the court shall suspend or revoke your driving privilege, and that you should make arrangements for transportation from any proceeding in which the court may take such action.

*IF YOU ARE DISABLED, PLEASE SEE REVERSE SIDE OF DEFENDANT'S COPY FOR INFORMATION REGARDING PROCEEDINGS.

6/22/2004

**COURT MINUTES/ORD**
BREVARD COUNTY, FLORIDA - P. . 2 2

| DEFENDANT          DOB | CASE NUMBER | RESERVED FOR RECORDING |
|---|---|---|
| GREEN, CROSLEY ALEXANDER | 05-1989-CF-004942-AXXX-XX | |

## JAIL

| SENTENCED TO: | | DAY(S) DETENTION CENTER |
| DAY(S) CREDIT FOR TIME SERVED |
| DAY(S) SUSPENDED |

CONCURRENT W/
ANY PENDING SENTENCE
CONSECUTIVE W/
ANY PENDING SENTENCE
COMMENCING
WEEKENDS/FARM (See Supplemental Order)
NO GAIN TIME

☐ **PROBATION**
☐ **COMMUNITY CONTROL**

| SUPERVISED | UNSUPERVISED |
| PERIOD OF | YEARS/MONTHS |

CONCURRENT W/
CONSECUTIVE W/

## CONDITIONS

☐ Probationary ☐ Non-Probationary ☐ Bond

| ALL STANDARD CONDITIONS | COMMUNITY SERVICE HRS W/IN |
| RESTITUTION (SEE ORDER) | REPORT TO PROB BY |
| AMOUNT RESERVED | |
| AA/NA            TIMES WEEKLY/MONTHLY | No Possession of Alcohol |
| Pay all Outstanding Fines | No Drinking & Driving |
| No consumption of Alcohol | OBTAIN VALID DL w/in        MOS |
| Vehicle Impoundment (See Order) | No Driving w/o valid |
| | Cost of Supervision Fees Waived |

ATTEND AND COMPLETE SELF-IMPROVEMENT SCHOOL:
w/in        DAYS
ABIDE BY ALL LAWS
MAKE ALL COURT APPEARANCES
REMAIN IN BREVARD COUNTY
REMAIN IN CONTACT WITH ATTORNEY
NO CONTACT WITH VICTIM(S):
Defendant may return to place of residence one (1) time to retrieve personal items while accompanied by a Law Enforcement Officer.
CURFEW        M TO        M
SEE REMARKS
HOUSE ARREST        DAYS

## REMARKS

## Status of
☐ Probation ☐ Community Control

| REVOKED | MODIFIED |
| REINSTATED | |
| | SAME TERMS AND CONDITIONS AS PEVIOUSLY IMPOSED | SEE ORDER |
| TERMINATED | |
| Satisfactorily | Unsatisfactorily |
| Cancel Cost of Supervision Fees | Cancel Schools |
| Fines and Court Costs to Remain Outstanding | |
| No Outstanding Conditions | |

## ORDER OF THE COURT

| PROBABLE CAUSE | NO PROBABLE CAUSE |
| NO IMPRISONMENT STATEMENT | |
| FINGERPRINTED IN OPEN COURT | |
| PSI | PRE-PLEA PSI |
| Full | Short Form | Prior Record Only |
| CRIMINAL HISTORY | | |
| EVALUATION ORDERED | File Copy w/ Court |
| Psychiatric | Psychological | Substance Abuse |
| 24 HOUR SCREENING | DETENTION FACILITY |
| CIRCLES OF CARE | MENTAL HEALTH CENTER SHERIFF TO TRANSPORT |
| Medical | |
| HIV | STD | HEPATITIS |

## BOND INFORMATION IN CUSTODY

| SET AT | REDUCED TO | INCREASED TO |
| $ | | CASH |
| | | SURETY |
| SECURED SIGNATURE | UNSECURED SIGNATURE |

PERSONAL SURETY:

**QUARTERMAN RELEASE**
If the defendant violates ANY of the release conditions listed, he/she agrees to be sentenced to the maximum sentence in the above styled case.
ROR
State did not file Information within 33 days
☒ NO ACTION TAKEN AS TO BOND AMOUNT
RELEASED/DISCHARGED
NO BOND
UNTIL FURTHER ORDER OF COURT
DUE TO NATURE OF OFFENSE
UNTIL EVALUATION COMPLETE
☒ REMANDED | AS TO CHARGES ON ARREST AFFIDAVIT (923.01) ONLY

