UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CROSLEY ALEXANDER GREEN,

    Petitioner,

v.                                                 Case No:  6:14-cv-330-Orl-37TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.

## ORDER

This cause is before the Court on Respondents' Motion for Stay Pending Appeal (Doc. 78). Petitioner filed an Opposition to the State's Motion for A Stay Pending Appeal of this Court's Grant of Habeas Relief (Doc. 80).

The Court entered an Amended Order (Doc. 74) granting in part and denying in part Petitioner's Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 10). Specifically, the Court conditionally granted the writ of habeas corpus as to Issue One of Claim One unless the State of Florida initiated new trial proceedings in state court consistent with the law within ninety days from the date of the Amended Order. Respondents request that the Court stay the Amended Order pending the disposition of its appeal in the Eleventh Circuit Court of Appeals.

The standard for issuance of a stay is governed by four factors:

> [1] whether the stay applicant has made a strong showing that he is likely to succeed on the merits; [2] whether the applicant will be irreparably injured absent a stay; [3] whether issuance of the stay will substantially injure the other parties interested in the proceeding; and [4] where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 770-71 (1987). However, the movant may also have the motion granted based on a lesser showing of a "substantial case on the merits" when "the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citation omitted) (quotation omitted).

As to the first factor, the Court is cognizant that Respondents have raised several debatable issues and, thus, finds that Respondents have demonstrated a substantial case on the merits. The second factor weighs in favor of Respondents in that it is highly unlikely that the Eleventh Circuit Court of Appeals will hear Respondents' appeal and issue an opinion within the ninety days from the date of the Amended Order. It makes little sense for Respondents to be required to immediately conduct a first-degree murder trial, with the associated angst to the victims and strain on judicial resources if there is any possibility the trial may be mooted by a reversal of the Amended Order on appeal.

As to the third factor, the stay will not substantially injure Petitioner based on the procedural course of the case. It will simply provide Respondents the opportunity to appeal without the necessity of conducting a trial in the meantime.

As to the fourth factor, the public interest favors a stay of retrial in that a possibly unnecessary retrial could contribute to a burden on the participants in the trial and a lack

of public confidence in the judicial system. Also, the public interest in preserving State resources in a retrial that may prove unnecessary weighs in favor of a stay.

Finally, the Court notes that it would be a waste of judicial resources for the appeal to proceed in the Eleventh Circuit Court of Appeals, while simultaneously requiring the State to retry Petitioner. *Carter v. Wolfenberger*, No. 04-CV-74564-DT, 2007 WL 671386, at *1 (E.D. Mich. Feb. 28, 2007) ("it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to retry Petitioner. Considering the factors enumerated in *Hilton*, the Court holds that a stay pending appeal is appropriate in this case."). After weighing the relevant factors, the Court determines a stay of the Amended Order is appropriate.

Accordingly, it is **ORDERED** that Respondents' Motion for Stay Pending Appeal (Doc. 78) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on September 5th, 2018.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
OrlP-2 9/5

3