UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CROSLEY ALEXANDER GREEN,

    Petitioner,

v.                                  Case No: 6:14-cv-330-RBD-GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.

## ORDER

This cause is before the Court upon Respondents' Memorandum of Law (Doc. 123) and Petitioner's Memorandum of Law In Support of Continuing the Conditions of Release (Doc. 125).

On July 27, 2018, the Court entered an Amended Order (Doc. 74) granting in part and denying in part the Amended Petition for Writ of Habeas Corpus (Doc. 10.) Specifically, the Court conditionally granted the writ of habeas corpus as to Issue One of Claim One unless the State of Florida initiated new trial proceedings in state court consistent with the law within ninety days from the date of the Amended Order. All remaining claims were found to be without merit, and habeas relief was denied with prejudice as to those claims.

The parties appealed to the Eleventh Circuit Court of Appeals ("Eleventh Circuit"), and, on September 5, 2018, the Court granted Respondents' Motion for Stay Pending Appeal. (Doc. 83.) On January 7, 2019, the Court denied Petitioner's Motion for Release Pending Appeal. (Doc. 87.)

Petitioner later filed Motions for the Immediate Release of Crosley Green (Doc. Nos. 97, 101), and, on April 6, 2021, the Court entered an Order (Doc. 110) granting the motions and releasing Petitioner from custody the Florida Department of Corrections into the custody of his brother-in-law during the pendency of the appeal with the Eleventh Circuit.

On March 14, 2022, the Eleventh Circuit entered an opinion reversing this Court's granting of habeas relief and, on Petitioner's cross-appeal, affirming the denial of relief. (Doc. 115). The Eleventh Circuit issued mandate on March 8, 2023. (Doc. 124).[1] The Court then entered an Order (Doc. 122) on March 1, 2023, directing the parties to each file a memorandum of law regarding whether the Court should modify or rescind it order granting Petitioner's release.

The Court's Order (Doc. 110) of April 6, 2021, allowed for Petitioner's release "during the pendency of the appeal with the Eleventh Circuit." (*Id*. at 8.) The Eleventh Circuit overturned the Court's order granting habeas relief and issued

---

[1] The Supreme Court of the United States denied Petitioner's petition for a writ of certiorari on February 27, 2023. (Doc. 121).

2

mandate. The Supreme Court of the United States denied the petition for a writ of certiorari. As a result, there is no further lawful basis upon which to continue Petitioner's release.

Accordingly, it is **ORDERED** as follows;

1.    As there is no further basis upon which to continue Petitioner's release, the Court's order granting Petitioner's release shall be rescinded.

2.    Within fourteen (14) days from the date of this Order, Petitioner shall surrender himself to the Florida Department of Corrections facility designated by the Florida Attorney General to complete the remainder of his sentence.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2023.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record