## ASSESSMENTS

| COUNT(S) | |
| Fine | |
| Waive C/C | |
| Suspend | |
| Court Costs | |
| Late Chg | |
| Other | |

**TOTAL**
$ _____

**Payable on or before**
Payment Information Shown on Reverse Side
Fine/Court Costs Reduced to a Civil Judgment

| FTA NOT DISMISSED | FTA DISMISSED |

$ _____ SUSPEND ALL BUT $ _____

## ADDITIONAL ASSESSMENTS

$ _____ INVESTIGATIVE COST FOR
_____ (Agency)
PUBLIC DEFENDER LIEN IN THE AMOUNT OF $
PUBLIC DEFENDER LIEN REDUCED TO A CIVIL JUDGMENT
$40.00 PD FEE ASSESSED
To be paid by: _____
Investigative Costs and Public Defender Liens must be paid to the Clerk of Court

## ASSESSMENT ALTERNATIVES

_____ HRS COMMUNITY SERVICE CONVERTED
TO $ _____ PAYABLE BY _____
FINE CONVERTED TO _____
COMMUNITY SERVICE HOURS TO BE
COMPLETED BY _____
MAY PERFORM COMMUNITY SERVICE AT THE RATE OF $ _____ PER HOUR IN LIEU OF FINE BY _____
COURT COSTS MAY NOT BE CONVERTED TO COMMUNITY SERVICE HOURS

I certify that a copy of hereof has been furnished on 06-22-04 to the:
☐ defendant by ☐ hand delivery ☐ mail
☐ public defender/defense attorney by ☐ hand delivery ☐ mail
☐ state attorney by ☐ hand delivery ☐ mail
☐ bonding agency ☐ hand delivery ☐ mail
Deputy Clerk

DEFENDANT'S NAME AND ADDRESS:
CROSLEY ALEXANDER GREEN   /487879
3658 BRACRIFF

DONE AND ORDERED THIS 22nd DAY
OF June , 20 04
BREVARD CO DETENTION CEN
BREVARD COUNTY, FLORIDA
AND FILED IN OPEN COURT 3 M.

003664

JUDGE/OFFICIAL/DEPUTY CLERK

LAW 134
(REV 01/2003)   ORIGINAL-COURT FILE [ ] Sheriff/Jail/Warrants [ ] Criminal Law [ ] Probation/Community Service/Other [ ] Judicial Assistant

Judge Jacobus

Event Code 6101

☒ IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL CIRCUIT, BREVARD COUNTY, FLORIDA
☐ IN THE COUNTY COURT, BREVARD COUNTY, FLORIDA

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☐ CIVIL<br>☒ CRIMINAL<br>☐ JUVENILE<br>☐ TRAFFIC<br>☐ CR  ☐ CV | **EVIDENCE/EXHIBIT LOG** | 05-1989-CF-4942-Axxx-xx |

| ☐ PETITIONER  ☒ PLAINTIFF<br>State of Florida<br>☒ STATE ATTORNEY<br>Wayne Holmes, Chris White | ☐ RESPONDENT  ☐ DEFENDANT<br>Crosley Green<br>☒ DEFENSE COUNSEL<br>Mark Grubber | FILED IN OPEN COURT<br>This 24th day of<br>June , 20 04<br>at _____ M.<br>CLERK OF COURTS<br>BY _____ DC |
|---|---|---|

| LOCATION  Viera | JUDGE  Bruce W Jacobus | SHELF        BIN |
|---|---|---|

| EX | ID | ☐ PLAINTIFF ☐ PETITIONER<br>☒ STATE ATTORNEY | EX | ID | ☐ RESPONDENT<br>☒ DEFENDANT |
|---|---|---|---|---|---|
| 2 | A | Court Exhibit 74 | | A | Curriculum Vitae |
| 3 | B | FBI Composite Exhibit Q31 Q32 | 1 | B | Family Chart – Crosley Green |
| 1 | C | Crosley Green – Blood Draw<br>Personal Waiver – Vol. Consent | | | |
| 4 | D | Blood Samples | | | |
| 5 | E | Lab Corp Certificate of<br>Analysis | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

VERDICT:  ☐ GUILTY    ☐ NOT GUILTY    ☐ PLEA    ☐ MISTRIAL    ☐ CONTINUED

I, _____, do hereby acknowledge receipt of the above items of

evidence from _____ this _____ day of _____

000085
67
VG

LAW 158
(REV. 08/2003)